FENWICK & WEST LLP

1
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
2
RYAN KWOCK (CSB No. 336414)
rkwock@fenwick.com
3
FENWICK & WEST LLP
555 California Street, 12th Floor
4
San Francisco, CA 94104
Telephone:     415.875.2300
5
Facsimile:     415.281.1350

6
DAVID HAYES (CSB No. 122894)
dhayes@fenwick.com
7
FENWICK & WEST LLP
801 California Street
8
Mountain View, CA 94041
Telephone:     650.988.8500
9
Facsimile:     650.938.5200

10
*Attorneys for Defendants*
DATABRICKS, INC., and
11
MOSAIC ML, LLC, formerly MOSAIC ML, INC.

12
*Additional counsel listed on signature page*

13

14
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
15
**SAN FRANCISCO DIVISION**

16

17
STEWART O'NAN, et al.*,*

18
                    Plaintiffs,

19
        v.

20
DATABRICKS, INC., et al.,

21
                    Defendants.

22
REBECCA MAKKAI, et al.*,*

23
                    Plaintiffs,

24
        v.

25
DATABRICKS, INC., et al.,

26
                    Defendants.

27

28

Case No.: 3:24-cv-01451-CRB
Case No.: 3:24-cv-02653-CRB

**DEFENDANTS' NOTICE OF MOTION
AND MOTION TO CONSOLIDATE
CASES**

Date:        Friday, December 20
Time:        10:00 a.m.
Courtroom: 6
Judge:       Hon. Charles R. Breyer

Trial Date:  None set

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO CONSOLIDATE

Case No.: 3:24-cv-01451-CRB
Case No.: 3:24-cv-02653-CRB

**<u>NOTICE OF MOTION AND MOTION</u>**

**TO ALL PARTIES IN THIS ACTION AND ALL RELATED ACTIONS, THEIR**

**RESPECTIVE ATTORNEYS OF RECORD, AND THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE that on Friday, December 20, 2024, at 10:00 a.m., or as soon after as counsel may be heard, in the courtroom of the Honorable Charles R. Breyer, located at Courtroom 6, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Databricks, Inc. ("Databricks") and Mosaic ML, LLC, formerly Mosaic ML, Inc. ("MosaicML") (collectively, "Defendants"), will move the Court for an order consolidating *O'Nan et al. v. Databricks, Inc., et al.*, No. 3:24-cv-01451-CRB ("the *O'Nan* Action") and *Makkai et al. v. Databricks, Inc., et al.*, No. 3:24-cv-02653-CRB ("the *Makkai* Action") (together, the "Actions"), pursuant to Federal Rule of Civil Procedure 42(a).  Defendants move for consolidation on the grounds that the Actions involve common questions of fact and law and that consolidating them would conserve judicial resources and avoid conflicting or inconsistent results, without causing prejudice or delay.  In contrast, continuing the Actions as separate cases will create inefficiency and unnecessary duplication.

Although counsel for both sets of Plaintiffs previously stated they did not oppose consolidation, counsel for Plaintiffs have not agreed to a stipulation to consolidate.  Accordingly, Defendants now bring this motion to consolidate.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities that follows, the pleadings and papers on file in the Actions, any reply that Defendants may file in support of this motion, and any evidence and argument presented to the Court.

Dated: November 12, 2024                    FENWICK & WEST LLP


By: */s/ Jedediah Wakefield*
      Jedediah Wakefield

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly MOSAIC ML, INC.

