[Counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEWART O'NAN, et al.,<br><br>    *Plaintiffs,*<br><br>    v.<br><br>DATABRICKS, INC., et al.,<br><br>    *Defendant.* | Case No. 3:24-cv-01451-CRB<br><br>**JOINT STATEMENT EXPLAINING MODFICIATIONS TO THE MODEL PROTECTIVE ORDER** |
| REBECCA MAKKAI, et al.,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>DATABRICKS, INC., et al.,<br><br>    *Defendant.* | |

1. The Court's General Standing Order for Civil & Criminal Cases states that "[i]f the parties' proposed protective offer differs materially from the model protective order, the parties shall file a statement explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order." Standing Order § H.

2. The parties submit their proposed Protective Order, a redline identifying changes made to the Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (Ex. A), and this Statement explaining each modification to the Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets. The parties used the Model Protective Order For Litigation Involving Highly Sensitive Information because of the highly sensitive data and source code that may be produced in this case.

3. **Section 2.4**: The parties did not use the optional provision for "Designated House Counsel" because it was not needed in this case.

4. **Section 2.9**: The parties modified the definition of "Highly Confidential – Source Code" to reference the term "Source Code" and then define Source Code separately. *See* Section 2.17.

5. **Section 2.17**: The parties modified the definition of "Source Code" to account for the type of data in this litigation and to carve out training data. Through this definition, the parties aim to ensure protection for core technological assets while ensuring Plaintiffs' access to necessary discovery.

6. **Section 5**.**2(b)**: The parties made edits to the process for designating material used in a deposition to clarify that a party has 21 days after receipt of a final deposition transcript to identify confidential or highly confidential material. The parties also removed the requirement that transcripts include the designations on the title page followed by a list of all pages with designations to streamline the transcription process for the parties and court reporter.

7. **Section 7.3**: The parties made edits to clarify that House Counsel to whom disclosure is reasonably necessary for this litigation may receive highly confidential information after signing the "Acknowledgement and Agreement to Be Bound."

8. **Section 7.4**: The parties removed the requirement that House Counsel must be disclosed before receiving highly confidential information because the provision is not needed in this litigation.

They also changed the expert disclosure requirements of prior expert and testifying experience from five to four years to align with Federal Rule of Civil Procedure 26(a)(2)(B).

9. **Section 9**: The parties made edits to the source code inspection provision based on the needs of this litigation.

10. **Section 16**: The parties included a comprehensive non-waiver and clawback protocol to address the inadvertent production of privileged or protected materials, pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B). Under this agreement, the production of these materials does not constitute a waiver of privilege in the current litigation or any other proceeding. A party may assert a clawback request, requiring the return, destruction, or sequestration of inadvertently produced materials. If the receiving party challenges the privilege claim, they must sequester the material and engage in a meet-and-confer process. If unresolved, the matter may be brought before the Court, with strict limitations on the use of the challenged material solely for the motion. The protocol ensures rigorous steps for deleting clawed-back materials, covering all electronic and backup systems, and provides for alternative measures where deletion is infeasible.

Dated: December 4, 2024						Respectfully submitted,

By:	  /s/ Joseph Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Evan Creutz (State Bar No. 349728)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
	czirpoli@saverilawfirm.com
	cyoung@saverilawfirm.com
	eabuchanan@saverilawfirm.com
	ecreutz@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle Wagner (admitted *pro hac vice*)
Eura Chang (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  (612)339-6900
Facsimile:	  (612)339-0981
Email: bdclark@locklaw.com
	lmmatson@locklaw.com
	aswagner@locklaw.com
	echang@locklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

| | |
|---|---|
| Dated: December 4, 2024 | By:  */s/ Brian L. Clobes* |

Bryan L. Clobes (admitted *pro hac vice*)
Alexander J. Sweatman (admitted *pro hac vice*)
Mohammed R. Rathur (admitted *pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   312-782-4880
Email: bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

Amy E. Keller (admitted *pro hac vice*)
Nada Djordjevic (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214-7900
Email: akeller@dicellolevitt.com
           ndjordjevic@dicellolevitt.com
           julwick@dicellolevitt.com

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel. (646) 933-1000
Email: dstraite@dicellolevitt.com

*Attorneys for Plaintiffs and the Proposed Class in the* Makkai *Action*

| | | |
|---|---|---|
| Dated: December 4, 2024 | By: | /s/ Deena J.G. Feit |

Jedediah Wakefield
Ryan Kwock
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Email: jwakefield@fenwick.com
       rkwock@fenwick.com

David Lloyd Hayes
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Email: dhayes@fenwick.com

Charles Moulins (admitted *pro hac vice*)
**FENWICK & WEST LLP**
902 Broadway, Suite 14
New York, NY 10010
Telephone: (212) 430-2600
Email: cmoulins@fenwick.com

Deena J.G. Feit (admitted *pro hac vice*)
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: (206) 389-4510
Email: dfeit@fenwick.com

Zachary Harned
**FENWICK & WEST LLP**
730 Arizona Avenue, 1st Floor
Santa Monica, CA 90401
Telephone: (310) 434-5400
Email: zharned@fenwick.com

*Counsel for Defendants*
*Databricks, Inc. and Mosaic ML, LLC,*
*formerly Mosaic ML, Inc.*

## ATTESTATION OF FILER

Pursuant to Civil L.R. 5-1(h)(3), regarding signatures, I attest that concurrence in the filing of this document has been obtained.

Dated: December 4, 2024

Respectfully submitted,

By: */s/ Laura M. Matson*
    Laura M. Matson