[Counsel on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| STEWART O'NAN, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>DATABRICKS, INC., et al.,<br><br>*Defendant.* | Case No. 3:24-cv-01451-CRB<br><br><br>[~~PROPOSED~~] **PROTECTIVE ORDER** |
| REBECCA MAKKAI, et al.,<br><br><br>*Plaintiffs,*<br><br><br>v.<br><br><br>DATABRICKS, INC., et al.,<br><br><br><br>*Defendant.* | |

# 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

# 2.    DEFINITIONS

2.1    **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    **"CONFIDENTIAL" Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    **Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.5    **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.6** **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

**2.7** **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:** extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**2.8** **"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:** extremely sensitive "Confidential Information or Items" comprising Source Code, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**2.9** **House Counsel:** attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.10** **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.11** **Outside Counsel of Record:** attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.12** **Party:** any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.13** **Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.14** **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.15** **Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

**2.16**  **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.17**  **Source Code:** means computer code and similarly sensitive materials, including comments and revision histories, formulas, engineering specifications, model specifications, data formatting, pipeline and configuration data (including tokenization), model configuration data, and/or schematics that define or otherwise describe in detail the models, algorithms or structure of software designs and data, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Source code does not include model training data.

**3.**  **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.**  **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

    **5.1    Exercise of Restraint and Care in Designating Material for Protection.**  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

    **5.2    Manner and Timing of Designations.** Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

    Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify

1   the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

2   portion, the level of protection being asserted.

3       A Party or Non-Party that makes original documents or materials available for inspection need not

4   designate them for protection until after the inspecting Party has indicated which material it would like

5   copied and produced. During the inspection and before the designation, all of the material made available

6   for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

7   inspecting Party has identified the documents it wants copied and produced, the Producing Party must

8   determine which documents, or portions thereof, qualify for protection under this Order. Then, before

9   producing the specified documents, the Producing Party must affix the appropriate legend

10  ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

11  CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or

12  portions of the material on a page qualifies for protection, the Producing Party also must clearly identify

13  the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

14  portion, the level of protection being asserted.

15      (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating

16  Party identifies all protected testimony and specifies the level of protection being asserted. A Designating

17  Party has a right to have up to 21 days after receipt of a final deposition transcript to identify the specific

18  portions of the testimony as to which protection is sought and to specify the level of protection being

19  asserted. Only those portions of the testimony that are appropriately designated for protection within the

20  21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating

21  Party may specify, at the deposition or up to 21 days after receipt of a final transcript if that period is

22  properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

23  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

24      Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other

25  proceeding to include Protected Material so that the other parties can ensure that only authorized

26  individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present

27  at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its

28  designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1    Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14

days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion, including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1     Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2     Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or

1    exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and

2    may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

3         (g) the author or recipient of a document containing the information or a custodian or other person

4    who otherwise possessed or knew the information.

5         **7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and**

6    **"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.** Unless otherwise ordered by

7    the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information

8    or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

9    CONFIDENTIAL – SOURCE CODE" only to:

10        (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said

11   Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

12   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto

13   as Exhibit A;

14        (b)  House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this

15   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16        (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

17   litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and

18   (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

19        (d) the court and its personnel;

20        (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to

21   whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

22   and Agreement to Be Bound" (Exhibit A); and

23        (f) the author or recipient of a document containing the information or a custodian or other person

24   who otherwise possessed or knew the information.

25

26

27

28

1    **7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL**

2    **– ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information**

3    **or Items to Experts.**

4          (a)  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party

5    that seeks to disclose to an Expert (as defined in this Order) any information or item that has been

6    designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

7    CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to

8    the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL –

9    ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the

10    Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and

11    the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume,

12    (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert

13    has received compensation or funding for work in his or her areas of expertise or to whom the expert has

14    provided professional services, including in connection with a litigation, at any time during the preceding

15    four years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any

16    litigation in connection with which the Expert has offered expert testimony, including through a

17    declaration, report, or testimony at a deposition or trial, during the preceding four years.

18          (b) A Party that makes a request and provides the information specified in the preceding respective

19    paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of

20    delivering the request, the Party receives a written objection from the Designating Party. Any such

21    objection must set forth in detail the grounds on which it is based.

22          (c) A Party that receives a timely written objection must meet and confer with the Designating

23    Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days

24    of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert

25    may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

26    _____

27    [1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without

28    violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**8.    [OMITTED.]**

**9.    SOURCE CODE**

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c)    Any source code produced in discovery shall be made available for inspection in a format through which it could be reasonably reviewed and searched during normal business hours or other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)    The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for

deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)    The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

**10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's

1   confidential information responsive to the discovery request. If the Non-Party timely seeks a protective

2   order, the Receiving Party shall not produce any information in its possession or control that is subject to

3   the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order

4   to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its

5   Protected Material.

6   **12.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

7           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material

8   to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving

9   Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use

10  its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

11  persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such

12  person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto

13  as Exhibit A.

