**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
*jsaveri@saverilawfirm.com*
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800

**LOCKRIDGE GRINDAL NAUEN PLLP**
Brian D. Clark (admitted *pro hac vice*)
*bdclark@locklaw.com*
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  (612) 339-6900

*Counsel for Plaintiffs Steward O'Nan, Abdi Nazemian, and Brian Keene and the Proposed Class*
*[Additional counsel on signature page]*

**CAFFERTY CLOBES MERIWETHER & SPRENGER LLP**
Bryan L. Clobes (admitted *pro hac vice*)
*bclobes@caffertyclobes.com*
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Tel.: (312) 782-4880

*Counsel for Plaintiffs Rebecca Makkai, Jason Reynolds, and the Proposed Class*
*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| STEWART O'NAN, et al.,<br><br>   *Plaintiffs,*<br><br>v.<br><br>DATABRICKS, INC., et al.,<br><br>   *Defendant*<br><br>REBECCA MAKKAI, et al.,<br><br>   *Plaintiffs*,<br><br>v.<br><br>DATABRICKS, INC., et al.,<br><br>   *Defendant* | Master File Case No. 3:24-cv-01451-CRB<br>Consolidated with Case No. 3:24-cv-02653-CRB<br><br>**PLAINTIFFS' MOTION TO APPOINT INTERIM LEAD COUNSEL UNDER FED. R. CIV. P. 23(g)(3)**<br><br>Judge: Hon. Charles R. Breyer<br><br>Date:       February 7, 2025<br>Time:      10:00 a.m.<br>Location:  Zoom |

**Table of Contents**

I.   INTRODUCTION ................................................................................................................. 1
II.  FACTUAL AND PROCEDURAL BACKGROUND ........................................................ 2
   A.   Current Allegations ..................................................................................................... 2
   B.   Relevant Procedural Background ............................................................................... 2
III. ARGUMENT ....................................................................................................................... 3
   A.   Legal Standard ............................................................................................................ 3
   B.   Interim Lead Counsel Should Be Appointed to Lead the Consolidated Action ................. 3
      1.   Interim Lead Counsel Has Advanced the Consolidated Cases ........................................ 4
      2.   Interim Lead Counsel Has the Class Action Experience and Knowledge Required to Effectively Prosecute the Consolidated Action ................................................................. 4
      3.   The Executive Committee Have the Class Action Experience and Knowledge Required to Effectively Prosecute the Consolidated Action ........................................................... 5
      4.   Interim Lead Counsel Regularly Take Cases to Trial ...................................................... 7
      5.   Interim Lead Counsel Will Commit Ample Resources to Prosecute the Consolidated Action Efficiently ........................................................................................................... 7
      6.   Interim Lead Counsel and the Executive Committee Have the Ability to Work Cooperatively ............................................................................................................... 8
IV.  CONCLUSION .................................................................................................................. 8

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that, on February 7, 2025, at 10:00 a.m., or as soon thereafter as this matter may be heard by Zoom video conference, Plaintiffs will, and hereby do, move the Court for an Order appointing: (1) the Court appoint The Joseph Saveri Law Firm, LLP ("JSLF") as interim lead counsel, with the Lockridge Grindal Nauen PLLP ("LGN"), and Cafferty Clobes Meriwether & Sprengel LLP ("CCMS") serving as the executive committee; and (2) the Court appoint Mr. Saveri (JSLF), Mr. Clark (LGN), and Mr. Clobes (CCMS) as the designated lead attorneys from each firm.

Plaintiffs respectfully submit that the Court should appoint Mr. Saveri as Interim Lead Counsel, with Mr. Clark, and Mr. Clobes as members of the Executive Committee, as they satisfy the requirements under Rule 23(g) and shall fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(4). JSLF, LGN and CCMS have each done significant work in investigating potential claims in the action; and collectively possess unmatched experience in handling complex litigation of the type asserted in the actions, have knowledge of the applicable law; and possess sufficient resources to represent the class. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). Together, they comprise an experienced and nimble team that will effectively and efficiently prosecute this case to successful conclusion.

This motion is based on this Notice, the accompanying memorandum of points and authorities in support of the motion, and the concurrently filed Declarations of Joseph R. Saveri, Brian D. Clark, and Bryan Clobes.

