[Counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEWART O'NAN, et al.,<br><br>    *Plaintiffs,*<br><br>    v.<br><br>DATABRICKS, INC., et al.,<br><br>    *Defendant.* | Case No. 3:24-cv-01451-CRB<br>Consolidated Case No. 3:24-cv-02653-CRB<br><br>[~~PROPOSED~~] **STIPULATED ORDER REGARDING PRIVILEGE LOGS, REDACTIONS, AND PRIVILEGE CHALLENGES** |
| REBECCA MAKKAI, et al.,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>DATABRICKS, INC., et al.,<br><br>    *Defendant.* | |

1. **PURPOSES AND LIMITATIONS**

This protocol supplements, and does not supersede, limit, override, restrict, or otherwise modify the Parties' Stipulated Order Regarding Discovery of Electronically Stored Information ("ESI Protocol"), (ECF No. 61), and the Parties' Stipulated Protective Order ("Protective Order"), (ECF No. 62). To the extent that there are any inconsistencies between this Protocol and the Parties' ESI Protocol and/or Protective Order, the ESI Protocol and Protective Order will control. The parties hereby stipulate to and petition the court to enter the following Stipulated Order addressing the requirements for privilege logs, redactions, and privilege challenges.

2. **PRIVILEGE LOG**

a) If a party reasonably determines that one or more responsive documents are not discoverable because they are subject to the attorney-client communication privilege or work product doctrine, or another recognized protection or privilege, the party shall produce a log no later than 30 days after the production of documents from which the claimed privileged documents are being withheld or no later than 30 days before the close of fact discovery, whichever is earlier. Consistent with the Court's Standing Order, the Parties' respective privilege logs will contain:

1. A unique identifying number for each logged document starting with the number 1 (the "Privilege Log ID" or "Item No.");
2. the Bates number range, if applicable;
3. Family relationship, if applicable (i.e., whether the document is a parent or attachment);
4. Custodian or source (the name of the person(s) or non-custodial source from which the document was collected);
5. the date the document was created, and for communications, the latest date on which the communication was sent;
6. the name of the author, including any AUTHOR or FROM metadata;
7. the name of each sender and recipient, including any available TO, CC, AND BCC metadata;
8. an indication of whether the document has been produced in redacted form or withheld in its entirety;

9. the nature of the privilege or protection asserted (i.e., attorney-client privilege; work product doctrine); and

10. a description of the subject matter addressed in the document sufficient to identify the reason for asserting privilege while still protecting the privileged information within it.

Items 2-6 above shall be disclosed in their unedited form as they appear in extracted document metadata, other than as provided in subsection (d) below. Attachments to emails and standalone comments to underlying documents shall be logged as separate documents on the log, with family relationship identified.

b) Documents and communications that post-date the filing of the Complaint on March 8, 2024 need not be placed on a privilege log.

c) Communications may be identified on a privilege log by category, rather than individually, if appropriate.

d) Attorneys or their staff must be identified on the privilege log by an asterisk (or similar notation) next to their name.

3. **REDACTIONS**

If documents are produced containing redacted information, an electronic copy of the original, unredacted data shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such data including any metadata therein. Extracted text will not be provided for the portions of the electronic documents that have been redacted because the extracted text would reveal the redacted information. Instead, these files should be run through an OCR process to capture the visible text only and the results exchanged in lieu of the original extracted text.

A Party may redact documents only to protect for attorney-client privilege, work product protection, or personally identifiable information provided it is consistent with the Stipulated Protective Order. Any redaction for privilege or work product shall be recorded on a privilege log in accordance with this Stipulated Order. A party may propose relevance redactions prior to production, and the receiving party shall meet and confer within five business days to discuss and attempt to reach agreement.

4.  **CHALLENGING PRIVILEGE**

Any Party may reasonably dispute a claim of privilege within 30 days of receipt of a privilege log, or within a reasonable time depending on the volume of the log. Before seeking Court intervention, the Party disputing, questioning, or otherwise objecting to a claim of privilege or work product shall provide in writing the identification of the documents for which it questions the claim of privilege or work product and the reasons for disputing, questioning, or otherwise objecting to the privilege or work product designation. Within 7 days, the Party that designated the documents as privileged or work product protected will provide a written response explaining the basis for its claim or privilege or work product protection, or if applicable, de-designating documents as privileged or work product protected. If the Parties continue to disagree, they will meet and confer in good faith as to the claims of privilege or work product. If agreement has not been reached within 7 days after the commencement of the meet and confer process, any party may submit the dispute to the Court.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: January 8, 2025

_____
Honorable Charles R. Breyer
United States District Judge

| | |
|---|---|
| Dated: January 7, 2025 | By:   /s/ Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Evan Creutz (State Bar No. 349728)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
         czirpoli@saverilawfirm.com
         cyoung@saverilawfirm.com
         eabuchanan@saverilawfirm.com
         ecreutz@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butericklaw.com

Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle Wagner (admitted *pro hac vice*)
Eura Chang (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  (612)339-6900
Facsimile:     (612)339-0981
Email: bdclark@locklaw.com
         lmmatson@locklaw.com
         aswagner@locklaw.com
         echang@locklaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Bryan L. Clobes (admitted *pro hac vice*)
Alexander J. Sweatman (admitted *pro hac vice*)
Mohammed R. Rathur (admitted *pro hac vice*)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     312-782-4880
Email: bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

| | |
|---|---|
| Dated: January 7, 2025 | By:     */s/ Deena J.G. Feit* |

Jedediah Wakefield
Ryan Kwock
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Email: jwakefield@fenwick.com
      rkwock@fenwick.com

David Lloyd Hayes
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Email: dhayes@fenwick.com

Charles Moulins (admitted *pro hac vice*)
**FENWICK & WEST LLP**
902 Broadway, Suite 14
New York, NY 10010
Telephone: (212) 430-2600
Email: cmoulins@fenwick.com

Deena J.G. Feit (admitted *pro hac vice*)
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: (206) 389-4510
Email: dfeit@fenwick.com

Zachary Harned
**FENWICK & WEST LLP**
730 Arizona Avenue, 1st Floor
Santa Monica, CA 90401
Telephone: (310) 434-5400
Email: zharned@fenwick.com

*Counsel for Defendants Databricks, Inc. and Mosaic ML, LLC, formerly Mosaic ML, Inc.*