[Counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| *In Re Mosaic LLM Litigation* | Master File Case No. 3:24-cv-01451-CRB<br>Consolidated with Case No. 3:24-cv-02653-CRB<br><br>**STIPULATION & [PROPOSED] ORDER RE: EXPERT DISCOVERY**<br><br>Judge: Hon. Charles R. Breyer |

The parties stipulate to the following regarding the scope of expert discovery relating to all testifying experts and non-testifying experts or expert consultants in this matter.

1. Except as provided otherwise in this Stipulation, expert discovery is governed by the Federal Rules of Civil Procedure and any other applicable rule.  This Stipulation does not set or alter the time for any disclosure required by Federal Rule of Civil Procedure 26(a)(2)(B) or the timing of any deposition of any testifying expert.

2. To the extent that this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure, the parties have agreed to those limitations to increase the efficiency of their dealings with testifying experts and to minimize discovery disputes regarding testifying experts.  Neither the terms of this Stipulation nor the parties' agreement to them is an admission by any person that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible.

3. Except as provided in paragraphs 5 and 6 below, the following types of information will not be the subject of any form of discovery, and the parties are not obligated to preserve such information in any form or include such information on any privilege log:

    a.    the content of oral, written, or other communications among and between testifying experts, non-testifying expert consultants, their staff and/or supporting firms, outside counsel, and in-house counsel.  For example:

        i.    outside or in-house counsel and a testifying expert and/or the expert's staff and/or supporting firms;

        ii.    outside or in-house counsel and any non-testifying expert consultant and/or the consultant's staff and/or supporting firms;

        iii.    a testifying expert and other experts and/or other non-testifying expert consultants;

        iv.    a testifying expert and their staff and/or supporting firms;

        v.    non-testifying expert consultants and their staffs and/or supporting firms;

      vi.    a testifying expert and the respective staffs and/or supporting firms of other experts or non-testifying expert consultants;

      vii.    non-testifying expert consultants and the respective staffs and/or supporting firms of other experts or non-testifying expert consultants; and/or

      viii.    the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants.

b.    notes, drafts, written communications, preliminary or intermediate calculations, computations, or other types of preliminary work created by, for, or at the direction of a testifying expert in connection with this matter (aside from the final written expert report(s) and notes generated while testifying), including copies of documents produced by any party bearing the notes, markings, or comments of any of the following persons or their staff or agents: the expert, other expert witnesses, non-testifying experts, consultants, or outside or in-house attorneys for the party or parties.

c.    For the avoidance of doubt, suggestions from outside counsel regarding revisions to the form of the expert's report, or additional support for the expert's ultimate opinions are examples of the kind of communications that, under paragraph 3, are not subject to discovery.

4.    Except as provided in paragraphs 5 and 6 below, no party or their experts are obligated to preserve or produce budgets, invoices, bills, receipts, or time records concerning the work performed by testifying or non-testifying experts or consultants, their staff, assistants, colleagues, associates, or other agents, or their companies or organizations, relating to the report, testimony, or services provided in this matter.

5.    The limitations contained in paragraphs 3 and 4 above do not apply to any communications, documents, calculations, computations, or other forms of information or work

STIPULATION AND [PROPOSED]
ORDER RE: EXPERT DISCOVERY        Master File Case No. 3:24-cv-01451-CRB

upon which a testifying expert relies as a basis for any of his or her opinions or reports. To the extent a testifying expert relies on an assumption provided by outside or in-house counsel, the assumption and its source—but not the communication(s) between outside or in-house counsel and the testifying expert concerning that assumption—must be disclosed.

6.      Notwithstanding the limitations contained in paragraphs 3 and 4 above, a testifying expert may be asked to respond to reasonable questions regarding the hourly rates of the expert and his or her staff, the amount of time an expert or that expert's staff has spent on the expert's report and associated work, and the amount of money billed for the report and associated work.

7.      Within three (3) business days of any party serving any expert report and/or expert declaration pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) or otherwise, the party or parties proffering the expert witness must produce: the documents, data, or other information (including, but not limited to, analyses, spreadsheets, graphs, and charts) relied upon by the expert witness in forming the expert witness's opinions and any exhibits that will be used to summarize or support the expert witness's opinions. All other disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) (subject to the modifications made by this Stipulation) will be served at the time of the report. "Documents, data, or other information relied upon" includes underlying schedules, spreadsheets, coding, or other information sufficient to reconstruct the work, calculations, and/or analyses upon which the expert witness is relying for his or her opinions. Notwithstanding the obligation to disclose documents, data, or other information "relied on" by the expert witness, documents, data, or other information that are merely "considered by" the expert witness do not need to be disclosed.

8.      The information required by paragraph 7 above must be produced electronically (via email, disc, or FTP site) where feasible. Data, statistical analyses, or other materials (including any calculation or exhibit) in machine readable format upon which an expert relies for any of his or her opinion(s) in this matter must be provided in machine readable format. All other documents, data, and other information relied upon must be provided in a format as agreed to by the parties. If the data referred to above can be read or processed only with software available to the producing party,

STIPULATION AND [PROPOSED]                    Master File Case No. 3:24-cv-01451-CRB
ORDER RE: EXPERT DISCOVERY

and the producing party is permitted to share that software, then the producing party must produce the software.  Documents that are publicly available do not need to be produced if they are available online for free at an internet address identified in the expert's report/declaration.  Documents that have previously been produced during discovery do not need to be produced if they are identified by Bates number.

9.     Nothing in this Stipulation is intended to limit the ability of any party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to an expert's testimony, during the course of any argument, hearing, or trial.  The admissibility of any such demonstrative exhibits will be subject to the Federal Rules of Evidence and the Federal Rules of Civil Procedure unless otherwise provided by order of the Court.

