UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In Re Mosaic LLM Litigation* | Case No. 24-cv-01451-CRB   (LJC)<br><br>**ORDER RESOLVING JOINT DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 108 |

Pending before the Court is the parties' Joint Discovery Letter, ECF No. 108, in which Plaintiffs request more than 120 additional search terms, as reflected in Exhibit A to the letter. This Order assumes the parties' familiarity with the case and the applicable legal standards. Having considered the parties' briefing, the record and relevant authorities, the Court GRANTS IN PART Plaintiffs' request for discovery relief by adopting Plaintiffs' final proposed compromise.

This litigation began with the filing of a class complaint on March 8, 2024, *O'Nan, et al. v. Databricks, Inc., Mosaic ML, Inc.*, No. 3:24-cv-01451 (N.D. Cal.). On May 13, 2024, after Defendants filed their answer to the *O'Nan* complaint, a subsequently filed case, *Makkai et al v. Databricks, Inc. et al.*, was related to the first-filed *O'Nan* case. ECF No. 45. The parties stipulated to continue the June 21, 2024 Case Management Conference, and the Court ultimately ordered a Case Management Schedule that, among other things, set a fact discovery cut-off date of April 18, 2025. ECF Nos. 50, 53. On December 2, 2024, the Court approved the parties' stipulation to consolidate the two cases for all purposes, and three days later, the Court approved the parties' Stipulated Order Regarding Discovery of Electronically Stored Information (ESI Protocol). ECF Nos. 57, 61. On February 29, 2025, the Court granted the parties' joint stipulation to modify the case schedule, including extending the fact discovery cut-off to July 1, 2025. ECF

No. 82.

The ESI Protocol, which contains provisions negotiated by the parties and approved by the Court, enables the parties to begin and make substantial progress on their electronic discovery. The ESI Protocol lays out a framework to guide the process, but, as it reserves the Court's authority to modify the parameters by its own discretion or stipulation, the protocol may be refined as needed to achieve the goals underlying Rules 26 and 1 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment ("The purpose of discovery is to provide a mechanism for making relevant information available to the litigants."); ("[Abusive discovery] practices impose costs on an already overburdened system and impede the fundamental goal of the 'just, speedy, and inexpensive determination of every action.'") (quoting Fed. R. Civ. P. 1); *see also* Fed. R. Civ. P. 26 committee notes to 2015 amendment ("The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.").

Defendants misapprehend the ESI Protocol as an order that definitively cabins the ESI discovery process. Given the early stage of discovery and that the ESI Protocol reflects its first iteration and expressly allows for modification, it is appropriate for the Court to consider a request for relief that may advance the discovery of relevant information that is proportional to the needs of the case. This case is unlike *Alvarado Orthopedic Rsch., L.P. v. Linvatec Corp.*, No. 11-cv-0246, 2012 WL 6193834, at *3 (S.D. Cal. Dec. 12, 2012), a case cited by Defendants, where the court rejected the defendant's requested modification, reasoning that the case had been pending for two years and the record did not reflect that prior defense counsel had handled the case with diligence. New counsel have joined the case, but there is no indication Plaintiffs have unduly delayed their request to modify the scope of search term negotiations.

Here, the Protocol merits refinement because it is not efficient. Section 7 of the Protocol addresses the use of search terms to collect, cull and produce responsive documents. *See* ECF No. 61 ¶ 7. Section 7 begins by acknowledging that each Producing Party is the best situated to determine the most appropriate methods for searching ESI. Section 7(a), however, does not state that each Producing Party is the only litigant who may determine the appropriate search method,

and it sets forth a process for the parties to negotiate and resolve the search terms. Section 7(a) states in relevant part:

> For documents using search terms, the Producing Party will provide its suggested search terms to the Requesting Party. The Requesting Party will have seven (7) days to add or propose modifications to the Requesting Party's[1] terms. If the Producing Party objects to the Requesting Party's additional or modified terms based on overbreadth or burden, then the Producing Party will produce a hit count for the disputed terms and propose alternative terms. If the Parties continue to disagree, they will meet and confer to resolve the search terms.

