[counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In Re Mosaic LLM Litigation* | Master File Case No. 3:24-cv-01451-CRB<br>Consolidated with Case No. 3:24-cv-02653-CRB<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED CONSOLIDATED COMPLAINT**<br><br>**DATE:** July 11, 2025<br>**TIME:** 10:00 a.m.<br>**LOCATION:** San Francisco Courthouse, Courtroom 6 – 17th Floor |


# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED CONSOLIDATED COMPLAINT ................................................................................................. 1

I.   LEGAL STANDARD ............................................................................................................. 2

II.  BACKGROUND ..................................................................................................................... 2

III. ARGUMENT ........................................................................................................................... 4

    A.  Plaintiffs' Amendment Is Timely. ................................................................................ 4

    B.  Plaintiffs' Amendment Is Made in Good Faith. ........................................................... 5

    C.  Plaintiffs' Amendment Is Not Prejudicial. ................................................................... 5

    D.  Plaintiffs' Amendment Is Not Futile. ........................................................................... 6

        1.  *Databricks' Involvement* ..................................................................................... 6

        2.  *DBRX* .................................................................................................................. 7

        3.  *Additional Asserted Works* ................................................................................. 7

IV.  CONCLUSION ....................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Ap-Fonden v. Goldman Sachs Grp., Inc.*,
   2023 WL 4865617 (S.D.N.Y. July 31, 2023) ............................................................... 3

*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987) ..................................................................................... 2

*Eminence Cap., LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ................................................................................... 2

*Foman v. Davis*,
   371 U.S. 178 (1962) ................................................................................................... 2

*In re Intuitive Surgical Sec. Litig.*,
   2017 WL 363269 (N.D. Cal. Jan. 25, 2017) ............................................................ 4, 5

*Kadrey et al. v. Meta Platforms, Inc.*,
   2025 WL 82205 (N.D. Cal. Jan. 13, 2025) .............................................................. 4, 5

*Lockheed Martin Corp. v. Network Sols., Inc.*,
   194 F.3d 980 (9th Cir. 1999) ..................................................................................... 5

*Malone v. US. Postal Serv.*,
   833 F.2d 128 (9th Cir. 1987) ..................................................................................... 5

*Padilla v. Sears, Roebuck & Co.*,
   2012 WL 5505071 (N.D. Cal. Nov. 13, 2012) ..................................................... 4, 5, 6

*Poe v. Nw. Mut. Life Ins. Co.*,
   2023 WL 4155379 (C.D. Cal. Jan. 20, 2023) ............................................................ 4

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*,
   708 F.3d 1109 (9th Cir. 2013) ................................................................................... 4

*Tiedemann v. von Blanckensee*,
   72 F.4th 1001 (9th Cir. 2023) .................................................................................... 4

*VHT, Inc. v. Zillow Grp.*, Inc.,
   918 F.3d 723 (9th Cir. 2019) ..................................................................................... 6

**Rules**

Fed. R. Civ. P. 15(a)(2) ................................................................................................... 2

**NOTICE OF MOTION AND MOTION**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on July 11, 2025, at 10:00 a.m., upon the accompanying Memorandum of Law, the undersigned hereby moves this Court on behalf of Plaintiffs Stewart O'Nan, Abdi Nazemian, Brian Keene, Rebecca Makkai, and Jason Reynolds ("Plaintiffs"), before the Honorable Charles R. Breyer in Courtroom 6 of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, for an order pursuant to the Court's scheduling order (Dkt. 111) and the Federal Rule of Civil Procedure 15, granting Plaintiffs leave to file its First Amended Consolidated Complaint ("FACC").

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs seek leave to amend the Complaint to align the pleadings with facts revealed in discovery, add Defendant Databricks, Inc. ("Databricks") to the direct infringement claim, and to reflect consolidation. The proposed amendment, filed within the deadline the parties agreed to for Plaintiffs to seek leave to amend, Dkt. 111, is timely, in good faith, is not futile, and causes no prejudice at all as discovery is ongoing and the amendments do not meaningfully expand the existing scope of the case in terms of discovery required. The Court should grant Plaintiffs' Motion because each of the *Foman* factors weighs strongly in favor of leave to amend

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave" to amend pleadings "when justice so requires." This standard is "applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). "[T]he party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). In considering motions for leave to amend, courts consider five factors: (1) undue delay, (2) bad faith or dilatory motive by the movant, (3) "repeated failure to cure deficiencies by amendments previously,"[1] (4) "undue prejudice to the opposing party," (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052.

