1  JEDEDIAH WAKEFIELD (CSB No. 178058)
   jwakefield@fenwick.com
2  RYAN KWOCK (CSB No. 336414)
   rkwock@fenwick.com
3  FENWICK & WEST LLP
   555 California Street, 12th Floor
4  San Francisco, CA 94104
   Telephone:    415.875.2300
5  Facsimile:    415.281.1350

6  DAVID HAYES (CSB No. 122894)
   dhayes@fenwick.com
7  FENWICK & WEST LLP
   801 California Street
8  Mountain View, CA 94041
   Telephone:    650.988.8500
9  Facsimile:    650.938.5200

10 *Attorneys for Defendants*
   DATABRICKS, INC., and
11 MOSAIC ML, LLC, formerly MOSAIC ML, INC.

12 *Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In Re Mosaic LLM Litigation* | Master File Case No. 3:24-cv-01451-CRB<br>Consolidated with Case No. 3:24-cv-02653-CRB<br><br>**DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Location:  Courtroom 6, 17th Floor<br>Judge:     Hon. Charles R. Breyer |

# NOTICE OF MOTION AND MOTION

## TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that Defendants Databricks, Inc. ("Databricks") and Mosaic ML, LLC (formerly Mosaic ML, Inc.) ("MosaicML") move under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72-2 for relief from the nondispositive pretrial order (Dkt. 123) of the Magistrate Judge allowing discovery about a large language model that is not in the operative Complaints and that was released by a defendant *not* accused of direct infringement. Respectfully, the Order is clearly erroneous and contrary to law, and it misconstrues Defendants' discovery responses.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Proposed Order, the letter brief and other materials submitted in connection with the motion, the records and docket in this matter, and any oral argument the Court may take.

Dated: June 2, 2025

FENWICK & WEST LLP

By: */s/ Jedediah Wakefield*
Jedediah Wakefield (CSB No. 178058)
jwakefield@fenwick.com
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:     415.875.2300
Facsimile:       415.281.1350

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Databricks and Mosaic ML respectfully seek relief from the May 20, 2025 Order (Dkt. 123) allowing discovery about a large language model ("LLM") called DBRX that (1) is *not* mentioned in Plaintiffs' operative Complaints, (2) was released by Databricks, a defendant that the Complaints do *not* accuse of direct infringement, and (3) was not trained on the "Books3" dataset that forms the sole basis of Plaintiffs' case. The Order—issued without full briefing or a hearing—erroneously allows Plaintiffs to avoid their Rule 8 obligations and pursue discovery before even attempting to plead a viable claim. Underscoring that point, *after the Order*, Plaintiffs moved to amend their Complaints to add, for the first time, both a direct infringement claim against Databricks and a claim involving DBRX. Dkt. 124. But that proposed amendment is fundamentally flawed, and Defendants plan to oppose it on multiple grounds.[1] Unless and until Plaintiffs can state a plausible claim about DBRX, permitting DBRX-related discovery is clear error. And in permitting this radical expansion of discovery, the Magistrate Judge overlooked relevant authority and misconstrued the pleadings and evidence. Defendants respectfully request that the Court reverse the Order and deny Plaintiffs' requests for discovery on DBRX.

**BACKGROUND**

This case is about defendant MosaicML's alleged use of a dataset called Books3 to train LLMs called the MPT models. MosaicML trained and released the MPT models in 2023. In their Complaints, Plaintiffs allege that MosaicML trained the MPT models on Books3, which is itself part of a dataset called "RedPajama – Books."[2] Compl. ¶¶ 24-35. Plaintiffs claim that their books are included in Books3. *Id.* ¶ 30.

Based on these allegations, Plaintiffs brought their only direct infringement claim against MosaicML (*not* Databricks) over MosaicML's training of the MPT models. Compl. ¶¶ 36-42; *see, e.g.*, *id.* ¶ 38 ("To train the MPT-7B and MPT-30B language models, MosaicML copied the Books3 dataset, which includes the Infringed Works."). Databricks acquired MosaicML in July 2023, after

---

[1] Defendants will file their Opposition to Plaintiffs' Motion for Leave to Amend early, and no later than June 10, and urge the Court to review it before ruling on this Motion.

