UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In Re Mosaic LLM Litigation*

Case No. 24-cv-01451-CRB (LJC)

**ORDER REGARDING TIMEFRAMES FOR DISCOVERY**

Re: Dkt. No. 134

The parties disagree about the appropriate time period for discovery. Plaintiffs seek discovery from Defendant MosaicML from January 1, 2021 to the present and seek discovery from Defendant Databricks from January 1, 2020 to the present. ECF No. 134 at 3. Defendants believe these timeframes are unnecessarily long and have offered to produce discovery from March 1, 2021 to the present from MosaicML and from June 1, 2022 to the present from Databricks. *Id.* at 5. The Court grants Plaintiffs' request to obtain discovery from MosaicML from January 1, 2021 to the present and denies Plaintiffs' request to obtain discovery from Databricks from January 1, 2020 to the present. Plaintiffs may seek discovery from Databricks from January 1, 2022 to the present.

## I. BACKGROUND

The Court assumes the parties' familiarity with the history of the case and provides the following abbreviated summary to contextualize the present dispute. MosaicML was founded at some point between 2020 and January 2021 "to provide tools to facilitate the training of AI models[,]" and released its first large language model (LLM) in its MPT series in May 2023. ECF Nos. 134 at 1 n.2; 131 (First Am. Compl.) ¶¶ 21-22. Its LLM was allegedly trained, in part, on the

United States District Court
Northern District of California

United States District Court
Northern District of California

Book3 dataset, which contain the Plaintiffs' copyrighted works. *Id.* ¶¶ 27-33. MosaicML was acquired by Databricks in July 2023 and operates as a subsidiary of Databricks. *Id.* ¶¶ 18, 38. Since Databricks acquired MosaicML, it has released a new LLM series named DBRX. *Id.* ¶ 39.

The Class Period begins on March 8, 2021, but Plaintiffs allege that they "do not yet know when the unlawful conduct alleged herein began, but believe…that the conduct likely began earlier than March 8, 2021[.]" *Id.* ¶ 61.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties to a lawsuit "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim[s] or defense[s] and proportional to the needs of the case[.]" "The party seeking discovery has the initial burden of establishing that its request satisfies Rule 26(b)(1)'s relevancy requirement[.]" *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-cv-00236, 2019 WL 311622, at *3 (N.D. Cal. Jan. 24, 2019). In turn, the party opposing discovery "has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). Although "the temporal scope of discovery…should be limited to a reasonable time based on the parties' allegations[,]" what constitutes a reasonable time "must be determined on a case-by-case basis." *Garedakis v. Brentwood Union Sch. Dist.*, No. 14-cv-04799P, 2016 WL 1133715, at *3 (N.D. Cal. Mar. 23, 2016); *In re Bofl Holding, Inc. Sec. Litig.*, No. 15-cv-02324, 2021 WL 1812822, at *5 (S.D. Cal. May 6, 2021). "In general, courts allow discovery to extend to events before and after the period of actual liability so as to provide context." *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-cv-00226, 2015 WL 7180662, at *2 (N.D. Cal. Nov. 16, 2015) (collecting cases).

## III. DISCOVERY FROM MOSAICML

Plaintiffs request discovery from MosaicML beginning in January 2021, when they believe MosaicML was founded. Defendants object that this is too early and initially countered with a start date of May 2022, which, they contend, "was the earliest that MPT training could have begun." ECF No. 123 at 4. In an effort to compromise, they later offered March 1, 2021. *Id.*

Defendants are correct that the temporal scope of discovery should be confined to a "reasonable time based on the parties' allegations." *Id.* (quoting *Garedakis*, 2016 WL 1133715, at *3). This clearly extends back at least to May 2022, which is when MosaicML represents they began training the MPT model. But as Plaintiffs argue, if training began in May 2022, presumably MosaicML's "data acquisition and related discussions occurred[,]" or at least began, "prior to" that date. *Id.* at 2. Discovery regarding MosaicML's acquisition of training data is highly relevant to Plaintiffs' claims that MosaicML used copies of Plaintiffs' works to train its models. Allowing Plaintiffs to seek such discovery beginning in January 2021, which is when or shortly after MosaicML was founded, is thus warranted. Defendants make no argument that producing discovery from MosaicML starting in January 2021 rather than March 2021 is overly burdensome. Plaintiffs' request for the timeframe for discovery from MosaicML to begin on January 1, 2021 is granted.

**IV. DISCOVERY FROM DATABRICKS**

Plaintiffs initially requested discovery from Databricks starting from January 1, 2018, which, they argue, was "when industry participants first confronted the potential copyright implications of transformer-based LLM models[.]" ECF No. 134 at 1. They later offered June 1, 2020. *Id.* Defendants have agreed to produce discovery from Databricks starting in June 2022, but object that allowing Plaintiffs to seek discovery from any earlier would be a "burdensome fishing expedition." *Id.* at 4.

