JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
RYAN KWOCK (CSB No. 336414)
rkwock@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

DAVID HAYES (CSB No. 122894)
dhayes@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly MOSAIC ML, INC.

*Additional counsel listed on signature page*

FENWICK & WEST LLP

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

*In Re Mosaic LLM Litigation*

Case No.: 3:24-cv-01451-CRB

**DEFENDANTS' REPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL**

Date: August 22, 2025
Time: 10:00 a.m.
Dept: 6
Judge: Hon. Charles R. Breyer

Pursuant to Civil Local Rule 79-5(f), Civil Local Rule 7-11, and the Court's Standing Order, Defendants Databricks, Inc. ("Databricks") and Mosaic ML, LLC (collectively, "Defendants") respectfully submit that Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal (Dkt. No. 142) ("Plaintiffs' Motion") should be granted.[1] Defendants agree that a portion of Plaintiffs' Opposition to Defendant's Motion to Dismiss ("Opposition") along with Exhibits A and B to the Opposition should be filed under seal. Pursuant to Civil L.R. 79-5(c)(1)(iii), Plaintiffs' proposed redactions and exhibits that are sought to be sealed are narrowly tailored and limited to sealable information.

## I. LEGAL STANDARD

While "courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents[,] … [a]ccess [to judicial records] is not absolute." *Perry v. Brown*, 667 F.3d 1078, 1084 (9th Cir. 2012) (citation modified). Generally, for a party filing a dispositive motion to overcome the presumption of judicial access, it must meet the "compelling reasons" standard. *Id.* Parties can demonstrate that "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to ... release trade secrets." *Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 345 F. Supp. 3d 1111, 1120 (N.D. Cal. 2018) (citation modified). Parties meet this burden when seeking to seal records that contain "sensitive business information or may be subject to confidentiality agreements." *Regis Metro Assocs., Inc. v. NBR Co., LLC*, No. 20-cv-02309-DMR, 2022 WL 267443, at *14 (N.D. Cal. Jan. 28, 2022). Here, Plaintiffs have filed the request to seal materials in connection with an alternative request for leave to amend, so the "compelling reasons" standard for dispositive motions should not apply. Instead, the "good cause" standard for other motions should apply. *See Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-cv-06593-HSG, 2021 WL 1312748, at *5 (N.D. Cal. Apr. 8, 2021). Good cause requires a "particularized showing that specific prejudice or harm will result if the information is disclosed." *Id.*(citation modified).

[1] Plaintiffs have submitted a Proposed Order for Plaintiffs' Motion (Dkt. No. 142-2) but did not include a table format of each document that is sought to be sealed as required by the local rules (*see* Civil L.R. 79-5(c)(3)). Accordingly, Defendants also submit a Proposed Order for the Court.



FENWICK & WEST LLP

### II. DISCUSSION

Good cause, and compelling reasons, exist to seal a portion of Plaintiffs' Opposition and the corresponding Exhibits A and B to the Declaration of William Castillo Guardado (Dkt. No. 142-1), which consist of Defendants' internal, nonpublic and highly sensitive business information.

| Document | Sealing Request |
|---|---|
| Highlighted portion on page 3 of the Opposition | Defendants do not seek to maintain this portion of the Opposition under seal. |
| Highlighted portions on pages 11-12 of the Opposition | Defendants seek to maintain page 12, lines 13-15 under seal. |
| Exhibit A | Defendants seek to seal this exhibit in its entirety. |
| Exhibit B | Defendants seek to seal this exhibit in its entirety. |

FENWICK & WEST LLP

Defendants maintain that the identified portion of Plaintiffs' Opposition, as well as Exhibit A and Exhibit B in their entirety, should remain under seal. These materials contain confidential technical and internal business information about model training and development, along with information about Defendants' customers. Decl. of Eric Berger ("Berger Decl.") ¶¶ 3-4. Courts have repeatedly found that this type of material warrants sealing. *See, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing "discussions of business strategy and competitive analyses"); *Transperfect Global, Inc. v. MotionPoint Corp.*, No. C 10-2590 CW, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) (sealing portions of brief and exhibits containing "proprietary information concerning Defendant's technology"); *X One, Inc. v. Uber Techs., Inc.*, No. 16-cv-06050-LHK, 2020 WL 718310, at *3 (N.D. Cal. Feb. 12, 2020) (sealing "information relating to … business strategies").

Disclosure of these materials would cause Defendants competitive harm. Berger Decl. ¶ 5. Defendants operate in a competitive industry. Disclosure of internal, confidential information about model development and training would threaten business interests. This information if

disclosed, would provide competitors with insight into proprietary, non-public details about Defendants' research and development processes that competitors could exploit. *Id.* Courts have found that a compelling reason to seal documents exists when the information to be sealed "could allow competitors to learn the operation and functionality of [a party's] technical capabilities." *X One*, 2020 WL 718310, at *2-3 (citation modified); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (despite the presumption of public access to judicial records, the "common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing").

Finally, a less restrictive alternative would not suffice here. Defendants seek to maintain only a limited portion of the Opposition under seal. Exhibits A and B contain detailed, technical notes, and redaction would not suffice to protect this confidential, internal information. *Contour IP Holding, LLC v. GoPro, Inc.*, No. 3:17-cv-04738-WHO, 2020 WL 10147135, at *4 (N.D. Cal. Oct. 26, 2020) (granting request to seal where "the document itself might be produced in a confidential context that would necessarily create competitive harm if made public").

## III. CONCLUSION

For these reasons, there are compelling reasons to keep the identified portion of the Opposition, as well as Exhibit A and Exhibit B in their entirety, under seal.

Dated: August 1, 2025

FENWICK & WEST LLP

By: */s/ Jedediah Wakefield*

Jedediah Wakefield (CSB No. 178058)
jwakefield@fenwick.com
Ryan Kwock (CSB No. 336414)
rkwock@fenwick.com
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

David Hayes (CSB No. 122894)
dhayes@fenwick.com
Diana C. Buck (CSB No. 339314)
dbuck@fenwick.com
801 California Street

Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Deena J.G. Feit (admitted *pro hac vice*)
dfeit@fenwick.com
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511

Charles Moulins (admitted *pro hac vice*)
cmoulins@fenwick.com
Justine Vandermel (admitted *pro hac vice*)
justine.vandermel@fenwick.com
902 Broadway, 18th Floor
New York, NY 10010
Telephone: 212.430.2600
Facsimile: 650.938.5200

Zachary Harned (CSB No. 335898)
zharned@fenwick.com
730 Arizona Avenue, 1st Floor
Santa Monica, CA 90401
Telephone: 310.434.5400
Facsimile: 650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly
MOSAIC ML, INC.