UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In Re Mosaic LLM Litigation*

Case No. 24-cv-01451-CRB   (LJC)

**ORDER REGARDING ECF NO. 145**

Re: Dkt. No. 145

The parties filed a joint letter brief regarding a dispute over Defendants' production regarding DBRX. ECF No. 145. The Court previously denied Defendants' request for a court order barring further discovery regarding how DBRX models are trained, rejecting Defendants' contention that the discovery was outside the scope of the lawsuit. ECF No. 123 at 4-6. Plaintiffs have since amended their complaint to add a direct infringement claim against Defendant Databricks, claiming "[o]n information and belief, Defendants have further made copies of Plaintiffs' Works for use to train the DBRX models." ECF No. 131 ¶¶ 45-56. In the present dispute, Defendants contend that they have produced enough information. Defendants represent that they "have already produced hundreds of DBRX source code files, along with other internal documents that *identify the DBRX training data*." ECF No. 145 at 3. Specifically, they allege that they have produced "hundreds of files with DBRX model weights and source code, internal code files naming the DBRX pretraining datasets, and internal documents about DBRX, including a document identifying the DBRX Instruct fine-tuning data." *Id.* at 4. They also allege that Plaintiff's expert has inspected "source code files for DBRX training." *Id.* Plaintiffs contend that Databricks has produced limited documents that "barely begin to address, much less explain, how DBRX was trained" and have refused to produce the training data for DBRX or precursor LLM

1  models developed after Databricks acquired MosaicML.  *Id.* at 1.  Based on the parties'
2  representations, it is not clear to the Court if Defendants have produced sufficient documents to
3  allow Plaintiffs to verify that the DBRX training data (or training data for precursor LLMs
4  developed after Databricks acquired MosaicML, if any exist) does not contain datasets that include
5  Plaintiffs' books.

6  Plaintiffs shall file a supplemental brief, not to exceed six pages, addressing whether
7  Defendants have produced sufficient documents to allow Plaintiffs to verify whether DBRX or
8  any precursor LLMs developed by Defendants after Databricks acquired MosaicML (to the extent
9  any exist), were trained on datasets including Plaintiffs' books.  Plaintiffs' brief must address why
10 "documents (including code files) identifying the DBRX training data" produced by Defendants
11 and their expert's inspection of DBRX source code is insufficient.  *Id.* at 4.  Plaintiffs'
12 supplemental brief must also address Defendants' contention that there is no ripe dispute regarding
13 Plaintiffs' RFP Nos.  24/69, 35/80, 36/81, 52/97, and 53/98.  Plaintiffs' brief shall be filed by
14 August 13, 2025.

15 By August 15, 2026, Defendants shall file a response, not to exceed five pages, excluding
16 any exhibits that are filed to support the production burden that they asserted in the pending joint
17 letter.  Their response must address 1) if they have produced training data for DBRX or any
18 precursor LLMs developed by Defendants after Databricks acquired MosaicML (if any exist), and
19 if so, the quantity and nature of this production; 2) if they have not, how the information they have
20 produced that identifies the training data is sufficient to allow Plaintiffs to verify whether DBRX
21 or any precursor models were trained on datasets including Plaintiffs' copyrighted works; and 3)
22 the burden of producing training data.

23 The Court notes that Plaintiffs have an active claim against Databricks for direct copyright
24 infringement and, consistent with its prior order, discovery regarding this claim is relevant, subject
25 to the limitations of Rule 26(b).  Absent an order staying discovery, discovery shall proceed as
26 normal despite the pending motion to dismiss.

27 Based on Defendants' representations that they have not refused to "produce documents
28 responsive to" RFP Nos. 35/80, 52/97, and 53/98, that they are producing source code in response

2

1 to RFP No. 36/81, and that they will confer with Plaintiffs regarding RFP No. 24/69, the Court
2 orders Defendants to start and/or continue producing documents responsive to these requests and
3 for the parties to confer in good faith if any disputes regarding these requests arise.  This in no
4 way abridges arguments or objections the parties may make regarding these requests and
5 responses thereto.

6 **IT IS SO ORDERED.**

7 Dated:  August 7, 2025

LISA J. CISNEROS
United States Magistrate Judge