JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
RYAN KWOCK (CSB No. 336414)
rkwock@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 650.938.5200

DAVID HAYES (CSB No. 122894)
dhayes@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly MOSAIC ML, INC.

*Additional counsel listed on signature page*

FENWICK & WEST LLP

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

*In Re Mosaic LLM Litigation*

Case No.: 3:24-cv-01451-CRB

**DEFENDANTS' REPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL RE: PARTIES' JOINT LETTER BRIEF**

Judge: Hon. Lisa J. Cisneros

Pursuant to Civil Local Rule 79-5(f) and the Court's Standing Order, Defendants Databricks, Inc. ("Databricks") and Mosaic ML, LLC (collectively, "Defendants") respectfully submit that Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal Re: Plaintiffs' Portions of the Parties' Joint Letter Brief (Dkt. No. 146) ("Plaintiffs' Motion") should be granted. Defendants agree that a portion of Plaintiffs' section of the Joint Letter Brief ("Joint Letter Brief") along with Exhibits C and D to the Letter Brief should be filed under seal. Pursuant to Civil L.R. 79-5(c)(1)(iii), Plaintiffs' proposed redactions and exhibits that are sought to be sealed are narrowly tailored and limited to sealable information.

## I. LEGAL STANDARD

While "courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents[,] … [a]ccess [to judicial records] is not absolute." *Perry v. Brown*, 667 F.3d 1078, 1084 (9th Cir. 2012) (citation modified). Generally, a party filing a dispositive motion to overcome the presumption of judicial access, must meet the "compelling reasons" standard. *Id.* But where, as here, the sealing request involves a non-dispositive motion, the "lower 'good cause' standard of Rule 26(c)" applies. *See Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-cv-06593-HSG, 2021 WL 1312748, at *5 (N.D. Cal. Apr. 8, 2021). Good cause requires a "particularized showing that specific prejudice or harm will result if the information is disclosed." *Id.* (citation modified).

## II. DISCUSSION

Good cause exists to seal a portion of Plaintiffs' section of the Joint Letter Brief and the corresponding Exhibits C and D to the Declaration of Trevor David Nystrom (Dkt. No. 146-1), which consist of Defendants' internal, nonpublic and highly sensitive business information.

| Document | Sealing Request |
|---|---|
| Joint Letter Brief | Defendants seek to seal the highlighted portion on the bottom of page 1 (starting on the third line from the bottom) through the first 6 words on page 2 line 4 (before "*Id.*").<br><br>Defendants do not seek to maintain the remaining redactions on Pages 1-3 under seal. |

FENWICK & WEST LLP

| Document | Sealing Request |
|---|---|
| Exhibit C to the Trevor David Nystrom Declaration | Defendants seek to seal this exhibit in its entirety. |
| Exhibit D to the Trevor David Nystrom Declaration | Defendants seek to seal this exhibit in its entirety. |
| Exhibit E to the Trevor David Nystrom Declaration | Defendants do not seek to maintain this exhibit under seal. |
| Exhibit F to the Trevor David Nystrom Declaration | Defendants do not seek to maintain this exhibit under seal. |

Defendants maintain that the identified portion of Plaintiffs' section of the Joint Letter Brief, as well as Exhibit C and Exhibit D in their entirety, should remain under seal. These materials contain confidential technical and internal business information about model training and development, along with information about Defendants' customers. Decl. of Eric Berger ("Berger Decl.") ¶¶ 3-4. Courts have repeatedly found that this type of material warrants sealing. *See, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing "discussions of business strategy and competitive analyses"); *Transperfect Global, Inc. v. MotionPoint Corp.*, No. C 10-2590 CW, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) (sealing portions of brief and exhibits containing "proprietary information concerning Defendant's technology"); *X One, Inc. v. Uber Techs., Inc.,* No. 16-cv-06050-LHK, 2020 WL 718310, at *3 (N.D. Cal. Feb. 12, 2020) (sealing "information relating to … business strategies").

Disclosure of these materials would cause Defendants competitive harm. Berger Decl. ¶ 5. Defendants operate in a competitive industry. Disclosure of internal, confidential information about model development and training would threaten business interests. This information if disclosed, would provide competitors with insight into proprietary, non-public details about Defendants' research and development processes that competitors could exploit. *Id.* Courts have found that a compelling reason to seal documents exists when the information to be sealed "could allow competitors to learn the operation and functionality of [a party's] technical capabilities." *X One*, 2020 WL 718310, at *2 (citation modified); *see also Nixon v. Warner Commc'ns, Inc.*, 435

Fenwick & West LLP

U.S. 589, 598 (1978) (explaining that despite the presumption of public access to judicial records, courts have not let documents become "sources of business information that might harm a litigant's competitive standing").

Finally, a less restrictive alternative would not suffice here. Defendants seek to maintain only a limited portion of Plaintiffs' section of the Joint Letter Brief under seal. Exhibits C and D contain detailed, technical notes, and redaction would not suffice to protect this confidential, internal information. *Contour IP Holding, LLC v. GoPro, Inc.*, No. 3:17-cv-04738-WHO, 2020 WL 10147135, at *4 (N.D. Cal. Oct. 26, 2020) (granting request to seal where "the document itself might be produced in a confidential context that would necessarily create competitive harm if made public").

## III. CONCLUSION

For these reasons, there are compelling reasons to keep the identified portion of the Joint Letter Brief, as well as Exhibit C and Exhibit D in their entirety, under seal.

Dated: August 7, 2025

FENWICK & WEST LLP

By: */s/ Jedediah Wakefield*

Jedediah Wakefield (CSB No. 178058)
jwakefield@fenwick.com
Ryan Kwock (CSB No. 336414)
rkwock@fenwick.com
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 650.938.5200

David Hayes (CSB No. 122894)
dhayes@fenwick.com
Diana C. Buck (CSB No. 339314)
dbuck@fenwick.com
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Deena J.G. Feit (admitted *pro hac vice*)
dfeit@fenwick.com
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 650.938.5200

Charles Moulins (admitted *pro hac vice*)
cmoulins@fenwick.com
Justine Vandermel (admitted *pro hac vice*)
justine.vandermel@fenwick.com
902 Broadway, 18th Floor
New York, NY 10010
Telephone: 212.430.2600
Facsimile: 650.938.5200

Zachary Harned (CSB No. 335898)
zharned@fenwick.com
730 Arizona Avenue, 1st Floor
Santa Monica, CA 90401
Telephone: 310.554.5400
Facsimile: 650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly
MOSAIC ML, INC.

FENWICK & WEST LLP