JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
RYAN KWOCK (CSB No. 336414)
rkwock@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 650.938.5200

DAVID HAYES (CSB No. 122894)
dhayes@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly MOSAIC ML, INC.

*Additional counsel listed on signature page*

FENWICK & WEST LLP

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

*In Re Mosaic LLM Litigation*

Case No.: 3:24-cv-01451-CRB

**DECLARATION OF RYAN KWOCK IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING JOINT LETTER BRIEF (DKT. 145)**

Dept: G – 15th Floor
Judge: Honorable Lisa J. Cisneros

I, Ryan Kwock**,** declare as follows:

1. I am an attorney admitted to practice in California and before this Court. I am an associate at the law firm of Fenwick & West LLP, counsel for Defendants Databricks, Inc. and Mosaic ML, LLC, formerly Mosaic ML, Inc. I submit this declaration in support of Defendants' Response to Plaintiffs' Supplemental Brief Regarding Joint Letter Brief (Dkt. 145). I am familiar with the facts set forth in this declaration and, if called upon to do so, I could competently testify to those facts.

2. Following the Court's May 20, 2025 Order regarding DBRX discovery (Dkt. 123), Defendants agreed to and have been producing highly confidential documents about how DBRX was trained. Defendants have produced source code and numerous internal documents about DBRX, including documents identifying DBRX training datasets by name, technical documents, and the DBRX model weights. Additionally, on July 31, 2025, Plaintiffs' expert inspected configuration files used to train DBRX, which include the file paths to the training data used.

3. Plaintiffs have served a total of more than 50 requests for production ("RFPs") to Databricks, and more than 40 to Mosaic, with many requests overlapping. The parties met to discuss certain RFPs on July 2, 2025. For a number of RFPs (including 35/80, 52/97, and 53/98), Defendants maintained that the requests were already covered by what Defendants agreed to produce. For certain other requests (such as revenue), Defendants maintained that they were outside the scope of what discovery the Court had previously permitted concerning DBRX, namely, how DBRX was trained. *See* Dkt. 123. Defendants also agreed to follow up with their position on the RFPs' applicability to "in-development models." Following the July 2 conference, Defendants have continued to produce documents.

4. Plaintiffs sent a purported "summary" of this conference. This summary is not comprehensive and does not accurately capture what Defendants said or agreed to.

5. On July 23, 2025, Defendants responded to an email from Plaintiffs stating that they "maintain their position that, while Defendants' motion to dismiss is pending, DBRX discovery should be limited to 'how the DBRX models were trained,' consistent with the Order addressing

FENWICK & WEST LLP

DBRX discovery." This correspondence is reflected in Exhibit I to Plaintiffs' Supplemental Brief (Dkt. 156-10).

6. On July 24, 2025, the parties met about Plaintiffs' request for Defendants to produce all DBRX training data. At that conference, Plaintiffs unilaterally declared an impasse as to all issues, although Defendants tried to engage with Plaintiffs further.

7. Defendants served all Plaintiffs with identical interrogatories asking them to identify all datasets that include their asserted copyrighted works. As an example, attached as **Exhibit A** is a true and correct excerpt of Plaintiff Abdi Nazemian's (Corrected) Response to Defendants' Fourth Set of Interrogatories, served on July 8, 2025. In Interrogatory No. 10, Defendants asked Nazemian to "[i]dentify all datasets, including but not limited to those alleged in the complaints in this Action, that [Nazemian] claim[s] include [his] Asserted Works." In his response, Nazemian identified Books3, LibGen, Z-Library, and Anna's Archive as specific datasets that include his asserted works. The other Plaintiffs' responses to Defendants' interrogatory on this topic are all substantively the same.

8. After receiving Defendants' documents and conducting a source code inspection, Plaintiffs have not claimed that DBRX contains any of the datasets that Plaintiffs have identified in their interrogatory responses as containing their works. Plaintiffs have also not asked for more details about any of the dataset names.

I declare under penalty of perjury under the laws of United States that the foregoing is true and correct.

Executed on this the 15th day of August 2025.

By: */s/ Ryan Kwock*
Ryan Kwock