IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Mosaic LLM Litigation. | Master Case No. 24-cv-01451-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Defendants Databricks and Mosaic ML move to dismiss Plaintiffs' newly added direct infringement claim against Databricks based on its DBRX large language models. The Court finds this matter suitable for resolution without argument pursuant to Civil Local Rule 7-1(b) and **GRANTS** Defendants' motion.

## I. BACKGROUND

The Court set out much of the factual and procedural background of this action in its order granting Plaintiffs leave to amend their complaint to add direct infringement claims against Databricks. See Order re: Leave to Amend (dkt. 129) at 1–2. As relevant here, Plaintiffs alleges that Databricks infringed on their copyrighted works "[b]y copying, storing, processing, and reproducing the training datasets containing copies of Plaintiffs' Works to train the MPT and DBRX models." FAC (dkt. 131) ¶ 51. In support of their new claim, Plaintiffs rely on several statements by Databricks and its employees:

- Databricks' vice president of AI—who is also the former CEO of Mosaic ML—stated that "DBRX was trained on 'open data sets that the community knows.'" Id. ¶ 40.
- Databricks stated in a blog post that "the DBRX models were the culmination of

- 'years of LLM development at Databricks that includes the MPT … projects' and that '[t]he development of DBRX was led by the Mosaic team that previously built the MPT model family.'" Id. ¶ 42.
- Defendants "included the following instruction within the DBRX system prompt: 'You were not trained on copyrighted books, … you do not divulge details of your training data.'" Id. ¶ 44.

Based on these statements and others, Plaintiffs allege on information and belief that Databricks trained the DBRX models on "notorious shadow library websites, which include Plaintiffs' Works," and that Databricks "built upon [the] infringing acts by MosaicML in the development of DBRX and [has] continued to infringe Plaintiffs' copyrights in the training and development of the DBRX models." Id. ¶¶ 41, 43.

Defendants now move to dismiss the direct infringement claim against Databricks. Mot. (dkt. 133) at 13.[1]

## II.   LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must "accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs," but it need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

---

[1] Defendants also move to dismiss "Plaintiff's allegations about DBRX." Id. This is improper. "A motion under Rule 12(b)(6) may not be used to challenge only certain allegations within a claim, but rather such a challenge must be made by way of a motion to strike under Rule 12(f)." SocialApps, LLC v. Zynga, Inc., No. 11-cv-4910 YGR, 2012 WL 381216, at *2 (N.D. Cal. Feb. 6, 2012). While the Court "has the discretion to construe a motion to dismiss as a motion to strike," id., the Court declines to do so here in light of earlier rulings regarding the relevance of DBRX data to Plaintiffs' other claims.

## III. DISCUSSION

Plaintiffs assert a direct copyright infringement claim against Databricks, meaning that they must plausibly allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Aquarian Found., Inc. v. Lowndes, 127 F.4th 814, 818 (9th Cir. 2025). Defendants contest only the second element. Mot. at 7–13. Plaintiffs' allegations against Databricks fall into two categories: (1) those related to the data sets that Databricks used to train DBRX and (2) those related to the overlap between Databricks and Mosaic ML employees. Neither set of allegations is sufficient—standing alone or together—to state a claim for direct copyright infringement.

**Data Sets.** Plaintiffs' allegations regarding the DBRX models' underlying data sets are far too generalized to state a claim for copyright infringement. Plaintiffs' allegations, taken as true, would establish only that the DBRX models are trained on "open data sets that the community knows," and that some open data sets "include notorious shadow library websites, which include Plaintiffs' works." FAC ¶¶ 40–41. But Plaintiffs do not allege facts that could establish that the DBRX models are actually trained on any shadow library websites, let alone those that contain Plaintiffs' works.[2] The contrast with Plaintiffs' Mosaic ML allegations makes this apparent: Plaintiffs allege that Mosaic ML used the "RedPajama—Books" dataset, which in turn comes from a shadow library that contains Plaintiffs' copyrighted works. Id. ¶¶ 28–35. These specific factual allegations state a claim; Plaintiffs' vague and conclusory allegations regarding the DBRX models do not. This is consistent with case law requiring that plaintiffs "plead some non-speculative facts about what Defendant infringed and how." E.g., Synopsys, Inc. v. ATopTech, Inc., No. C 13-cv-2965 SC, 2013 WL 5770542, at *4 (N.D. Cal. Oct. 24, 2013); see also

---

[2] Plaintiffs allege on information and belief that Databricks trained its DBRX models on open data sets that included shadow library websites with Plaintiffs' works, FAC ¶ 41, but even allegations on information and belief must "be supported by a 'factual foundation leading to that belief.'" Reaper v. Ace Am. Ins. Co., No. 21-cv-5876-HSG, 2023 WL 1478474, at *2 (N.D. Cal. Feb. 2, 2023). It is the lack of factual, rather than conclusory, allegations as to what materials Databricks actually used to train the DBRX models that dooms Plaintiffs' direct infringement claim against Databricks.

