JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
RYAN KWOCK (CSB No. 336414)
rkwock@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 650.938.5200

DAVID HAYES (CSB No. 122894)
dhayes@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly MOSAIC ML, INC.

*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

*In Re Mosaic LLM Litigation*

Case No.: 3:24-cv-01451-CRB

**DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL RE: PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING JOINT LETTER BRIEF**

Judge: Hon. Lisa J. Cisneros



FENWICK & WEST LLP

Pursuant to Civil Local Rule 79-5(f) and the Court's Standing Order, Defendants Databricks, Inc. ("Databricks") and Mosaic ML, LLC (collectively, "Defendants") respectfully submit that Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal Re: Plaintiffs' Supplemental Brief Regarding Joint Letter Brief (Dkt. No. 155) should be granted. Defendants agree that certain portions of Plaintiffs' Supplemental Brief Regarding Joint Letter Brief ("Plaintiffs' Brief"), certain portions of Exhibit G, and the entirety of Exhibits A-D and F should be filed under seal. Pursuant to Civil L.R. 79-5(c)(1), the proposed redactions and the exhibits that are sought to be sealed are narrowly tailored and limited to sealable information.

## I. LEGAL STANDARD

While "courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents[,] … [a]ccess [to judicial records] is not absolute." *Perry v. Brown*, 667 F.3d 1078, 1084 (9th Cir. 2012) (citation modified). Generally, a party filing a dispositive motion to overcome the presumption of judicial access must meet the "compelling reasons" standard. *Id.* But where, as here, the sealing request involves a non-dispositive motion, the "lower 'good cause' standard of Rule 26(c)" applies. *See Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-cv-06593-HSG, 2021 WL 1312748, at *5 (N.D. Cal. Apr. 8, 2021). Good cause requires a "particularized showing that specific prejudice or harm will result if the information is disclosed." *Id.* (citation modified).

## II. DISCUSSION

Good cause exists to seal portions of Plaintiffs' Brief, the entirety of Exhibits A-D and F, to the Declaration of Trevor D. Nystrom (Dkt. No. 155-1), and portions of Exhibit G to the Nystrom Declaration. These materials consist of Defendants' internal, nonpublic and highly sensitive business information.

| Document | Sealing Request |
| --- | --- |
| Plaintiffs' Supplemental Brief Regarding Joint Letter Brief | Defendants seek to seal only the following highlighted portions of Plaintiffs' Brief:<br><br>• Page 2, Lines 3-13; |

Fenwick & West LLP

| Document | Sealing Request |
|---|---|
| | • Page 2, Line 17 (redacting only the last eight words following the comma on Line 17);<br>• Page 2, Footnotes 3 and 4;<br>• Page 3, Lines 1-2 (redaction starting with the third word from the left on Line 1);<br>• Page 3, Lines 13-17 (redaction ending at the start of the new sentence after "*Id.*" on Line 17);<br>• Page 3, Lines 25-26 (redaction starting with the third word from the left on Line 25);<br>• Page 4, Lines 8-11 (redaction ending after the fifth word from the left (i.e., the end of the sentence) on Line 11);<br>• Page 4, Line 13 (redacting the third word from the left); and<br>• Page 4, Lines 13-15 (redaction starting with the sixth word from the left (i.e., the beginning of the new sentence) on Line 13).<br><br>Defendants do not seek to maintain the remaining highlighted portions of Plaintiffs' Brief under seal. |
| Exhibit A to the Declaration of Trevor D. Nystrom | Defendants seek to seal this exhibit in its entirety. The Court granted the motion to seal the same document in conjunction with Plaintiffs' Opposition to Defendants' Motion to Dismiss First Amended Consolidated Complaint. *See* Dkt. 161 (granting motion to seal Exhibit A to the Declaration of William Castillo Guardado (Dkt. 142-1)). |
| Exhibit B to the Declaration of Trevor D. Nystrom | Defendants seek to seal this exhibit in its entirety. |
| Exhibit C to the Declaration of Trevor D. Nystrom | Defendants seek to seal this exhibit in its entirety. |
| Exhibit D to the Declaration of Trevor D. Nystrom | Defendants seek to seal this exhibit in its entirety. The Court granted the motion to seal the same document in conjunction with Plaintiffs' Opposition to Defendants' Motion |

