November 7, 2025

The Honorable Lisa J. Cisneros
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     *In Re Mosaic LLM Litigation*; Case No. 3:24-cv-01451-CRB

Dear Magistrate Judge Cisneros,

      The parties submit this letter brief regarding a discovery dispute concerning Plaintiffs' request to expand the default limit on the number of depositions they may take from 10 to 15. The parties met and conferred on October 31, 2025, but were unable to reach a resolution.[1]

---

[1] The relevant discovery and case management deadlines are as follows: (1) Close of Fact Discovery on Plaintiffs' copyright claim/fair use: November 21, 2025; (2) Close of Expert Discovery: March 25, 2026; (3) Summary Judgment Motions on Plaintiffs' copyright claim/fair use: April 24, 2026; (4) Oppositions to Summary Judgment Motions: June 8, 2026; (5) Replies to Summary Judgment Motions: July 10, 2026.

### Plaintiffs' Position

Plaintiffs respectfully request leave of Court to take fifteen total depositions of Defendants and their former and current employees pursuant to Rule 30(b)(1) and (6).[2] Courts in this district regularly permit parties to exceed the presumptive limit of ten depositions "where the complexity of the case clearly warrant[s] more than ten depositions." *Andersen v. Stability AI Ltd.*, No. 23-CV-00201-WHO (LJC), 2025 WL 870358, at *10 (N.D. Cal. Mar. 19, 2025) (J. Cisneros) (citations omitted). Generative AI copyright class actions like this case are precisely the type of complex cases requiring additional depositions. *See id.* (expanding the limit to *thirty* total depositions in generative AI class action, given the "complexity of the case[.]"); *See also Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417, 2024 WL 4502099, at *2 (N.D. Cal. Oct. 15, 2024) (permitting Plaintiff to take *twenty-five* fact depositions in generative AI class action); *Nazemian v. Nvidia*, No. 4:24-cv-01454 (N.D. Cal. June 3, 2025), Dkt. 151 at 2 (granting parties stipulation as to "20.5 Rule 30(b)(1) depositions[.]").

Allowing five additional depositions for a total of fifteen fact depositions is proportional given the complexities and scope of this proposed copyright class action involving two corporate defendants, the issues at stake, and the substantial amount in controversy. *See, e.g., Perez v. Indian Harbor Ins. Co.*, Case No. 19-cv-07288-YGR, ECF No. 61 (Jul. 27, 2020) ("Plaintiff is suing for $267 million, so lifting the cap of 10 depositions is proportional to the needs of the case."). The party witnesses Plaintiffs seek to depose have unique knowledge on issues relevant to Plaintiffs' claims and the fair use defense. Attached as Exhibit K is a chart listing the ten witnesses Plaintiffs have already deposed or noticed for deposition, and the five additional witnesses Plaintiffs seek to depose, along with their job titles. Three of the five additional witnesses (Alexander Trott, Kasey Uhlenhuth, and Joshua Hartman) were designated by Defendants as custodians under the ESI Order based on their "connection to the instant litigation."

**1. Alexander Trott:** According to Defendants' statement designating Dr. Trott as a document custodian under the ESI Order, Dr. Trott has information relevant to this litigation because he was "involved in data processing and preparation" and "development and training regarding the MPT models." Documents produced in discovery confirm that Dr. Trott played an integral role in acquiring and curating datasets containing Plaintiffs' and Class members' works. *See* Exh A, MOSAIC_ONAN_00004838 ▮▮▮▮▮. Importantly, Dr. Trott participated in developing Defendants' Storywriter MPT model's ability to output fictional content, which is highly relevant to fair-use factor four. *See* Exh B, MOSAIC_ONAN_00004389 ▮▮▮▮▮ As this Court recently recognized, "[c]opying [authors'] books and producing versions 'similar enough' in content or style to the originals that readers abandoned the original books in favor of the derivatives[]" would presumably run afoul of fair-use factor four. *In re Mosaic*, 2025 WL 2294910, at *3.

