JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
RYAN KWOCK (CSB No. 336414)
rkwock@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    415.875.2300
Facsimile:    650.938.5200

DAVID HAYES (CSB No. 122894)
dhayes@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly MOSAIC ML, INC.

*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In Re Mosaic LLM Litigation* | Case No.: 3:24-cv-01451-CRB <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL RE: PORTIONS OF PLAINTIFFS' JOINT LETTER BRIEF AND EXHIBITS** <br><br> Judge:    Hon. Lisa J. Cisneros |

Pursuant to Civil Local Rule 79-5(f) and the Court's Standing Order, Defendants Databricks, Inc. ("Databricks") and Mosaic ML, LLC (collectively, "Defendants") respectfully submit that Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal Re: Portions of Plaintiffs' Joint Letter Brief ("Joint Letter Brief") should be granted.  Defendants agree that certain portions of the Joint Letter Brief and the entirety of Exhibits A-J should be filed under seal.  Pursuant to Civil L.R. 79-5(c), the proposed redactions and the exhibits that are sought to be sealed are narrowly tailored and limited to sealable information.

## I. LEGAL STANDARD

While "courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents[,] … [a]ccess [to judicial records] is not absolute."  *Perry v. Brown*, 667 F.3d 1078, 1084 (9th Cir. 2012) (citation modified).  Generally, a party filing a dispositive motion to overcome the presumption of judicial access must meet the "compelling reasons" standard.  *Id.*  But where, as here, the sealing request involves a non-dispositive motion, the "lower 'good cause' standard of Rule 26(c)" applies.  *See Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-cv-06593-HSG, 2021 WL 1312748, at *5 (N.D. Cal. Apr. 8, 2021).  Good cause requires a "particularized showing that specific prejudice or harm will result if the information is disclosed."  *Id.* (citation modified).

## II. DISCUSSION

Good cause exists to seal portions of the Joint Letter Brief and the entirety of Exhibits A-J.  These materials consist of Defendants' internal, nonpublic and highly sensitive business information.

| Document | Sealing Request |
|---|---|
| Joint Letter Brief | Defendants seek to seal the highlighted portions of the Joint Letter Brief. |
| Exhibit A to the Joint Letter Brief | Defendants seek to seal this exhibit in its entirety. |

| Document | Sealing Request |
|---|---|
| Exhibit B to the Joint Letter Brief | Defendants seek to seal this exhibit in its entirety. |
| Exhibit C to the Joint Letter Brief | Defendants seek to seal this exhibit in its entirety. |
| Exhibit D to the Joint Letter Brief | Defendants seek to seal this exhibit in its entirety. |
| Exhibit E to the Joint Letter Brief | Defendants seek to seal this exhibit in its entirety. |
| Exhibit F to the Joint Letter Brief | Defendants seek to seal this exhibit in its entirety. |
| Exhibit G to the Joint Letter Brief | Defendants seek to seal this exhibit in its entirety |
| Exhibit H to the Joint Letter Brief | Defendants seek to seal this exhibit in its entirety. |
| Exhibit I to the Joint Letter Brief[1] | Defendants seek to seal this exhibit in its entirety. |
| Exhibit J to the Joint Letter Brief | Defendants seek to seal this exhibit in its entirety. |

Defendants maintain that the identified portions of the Joint Letter Brief should remain under seal. Additionally, Defendants maintain that Exhibits A-J should be sealed in their entirety. These materials and communications contain confidential technical and internal business information about model training and development. Decl. of Eric Berger ("Berger Decl.") ¶¶ 3-4. In addition, Exhibits C, E, F, I, and J contain information regarding Defendants' customers and other third parties. *Id.* ¶ 3. Courts have repeatedly found that this type of material warrants sealing. *See, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing "discussions of business strategy[] and competitive analyses"); *Transperfect Global, Inc. v. MotionPoint Corp.*, No. C 10-2590 CW, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) (sealing portions of brief and exhibits containing "proprietary information

---

[1] Plaintiffs filed Exhibits A-H and J under seal in the same entry, Dkt. 182; Exhibit I was filed under seal in a different entry, Dkt. 185.

concerning Defendant's technology"); *X One, Inc. v. Uber Techs., Inc.,* No. 16-cv-06050-LHK, 2020 WL 718310, at *3 (N.D. Cal. Feb. 12, 2020) (sealing "information relating to … business strategies").