FENWICK & WEST LLP

1

**TABLE OF CONTENTS**

2                                                                                                **Page**

3    I.    INTRODUCTION ................................................................................................. 1

4    II.    BACKGROUND ................................................................................................. 1

5         A.    The *O'Nan* and *Makkai* Actions ................................................................. 1

6         B.    Procedural History ........................................................................................ 2

7         C.    The Parties' Discussions About Consolidation............................................. 3

8    III.    ARGUMENT ...................................................................................................... 5

9         A.    The Actions Involve Common Questions Of Fact And Law. ....................... 5

10         B.    Consolidating The Actions Will Promote Judicial Efficiency And Avoid
                 Inconsistent Results...................................................................................... 7

11

12         C.    Consolidating The Actions Will Not Prejudice Any Party Or Cause Any
                 Delay. ............................................................................................................ 8

13    IV.    CONCLUSION .................................................................................................. 8

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**CASES**

4

*Bodri v. Gopro, Inc.*,
   No. 16-cv-00232-JST, 2016 WL 1718217 (N.D. Cal. Apr. 28, 2016) ................................... 5

5

6

*Cadena v. Am. Honda Motor Co.*,
   No. CV 20-511-MWF, 2020 WL 3107798 (C.D. Cal. June 9, 2020) .............................. 5, 7, 8

7

*In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Pracs. Litig.*,
   282 F.R.D. 486 (C.D. Cal. 2012) ..................................................................................... 8

8

9

*Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*,
   877 F.2d 777 (9th Cir. 1989) ........................................................................................... 5

10

11

*Jang v. Sagicor Life Ins. Co.*,
   No. EDCV 17-01563 JGB (KKx), 2017 WL 7362726 (C.D. Cal. Nov. 9, 2017) ........... 6, 7, 8

12

*Power Integrations, Inc. v. Park*,
   No. 16-cv-02366-BLF, 2019 WL 119969 (N.D. Cal. Jan. 7, 2019) ................................. 5, 6

13

14

*Ralink Tech. Corp. v. Lantiq Deutschland GMBH*,
   No. 11-cv-1549 EJD, 2012 WL 314881 (N.D. Cal. Feb. 1, 2012) .................................... 7, 8

15

16

*Shapiro v. Hasbro, Inc.*,
   No. CV 15-02964-BRO, 2016 WL 9113993 (C.D. Cal. Oct. 13, 2016) ................................ 5

17

*Zhu v. UCBH Holdings, Inc.*,
   682 F. Supp. 2d 1049 (N.D. Cal. 2010) .............................................................................. 5

18

19

**OTHER AUTHORITIES**

20

Fed. R. Civ. P. 42(a) .............................................................................................................. 1, 5

21

9 Wright & Miller, Federal Practice and Procedure § 2384 (2024) ............................................. 6

22

23

24

25

26

27

28

FENWICK & WEST LLP

FENWICK & WEST LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The *O'Nan* and *Makkai* Actions involve the same putative class of Plaintiffs, the same Defendants, the same copyright claims arising from same events, and the same requested relief. Indeed, the *Makkai* complaint is a nearly verbatim copy of the *O'Nan* complaint.  In their motion to relate the cases, the *O'Nan* Plaintiffs explained that the Actions "concern[] substantially the same parties, transactions, and events at issue" and that "if the cases are not related, then it is likely to result in duplication of efforts, increased burden on the courts, and expense for the parties."  *O'Nan* Dkt. No. 40 at 1.  The same reasons support consolidation.  Consolidation will advance the efficient resolution of the Actions, reduce case duplication, and conserve both Court and party resources.  In addition, no party would be prejudiced by consolidation.  Accordingly, pursuant to Federal Rule of Civil Procedure 42(a), Databricks and MosaicML request that the Court consolidate the Actions.

### II.   BACKGROUND

#### A.   The *O'Nan* and *Makkai* Actions

On March 8, 2024, the named Plaintiffs in the *O'Nan* Action filed a putative class action Complaint against Defendants.  Dkt. No. 1 (*O'Nan* Complaint).  The *O'Nan* Plaintiffs allege they are authors and owners of copyrights in certain books that were included in a training dataset called "Books 3," which was used during MosaicML's development of its MPT (MosaicML Pretrained Transformer) series of large language models.  *Id.* ¶ 4.[1]  They bring a direct copyright infringement claim against MosaicML and a vicarious copyright infringement claim against Databricks.  *Id.* ¶¶ 36–46.  The *O'Nan* Plaintiffs seek to represent a putative class comprising "[a]ll persons or entities domiciled in the United States that own a United States copyright in any work that was used as training data for the MPT series of language models during the Class Period."  *Id.* ¶ 48.  On May 2, 2024, Defendants filed their Answer to the *O'Nan* Complaint,

---

[1] The *Makkai* Action was originally assigned to the Honorable Jeffrey S. White.  *Makkai* Dkt. No. 3.  Upon granting the Administrative Motion to Consider Whether Cases Should Be Related, the *Makkai* Action was reassigned to this Court.  Both Actions are now before this Court.