14
    **13.     <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
15            MATERIAL</u>**

16          When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

17  material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are

18  those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

19  whatever procedure may be established in an e-discovery order that provides for production without prior

20  privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an

21  agreement on the effect of disclosure of a communication or information covered by the attorney-client

22  privilege or work product protection, the parties may incorporate their agreement in the stipulated

23  protective order submitted to the court.

24  **14.     <u>MISCELLANEOUS</u>**

25          **14.1     <u>Right to Further Relief.</u>** Nothing in this Order abridges the right of any person to seek its

26  modification by the court in the future.

27          **14.2     <u>Right to Assert Other Objections</u>.** By stipulating to the entry of this Protective Order, no

28  Party waives any right it otherwise would have to object to disclosing or producing any information or

1   item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right

2   to object on any ground to use in evidence of any of the material covered by this Protective Order.

3       **14.3    [OMITTED.]**

4       **14.4    <u>Filing Protected Material.</u>** Without written permission from the Designating Party or a

5   court order secured after appropriate notice to all interested persons, a Party may not file in the public

6   record in this action any Protected Material. A Party that seeks to file under seal any Protected Material

7   must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a

8   court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule

9   79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is

10  privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving

11  Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the

12  court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local

13  Rule 79-5 unless otherwise instructed by the court.

14  **15.    <u>FINAL DISPOSITION</u>**

15       Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving

16  Party must return all Protected Material to the Producing Party or destroy such material. As used in this

17  subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other

18  format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned

19  or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the

20  same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category,

21  where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

22  Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format

23  reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are

24  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

25  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and

26  consultant and expert work product, even if such materials contain Protected Material. Any such archival

27  copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in

28  Section 4 (DURATION).

1    **16.    CLAWBACK & RULE 502(D) ORDER**

2    **(a) Non-Waiver:** Pursuant to Federal Rule of Evidence 502(d), the production of any material or

3    information shall not be deemed to waive any privilege or work product protection in the Litigation

4    or in any other federal or state proceeding. Nothing in this Paragraph 16 is intended to or shall serve

5    to limit a Party's right to conduct a review of any material or information for relevance,

6    responsiveness, and/or segregation of privileged and/or protected information before production,

7    subject to Paragraph 16(B)(1) below. The Parties stipulate that this Order operates as a Rule 502(d)

8    Order, which shall be interpreted to provide the maximum protection allowed by Rule 502(d).

9    **(b) Assertion of a Clawback:** Any Party or non-Party may request the return of any produced

10    material or information on the grounds of privilege or work product protection by identifying it,

11    stating the basis for withholding such material or information from production, and providing any

12    other information that would be listed on a supplemental privilege log, subject to Paragraph 16(B)(1)

13    below.

14    **(c) Clawbacks Before Depositions:** If a Party attempts to clawback a document authored or

15    received by an individual who is scheduled for a deposition within 30 days of the date of the deposition, and

16    the propriety of the clawback is not resolved pursuant to Paragraph 16(C)(2) below prior to the date of the

17    deposition, then the Parties will meet and confer on the appropriate course of action, which may, but need

18    not necessarily, include:

19         i.    rescheduling the deposition until the issue is resolved by the Court;

20         ii.    conferring prior to the deposition to determine if the document may be used in the deposition

21    subject to agreed-upon limitations;

22         iii.    calling the Court if the clawback is made during the deposition to determine if immediate

23    resolution is possible; and/or

24         iv.    allowing the Party resisting the clawback to recall the deponent for the sole and exclusive

25    purpose of questioning the deponent on the document at issue if the Court subsequently determines the

26    clawback was improper (if exercised, recalling the deponent for this purpose, questions about the document

27    will not count against the total number of depositions or deposition hours to which the Party resisting the

28    clawback is entitled).

**(d) <u>Document Used in Proceedings</u>:** Notwithstanding the foregoing, the Parties agree that any document used by any Party in a deposition, expert report, or court filing in this action (with the exception of a motion to determine the existence of any privilege) shall not be subject to the procedures described in subsections (a) and (b) of this Section if the producing Party does not claw back that document pursuant to this Protective Order within 21 calendar days of its use.  For a document used by a Party in a deposition, expert report, or court filing in this action that is clawed back after 21 calendar days of its use, Rule 502 shall govern the Producing Party's request to claw back the document.