Master File Case No. 3:24-cv-01451-CRB
PLAINTIFFS' MOTION TO APPOINT INTERIM LEAD COUNSEL UNDER FED. R. CIV. P. 23(G)(3)

Pursuant to Federal Rule of Civil Procedure 23(g)(3) and the Court's Order Consolidating Cases, (ECF No. 57), Plaintiffs' counsel jointly seek approval of a proposed leadership structure to streamline consolidation and litigation efforts.

## I. INTRODUCTION

In the interest of advancing this complex litigation involving sophisticated technical issues, Plaintiffs' counsel have negotiated a resolution to the pending consolidation and leadership issues. An efficient leadership structure with clear lines of responsibility will protect the interests of the proposed Class, promote the goals of judicial economy and efficiency, and facilitate the sound management of the actions. Plaintiffs jointly propose a nimble leadership structure comprised of leaders in generative AI litigation: Joseph Saveri of the Joseph Saveri Law Firm, LLP ("JSLF") should serve as interim Lead Counsel. Brian Clark of Lockridge Grindal Nauen PLLP ("LGN"), and Bryan Clobes of Cafferty Clobes Meriwether & Sprengel LLP ("CCMS") support this Lead structure, with their three firms acting as partners in prosecuting this action. Plaintiffs thus jointly propose that LGN and CCMS serve as the Executive Committee. Resolving leadership will enable Plaintiffs to speak with one voice when conferring with Defendants and unlock many efficiencies moving forward.

The proposed designated lead attorneys from each firm—Mr. Saveri (JSLF), Mr. Clark (LGN), and Mr. Clobes (CCMS)—are leaders in the field of complex class action litigation involving AI models and, consistent with Federal Rule of Civil Procedure 23(g), are "best able to represent the interests of the class," particularly given the effort, resources, experience, and abilities that each brings to this action. Each of their respective firms have done significant work in investigating potential claims in the action; have meaningful experience in handling complex litigation of the type asserted in the action; have knowledge of the applicable law; and possess sufficient resources to represent the class. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). Few firms have as much possess as much experience in litigating cases involving generative AI models. These firms' experience in these cases and in-depth knowledge of the law will ensure that this case is prosecuted effectively and vigorously.

Together, they comprise a nimble and effective team that will effectively and efficiently prosecute this case to successful conclusion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Current Allegations

This Consolidated Action is comprised of two related class action lawsuits: *O'Nan et al. v. Databricks, Inc. et al.*, Case No. 3:24-cv-01450-CRB ("*O'Nan*") and *Makkai et al. v. Databricks, Inc. et al.*, Case No. 3:24-cv-02653-CRB ("*Makkai*"). The current named plaintiffs in the *O'Nan* and *Makkai* actions are authors whose copyrighted work was taken, copied, and used by Defendants Databricks, Inc. and Mosaic ML, LLC ("Defendants"), without their consent or permission, to train Defendants' large language models ("LLMs"). Plaintiffs bring copyright infringement claims against Defendants on behalf of all persons in the United States who own a registered United States copyright in any work that was used to train Defendants' LLMs.

### B. Relevant Procedural Background

On March 8, 2024, the *O'Nan* Plaintiffs filed a class action complaint against Defendants. ECF No. 1. On May 2, 2024, the *Makkai* Plaintiffs filed a class action complaint against Defendants. *Makkai* Dkt. No. 1. On May 8, 2024, the *O'Nan* and *Makkai* Plaintiffs jointly filed an Administrative Motion to Consider Whether Cases Should be Related. ECF No. 40. The motion was granted, and the cases were related on May 13, 2024. ECF No. 45.

The *O'Nan* and *Makkai* Plaintiffs jointly served written discovery upon Defendants and collaborated in negotiations with Defendants regarding discovery and other obligations. On November 12, 2024, Defendants moved for consolidation on grounds that the Actions involve common questions of fact and law and that consolidating them would conserve judicial resources and avoid conflicting or inconsistent results, without causing prejudice or delay. ECF No. 55. The *O'Nan* and *Makkai* Plaintiffs agreed to consolidation, which was then so ordered by the Court on December 2, 2024. ECF No. 57. Among other things, the Court ordered Plaintiffs' that Plaintiffs' counsel shall file a proposal for the appointment of interim lead counsel by December 27, 2024.

## III. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 23(g) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the actions as a class action." Fed. R. Civ. P. 23(g)(3); *see also Levitte v. Google, Inc.*, Nos. C 08-03369 et al., 2009 WL 482252, at *2 (N.D. Cal. Feb. 25, 2009). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, coordinating for class certification, and negotiating settlement." Manual for Complex Litig., § 21.11 (4th ed. 2004); *see also Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*, No. 17-CV-00123-JST, 2017 WL 4071368 (N.D. Cal. Sept. 14, 2017) (citing the same).