10.     No subpoenas (for depositions or documents) need to be served on any testifying expert from whom a report or declaration is provided.  Instead, the party proffering such expert will (a) be responsible for producing all materials and information required by the Federal Rules of Civil Procedure or this Stipulation, and (b) make the expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders.  To the extent the testifying expert is also a percipient witness, if otherwise permissible under the Federal Rules of Civil Procedure and the Local Rules, the opposing party is not precluded from serving a subpoena for depositions or documents on such witness seeking the witness's percipient testimony or documents.

11.     Nothing in this Stipulation permits a party or a testifying expert to withhold any proposition, fact, belief or other data, information, or material (including any assumption and its source) on which the expert relies in support of her or his opinion(s) in this matter or that is otherwise discoverable by order of the Court.

12.     The parties agree to comply with this Stipulation pending the Court's approval.

**IT IS SO STIPULATED.**

[Signature Pages Follow]

STIPULATION AND [PROPOSED]
ORDER RE: EXPERT DISCOVERY

Master File Case No. 3:24-cv-01451-CRB

1    Dated: February 28, 2025                    Respectfully submitted,

2                                                By: */s/ Joseph R. Saveri*

3                                                Joseph R. Saveri (SBN 130064)
                                                 Christopher K.L. Young (SBN 318371)
4                                                Evan Creutz (SBN 349728)
                                                 Elissa A. Buchanan (SBN 249996)
5                                                William Castillo Guardado (SBN 294159)
                                                 **JOSEPH SAVERI LAW FIRM, LLP**
6                                                601 California Street, Suite 1505
                                                 San Francisco, California 94108
7                                                Telephone: (415) 500-6800
                                                 Facsimile: (415) 395-9940
8                                                jsaveri@saverilawfirm.com
                                                 cyoung@saverilawfirm.com
9                                                ecreutz@saverilawfirm.com
                                                 eabuchanan@saverilawfirm.com
10                                               wcastillo@saverilawfirm.com

11

12                                               Matthew Butterick (SBN 250953)
                                                 1920 Hillhurst Avenue, #406
13                                               Los Angeles, CA 90027
                                                 Telephone: (323) 968-2632
14                                               Facsimile: (415) 395-9940
                                                 mb@buttericklaw.com

15

16                                               Brian D. Clark (admitted *pro hac vice*)
                                                 Laura M. Matson (admitted *pro hac vice*)
17                                               Arielle Wagner (admitted *pro hac vice*)
                                                 Eura Chang (admitted *pro hac vice*)
18                                               **LOCKRIDGE GRINDAL NAUEN PLLP**
                                                 100 Washington Avenue South, Suite 2200
19                                               Minneapolis, MN 55401
                                                 Telephone:  (612)339-6900
20                                               Facsimile: (612)339-0981
                                                 bdclark@locklaw.com
21                                               lmmatson@locklaw.com
                                                 aswagner@locklaw.com
22                                               echang@locklaw.com

23

24                                               Bryan L. Clobes (admitted *pro hac vice*)
                                                 Alexander J. Sweatman (admitted *pro hac vice*)
25                                               Mohammed R. Rathur (admitted *pro hac vice*)
                                                 **CAFFERTY CLOBES MERIWETHER**
26                                               **& SPRENGEL LLP**
                                                 135 South LaSalle Street, Suite 3210
27                                               Chicago, IL 60603
                                                 Telephone: 312-782-4880

28

STIPULATION AND [PROPOSED]                      Master File Case No. 3:24-cv-01451-CRB
ORDER RE: EXPERT DISCOVERY

bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

*Attorneys for Plaintiffs and the Proposed Class*

Dated: February 28, 2025                    Respectfully Submitted,

By: */s/ Jedediah Wakefield*

Jedediah Wakefield (SBN 178058)
Ryan Kwock (SBN 336414)
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Email: jwakefield@fenwick.com
         rkwock@fenwick.com

David Lloyd Hayes (SBN 122894)
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Email: dhayes@fenwick.com

Charles Moulins (admitted *pro hac vice*)
**FENWICK & WEST LLP**
902 Broadway, Suite 14
New York, NY 10010
Telephone: (212) 430-2600
Email: cmoulins@fenwick.com

STIPULATION AND [PROPOSED]                    Master File Case No. 3:24-cv-01451-CRB
ORDER RE: EXPERT DISCOVERY

1

2    Deena J.G. Feit (admitted *pro hac vice*)
     **FENWICK & WEST LLP**
3    401 Union Street, 5th Floor
     Seattle, WA 98101
4    Telephone: (206) 389-4510
     Email: dfeit@fenwick.com
5
6    Zachary Harned (SBN 335898)
     **FENWICK & WEST LLP**
7    730 Arizona Avenue, 1st Floor
     Santa Monica, CA 90401
8    Telephone: (310) 434-5400
     Email: zharned@fenwick.com
9
10   *Attorneys for Defendants Databricks, Inc.*
     *and Mosaic ML, LLC, formerly Mosaic ML, Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED]                    Master File Case No. 3:24-cv-01451-CRB
ORDER RE: EXPERT DISCOVERY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**


Dated: _____, 2025

                                        _____
Hon. Charles R. Breyer
United States District Court Judge

STIPULATION AND [PROPOSED]                  Master File Case No. 3:24-cv-01451-CRB
ORDER RE: EXPERT DISCOVERY

1

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

2       I, Joseph R. Saveri, attest that concurrence in the filing of this document has been obtained

3   from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

4       Executed this 28th day of February, 2025, at San Francisco, California.

5                                           */s/ Joseph R. Saveri*
                                            Joseph R. Saveri
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED]                    Master File Case No. 3:24-cv-01451-CRB
ORDER RE: EXPERT DISCOVERY