Section 7(b) establishes a process for review by random sample of documents that do not hit upon any search terms and further selection of additional search terms. Pursuant to this process, the Producing Party must identify and produce relevant, responsive, non-privileged documents if any exist in the "Null Set Sample" and develop "appropriate new search terms(s), if needed to capture any such relevant documents located in the Null Set Sample." *Id.* ¶ 7(b). "If the Requesting Party objects to the sufficiency" of the original and new search terms, they may request that the Producing Party review an additional Null Set Sample and produce relevant, responsive, non-privileged documents from the additional Null Set Sample; the Requesting Party may then propose additional search terms that capture documents that the previous search terms did not hit upon. *Id.*

Defendants contend that Plaintiffs' position is unreasonable on its face, as, in their view, the ESI Protocol does not permit the addition of new search terms outside of the process set forth in Section 7(b) and there is no justification for reconfiguring the ESI Protocol. This would effectively mean that Plaintiffs' primary opportunity to propose search terms ended at the earliest stages of discovery, on December 24, 2024, following a seven-day window for Plaintiffs to respond to Defendants' proposed search terms. Plaintiffs' agreement with this cutoff finds some support in a sentence within Section 7(b), which states: "To the extent search terms are used for a given source or set of data, the parties will develop search terms as described above [in Section 7(a)]." Yet, the Protocol clearly allows the parties to add to and improve upon their initial search

---

[1] This reference to the "Requesting Party's terms" appears to be a typo. The Court understands this sentence to require the Requesting Party to add or propose modifications to the *Producing Party's* terms within seven days of having received the Producing Party's search terms.

terms because it allows the parties to develop search terms based on missed relevant, responsive documents identified through Section 7(b)'s sampling process.

More importantly, holding Plaintiffs to these narrow processes established in the ESI Protocol make little sense when considered with the case management schedule and the purpose of discovery. On February 19, 2025, based on the parties' stipulation, Judge Breyer extended the fact discovery cut-off to July 1, 2025. ECF No. 82 at 2. During this period of extended discovery, limiting Plaintiffs' ability to propose new search terms to the process established in Section 7(b) artificially restricts the identification of relevant, responsive information and does not streamline the discovery process because it requires Plaintiffs to cycle through a sampling process before they may propose new search terms. If Plaintiffs have determined that there are certain promising search terms based on what they have learned through the litigation, their ability to propose the search terms should not be conditioned on the terms having somehow appeared in connection with documents contained in the Null Set Sample.[2] Finally, Defendants' arguments regarding burden are premature and have not been meaningfully substantiated as Defendants have not disclosed hit reports for the additional proposed search terms that they claim are overly burdensome, and they have not engaged with Plaintiffs to negotiate the scope of the additional search terms. The Court will ordinarily hold the parties to the provisions in their stipulated ESI protocol, but where the party seeking relief from the protocol has demonstrated good cause, such as by showing that the protocol runs counter to the principles that govern the discovery process, and it is not evident that the disputed provision was part of a painstaking, negotiated trade-off between the litigants, the

---

[2] This case is unlike *In re Stub Hub Litigation*, where the court held the defendants to the existing ESI protocol. There, the defendants did not first seek to modify the ESI protocol and instead produced ESI discovery in a manner that violated the protocol. *In re StubHub Refund Litigation*, No. 20-md-02951, 2023 WL 3092971, at *1 (N.D. Cal. Apr. 25). Later, after the defendants sought to modify the ESI protocol, the court agreed to do so. *In re StubHub Refund Litigation*, No. 20-md-02951, 2024 WL 2305604, at *3 (N.D. Cal. May 20, 2024). Plaintiffs in this litigation have recognized that their request involves a modification to the ESI order and demonstrated good cause by showing that the proposed search terms may uncover relevant information. Plaintiffs' showing is at least sufficient to merit an order requiring Defendants to provide hit reports and meet and confer regarding Plaintiffs' additional proposed search terms.

Court may modify the ESI discovery process.

Defendants have raised valid concerns about an ongoing, endless document discovery process. However, this concern can be addressed by setting a deadline for the substantial completion of document discovery and a deadline for any further proposals for additional search terms. The parties shall meet and confer by April 19, 2025 to negotiate such deadlines. By April 22, 2025, the parties shall file a joint stipulation setting forth their agreed-upon proposed deadlines, or a joint discovery letter with their respective proposals.

The Court declines to order Defendants to produce all documents uncovered by the more than 120 additional search terms proposed by Plaintiffs, but the parties shall meet and confer regarding these proposed terms. Defendants shall provide hit reports and objections to any overly burdensome proposed terms by April 15, 2025. Plaintiffs shall respond to Defendants' objections and, as appropriate, revise their search terms by April 22, 2025, and the parties shall meet and confer by April 25, 2025 to narrow any remaining disputed terms. If the parties are unable to resolve the disputed terms through this meet and confer, they shall file a joint discovery letter by May 2, 2025.

For the foregoing reasons, Plaintiffs request for relief is GRANTED IN PART AND DENIED IN PART.

**IT IS SO ORDERED.**

Dated: April 9, 2025

LISA J. CISNEROS
United States Magistrate Judge