## II. BACKGROUND

Plaintiffs have been diligently pursuing discovery to develop the factual record. That discovery revealed additional works by Plaintiffs that Defendants' infringed. Further, Plaintiffs have been diligently seeking information on Defendants' artificial intelligence large language models ("LLM") that were released. Defendants released their new LLM, known as DBRX, and

---

[1] Plaintiffs have not previously amended, so this factor is not relevant to the Court's analysis. Accordingly, Plaintiffs do not address this factor.

statements about the new model, during the pendency of this litigation.[2] The Court recently ruled that DBRX is relevant to the case after months of Defendants refusing to produce discovery on this model. *See* Dkt. 123. Finally, information, as detailed in the amended complaint, indicates that Databricks is directly, not merely vicariously liable, for infringing Plaintiffs' works. Accordingly, Plaintiffs seek leave to amend and expand their claims to address this information.

Plaintiffs seek leave to amend the complaint in four areas—(1) adding additional LLMs released by Defendants after the first complaint was filed and that the Court *already* ruled are within the scope of the current complaint, *see* Dkt. 123, (2) adding additional copyrighted works by Plaintiffs that were infringed by Defendants to train their LLMs, (3) updating and clarifying the existing direct infringement claim by adding Databricks, and (4) reflecting consolidation. Plaintiffs originally alleged that MosaicML engaged in massive copyright infringement through its use of hundreds of thousands of books to train its flagship—at the time of the first complaint filed in this action—LLM known as the MosaicML Pretrained Transformer ("MPT") models. Plaintiffs alleged that Databricks was liable under a vicarious infringement as it acquired MosaicML in July 2023. Since then, Defendants have released additional LLMs. Defendants' own public statements indicate that Defendants worked jointly in infringing Plaintiffs' copyrighted works thus necessitating adding Databricks to the direct infringement claim. Additionally, through discovery, Plaintiffs have identified additional copyrighted works by Plaintiffs were used by Defendants to train their LLMs.

The Court's recent order approving modification to the Court's schedule specifically permits Plaintiffs to seek leave to amend the complaint by May 30, 2025, creating a presumption of timeliness.[3] Dkt. 111. On May 29, 2025, Plaintiff sought Defendants' consent to file to amended complaint. Defendants refused to consent to the filing of the amended complaint despite the scheduling order allowing Plaintiffs to amend by this date. When pressed, Defendants claimed,

---

[2] *See* https://www.databricks.com/blog/introducing-dbrx-new-state-art-open-llm.
[3] This deadline did not replace the Federal Rules, which allow Plaintiffs' to seek leave to amend at any time, even during trial. Fed. R. Civ. P. 15(a)(2),(b). The May 30 date simply established a window that the parties *agreed* was reasonable to seek leave. Plaintiffs may well amend again after Defendants produce meaningful discovery, which they have not done thus far.

3
MOTION FOR LEAVE TO FILE FIRST AMENDED CONSOLIDATED COMPLAINT
Case No.: 3:24-cv-01451-CRB

without basis, that the request was untimely, futile, and prejudicial. As set forth below, it is none of those things.

III. **ARGUMENT**

The Court should grant leave to amend because each of the *Foman* factors weigh in favor of leave to amend.

### A. Plaintiffs' Amendment Is Timely.

Plaintiffs' request for leave to amend is timely because it occurs within the May 30, 2025, deadline to amend set by this Court. *See* Dkt. 111. Court's routinely grant leave to amend under these circumstances. *See Ap-Fonden v. Goldman Sachs Grp., Inc.*, 2023 WL 4865617, at *4 (S.D.N.Y. July 31, 2023) ("Courts typically find that the moving party did not *unduly* delay when leave to amend is sought within the deadline stipulated to by the parties and approved by the Court in a scheduling order."). The proposed amendments reflect Plaintiffs' efforts to pursue discovery, develop the factual record, and align the pleadings with the facts in a timely fashion. Indeed, Plaintiffs have diligently sought discovery on the scope of Defendants' infringement and the training of their LLMs, *see* Dkt. 123, but thus far, Defendants have produced minimal discovery.