[2] RedPajama – Books comprises two datasets: (1) Books3; and (2) PG-19 (a dataset not at issue). Thus, the Books3 dataset is the only dataset at issue in this case.

Fenwick & West LLP

the MPT models were trained.  Importantly, Plaintiffs did *not* bring a direct infringement claim against Databricks.  Rather, Plaintiffs brought only a vicarious infringement claim against Databricks, alleging that as the corporate parent, Databricks had the "right and ability to control" and benefitted financially from *MosaicML's* alleged infringements.  *Id.* ¶¶ 43-46.

In March 2024, almost a year after Databricks acquired MosaicML, Databricks released DBRX.  Although scientists who joined Databricks from MosaicML worked on DBRX, DBRX uses a different architecture than the MPT models and a different mix of training data.  It was not trained on Books3.  Plaintiffs' second Complaint[3] was filed more than a month *after* DBRX's release, but Plaintiffs did *not* include any allegations about DBRX.  And tellingly, for more than a *year* after Databricks released DBRX, Plaintiffs did not seek to amend their Complaints to add allegations about DBRX or a direct infringement claim against Databricks.

About two months ago, Plaintiffs began propounding sweeping discovery about DBRX.  Defendants objected because DBRX was not relevant and asked Plaintiffs if they would agree to any limitation on their discovery requests, but Plaintiffs refused.  To try to resolve the dispute, Databricks amended its verified interrogatory responses and answered RFAs to make clear that DBRX was *not* trained on Books3.  *See* Dkt. 122-2 at 4-5.  Plaintiffs nevertheless brought the dispute to the Magistrate Judge.  After reviewing the parties' joint five-page letter, on May 20, Magistrate Judge Cisneros allowed Plaintiffs to obtain discovery on how DBRX was trained.  Order at 6.  After that Order, Plaintiffs first sought leave to amend to add DBRX to the case.  Dkt. 124.

### STANDARD OF REVIEW

When a party objects to a nondispositive order of a magistrate judge, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).  The district court reviews the magistrate judge's factual findings for clear error and legal conclusions to determine whether they are contrary to law.  *Blue Bottle Coffee, LLC v. Liao*, No. 21-CV-06083-CRB, 2023 WL 11711682, at *1 (N.D. Cal. Oct. 5, 2023).

---

[3] The consolidated action consists of two virtually identical complaints, filed in March 2024 and May 2024.  Dkt. 1; *Makkai v. Databricks*, No. 3:24-cv-02653 (N.D. Cal. May 2, 2024), Dkt. 1.

# ARGUMENT

### A. Allowing discovery on issues far beyond Plaintiffs' claims was clear error.

Under amended Rule 26, a party may pursue discovery only on matters related to a party's claim or defense—not anything within the "subject matter" of the case. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (noting that Rule 26 was amended to restrict discovery and eliminated the "subject matter" reference). Accordingly, courts routinely limit discovery to matters alleged in the pleadings. *See In re German Auto. Mfrs. Antitrust Litig.*, 335 F.R.D. 407, 408 (N.D. Cal. 2020) ("The 2015 amendments to Rule 26(b) 'anchored' discovery to 'any party's claim or defense.'" (quoting Fed. R. Civ. P. 26 advisory committee's notes to 2015 amendment)); *see also Lin v. Solta Med., Inc.*, No. 21-CV-05062- PJH, 2023 WL 8374740, at *2 (N.D. Cal. Dec. 4, 2023) (limiting discovery to allegations in complaint); *Lineberry v. Addshoppers, Inc.*, No. 23-cv-01996-VC (PHK), 2024 WL 4707986, at *3 (N.D. Cal. Nov. 6, 2024) (same).