Databricks acquired MosaicML in July 2023 and, "led by the Mosaic team that previously built the MPT" series, released its DBRX model in March 2024. First Am. Compl. ¶¶ 38-39, 42. Plaintiffs bring direct and vicarious copyright infringement claims against Databricks, alleging that DBRX was trained on datasets that included Plaintiffs' copyrighted works (*id.* ¶ 51) and that Databricks, as the "corporate parent of MosaicML," controlled and benefited from MosaicML's infringement (*id.* ¶¶ 58-59). Plaintiffs nonetheless argue that obtaining discovery from Databricks from well before it acquired MosaicML "is highly relevant to whether [Databricks'] alleged copyright infringement was willful[.]" ECF No. 134 at 2. They contend that, beginning in 2017, there were "widespread discussions about training data sources, collection methods, transformer



United States District Court
Northern District of California

United States District Court
Northern District of California

models and development, and copyright consideration[,]" which Databricks "actively and publicly participated in" and that discovery from 2018 onwards "will reveal Databricks' awareness, planning, and internal thinking and activity regarding" training data and copyright issues. *Id.* Plaintiffs further argue that Databricks has "invoked a fair use defense" (Databricks has yet to file an answer) and information about "Databricks' strategic planning and analyses of LLM development, including its potential profitability and commercial uses," that predate its acquisition of MosaicML are relevant. *Id.* at 3.

As Defendants note, Plaintiffs' claims against Databricks are based on events that occurred after Databricks acquired MosaicML in July 2023. *Id.* at 5. The discovery timeframe thus must include the acquisition. It also ought to encompass a reasonable period beforehand. Information Databricks had about MosaicML and datasets used to train LLMs before it acquired MosaicML is conceivably relevant to Plaintiffs' claims regarding willfulness and provides context for Plaintiffs' vicarious infringement claim. *See* ECF No. 123 at 5; *Hatamatian*, 2015 WL 7180662, at *2 (explaining that courts generally permit discovery to extend to events before "the period of actual liability so as to provide context").

While it is appropriate for the timeframe for discovery to start before July 2023, Plaintiffs have not demonstrated that discovery as far back as 2018 is more than nominally relevant to their claims. That Databricks participated in industry discussions regarding how data would be used to train AI (and may have considered potential copyright issues that could arise in this context) arguably makes it less likely that they were unaware of MosaicML's alleged infringing behavior when they decided to acquire the company. But this information is of minimal utility: what Databricks knew when it was trying to obtain MosaicML and after the acquisition is far more probative. Plaintiffs' argument that information about "Databricks' strategic planning and analyses" of the "potential profitability and commercial uses" is relevant to Defendants' anticipated fair use defense is similarly attenuated. *Id.* at 3. Defendants will, presumably, argue that the manner in which they used any of Plaintiffs' copyrighted material was transformative and their alleged infringement did not harm the value of Plaintiffs' copyrighted words. *See Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417, 2025 WL 1752484, at *9 (N.D. Cal. June 25, 2025); 17

U.S.C. § 107. Databricks' analysis of the "potential profitability and commercial uses" of LLMs four or five years before it acquired MosaicML has little bearing on this. ECF No. 134 at 3. Given the minimal relevance of this early evidence, the Court finds that the burden of its production "outweighs its likely benefit." Fed. R. Civ. P. 26(b); *see* ECF No. 134 at 5.

As discussed above, some pre-acquisition discovery will likely be relevant and is warranted. Defendants propose that they produce discovery from Databricks starting in June 2022, which is over a year before it acquired MosaicML. ECF No. 134 at 4. The Court recognizes that deciding on a timeframe involves a degree of arbitrariness, but, overall, finds that Defendants' proposal for a discovery period that begins in 2022 is reasonable. MosaicML's profile increased during that year, and Databricks' assessment of its AI needs for its continued growth may reflect what it knew about companies', such as MosaicML's, use of copyrighted material to train AI models.. Accordingly, Plaintiffs may seek discovery from Databricks that dates back to January 1, 2022. If Plaintiffs identify documents suggesting that relevant documents exist before January 1, 2022, Plaintiffs may renew their request to obtain earlier discovery from Databricks.

## V. CONCLUSION

For the foregoing reasons, the timeframe for discovery from MosaicML shall be from January 1, 2021 to the present and the timeframe for discovery from Databricks shall be from June 1, 2022 to the present.

**IT IS SO ORDERED.**

Dated: July 25, 2025

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California