Andersen v. Stability AI Ltd., 700 F. Supp. 3d 853, 868–69 (N.D. Cal. 2023) (statement by CEO that "[w]e use the open data sets that are published and train across those," without additional factual allegations, failed to state a claim for direct copyright infringement).

Plaintiffs' other allegations about the DBRX data sets are ancillary to the core factual question of whether those data sets contain Plaintiffs' copyrighted works, so they do not state a claim. For instance, Plaintiffs allege that Databricks trained DBRX on "trillions of tokens," but the mere size of the data sets does not plausibly connect the dots to Plaintiffs' works. See Synopsys, 2013 WL 5770542, at *4 ("simply speculating on how widespread the copying may be, without describing any acts or works that infringe," fails to state a claim for direct copyright infringement). Likewise, Plaintiffs' allegations that the DBRX models are instructed not to reveal details about their training data do not make it plausible that those models infringe Plaintiffs' copyrighted works. Plaintiffs' lack of access to information—even if due to Defendants' prompt—does not give rise to a plausible inference about the content of that information one way or the other. See Canter & Assocs., LLC v. Teachscape, Inc., No. C 07-3225 RS, 2007 WL 4365480, at *2 (N.D. Cal. Dec. 12, 2007) ("Although the complaint and [the plaintiff's] briefing in opposition to this motion attempt to excuse that lack of knowledge based on the fact that [the plaintiff] does not have access to defendants' course materials, that explanation does not serve to transform what is essentially a guess into a cognizable claim.").

**Employees.** Plaintiffs' allegations that the Databricks employees who developed the DBRX models had previously worked on allegedly infringing models while at Mosaic ML fare no better. To be sure, Plaintiffs plausibly allege that "[t]he development of DBRX was led by the Mosaic team that previously built the MPD model family," FAC ¶ 42, but this does not plausibly support an inference of infringement as to the DRBX models. A plaintiff cannot use one alleged instance of infringement to simply presume that the same party committed more infringement. See Implicit Networks Inc. v. F5 Networks Inc., No. C10-3365 SI, 2013 WL 1007250, at *12 (N.D. Cal. Mar. 13, 2013); Menzel v. Scholastic, Inc., No. 17-cv-5499-EMC, 2018 WL 1400386, at *3 (N.D. Cal.

4

Mar. 19, 2018). Yet Plaintiffs jump from these factual allegations to a conclusory one that "Defendants have built upon these infringing acts by MosaicML in the development of DBRX and have continued to infringe Plaintiffs' copyrights in the training and development of the DBRX models." FAC ¶ 43. Such a conclusory allegation fails to state a claim.

Having concluded that dismissal of Plaintiffs' direct infringement claim against Databricks is appropriate, the Court next considers whether to grant Plaintiffs further leave to amend their complaint to assert claims against Databricks. Plaintiffs argue that the Court should allow them to proceed with discovery as to the DBRX models and thus leave open the possibility for amendment. This gets discovery backward. Discovery is not a "fishing expedition[]." Webb v. Trader Joe's Co., 999 F.3d 1196, 1204 (9th Cir. 2021). Rather, the Federal Rules limit discovery to material that is relevant and proportional to claims that survive past the pleading stage. Fed. R. Civ. P. 26(b)(1); cf. Driscoll's Inc. v. Cal. Berry Cultivars, LLC, No. 19-cv-493-TLN-CKD, 2021 WL 4942877, at *10 (E.D. Cal. Oct. 22, 2021) (relevance and proportionality apply only to claims that survive past the pleading stage). The Court therefore denies Plaintiffs' request for leave to amend at this junction. If discovery into the surviving claims reveals information that would permit them to allege facts—not conclusions—as to Databricks' liability for direct infringement, Plaintiffs may move for leave to further amend their complaint.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss without leave to amend.

**IT IS SO ORDERED.**

Dated: August 19, 2025

CHARLES R. BREYER
United States District Judge