| **Document** | **Sealing Request** |
|---|---|
| | to Dismiss First Amended Consolidated Complaint. *See* Dkt. 161 (granting motion to seal Exhibit B to the Declaration of William Castillo Guardado (Dkt. 142-1)). |
| Exhibit F to the Declaration of Trevor D. Nystrom | Defendants seek to seal this exhibit in its entirety. |
| Exhibit G to the Declaration of Trevor D. Nystrom | Defendants seek to seal only the portions of this document that reference the names of specific datasets. That would include redacting the following in the first message on MOSAIC_ONAN_00012125:<br>• The first four words and the last word in the second paragraph;<br>• The first line of the third paragraph and the first part of the second line of that paragraph, ending before "Replaced" (redacting the first eight words of the second line);<br>• The first four words and the last word in the fourth paragraph; and<br>• The entire fifth paragraph. |

Defendants maintain that the identified portions of Plaintiffs' Brief and portions of Exhibit G should remain under seal. Additionally, Defendants maintain that Exhibits A-D and F should be sealed in their entirety. These materials and communications contain confidential technical and internal business information about model training and development. Decl. of Eric Berger ("Berger Decl.") ¶¶ 3-4. Courts have repeatedly found that this type of material warrants sealing. *See, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing "discussions of business strategy[] and competitive analyses"); *Transperfect Global, Inc. v. MotionPoint Corp.*, No. C 10-2590 CW, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) (sealing portions of brief and exhibits containing "proprietary information concerning Defendant's technology"); *X One, Inc. v. Uber Techs., Inc.,* No. 16-cv-06050-LHK, 2020 WL 718310, at *3 (N.D. Cal. Feb. 12, 2020) (sealing "information relating to … business strategies").

FENWICK & WEST LLP

Disclosure of these materials would cause Defendants competitive harm. Berger Decl. ¶ 5. Defendants operate in a competitive industry. Disclosure of internal, confidential information about model development and training would threaten business interests. This information if disclosed, would provide competitors with insight into proprietary, nonpublic details about Defendants' research and development processes that competitors could exploit. *Id.* Courts have found that a compelling reason to seal documents exists when the information to be sealed "could allow competitors to learn the operation and functionality of [a party's] technical capabilities." *X One*, 2020 WL 718310, at *2 (citation modified); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (explaining that despite the presumption of public access to judicial records, courts have not let documents become "sources of business information that might harm a litigant's competitive standing").

Finally, a less restrictive alternative would not suffice here. Defendants seek to maintain only certain portions of Plaintiffs' Brief and Exhibit G under seal. And because Exhibits A-D and F contain detailed, technical information, limited redactions would not suffice to protect this proprietary, confidential, internal information. *See Contour IP Holding, LLC v. GoPro, Inc.*, No. 3:17-cv-04738-WHO, 2020 WL 10147135, at *4 (N.D. Cal. Oct. 26, 2020) (granting request to seal where "the document itself might be produced in a confidential context that would necessarily create competitive harm if made public").

## III. CONCLUSION

For these reasons, there are compelling reasons to keep the identified portions of Plaintiffs' Brief and Exhibit G, as well as Exhibits A-D and F in their entirety, under seal.

Dated: August 20, 2025

FENWICK & WEST LLP

By: */s/ Jedediah Wakefield*
Jedediah Wakefield (CSB No. 178058)
jwakefield@fenwick.com

Ryan Kwock (CSB No. 336414)
rkwock@fenwick.com
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 650.938.5200

David Hayes (CSB No. 122894)
dhayes@fenwick.com
Diana C. Buck (CSB No. 339314)
dbuck@fenwick.com
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Deena J.G. Feit (admitted *pro hac vice*)
dfeit@fenwick.com
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 650.938.5200

Charles Moulins (admitted *pro hac vice*)
cmoulins@fenwick.com
Justine Vandermel (admitted *pro hac vice*)
justine.vandermel@fenwick.com
902 Broadway, 18th Floor
New York, NY 10010
Telephone: 212.430.2600
Facsimile: 650.938.5200

Zachary Harned (CSB No. 335898)
zharned@fenwick.com
730 Arizona Avenue, 1st Floor
Santa Monica, CA 90401
Telephone: 310.434.5400
Facsimile: 650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly
MOSAIC ML, INC.