**2. Kasey Uhlenhuth:** Ms. Uhlenhuth is the *only* custodian identified by Defendants as "responsible for user experience, including how users of the MPT models interact with the MPT

---

[2] Plaintiffs intend to seek a limited number of other third-party depositions, consistent with how this Court has analyzed similar issues in *Andersen*. *See Andersen*, 2025 WL 870358, at *10 (granting Plaintiffs leave to take thirty depositions, and stating "*[t]he thirty-deposition limit does not include depositions of non-parties*, expert witnesses, of former employees.") (emphasis added).

models." Discovery confirms that as Director of Product Management, she oversaw the functioning of the models and customer use, including model fine-tuning. *See e.g.*, Exh. J, MOSAIC_ONAN_00035775. Because customer use of the MPT models is relevant to fair use factor four, Plaintiffs are entitled to take discovery into whether Defendants' customers use the MPT models in ways that harm the market for Plaintiffs' works.

**3. Joshua Hartman:** Mr. Hartman is a Director responsible for "financial forecasting and revenue generation regarding the MPT models." Plaintiffs must be able to examine such witnesses with knowledge concerning how Defendants are commercializing the models and profiting from their infringement. *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578 (1994) (analyzing commerciality inquiry in the context of the first fair use factor); *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2016 WL 2342365, at *4 (N.D. Cal. May 3, 2016) (requiring evidence of causal connection between infringement and gross revenue for proving entitlement to disgorgement of profits); Model Civ. Jury Instr. 9th Cir. 17.35 (2025) (in determining statutory damages for copyright infringement, jury may consider the profits earned by the defendant as a result of the infringement). The Court should reject Defendants' argument that, as the CTO and Co-Founder of Mosaic ML, Dr. Tang is "as knowledgeable" on issues like finance and revenue as Mr. Hartman. The Court emphasized that Plaintiffs should take depositions of "senior employees"—like Mr. Hartman— "who were involved in strategic decision-making or have relevant knowledge regarding . . . alleged Databricks' financial benefit from [infringing] activities." Order, ECF No. 181 at 5.

**4. Scott Sovine:** Plaintiffs seek to depose Mr. Sovine because he possesses unique, relevant knowledge regarding ████████████ datasets containing Plaintiffs' and Class members' works ████████. *See* Exh. C, MOSAIC_ONAN_00005787 ████████; Exh. D, MOSAIC_00019549 ████████████ Exh. E MOSAIC_ONAN_00035926) ████████ Exh. F, MOSAIC_ONAN_00035902 ████████. No other witness interfaced with third parties and customers to the same extent as Mr. Sovine. Defendants argue these communications include other witnesses which indicates his deposition would be cumulative. However, this is because Defendants have yet to produce Mr. Sovine's agreed-upon custodial file. Thus, Plaintiffs must rely on documents from other custodians' files; even still, they reveal that Mr. Sovine was integral in dealing with third party customers and should be a witness.

**5. Abhinav Venigalla:** Discovery shows that Mr. Venigalla possesses first-hand, non-duplicative knowledge on relevant topics such as developing the Storywriter model before handing it off to Mr. Trott for generating works of creative fiction. *See* Exh. B, MOSAIC_ONAN_00004389 ████████████. He is also familiar with the data mixes required to create a long-context model such as Storywriter (Exh. A, MOSAIC_ONAN_00004838), has expressed opinions on ████████ (Exh. G, MOSAIC_ONAN_00008150), and has evaluated ████████

3

(Exh. H, MOSAIC_ONAN_00005296).

Exh. I, MOSAIC_ONAN_00035329. Defendants' interrogatory response addressing Story Writer is not an adequate substitute for deposition testimony. *See Garcia v. Cnty. of Riverside*, 2017 WL 11917347, at *4 (C.D. Cal. Mar. 21, 2017) citing *Shoen v. Shoen*, 5 F.3d 1289, 1297 (9th Cir. 1993).

**Defendants Should Not be Rewarded for Their Delay in Scheduling and Production.**
The Court should reject any argument that completion of the additional depositions before the November 21, 2025 fact discovery cut-off would not be feasible. Plaintiffs have proceeded with deposition discovery diligently, requesting dates for the first defense witness deposition on August 12, 2025.[3] And although Plaintiffs requested Ms. Uhlenhuth's availability on September 8 (nearly two months ago), Defendants have still not yet provided her availability. Plaintiffs identified Messrs. Venigalla and Sovine from Defendants' documents, most of which were produced after Defendants substantially completed production on August 22, 2025. Though Plaintiffs requested them as custodians on September 23 and October 8, respectively, and Defendants subsequently agreed, Defendants have still not yet produced *any* custodial files for them. Indeed, Defendants failed to meet the original July 15, 2025 substantial completion deadline. Plaintiffs' constant and consistent diligence is clear. Defendants should not be allowed to avoid important depositions because of their delays in both scheduling and producing documents.