Disclosure of these materials would cause Defendants competitive harm. Berger Decl. ¶ 5. Defendants operate in a competitive industry. Disclosure of internal, confidential information about model development and training would threaten business interests. This information if disclosed, would provide competitors with insight into proprietary, nonpublic details about Defendants' internal processes that competitors could exploit. *Id.* Courts have found that a compelling reason to seal documents exists when the information to be sealed "could allow competitors to learn the operation and functionality of [a party's] technical capabilities." *X One*, 2020 WL 718310, at *2 (citation modified); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (explaining that despite the presumption of public access to judicial records, courts have not let documents become "sources of business information that might harm a litigant's competitive standing").

Finally, a less restrictive alternative would not suffice here. Defendants seek to maintain only certain portions of the Joint Letter Brief under seal. And because Exhibits A-J contain detailed, technical, and proprietary information and information regarding customers and third parties, limited redactions would not suffice to protect this proprietary, confidential, internal information. *See Contour IP Holding, LLC v. GoPro, Inc.*, No. 3:17-cv-04738-WHO, 2020 WL 10147135, at *4 (N.D. Cal. Oct. 26, 2020) (granting request to seal where "the document itself might be produced in a confidential context that would necessarily create competitive harm if made public").

**III.   CONCLUSION**

For these reasons, there are compelling reasons to keep the identified portions of the parties' Joint Letter Brief, as well as Exhibits A-J in their entirety, under seal.

Fenwick & West LLP

Defendants' Admin. Motion To Seal    3    Master File Case No.: 3:24-cv-01451-CRB

| | | |
|---|---|---|
| 1 | Dated: November 14, 2025 | FENWICK & WEST LLP |
| 2 | | |
| 3 | | By: /s/ Jedediah Wakefield |
| | | Jedediah Wakefield (CSB No. 178058) |
| 4 | | jwakefield@fenwick.com |
| 5 | | Ryan Kwock (CSB No. 336414) |
| | | rkwock@fenwick.com |
| 6 | | 555 California Street, 12th Floor |
| 7 | | San Francisco, CA 94104 |
| | | Telephone:      415.875.2300 |
| 8 | | Facsimile:       650.938.5200 |
| 9 | | David Hayes (CSB No. 122894) |
| | | dhayes@fenwick.com |
| 10 | | Diana C. Buck (CSB No. 339314) |
| 11 | | dbuck@fenwick.com |
| | | 801 California Street |
| 12 | | Mountain View, CA 94041 |
| 13 | | Telephone:      650.988.8500 |
| | | Facsimile:       650.938.5200 |
| 14 | | Deena J.G. Feit (admitted *pro hac vice*) |
| 15 | | dfeit@fenwick.com |
| | | 401 Union Street, 5th Floor |
| 16 | | Seattle, WA 98101 |
| | | Telephone:      206.389.4510 |
| 17 | | Facsimile:       650.938.5200 |
| 18 | | Charles Moulins (admitted *pro hac vice*) |
| 19 | | cmoulins@fenwick.com |
| | | Justine Vandermel (admitted *pro hac vice*) |
| 20 | | justine.vandermel@fenwick.com |
| 21 | | 902 Broadway, 18th Floor |
| | | New York, NY 10010 |
| 22 | | Telephone:      212.430.2600 |
| | | Facsimile:       650.938.5200 |
| 23 | | Zachary Harned (CSB No. 335898) |
| 24 | | zharned@fenwick.com |
| | | 730 Arizona Avenue, 1st Floor |
| 25 | | Santa Monica, CA 90401 |
| 26 | | Telephone:      310.434.5400 |
| | | Facsimile:       650.938.5200 |
| 27 | | *Attorneys for Defendants* |
| 28 | | DATABRICKS, INC., and |

FENWICK & WEST LLP

1  MOSAIC ML, LLC, formerly
2  MOSAIC ML, INC.