FENWICK & WEST LLP

1    raising several defenses and asserting that any use of Plaintiffs' books constituted fair use.  Dkt.

2    No. 39.

3          On the day that Defendants filed their Answer to the *O'Nan* Complaint, the *Makkai*

4    Plaintiffs filed a virtually identical putative class action complaint against Defendants.  Dkt. No. 1

5    (*Makkai* Complaint); Decl. of Deena J.G. Feit ("Feit Decl.") ¶ 2, Ex. 1 (redline comparing the

6    *O'Nan* Complaint and *Makkai* Complaint).  Like the *O'Nan* Plaintiffs, the *Makkai* Plaintiffs

7    allege that they are authors and owners of copyrights in certain books that were included in the

8    "Books 3" training dataset, which they allege was used during MosaicML's development of the

9    MPT series of large language models.  *Id.* ¶ 4.  The *Makkai* Plaintiffs bring the same claims for

10    direct and vicarious copyright infringement as the *O'Nan* Plaintiffs.  *Id.* ¶¶ 35–48.  And the

11    named *Makkai* Plaintiffs seek to represent the exact same putative class: "[a]ll persons or entities

12    domiciled in the United States that own a United States copyright in any work that was used as

13    training data for the MPT series of language models during the Class Period."  *Id.* ¶ 50.  On May

14    29, 2024, Defendants filed their Answer to the *Makkai* Complaint, raising the same defenses as in

15    the Answer to the *O'Nan* Complaint and again asserting that any use of Plaintiffs' books

16    constituted fair use.  Dkt. No. 26.

17    **B.    Procedural History**

18          On May 8, 2024, less than one week after the *Makkai* Complaint was filed, the *O'Nan*

19    Plaintiffs filed an unopposed administrative motion to consider whether the cases should be

20    related.  *O'Nan* Dkt. No. 40.  The Court granted the motion on May 13, 2024, and the *Makkai*

21    case was reassigned to this Court.  *O'Nan* Dkt. No. 45; *Makkai* Dkt. Nos. 19, 20.  On June 17,

22    2024, the parties filed a single Joint Case Management Statement in which Plaintiffs stated that

23    "the *O'Nan* and *Makkai* Plaintiffs agreed to coordinate all discovery, including discovery

24    stipulations."  *O'Nan* Dkt. No. 47 at 8; *Makkai* Dkt. No. 45 at 8.  In the Joint Case Management

25    Statement, the Plaintiffs presented their factual and legal statements without distinguishing

26    between the Actions.  *See O'Nan* Dkt. No. 47 at 1–2 (Plaintiffs contending that "[t]he Complaints

27    in the *O'Nan* Action and the *Makkai* Action each respectively allege … MosaicML copied the

28    Books3 dataset, which includes the *O'Nan* and *Makkai* Plaintiffs' Infringed Works" and that

1    "[t]he *O'Nan* and *Makkai* Plaintiffs have been injured by Defendants' conduct"); *id.* at 4–5

2    (Plaintiffs' position on the "Legal Issues" referring to "Plaintiffs" jointly); *Makkai* Dkt. No. 45 at

3    1–2, at 4–5 (same).  Nothing in the Joint Case Management Statement distinguished between the

4    Actions' factual or legal contentions.  *O'Nan* Dkt. No. 47; *Makkai* Dkt. No. 45.

5           The Court adopted Defendants' proposed schedule and ordered the same case schedule to

6    apply to both Actions.  *See O'Nan* Dkt. No. 53; *Makkai* Dkt. No. 52.  Under the case schedule,

7    the dispositive issue of fair use will be briefed first for the Court's determination at summary

8    judgement.  *See O'Nan* Dkt. No. 53 at 19–20; *Makkai* Dkt. No. 52 at 19–20.  In the Joint Case

9    Management Statement, the *Makkai* Plaintiffs stated they joined the discovery requests that the

10   *O'Nan* Plaintiffs had served on May 29, 2024.  *O'Nan* Dkt. No. 47 at 8; *Makkai* Dkt. No. 45 at 8.