**(e) Clawback Process:** Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the clawback of produced documents or information on the grounds of privilege or work product protection. If a Party or non-Party requests the return of such produced material or information then in the custody of one or more Parties, the possessing Parties shall within 7 business days:

1.      Destroy or return to the requesting Party or non-Party the produced material or information and all copies thereof, and expunge from any other document or material information derived solely from the produced material or information; or

2.      Notify the producing Party or non-Party that it wishes to challenge the claim of privilege or work product protection and has sequestered the material until the issue can be resolved. The Parties agree to meet and confer regarding the claim of privilege. If, at the conclusion of the meet and confer process, the Parties are still not in agreement, they may bring the issue to the Court. A Party challenging a clawback request under this Paragraph  16 may use the content of the clawed-back document for the sole purpose of filing a motion with the Court under seal, consistent with Local Rule 79-5, that challenges whether or not the document is privileged or work product.

**(f) Implementation of a Clawback:** Where a Party agrees to or is ordered to destroy a clawed back document, the Party must instruct their e-discovery vendor to delete the document entirely from their e-discovery database and delete other copies of the clawed back document. To the extent that it is not technologically feasible for a receiving Party to destroy a clawed back document (for example, if the clawed back document is part of a production provided on read-only Production Media such that the clawed back document cannot be destroyed without destroying the entire Production Media), the Parties will meet and confer as to an acceptable alternative approach.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: December 5, 2024

_____
Honorable Charles R. Breyer
United States District Judge

Dated: December 4, 2024

By:        */s/ Joseph R. Saveri*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Evan Creutz (State Bar No. 349728)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
         czirpoli@saverilawfirm.com
         cyoung@saverilawfirm.com
         eabuchanan@saverilawfirm.com
         ecreutz@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butericklaw.com

Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle Wagner (admitted *pro hac vice*)
Eura Chang (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  (612)339-6900
Facsimile:      (612)339-0981
Email: bdclark@locklaw.com
         lmmatson@locklaw.com
         aswagner@locklaw.com
         echang@locklaw.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

Dated: December 4, 2024          By: _____*/s/ Bryan L. Clobes*_____

Bryan L. Clobes (admitted *pro hac vice*)
Alexander J. Sweatman (admitted *pro hac vice*)
Mohammed R. Rathur (admitted *pro hac vice*)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    312-782-4880
Email: bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

Amy E. Keller (admitted *pro hac vice*)
Nada Djordjevic (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214-7900
Email: akeller@dicellolevitt.com
            ndjordjevic@dicellolevitt.com
            julwick@dicellolevitt.com

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel. (646) 933-1000
Email: dstraite@dicellolevitt.com

*Attorneys for Plaintiffs and the Proposed Class in the*
Makkai *Action*

1  Dated: December 4, 2024

2

3                                                        By:      /s/ Deena J.G. Feit

4                                                        Jedediah Wakefield
                                                         Ryan Kwock
5                                                        **FENWICK & WEST LLP**
                                                         555 California Street, 12th Floor
6                                                        San Francisco, CA 94104
                                                         Telephone: (415) 875-2300
7                                                        Email: jwakefield@fenwick.com
                                                                rkwock@fenwick.com

8                                                        David Lloyd Hayes
                                                         **FENWICK & WEST LLP**
9                                                        801 California Street
                                                         Mountain View, CA 94041
10                                                       Telephone: (650) 988-8500
                                                         Email: dhayes@fenwick.com
11

12                                                       Charles Moulins (admitted *pro hac vice*)
                                                         **FENWICK & WEST LLP**
13                                                       902 Broadway, Suite 14
                                                         New York, NY 10010
14                                                       Telephone: (212) 430-2600
                                                         Email: cmoulins@fenwick.com
15

16                                                       Deena J.G. Feit (admitted *pro hac vice*)
                                                         **FENWICK & WEST LLP**
17                                                       401 Union Street, 5th Floor
                                                         Seattle, WA 98101
18                                                       Telephone: (206) 389-4510
                                                         Email: dfeit@fenwick.com
19

20                                                       Zachary Harned
                                                         **FENWICK & WEST LLP**
21                                                       730 Arizona Avenue, 1st Floor
                                                         Santa Monica, CA 90401
22                                                       Telephone: (310) 434-5400
                                                         Email: zharned@fenwick.com
23

24                                                       *Counsel for Defendants Databricks, Inc. and Mosaic*
                                                         *ML, LLC, formerly Mosaic ML, Inc.*
25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full

address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern District of California

on [date] in the cases of *O'Nan et al. v. Databricks, Inc. et al.*, No. 3:24-cv-01451-CRB and *Makkai et al.

v. Databricks, Inc. et al.*, No. 3:24-cv-02653-CRB. I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Signature: _____
                         [signature]

1

## **ATTESTATION OF FILER**

2          Pursuant to Civil L.R. 5-1(h)(3), regarding signatures, I attest that concurrence in the filing of this

3    document has been obtained.

4

5     Dated: December 4, 2024                          Respectfully submitted,

6                                                      By:     */s/ Laura M. Matson*
7                                                              Laura M. Matson

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28