Rule 23(g)(1)(A) requires that courts consider four key factors in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." The Court also looks to these factors in designating interim class counsel. *See Parkinson v. Hyundai Motor Am.*, Nos. cv-06-345-AHS(MLGX) et al., 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably, the same factors apply[.]"); *In re Lenovo Adware Litig.*, No. 15-md-02624, 2015 WL 10890657, at *1 n.1 (N.D. Cal. July 27, 2015) ("[T]he factors in [Rule 23(g)(1)(A)] are those a court must consider in appointing lead counsel, rather than interim lead counsel. However, courts have held that these same factors apply in . . . the selection of interim lead counsel."). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### B. Interim Lead Counsel Should Be Appointed to Lead the Consolidated Action

Each Rule 23(g) factor supports the appointment of Interim Lead Counsel to prosecute the Consolidated Action.

### 1.   Interim Lead Counsel Has Advanced the Consolidated Cases

Interim Lead Counsel and the Executive Committee have all devoted substantial resources—both in time and money—to investigating the allegations of the consolidated cases, including (i) reviewing relevant studies and research papers related to the operation of Defendants' models and the datasets on which they were trained; (ii) analyzing the nascent body of case law surrounding copyright-AI litigation and tracking developments therein; (iii) keeping abreast of regulatory investigations into the use of AI by Defendants and the U.S. Copyright Office's guidance on AI; and (iv) consulting experts with specialized knowledge in the fields of AI and intellectual property. *See* Saveri Decl., ¶ 15; Clark Decl., ¶ 5; Clobes Decl., ¶ 5. These thorough and detailed pre-filing investigations led to the development of detailed factual and legal claims asserted here against Defendants.

Interim Lead Counsel and the Executive Committee all have done extensive work identifying, investigating, and prosecuting the potential claims alleged in the consolidated cases. They have done so independently and as a team. *See* Saveri Decl., ¶ 15; Clark Decl., ¶ 5; Clobes Decl., ¶ 5. These factors weigh strongly in favor of their appointment. *See Azpeitia*, 2017 WL 4071368, at *3 (appointing firm that performed extensive work identifying and investigating potential claims as interim lead counsel, and other firms representing Plaintiffs to an informal litigation committee "with the hours expended litigating the action to be distributed evenly between the firms.").

### 2.   Interim Lead Counsel Has the Class Action Experience and Knowledge Required to Effectively Prosecute the Consolidated Action

#### a.   *Joseph Saveri of The Joseph Saveri Law Firm, LLP*

Joseph R. Saveri has 35 years of experience in class action and other complex litigation, including cases in this District. Saveri Decl. ¶ 6. Mr. Saveri is one of the most accomplished and respected attorneys in the country.[1] Mr. Saveri is recognized for his work in AI litigation in particular—he was included in Lawdragon's inaugural list of Leading AI & Legal Tech Advisors and

---

[1] For example, David Balto, former policy director at the FTC described Mr. Saveri as the "Michael Jordan of plaintiffs' antitrust." *See* Melissa Lipman, *Lieff Cabraser Antitrust Chief to Launch Own Firm*, LAW360 (May 1, 2012), *available at* https://www.law360.com/articles/335937/lieff-cabraser-antitrust-chief-to-launch-own-firm.

named by the California Daily Journal as one of the Top Artificial Intelligence Lawyers in California in 2024. As a result of his advocacy in AI-related cases, Mr. Saveri has also been featured in 2024 by the Daily Journal as a Top Intellectual Property Lawyer. Mr. Saveri is rated an AV preeminent by LexisNexis Martindale-Hubbell and was ranked "Band 1" attorney by Chambers USA in its "Antitrust: Mostly Plaintiff" category for 2018 and 2019. *Id.* Representative examples of JSLF's recent appointments as lead counsel include: *In re Capacitors Antitrust Litigation*, Case No. 17-md-02801-JD (N.D. Cal.); *In re Restasis Antitrust Litigation*, MDL No. 02819 (NG) (LB) (E.D.N.Y); *In re High-Tech Employee Antitrust Litigation*, Case No. ll-cv-2509 (N.D. Cal.); *In re Cipro Cases I and II*, JCCP Nos. 4154 and 4220 (Cal.); *In re Outpatient Medical Center Employee Antitrust Litigation*, Case No. 1:21-cv-00305 (E.D. Ill.). Saveri Decl. ¶ 3.