And Defendants provided only last month the training dataset that allowed Plaintiffs to further confirm additional works by Plaintiffs were used by Defendants to train their MPT models. Decl. at ¶6. Even so, there are four months left in fact discovery. And courts in this district have even allowed amendments in cases involving similar claims well after the close of discovery. *See Kadrey et al.* v. *Meta Platforms, Inc.,* 2025 WL 82205, at *1 (N.D. Cal. Jan. 13, 2025) (finding no undue delay and stating that "[i]n any event, 'delay, by itself, is insufficient to justify denial of leave to amend'" (quoting *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1011 (9th Cir. 2023)).

Further, courts have similarly allowed amendment where new counsel joins the case. *See Poe v. Nw. Mut. Life Ins. Co.*, 2023 WL 4155379, at *5 (C.D. Cal. Jan. 20, 2023) (finding no undue delay where "Plaintiff's newly retained counsel filed the motion only two months after joining this case"). Here, Susman Godfrey LLP and Lieff Cabraser Heimann & Bernstein, LLP joined the case roughly two months ago. *See* Dkt. 85, 101.

4
MOTION FOR LEAVE TO FILE FIRST AMENDED CONSOLIDATED COMPLAINT
Case No.: 3:24-cv-01451-CRB

B.   **Plaintiffs' Amendment Is Made in Good Faith.**

Plaintiffs move in good faith to amend their complaint to better reflect the evidence to date, the alleged scope of Defendants' infringement, and to reflect the posture of the case after consolidation. Defendants don't claim bad faith and there is no evidence, much less "strong evidence," of bad faith, as required. *See Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *see also In re Intuitive Surgical Sec. Litig.*, 2017 WL 363269, at *2 (N.D. Cal. Jan. 25, 2017) (finding no "bad faith when the result of an amendment may actually be beneficial to clarifying the allegations at issue"); *Padilla v. Sears, Roebuck & Co.*, 2012 WL 5505071, at *2 (N.D. Cal. Nov. 13, 2012) (finding no bad faith where the amending party was "not seeking to unreasonably prolong the litigation or to destroy diversity by adding new parties"). Instead, the amendment bolsters the existing claims and refines the allegations against Defendants to reflect the current understanding of the case.

C.   **Plaintiffs' Amendment Is Not Prejudicial.**

There is no prejudice here. In assessing prejudice, courts look at "whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. US. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Neither of which is present here. Defendants cannot show a "need to reopen discovery and therefore delay the proceedings," that could support denying a motion to amend under Rule 15's liberal standard. *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999), Here, four full months remain in discovery, and the proposed amendments fall within the scope of existing discovery. Dkt. 111.

Specifically, Plaintiffs have consistently sought discovery into both Defendants' involvement in the infringement at issue, discovery into Defendants' LLMs including DBRX, and the scope of Defendants' use of copyrighted material to train their LLMs. Indeed, the Court just recently held that discovery into DBRX is relevant to this case. *See* Dkt. 123. And Databricks was already a defendant in this action and extensive discovery is already sought from it to determine the existing vicarious infringement claim. None of this discovery under the amended complaint

will require taking discovery in a new direction. *See In re Intuitive Surgical Sec. Litig.*, 2017 WL 363269, at *2 (N.D. Cal. Jan. 25, 2017) (granting Plaintiffs leave to amend as it did "not substantially alter this action or require Defendants to undertake an entirely new course of discovery"). That Databricks, which was already a defendant, may "need to defend against the new claims on the merits and may need to take additional discovery to do so does not constitute prejudice." *Kadrey*, 2025 WL 82205, at *1.

And, of course, "[m]uch of the evidence [Defendants] will need to develop is within its own knowledge," which supports finding no undue prejudice. *Kadrey*, 2025 WL 82205, at *1. Even so, while the amendment *might* add "some additional costs that arise from the amendment, such prejudice is not 'undue.'" *Padilla*, 2012 WL 5505071, at *2 (N.D. Cal. Nov. 13, 2012). There is *no* prejudice here.

### D.    Plaintiffs' Amendment Is Not Futile.

None of the amendments proposed are futile. "A proposed amendment is futile 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Padilla*, 2012 WL 5505071, at *2 (citation omitted).