In issuing the Order, the Magistrate Judge relied on the *pre-amendment* standard and did not address the current standard or relevant caselaw interpreting it. *See* Order at 5 (citing language from *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). And the case that the Magistrate Judge relied on that quoted *Oppenheimer* ultimately *limited* discovery to "materials *concerning the model or generation of device at issue in the complaint*—not any device with the [accused product's] name on it," a point that the Magistrate Judge did not address. *See Lin.*, 2023 WL 8374740, at *2 (emphasis added). The Magistrate Judge then pointed to claims Plaintiffs made in the joint letter (*not* in their Complaints), when it is well settled that parties cannot amend their pleadings through briefing. *See* Order at 4 (citing Dkt. 122 at 2); *Hodge v. Travel + Leisure Co.*, No. 5:24-cv-06116-EJD, 2025 WL 327741, at *2 n.1 (N.D. Cal. Jan. 29, 2025) (a party cannot amend a complaint through briefing).

Further, the Order relied on two inapt decisions from other cases involving LLMs, *Kadrey v. Meta Platforms, Inc.* and *Tremblay v. OpenAI, Inc.*, without addressing the cases Defendants cited that are instructive here. Order at 5. In *Kadrey* and *Tremblay*, the courts considered discovery on LLMs from *the same defendant* and *from the same series of LLMs* at issue. *See Kadrey v. Meta Platforms, Inc.*, 23-cv-03417 (N.D. Cal. Nov. 15, 2024), Dkt. 279 at 4; *Tremblay v. OpenAI, Inc.*,

FENWICK & WEST LLP

1  No. 23-cv-03223-AMO (RMI), 2025 WL 84635, at *2 (N.D. Cal. Jan. 13, 2025), *motion for relief*
2  *from judgment denied*, 2025 WL 445793 (N.D. Cal. Feb. 10, 2025).  And even then, those courts
3  adopted *defendants'* discovery proposals for those models.  But the Order did not address more
4  comparable LLM cases rejecting plaintiffs' requests for discovery from *different* defendants or
5  involving *additional* LLMs.  *See Authors Guild v. OpenAI, Inc.*, No. 23-cv-8292 (SHS) (OTW)
6  (S.D.N.Y. Dec. 6, 2024), Dkt. 293 at 2-3 (denying plaintiffs' motions at Dkts. 270, 271 for
7  discovery about Microsoft's LLMs and OpenAI's "Additional Models").

8  Allowing discovery to search for a basis for unpled claims puts the cart before the horse.
9  "[D]iscovery rules are designed to assist a party to prove a claim it reasonably believes to be viable
10 *without discovery*, not to find out if it has any basis for a claim."  *In re Countrywide Fin. Corp.*
11 *Mortg.-Backed Sec. Litig.*, No. 2:11-CV-10549 MRP, 2013 WL 5614294, at *8 (C.D. Cal. Sept.
12 30, 2013) (quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990)).
13 Plaintiffs' motion for leave to amend, which Defendants will oppose—including for futility because
14 it fails to state a claim—only underscores the Magistrate Judge's legal error in allowing Plaintiffs
15 to pursue discovery in search of a new claim, circumventing Rule 8 and controlling law.

16 **B.     The Order misconstrues evidence and allegations about the MPT models.**

17 In issuing a decision on a thin record without a hearing, the Magistrate Judge made two
18 erroneous factual findings: (1) that Defendants denied training the *MPT models* on Books3; and
19 (2) that the Complaints accused MosaicML of using infringing datasets beyond Books3.

20 *First*, the Magistrate Judge found that Defendants'[4] "written discovery responses that the
21 DBRX models were not trained on the 'RedPajama – Books' or 'Books3' datasets do not, in and
22 of themselves, preclude further discovery into the DBRX models' training" because "Defendants
23 also denied that *the MPT models* were trained on these datasets."  Order at 6 (emphasis added).
24 The Court apparently reached this conclusion based on *Databricks'* RFA responses in which
25 *Databricks* denied that *it* used Books3 to train the MPT models.  Order at 6 (citing Dkt. 122-2 at 4-
26 5).  But this should come as no surprise: *Databricks did not train the MPT models*—MosaicML

---

[4] The Order refers to "Plaintiffs'" responses (Order at 6), but Defendants assume that was meant to refer to *Defendants'* responses.

did. And MosaicML *did* admit to using Books3 to train the MPT models, in the Answer (Dkt. 39 ¶¶ 33-34, 38), in its RFA responses, and in public blog posts.[5] Accordingly, the factual predicate for the conclusion that "Plaintiffs must be permitted to obtain further discovery to test Defendants' denials" (Order at 6) rests on a critical and inaccurate assumption.