**Final proposed Compromise:** Plaintiffs depose Dr. Trott, Mr. Sovine, and Mr. Venigalla for up to 7 hours each, and Mr. Hartman and Ms. Uhlenhuth for up to 4 hours each.

### Defendants' Position

Sticking to their playbook from other cases, Plaintiffs seek to exceed Rule 30's ten-deposition limit, claiming that this is the "type" of generative AI case that warrants additional depositions. But not all generative AI cases are the same. Unlike the cases Plaintiffs cite, this case involves a direct infringement claim against only MosaicML, which was a small start-up at the relevant time, with an even smaller group of scientists who participated in the conduct at issue. And, as Plaintiffs are fond of pointing out, those same scientists continued their work as Databricks employees after Databricks acquired MosaicML, making depositions of additional Databricks employees unnecessary and cumulative. Moreover, this case is not nearly as complex as other generative AI cases, as the Court has streamlined discovery by limiting it to fair use and infringement, leaving class certification and damages issues for a later phase. *See* Dkt. 53.

The witnesses Defendants have already agreed to produce include MosaicML's founders and members of the senior leadership team, as well as the scientists who handled data acquisition, pretraining, post training, and customer interactions. Plaintiffs have failed to make the required showing that any additional witnesses have *different* information that Plaintiffs could not obtain from existing deponents. And Plaintiffs have *not* been diligent in seeking these depositions. Fact discovery closes in two weeks, and Plaintiffs served their 30(b)(6) topics only a few weeks ago.

---

[3] Defendants provided a single September date for that witness (which did not work for Plaintiffs), followed by a single October date.

Moreover, until the morning of November 6, Plaintiffs had requested a *total* of fifteen depositions. But at the eleventh hour, they radically expanded their request to seek fifteen "party" depositions, excluding an unknown number of unspecified "non-party" depositions. *See* Exhibit L. The Court should deny Plaintiffs' late, unnecessary, and burdensome request. And certainly, the Court should not allow Plaintiffs to exceed ***their own proposed limit*** of 15 "total" depositions.

**The additional depositions Plaintiffs seek are cumulative and unnecessarily burdensome.** "A party seeking to exceed Rule 30(a)(2)'s presumptive ten deposition limit bears the burden of making a particularized showing of the need for additional depositions." *Jones v. Sunbelt Rentals, Inc.*, No. 22-cv-05954-AMO (PHK), 2023 WL 10691302, at *2 (N.D. Cal. Nov. 16, 2023) (citation modified). Courts deny additional depositions that seek information a party already has or could have obtained, or are unreasonably burdensome. *See id.* Generally, a party seeking to exceed the limit must also first exhaust less burdensome and expensive discovery. *X One, Inc. v. Uber Techs., Inc.*, No. 16-cv-06050-LHK (SVK), 2019 WL 2207645, at *2 (N.D. Cal. May 22, 2019) (denying request to exceed the ten-deposition limit). Further, designation of an individual as a custodian does not necessarily warrant exceeding the limit. *See Sunbelt*, 2023 WL 10691302, at *4-5 (denying request to depose "every single custodian of records").

Unlike other cases Plaintiffs cite, this case does not involve sprawling companies with large numbers of relevant individuals or "multiple discrete issues" across "broad topics/time periods." *See Perez*, Dkt. 60 (letter brief) at 2 (N.D. Cal. July 24, 2020). MosaicML was a start-up with fewer than a hundred *total* employees when most of the relevant events (training of the MPT models) occurred. And only a fraction of those employees were involved in MPT model training. Plaintiffs are already deposing eight MosaicML witnesses, along with a 30(b)(6) deposition of Databricks. The additional requested depositions are cumulative and unnecessarily burdensome.