11   On June 20, 2024, Plaintiffs served a joint set of initial disclosures.  Feit Decl. ¶ 14.  Defendants

12   served discovery requests on all Plaintiffs on August 23, 2024.  Feit Decl. ¶ 15.  On September

13   23, 2024, the *O'Nan* and *Makkai* Plaintiffs separately served discovery responses.  *Id.*  The parties

14   have been conducting discovery conferences with counsel for all parties present.

15          **C.     The Parties' Discussions About Consolidation**

16          Since the Court related the cases, Defendants have repeatedly expressed their view that

17   the Actions should be consolidated.  On May 15, 2024, at the initial Rule 26(f) conference with

18   the *O'Nan* Plaintiffs, Defendants asked Plaintiffs' counsel for their position on consolidation.

19   Feit Decl. ¶ 3.  Counsel for the *O'Nan* Plaintiffs stated that they needed to discuss with counsel

20   for the *Makkai* Plaintiffs.  *Id.*  At a subsequent discovery conference with the *O'Nan* Plaintiffs the

21   following week, Defendants again asked about consolidation, and the *O'Nan* Plaintiffs stated they

22   anticipated filing a motion but were not sure whether it had been discussed with the *Makkai*

23   Plaintiffs.  *Id.* ¶ 4.  Defendants proposed that, for efficiency, the *Makkai* Plaintiffs should be

24   involved with discovery conferences, and they proposed a single Rule 26(f) conference with all

25   parties to the two cases.  *Id.* ¶¶ 4–5.

26          On June 6, 2024, Defendants engaged in a second Rule 26(f) conference, this time with

27   counsel for all Plaintiffs, and again asked whether Plaintiffs opposed consolidation.  Feit Decl.

28   ¶ 6.  Plaintiffs stated they were discussing the issue and represented that they would be unified for

FENWICK & WEST LLP

the discussions of the protective order and ESI protocol. *Id.* After that conference Defendants repeatedly followed up with Plaintiffs in both Actions to confirm whether they would move for or consent to consolidation. *See id.* ¶ 7.

The parties addressed consolidation in their Joint Case Management Statement. *O'Nan* Dkt. 47 at 6. Plaintiffs stated that they were "discussing formal consolidation," and Defendants stated that they believe the cases should be consolidated, adding that "[i]f Plaintiffs do not move for the cases to be consolidated, Defendants intend to move for the cases to be consolidated." *Id.*

After three inquiries in June and July 2024, Plaintiffs in the *O'Nan* Action responded on July 16, 2024, that they "do not presently have any updates on consolidation." Feit Decl. ¶ 7. On July 29, 2024, Defendants again emailed Plaintiffs about consolidation. *Id.* ¶ 8. The next day, the *Makkai* Plaintiffs responded that "the *Makkai* plaintiffs consent to consolidation," and the *O'Nan* Plaintiffs stated that "*O'Nan* also would not oppose consolidation." *Id.* Defendants asked Plaintiffs to confirm that they would prepare and file the motion and to provide their expected timing. *Id.* On July 31, counsel for the *O'Nan* Plaintiffs responded, "Yes, Plaintiffs will prepare a draft. We should have a draft next week, hopefully by Wednesday but we will endeavor to do it earlier." *Id.* When Defendants had not received a draft stipulation to consolidate more than a week later, on August 8, 2024, Defendants asked Plaintiffs when they would provide it. *Id.* ¶ 9. Counsel for the *O'Nan* Plaintiffs wrote, "we should be sharing a draft shortly. Just awaiting sign-off from one group." *Id.* Notwithstanding this statement, Plaintiffs never circulated a draft. Defendants inquired multiple times about the status of the consolidation motion without receiving a response. *Id.* ¶ 10.