### 3. The Executive Committee Have the Class Action Experience and Knowledge Required to Effectively Prosecute the Consolidated Action

#### a. Brian Clark of Lockridge Grindal Nauen PLLP

Brian D. Clark is a partner at Lockridge Grindal Nauen PLLP, which has specialized in class actions and complex federal civil litigation for over 40 years. Clark Decl. ¶ 7. Mr. Clark and his team represent artists and authors suing companies for misusing their work to train generative artificial intelligence systems in numerous cases, including *In Re Google Generative AI Copyright Litigation*, No. 5:23-cv-03440-EKL (N.D. Cal.), *Andersen et al. v. Stability AI*, No. 3:23-cv-00201 (N.D. Cal.) and *Nazemian et al. v. NVIDIA Corp.*, No. 5-24-cv-01454 (N.D. Cal.). Mr. Clark recently served as lead trial counsel for the direct purchaser class in the *In re Broiler Chicken Antitrust Litigation*, No. 1:16-cv-08737 (N.D. Ill.), a case that recovered $284 million for the class. He also served as co-lead counsel in *In re: Peanut Farmers Antitrust Litigation*, No. 2:19-cv-00463 (E.D. Va.), a case that was settled within 18 months of filing the complaint and on the eve of trial for $102.75 million and received the Outstanding Antitrust Litigation Achievement award from the American Antitrust Institute. Mr. Clark is also a recognized e-discovery expert in the plaintiffs' bar and serves as the current President and Founder of the Complex Litigation E-Discovery Forum, a plaintiffs' attorney e-discovery group with hundreds of members.

### b. *Bryan Clobes of Cafferty Clobes Meriwether & Sprengel LLP*

Bryan Clobes is a partner at Cafferty Clobes Meriwether & Sprengel LLP, a national firm which has specialized in complex class action litigation for over 30 years. After clerking for several federal court judges and serving as national trial counsel at the Commodity Futures Trading Commission in Washington, D.C., Mr. Clobes joined Cafferty Clobes in 1993, six months after the firm was founded. For over the past twenty years, Mr. Clobes has achieved and maintained the highest rating, AV Plus, from Martindale-Hubbell, and been consistently recognized as a "Super Lawyer."

Mr. Clobes and his team are heavily involved in litigating and represent a host of international and national award winning authors in a number of other cases in this District against Defendants Meta, OpenAI and Nvidia for misappropriating and illegally using their copyrighted works to train and develop their artificial intelligence large language models. *Kadrey, et al v. Meta Platforms, Inc.* No. 3:23-cv-03417-VC (N.D. Cal.); *In re OpenAI ChatGPT Litigation*, Master File No. 23-cv-3223-AMO (N.D. Cal.); *Dubus, et al. v. NVIDIA Corp.*, No. 4:24-cv-02655-JST (N.D. Cal.).

Mr. Clobes has also been appointed and served as lead counsel in scores of the firm's class cases covering all areas of the firm's practice, and is nationally recognized as an expert in all aspects of antitrust, consumer and privacy class action litigation. A few illustrative cases include: *In re Insurance Brokerage Antitrust Litig.,* MDL No. 1663 (D.N.J.) (antitrust class case against dozens of national insurers and brokers resulting in settlements of over $270 million); *Kamakahi v. American Society for Reproductive Medicine*, No. 3:11-cv-01781 (N.D. Cal.) (proprietary antitrust case that successfully challenged egg donor compensation caps promulgated by two professional associations and enjoined future caps); and *In re TriCor Indirect Purchaser Antitrust Litig.,* No. 05-360 (D. Del) (indirect purchaser antitrust case alleging unlawful monopolization of fenofibrate market resulting in a near $100 million settlement). Mr. Clobes has also represented a number of Fortune 100 companies and state attorneys' general.

Last, Mr. Clobes and the firm currently serve as Lead Counsel in a number of other national class actions, including, for example, *In re: Consumer Vehicle Driving Data Tracking Collection*,

No. 1:24-md-3115-TWT (N.D. Ga.), in which Mr. Clobes has also been appointed and is currently serving as Co-Lead Counsel.