#### 1.    Databricks' Involvement

Adding Databricks to the direct infringement claim is not futile. Plaintiffs' additional allegations that Databricks has made copies of Plaintiffs works to train DBRX, Databricks worked jointly with MosiacML to infringe Plaintiffs' copyrights to develop their LLMs, and Defendants continue to infringe Plaintiffs' works by copying, storing, processing, and reproducing the training datasets containing copies of Plaintiffs' works without Plaintiffs' consent. Indeed, Databricks has publicly stated that DBRX, which Databricks released, was the culmination of "years of LLM development *at Databricks* that *includes the MPT . . . projects*."[4] The complaint already alleges that the development of the MPT models infringed Plaintiffs' copyrights. And Plaintiffs have clearly (and sufficiently) alleged that Databricks may be liable for direct infringement based on its involvement with the MPT projects. *See VHT, Inc. v. Zillow Grp.*, Inc., 918 F.3d 723, 732 (9th Cir.

---

[4] *See* https://www.databricks.com/blog/introducing-dbrx-new-state-art-open-llm

2019) (noting that third-parties that are "actively involved" in the infringement may be held directly liable). Moreover, Plaintiffs alleged that Databricks was directly involved in the development of DBRX and Databricks further infringed Plaintiffs' works in the development of this model. This is more than enough to establish a valid claim against Databricks.

### 2.  DBRX

Plaintiffs' additional allegations as to DBRX—which was released after the first complaint filed in this case—is not futile because they clarify the scope of infringement. These amendments only formalize what has already been alleged—Defendants' infringement is on-going. And DBRX, which was built upon the infringing acts Defendants used to develop their prior models, was already within the scope of the complaint. *See* Dkt. 123.

### 3.  Additional Asserted Works

Plaintiffs' additional allegations that Defendants infringed on their other books to train their LLMs is not futile—these only bolster the existing direct infringement claim against Defendants. And recent discovery has shown that these additional works were included in the training data Defendants used to train their LLMs.

## IV.  **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court grant Plaintiffs leave to file the proposed First Amended Consolidated Complaint.

Dated: May 30, 2025

By: /s/ *Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
Evan Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
William Castillo Guardado (SBN 294159)
Jane J. Kim (SBN 333342)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940

Email: jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
wcastillo@saverilawfirm.com
jkim@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
mb@butterickflaw.com

Justin A. Nelson (admitted pro hac vice)
Alejandra C. Salinas (admitted pro hac vice)
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Elisha Barron (admitted pro hac vice)
Craig Smyser (admitted pro hac vice)
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor
New York, NY 10019
Telephone: (212) 336-8330
ebarron@susmangodfrey.com
csmyser@susmangodfrey.com

Jordan W. Connors (pro hac vice)
Trevor D. Nystrom (pro hac vice)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com
tnystrom@susmangodfrey.com

8
MOTION FOR LEAVE TO FILE FIRST AMENDED CONSOLIDATED COMPLAINT
Case No.: 3:24-cv-01451-CRB

Rachel J. Geman (admitted pro hac vice)
Danna Z. Elmasry (admitted pro hac vice)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Tel.: 212.355.9500
rgeman@lchb.com
delmasry@lchb.com

Anne B. Shaver
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel.: 415.956.1000
ashaver@lchb.com

Betsy A. Sugar (admitted pro hac vice)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue S. Suite 1640
Nashville, TN 37201
Tel.: 615.313.9000
bsugar@lchb.com

Rachel J. Geman (admitted pro hac vice)
Danna Z. Elmasry (admitted pro hac vice)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Tel.: 212.355.9500
rgeman@lchb.com
delmasry@lchb.com

Bryan L. Clobes (admitted pro hac vice)
Alexander J. Sweatman (admitted pro hac vice)
Mohammed A. Rathur (admitted pro hac vice)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: 312-782-4880
bclobes@caffertyclobes.com
asweatman@caffertyclobes.com

9
MOTION FOR LEAVE TO FILE FIRST AMENDED CONSOLIDATED COMPLAINT
Case No.: 3:24-cv-01451-CRB

mrathur@caffertyclobes.com

Brian D. Clark (admitted pro hac vice)
Laura M. Matson (admitted pro hac vice)
Arielle Wagner (admitted pro hac vice)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
Email: bdclark@locklaw.com
lmmatson@locklaw.com
aswagner@locklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*