*Second*, the Magistrate Judge erroneously concluded that datasets beyond Books3 are at issue because Plaintiffs "also alleged" that their books "were part of the Bibliotik shadow library." *See* Order at 5 (citing Compl. ¶¶ 27-30). But Plaintiffs' allegations about Bibliotik state that *Books3* includes "all of Bibliotik"—i.e., that Bibliotik is the source of Books3, *not* that Bibliotik includes additional datasets. And the one allegation Plaintiffs made about *other* "shadow libraries" simply mentions their existence, *without alleging that Defendants used them*. Compl. ¶ 28. The Magistrate Judge's finding that the Complaint extended to other datasets was therefore also clearly erroneous.

### C. The Order committed clear error by not considering proportionality.

Finally, the Magistrate Judge also committed legal error by not considering Rule 26's proportionality requirement. *See* Fed. R. Civ. P. 26, advisory committee's notes to 2015 amendment ("The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."). The proportionality requirement is particularly important here, where Defendants, at huge expense, have already searched for, collected, and produced more than 40 *terabytes* of data—the equivalent of 10 *billion* pages—related to the MPT models' training. But, contrary to Rule 26, the Order allows Plaintiffs to now "obtain discovery regarding how the DBRX models were trained," Order at 6, without addressing Defendants' proportionality argument.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reverse the Order as it relates to Dkt. 122 and deny Plaintiffs' request for discovery on DBRX.

---

[5] *See, e.g.*, The Mosaic Research Team, *Introducing MPT-7B: A New Standard for Open-Source, Commercially Usable LLMs* (May 5, 2023), https://www.databricks.com/blog/mpt-7b. MosaicML's RFA responses were not due at the time of the joint letter, but it has never denied using Books 3 to train the MPT models.

| | |
|---|---|
| Dated:   June 2, 2025 | FENWICK & WEST LLP |
| | By:  /s/ *Jedediah Wakefield* |
| | Jedediah Wakefield (CSB No. 178058) |
| | jwakefield@fenwick.com |
| | Ryan Kwock (CSB No. 336414) |
| | rkwock@fenwick.com |
| | 555 California Street, 12th Floor |
| | San Francisco, CA 94104 |
| | Telephone:     415.875.2300 |
| | Facsimile:      415.281.1350 |
| | |
| | David Hayes (CSB No. 122894) |
| | dhayes@fenwick.com |
| | 801 California Street |
| | Mountain View, CA 94041 |
| | Telephone:     650.988.8500 |
| | Facsimile:      650.938.5200 |
| | |
| | Deena Feit (admitted *pro hac vice*) |
| | dfeit@fenwick.com |
| | 401 Union Street, 5th Floor |
| | Seattle, WA 98101 |
| | Telephone:     206.389.4510 |
| | Facsimile:      206.389.4511 |
| | |
| | Charles Moulins (admitted *pro hac vice*) |
| | cmoulins@fenwick.com |
| | 902 Broadway, Ste 14 |
| | New York, NY 10010 |
| | Telephone:     212.430.2600 |
| | Facsimile:      650.938.5200 |
| | |
| | Zachary Harned (CSB No. 335898) |
| | zharned@fenwick.com |
| | 730 Arizona Avenue, 1st Floor |
| | Santa Monica, CA 90401 |
| | Telephone:     310.434.5400 |
| | Facsimile:      650.938.5200 |
| | |
| | *Attorneys for Defendants* |
| | DATABRICKS, INC., and MOSAIC ML, LLC, formerly MOSAIC ML, INC. |