**Alexander Trott:** Plaintiffs claim that they need Dr. Trott's deposition because he was "involved in data processing and preparation" and "development and training regarding the MPT models." But Defendants disclosed several other individuals with this information, including Jonathan Frankle, Cody Blakeney, Vitaliy Chiley, Matthew Leavitt, and Brandon Cui—all of whom Plaintiffs are deposing. Nor does Dr. Trott's involvement in MosaicML's MPT StoryWriter model make the information he has unique. *In addition* to Databricks' verified interrogatory response about how StoryWriter was built and trained, other testifying witnesses (for example, Dr. Frankle) were involved with StoryWriter, and Plaintiffs are taking a 30(b)(6) deposition of Databricks on topics including the process of training the MPT models, including StoryWriter. Tellingly, Plaintiffs have not argued (nor can they) that they have tried but were unable to get the information that they supposedly need from Dr. Trott from other witnesses.

**Kasey Uhlenhuth:** Plaintiffs' suggestion that only Ms. Uhlenhuth could provide testimony about how users interact with the MPT models is flat wrong. Defendants identified Hanlin Tang, MosaicML's CTO and current CTO for Neural Networks as knowledgeable about customer use of relevant MPT models and model serving by MosaicML and Databricks (the same information that Plaintiffs supposedly need from Ms. Uhlenhuth). Moreover, the one document Plaintiffs cite dates about a year *after* the MPT models' release and does not mention the MPT models.

**Joshua Hartman:** Mr. Hartman's testimony would be cumulative at best. Dr. Tang was disclosed as having knowledge about the MPT models' revenue, the market for MosaicML and

5

Databricks' services, and MosaicML and Databricks' business models. Dr. Tang *is* a "senior employee[] involved in strategic decision-making" with "relevant knowledge" about any "financial benefit" who testified as a 30(b)(6) witness on topics related to revenue from the MPT models. Dkt. 181 at 5.

**Scott Sovine:** Plaintiffs seek to depose Mr. Sovine based on his purported knowledge of interactions with third-party customers, including how certain training datasets were made available for model training. Notwithstanding Plaintiffs' assertion that "[n]o other witness interfaced with third parties and customers to the same extent," the documents Plaintiffs cite show that multiple individuals interacted with customers, including Dr. Leavitt and Dr. Tang, both of whom are being deposed. Plaintiffs have failed to make a "particularized showing" why they also need Mr. Sovine's testimony, and Databricks is providing a 30(b)(6) witness on this topic. And Plaintiffs' complaint that they do not have Mr. Sovine's documents—which they requested *less* than a month ago—does not justify their last-minute effort to depose him. Plaintiffs received the documents they cite in July and August; their lack of diligence does not justify adding a witness.

**Abhinav Venigalla:** Plaintiffs seek to depose Mr. Venigalla based on his purported knowledge about the StoryWriter model. But Plaintiffs have been able to obtain this information from other witnesses, interrogatories, and their 30(b)(6) deposition. The same applies to Plaintiffs' assertion about Mr. Venigalla's involvement with making certain datasets available for model training. The single document they cite is responding to Dr. Tang, a witness Plaintiffs deposed.

**Plaintiffs' request is delayed and unreasonably burdensome.** Plaintiffs' attempt to blame Defendants for their belated request also fails. Courts regularly deny delayed requests for additional depositions. *See Aristocrat Techs. v. Int'l Game Tech.*, No. C-06-03717 RMW, 2010 WL 3060162, at *2 (N.D. Cal. Aug. 3, 2010) (denying additional depositions where information was "not a newly discovered fact" but plaintiff waited "roughly one month before the close of discovery" to seek additional depositions); *see also Kadrey*, Dkt. 146 (N.D. Cal. Sept. 13, 2024) (denying additional depositions because it was "18 days before the…close of fact discovery.").[4]

Here, Defendants worked with Plaintiffs to find mutually agreeable dates for the witnesses Defendants agreed to, and those depositions have all been scheduled within fact discovery. Meanwhile, Plaintiffs sought to add Mr. Sovine and Mr. Venigalla only in October—even though the documents that purportedly motivated these requests were produced in July and August. Moreover, Plaintiffs served their 30(b)(6) topics only on October 16 (after *Defendants* requested them, given the approaching end of fact discovery), and therefore Plaintiffs have not even tried getting the information they claim they need from Databricks, or the other witnesses. Adding depositions at this late stage creates a significant burden not proportional to the needs of the case, particularly when the information Plaintiffs seek is cumulative, and Plaintiffs have failed to make the required "particularized showing" as to any witness.