On October 8, 2024, all the parties conferred regarding discovery. Feit Decl. ¶ 11. Defendants again followed up with Plaintiffs in both Actions regarding consolidation. *Id.* This time, the *O'Nan* Plaintiffs stated that they had no update and that they were continuing to discuss the issue with the *Makkai* Plaintiffs. *Id.* Defendants told Plaintiffs they planned to move to consolidate if Plaintiffs did not. *Id.* Defendants repeated this at a discovery conference the next day and then corresponded with Plaintiffs, telling Plaintiffs that Defendants planned to move to consolidate if Plaintiffs did not. *Id.* ¶ 12. On October 11, 2024, Defendants shared a draft joint

FENWICK & WEST LLP

FENWICK & WEST LLP

1    stipulation to consolidate with Plaintiffs, asking Plaintiffs to confirm by October 15, 2024, that

2    they would join. *Id.* ¶ 13.  Neither the *O'Nan* nor the *Makkai* Plaintiffs responded to Defendants'

3    request. *Id.*

4    **III.    ARGUMENT**

5        Under Federal Rule of Civil Procedure 42(a) a court may consolidate two or more actions

6    "involv[ing] a common question of law or fact."  Fed. R. Civ. P. 42(a).  The "district court has

7    broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co.*

8    *v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) (citing 9 Wright &

9    Miller, Federal Practice and Procedure § 2383 (1971)).  "In determining whether or not to

10   consolidate cases, the Court should 'weigh the interest of judicial convenience against the

11   potential for delay, confusion and prejudice.'" *Bodri v. Gopro, Inc.*, No. 16-cv-00232-JST, 2016

12   WL 1718217, at *1 (N.D. Cal. Apr. 28, 2016) (quoting *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp.

13   2d 1049, 1052 (N.D. Cal. 2010)).  Ultimately, "[c]onsolidation is generally favored." *Cadena v.*

14   *Am. Honda Motor Co.*, No. CV 20-511-MWF (PJWx), 2020 WL 3107798, at *2 (C.D. Cal. June

15   9, 2020).  As the parties have already recognized, there are not only common but essentially

16   entirely overlapping questions of law and fact between the two Actions—they contain the same

17   putative class of Plaintiffs, the same Defendants, the same claims, the same events, and the same

18   relief sought.  Consolidation will advance the efficient progress of the Actions and conserve the

19   Court's and the parties' time and resources, without imposing any prejudice or delay.

20           **A.    The Actions Involve Common Questions Of Fact And Law.**

21       The Court should consolidate the Actions because they involve common questions of fact

22   and law.  Fed. R. Civ. P. 42(a).  *See Shapiro v. Hasbro, Inc.*, No. CV 15-02964-BRO (AJWx),

23   2016 WL 9113993, at *8 (C.D. Cal. Oct. 13, 2016) (granting motion for consolidation "[b]ecause

24   the two actions involve the same operational nucleus of facts, ... they would involve the same

25   evidence, the same witnesses, and nearly identical legal determinations regarding Defendant's

26   liability").  "The Court need find only one issue of law or fact in common to permit

27   consolidation." *Power Integrations, Inc. v. Park*, No. 16-cv-02366-BLF, 2019 WL 119969, at *2

28

1  (N.D. Cal. Jan. 7, 2019) (granting defendant's motion to consolidate over plaintiff's objection).

2  Here, the two Actions share multiple overlapping factual and legal questions.[2]

3      First, the parties in the Actions are practically identical. "Actions involving the same

4  parties are apt candidates for consolidation." 9 Wright & Miller, Federal Practice and Procedure

5  § 2384 (2024). The Defendants in both Actions are exactly the same—Databricks and

6  MosaicML. The putative class of Plaintiffs in both Actions are also exactly the same. *Compare*

7  *O'Nan* Compl. ¶ 48, *with Makkai* Compl. ¶ 50. And all the named Plaintiffs' involvement in the

8  Actions arises from their shared allegation that they are authors of copyrighted books included in

9  the same training dataset used during development of the same MPT large language models.