### 4. Interim Lead Counsel Regularly Take Cases to Trial

Interim Lead Counsel and the Executive Committee all have extensive experience trying complex cases and are willing and able to take this litigation to trial, if necessary. *See* Saveri Decl., ¶¶ 6-10; Clark Decl., ¶¶ 4, 8; Clobes Decl., ¶¶ 4, 8. Additional information about Interim Lead Counsel and the Executive Committee's trial experience can be found in their respective firm resumes.

### 5. Interim Lead Counsel Will Commit Ample Resources to Prosecute the Consolidated Action Efficiently

Interim Lead Counsel and the Executive Committee have the resources needed to prosecute this action in the best interests of the proposed class. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). Together, the firms are ably staffed with attorneys and support to litigate this case to success. Interim Lead Counsel and the Executive Committee have support staff, document review attorneys and in-house e-discovery/trial-tech professionals to support them in litigating this matter effectively and efficiently.

Interim Lead Counsel and the Executive Committee routinely advance the costs of litigation and are not using litigation funders for this case. They have repeatedly demonstrated the ability and willingness to dedicate substantial resources to pursuing class claims and will do so again here.

At the same time, Interim Lead Counsel and the Executive Committee are committed to litigating the case efficiently and economically, and they will use their experience and background in similar cases to streamline the litigation for the benefit of the plaintiff classes. Interim Lead Counsel and the Executive Committee are well-versed in using case management strategies to efficiently focus litigation, including appropriate staffing of all litigation tasks to those lead attorneys and firm(s) best suited to the particular task(s) at hand, regular meetings to ensure that assigned work tasks are being attended to, well-executed, and completed with efficiency, and implementation of strict time-keeping and expense billing protocols to ensure that all professional time associated with this consolidated

action is of the highest quality, effectiveness, and exceptionalism. A proposed time and expense protocol is attached as Ex. B to the Saveri Declaration.

### 6. Interim Lead Counsel and the Executive Committee Have the Ability to Work Cooperatively

Interim Lead Counsel and the Executive Committee have the ability and willingness to work cooperatively with other law firms, including other plaintiffs' lawyers that have filed (or may file) similar actions and counsel for Defendants—as evidenced by the joint stipulation with proposed order for protective order, ECF No. 59, and ESI protocol, ECF No. 58. Interim Lead Counsel and the Executive Committee understand that professional and courteous relations amongst joint counsel, as well as between opposing counsel, are essential to the conduct and management of complex litigation such as this one. As further evidenced by this joint proposal, Interim Lead Counsel and the Executive Committee have already demonstrated a willingness and ability to work cooperatively in litigating this consolidated action.

The proposed leadership structure is ideally suited to the particular circumstances of these cases, which will require a team of dedicated lawyers and sufficient resources to pursue litigation against a sophisticated Defendants in the AI space.

Interim Lead Counsel and the Executive Committee are well established, reputable, and have established that they are capable of working together collaboratively and efficiently, handling the challenges of this litigation and committing the necessary resources to represent the plaintiff classes.

## IV. CONCLUSION

Plaintiffs respectfully request that (1) the Court appoint The Joseph Saveri Law Firm, LLP as interim lead counsel, with the Lockridge Grindal Nauen PLLP, and Cafferty Clobes Meriwether & Sprengel LLP serving as the executive committee; and (2) the Court appoint Mr. Saveri (JSLF), and Mr. Clark (LGN), Mr. Clobes (CCMS) as the designated lead attorneys from each firm.

| | | |
|---|---|---|
| Dated: December 27, 2024 | By: | /s/ Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Evan Creutz (State Bar No. 349728)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
   czirpoli@saverilawfirm.com
   cyoung@saverilawfirm.com
   eabuchanan@saverilawfirm.com
   ecreutz@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

| | | |
|---|---|---|
| Dated: December 27, 2024 | By: | /s/ Brian D. Clark |

Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle Wagner (admitted *pro hac vice*)
Eura Chang (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  (612)339-6900
Facsimile:    (612)339-0981
Email: bdclark@locklaw.com
   lmmatson@locklaw.com
   aswagner@locklaw.com
   echang@locklaw.com

| | | |
|---|---|---|
| Dated: December 27, 2024 | By: | /s/Bryan L. Clobes |

Bryan L. Clobes (*pro hac vice anticipated*)
Alexander J. Sweatman
(*pro hac vice anticipated*)

Mohammed R. Rathur
(*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    312-782-4880
bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

*Attorneys for Plaintiffs and the Proposed Class in the Makkai Action*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: December 27, 2024                                   /s/ Joseph R. Saveri