**Final Compromise:** The Court should deny Plaintiffs' request, and in all events, should not allow Plaintiffs to exceed ***their own proposed limit*** of 15 "total" depositions.

---

[4] The court later allowed additional depositions because the discovery deadline moved, but noted that it would be "not proportional to the needs of the case" and "unduly burdensome" to "cram 21 more fact depositions into the last few weeks of discovery." *Kadrey*, 2024 WL 4502099, at *2.

Respectfully Submitted,

By: /s/ Joseph R. Saveri
Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
Evan Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
William Castillo Guardado (SBN 294159)
Holden Benon (SBN 325847)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
wcastillo@saverilawfirm.com
hbenon@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
mb@buttericklaw.com

Bryan L. Clobes (admitted pro hac vice)
Alexander J. Sweatman (admitted pro hac vice)
Mohammed A. Rathur (admitted pro hac vice)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

By: /s/ Jedediah Wakefield
Jedediah Wakefield (CSB No. 178058)
Ryan Kwock (CSB No. 336414)
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Telephone: (415) 281-1350
jwakefield@fenwick.com
rkwock@fenwick.com

David Lloyd Hayes (CSB No. 122894)
Diana C. Buck (CSB No. 339314)
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
dhayes@fenwick.com
dbuck@fenwick.com

Charles Moulins (admitted *pro hac vice*)
Justine Vandermel (admitted *pro hac vice*)
**FENWICK & WEST LLP**
902 Broadway, Suite 14
New York, NY 10010
Telephone: (212) 430-2600
Facsimile: (650) 938-5200
cmoulins@fenwick.com
justine.vandermel@fenwick.com

Brian D. Buckley (admitted *pro hac vice*)
Deena Feit (admitted *pro hac vice*)
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: (206) 389-4510
dfeit@fenwick.com
bbuckley@fenwick.com

Justin A. Nelson (admitted pro hac vice)
Alejandra C. Salinas (admitted pro hac vice)
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Elisha Barron (admitted *pro hac vice*)
Craig Smyser (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor
New York, NY 10019
Telephone: (212) 336-8330
ebarron@susmangodfrey.com
csmyser@susmangodfrey.com

Jordan W. Connors (admitted *pro hac vice*)
Trevor D. Nystrom (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com
tnystrom@susmangodfrey.com

Rachel J. Geman (admitted *pro hac vice*)
Danna Z. Elmasry (admitted *pro hac vice*)
**LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
rgeman@lchb.com
delmasry@lchb.com

Zachary Harned (CSB No. 335898)
**FENWICK & WEST LLP**
730 Arizona Avenue, 1st Floor
Santa Monica, CA 90401
Telephone: (310) 434-5400
zharned@fenwick.com


*Counsel for Defendants
Databricks, Inc., and Mosaic ML, LLC,
formerly Mosaic ML, Inc.*

Anne B. Shaver
**LIEFF CABRASER HEIMANN**
  **& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
ashaver@lchb.com

Betsy A. Sugar (admitted *pro hac vice*)
**LIEFF CABRASER HEIMANN**
  **& BERNSTEIN, LLP**
222 2nd Avenue S. Suite 1640
Nashville, TN 37201
Telephone: (615) 313-9000
bsugar@lchb.com

Rachel J. Geman (admitted *pro hac vice*)
Danna Z. Elmasry (admitted *pro hac vice*)
**LIEFF CABRASER HEIMANN**
  **& BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
rgeman@lchb.com
delmasry@lchb.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**ATTESTATION OF CONCURRENCE IN FILING PURSUANT TO CIVIL L.R. 5-1(i)(3)**

I, Joseph R. Saveri, attest that the other Signatory has concurred in the filing of this document.

Dated: November 7, 2025                    */s/ Joseph R. Saveri*
                                                                    Joseph R. Saveri