10      Second, both Actions turn on overlapping events and identical points of law. Again, the

11  *O'Nan* Complaint and the *Makkai* Complaint are virtually identical, alleging nearly verbatim

12  factual allegations and raising the same two claims of direct and vicarious copyright

13  infringement. *Compare O'Nan* Compl., *with Makkai* Compl.; *see also* Feit Decl. ¶ 2, Ex. 1

14  (redline comparing the *O'Nan* Complaint and *Makkai* Complaint). The identity in the alleged

15  facts and claims warrant consolidation. *See Jang v. Sagicor Life Ins. Co.*, No. EDCV 17-01563

16  JGB (KKx), 2017 WL 7362726, at *3 (C.D. Cal. Nov. 9, 2017) (granting defendants' motion to

17  consolidate over plaintiff's opposition where "[t]he complaints are virtually identical, claim-for-

18  claim and word-for-word ... [t]he Court agrees that the FACs in the two actions are nearly mirror

19  images of each other").

20      As Plaintiffs have already recognized, "[t]he *Makkai* Action concerns substantially the

21  same parties, transactions, and events at issue in the *O'Nan* Action," giving rise to the same

22  allegations that Defendants "violated Plaintiffs' rights under, inter alia, the Copyright Act (17

23  U.S.C. § 106)." *O'Nan* Dkt. 40 at 1 (Administrative Motion to Consider Whether Cases Should

24  Be Related). Similarly, in the parties' Joint Case Management Statement and Rule 26(f) Report,

25  Plaintiffs referenced the same factual contentions and points of law in support of both Actions,

26  providing no distinction between the two. *See O'Nan* Dkt. No. 47 at 1–2, 4–5; *Makkai* Dkt. No.

27

28

___

[2] By moving to consolidate the Actions, Defendants do not concede the truth of any of Plaintiffs' allegations or that certification of the putative classes would be proper under Federal Rule of Civil Procedure 23.

FENWICK & WEST LLP

FENWICK & WEST LLP

45 at 1–2, 4–5.  Because the complaints in the two Actions are effectively carbon copies, Defendants raised the same defenses and argued fair use in their Answers in both Actions. *Compare O'Nan* Dkt. No. 39*, with Makkai* Dkt. No. 26.  And the Court recognized the import of the dispositive issue of fair use in both cases and adopted the same case schedule for both Actions, which first focuses on fair use.  *O'Nan* Dkt. No. 53 at 19–20; *Makkai* Dkt. No. 52 at 19–20.  Given that both Actions concern the same facts, evidence, and legal determinations, consolidation is warranted.

**B.      Consolidating The Actions Will Promote Judicial Efficiency And Avoid Inconsistent Results.**

Consolidation is also warranted because it is the most efficient and practical path forward. Courts regularly consolidate actions when doing so would conserve judicial and party resources. *See, e.g.*, *Cadena*, 2020 WL 3107798, at *2 ("Consolidation at this juncture would minimize the burdens on the parties and would conserve judicial resources because the Court's burden in managing [] separate actions will decrease."); *Jang*, 2017 WL 7362726, at *4 ("Consolidation will promote judicial efficiency in that the Court (or jury) will not have to evaluate the same question ... in two separate actions.").  Further, consolidation brings efficiencies and consistency even to cases already on the same docket.  *See Ralink Tech. Corp. v. Lantiq Deutschland GMBH*, No. 11-cv-1549 EJD, 2012 WL 314881, at *1 (N.D. Cal. Feb. 1, 2012) (granting defendant's motion to consolidate because, "given the overlap of factual and legal issues, as well as the fact that both cases are already assigned to the same district judge ..., consolidation would conserve the court's and the parties' resources and avoid the risk of inconsistent judgments").  While the Court has already related the Actions on the docket, consolidation will further reduce case duplication, conserve the Court's time and resources, and minimize the expenditure of resources for all parties involved.

Meanwhile, proceeding as two separate Actions creates unnecessary burden and expense. Defendants are currently trying to coordinate with two sets of Plaintiffs' counsel (the *O'Nan* Plaintiffs are represented by three separate firms, and the *Makkai* Plaintiffs are represented by two separate firms).  And while Plaintiffs' counsel may now represent that they will "coordinate" for

1    discovery, there is no structure, mechanism, or formal requirement ensuring that Plaintiffs will do

2    so throughout the litigation.  Nothing prevents the two sets of Plaintiffs from later diverging on

3    discovery, dispositive motions, or any other pre-trial or trial matter.  Indeed, Defendants have not

4    been able to receive a unified or consistent answer on consolidation for more than five months.

5    And all of this is in addition to the inefficiency of negotiating with multiple sets of counsel on the

6    same issues and duplicating every filing across two dockets.  Taking separate paths for two

7    virtually identical cases will be inefficient and require duplicative efforts.

8         Since both Actions are still in relatively early stages, consolidating now is appropriate.

9    *See Cadena*, 2020 WL 3107798, at *2 (granting consolidation where the "cases are in relatively

10   early stages of litigation" and "discovery has not yet begun or has not progressed significantly").

11   There have been no depositions or discovery motions in the case.  As discovery progresses, it will

12   become more complex, time-consuming, and potentially ripe for issues requiring intervention by

13   the Court.  Having one consolidated case when navigating these issues will provide the most

14   efficient path forward for the parties and the Court.  *See id.*; *Ralink*, 2012 WL 314881, at *1.

15       **C.    Consolidating The Actions Will Not Prejudice Any Party Or Cause Any
16                Delay.**

17       Consolidation will not prejudice any party, nor will it introduce any delay in either of the

18   Actions' case schedules.  Indeed, both Actions are already on the same case schedule.  *See O'Nan*

19   Dkt. No. 53; *Makkai* Dkt. No. 52; *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales*

20   *Pracs. Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012) (granting consolidation because factors "such

21   as differing trial dates or stages of discovery[] are not present here").  There is also no risk of

22   prejudice to any party by consolidating the Actions.  Rather, consolidation will benefit the

23   Actions by providing judicial efficiency and avoiding duplicative waste of resources.  *See Jang*,

24   2017 WL 7362726, at *4.

25   **IV.    CONCLUSION**

26       For these reasons, Defendants respectfully request that the Court consolidate the two

27   related Actions, the *O'Nan* Action (Case No. 3:24-cv-01451-CRB) and the *Makkai* Action (Case

28   No. 3:24-cv-02653-CRB).

FENWICK & WEST LLP

1     Dated:    November 12, 2024        FENWICK & WEST LLP

2

3                        By: */s/ Jedediah Wakefield*

                            Jedediah Wakefield (CSB No. 178058)

4                             jwakefield@fenwick.com

                            Ryan Kwock (CSB No. 336414)

5                             rkwock@fenwick.com

                            555 California Street, 12th Floor

6                             San Francisco, CA 94104

                            Telephone:       415.875.2300

7                             Facsimile:       415.281.1350

8                             David Hayes (CSB No. 122894)

                            dhayes@fenwick.com

9                             801 California Street

                            Mountain View, CA 94041

10                           Telephone:       650.988.8500

                          Facsimile:       650.938.5200

11

                          Deena Feit (admitted *pro hac vice*)

12                           dfeit@fenwick.com

                          401 Union Street, 5th Floor

13                           Seattle, WA 98101

                          Telephone:       206.389.4510

14                           Facsimile:       206.389.4511

15                           Charles Moulins (admitted *pro hac vice*)

                          cmoulins@fenwick.com

16                           902 Broadway, Ste 14

                          New York, NY 10010

17                           Telephone:       212.430.2600

                          Facsimile:       650.938.5200

18

                          Zachary Harned (CSB No. 335898)

19                           zharned@fenwick.com

                          730 Arizona Avenue, 1st Floor

20                           Santa Monica, CA 90401

                          Telephone:       310.434.5400

21                           Facsimile:       650.938.5200

22                           *Attorneys for Defendants*

                          DATABRICKS, INC., and

23                           MOSAIC ML, LLC, formerly

                          MOSAIC ML, INC.

24

25

26

27

28

**<u>PROOF OF SERVICE</u>**

1

2    The undersigned declares as follows:

3    I am a citizen of the United States and employed in San Francisco County, State of

4    California.  I am over the age of eighteen years and not a party to the within-entitled action.  My

5    business address is Fenwick & West LLP, 555 California Street, 12th Floor, San Francisco, CA

6    94104.  On the date set forth below, I served a copy of the foregoing document and its

7    attachments on the interested parties in the subject action **via ECF**:

8    Joseph R. Saveri                          Laura M. Matson
     Cadio R. Zirpoli                          Arielle S. Wagner
9    Elissa Amlin Buchanan                     Brian D. Clark
     Christopher Kar-Lun Young                 Eura Chang
10   Evan Creutz                               LOCKRIDGE GRINDAL
     Margaux Poueymirou                        NAUEN PLLP
11   JOSEPH SAVERI LAW FIRM, LLP 601           100 Washington Avenue South,
     California Street, Suite 1505             Suite 2200
12   San Francisco, CA 94108                   Minneapolis, MN 55401
     Telephone: (415) 500-6800                 Telephone: (612) 339-6900
13   Facsimile: (415) 395-9940                 Facsimile: (612) 339-0981
     Email: jsaveri@saverilaw.com              Email: lmmatson@locklaw.com
14   Email: czirpoli@saverilawfirm.com         Email: aswagner@locklaw.com
     Email: eabuchanan@saverilawfirm.com       Email: bdclark@locklaw.com
15   Email: cyoung@saverilawfirm.com           Email: echang@locklaw.com
     Email: ecreutz@saverilawfirm.com
16   Email: mpoueymirou@saverilawfirm.com

17   Matthew Butterick
     1920 Hillhurst Avenue, #406
18   Los Angeles, CA 90027
     Telephone: (323) 968-2632
19   Facsimile: (415) 395-9940
     Email: mb@buttericklaw.com

20                        *Attorneys for* O'Nan *Plaintiffs*

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION                    Case No.: 3:24-cv-01451-CRB
AND MOTION TO CONSOLIDATE          10           Case No.: 3:24-cv-02653-CRB

FENWICK & WEST LLP

FENWICK & WEST LLP

1        I also served a copy of the foregoing document and its attachments on the following

2    parties in the related action **via E-Mail**:

3        Bryan L. Clobes                            Brian O'Mara

4        Alexander J. Sweatman               DICELLO LEVITT LLP
         Mohammed A. Rathur               4747 Executive Drive

5        CAFFERTY CLOBES MERIWETHER     San Diego, California 92121
         & SPRENGEL LLP                    Telephone: (619) 923-3939

6        135 S. LaSalle, Suite 3210           Facsimile: (619) 923-4233
         Chicago, IL 60603                 Email: briano@dicellolevitt.com

7        Telephone: (312) 782-4880
         Email: bclobes@caffertyclobes.com

8        Email: asweatman@caffertyclobes.com    Amy E. Keller
         Email: mrathur@caffertyclobes.com      Nada Djordjevic

9                                          James A. Ulwick

10                                       DICELLO LEVITT LLP
                                         Ten North Dearborn Street, Sixth Floor

11                                       Chicago, Illinois 60602
                                         Telephone: (312) 214-7900

12                                       Email: akeller@dicellolevitt.com
                                         Email: ndjordjevic@dicellolevitt.com

13                                       Email: julwick@dicellolevitt.com

14                                       David A. Straite
                                         DICELLO LEVITT LLP

15                                       485 Lexington Avenue, Suite 1001
                                         New York, NY 10017

16                                       Telephone: (646) 933-1000
                                         dstraite@dicellolevitt.com

17

18                      *Counsel for* Makkai *Plaintiffs*

19       I declare under penalty of perjury under the laws of the State of California and the

20   United States that the above is true and correct.

21   Date: November 12, 2024

                                         _____
22                                       Christina Ortega

23

24

25

26

27

28