1  [Counsel on signature pages]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| *In Re Mosaic LLM Litigation* | Case No. 3:24-cv-01451-CRB<br>Consolidated with Case No. 3:24-cv-02653-CRB<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED CONSOLIDATED COMPLAINT**<br><br>Judge: Hon. Charles R. Breyer<br><br>Date:      January 16, 2026<br>Time:     10:00 a.m.<br>Location: Video Conference (Zoom) |

## **TABLE OF CONTENTS**

Page(s)

NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED CONSOLIDATED COMPLAINT .................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 2

I.    LEGAL STANDARD .................................................................................................. 2

II.   BACKGROUND ......................................................................................................... 3

III.  ARGUMENT ............................................................................................................... 4

        A.    Plaintiffs Have Good Cause Under Rule 16 Based on Recent Discovery. ... 4

            1.    Databricks Directly Infringed Plaintiffs' Copyrighted Works .......... 4

            2.    MosaicML Infringed Plaintiffs' Copyrighted Works in Multiple Ways ................................................................................................ 7

            3.    Defendants Contributed to and Induced the Infringement of Plaintiffs' Works by Third Parties ..................................................... 9

        B.    Plaintiffs' Amendment is Timely.................................................................10

        C.    Plaintiffs' Amendment is Made in Good Faith. .......................................... 11

        D.    Plaintiffs' Amendment is not Prejudicial. .................................................... 11

        E.    Plaintiffs' Amendment is not Futile. ........................................................... 13

IV.  CONCLUSION .......................................................................................................... 13

Case No. 3:24-cv-01451-CRB       ii

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED CONSOLIDATED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946 (9th Cir. 2006) ............................ 10

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987) ...................................................... 2

*Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048 (9th Cir. 2003) ......................................... 2, 3

*Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649 (N.D. Cal. 2025) ................................... 4

*Foman v. Davis*, 371 U.S. 178 (1962) ........................................................................................ 2, 4

*Hansen Beverage Co. v. Nat'l Beverage Corp.*, No. CV 06-5470 ER, 2007 WL
    9747720 (C.D. Cal. Feb. 12, 2007) ........................................................................................ 12

*Herrera v. Cnty. of San Benito,* No. 24-cv-01133-NC, 2025 WL 2323350 (N.D. Cal.
    Aug. 11, 2025) ........................................................................................................................ 11

*In re Fritz Cos. Sec. Litig.*, 282 F. Supp. 2d 1105 (N.D. Cal. 2003) ............................................ 12

*In re Intuitive Surgical Sec. Litig.*, No. 5:13-cv-01920-EJD, 2017 WL 363269 (N.D.
    Cal. Jan. 25, 2017) .................................................................................................................. 11

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) .......................................... 2

*Kadrey v. Meta Platforms, Inc.*, No. 23- cv-03417-VC, 2025 WL 82205 (N.D. Cal. Jan.
    13, 2025) .................................................................................................................. 10, 11, 12, 13

*Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980 (9th Cir. 1999) .............................. 12

*Malone v. US. Postal Serv.*, 833 F.2d 128 (9th Cir. 1987) ........................................................... 11

*Netbula, LLC v. Bindview Dev. Corp.*, No. C06-00711 MJJ, 2007 WL 2221070 (N.D.
    Cal. Aug. 2, 2007) ................................................................................................................... 12

*Padilla v. Sears, Roebuck & Co.*, No. 5:12-cv-00653-EJD, 2012 WL 5505071 (N.D.
    Cal. Nov. 13, 2012) ........................................................................................................... 11, 13

*Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469 (E.D. Cal. 2022) ................................................. 4

*Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009 (9th Cir. 1999) ........................................... 11

*Skillz Platform Inc. v. AviaGames Inc.*, No. 21-cv-02436-BLF, 2023 WL 7308385
    (N.D. Cal. Nov. 6, 2023) ........................................................................................................... 2

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109 (9th Cir. 2013) .............. 11

Case No. 3:24-cv-01451-CRB     iii

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER AND FOR
LEAVE TO FILE SECOND AMENDED CONSOLIDATED COMPLAINT

*Walintukan v. SBE Ent. Grp., LLC*, No. 16-cv-01311-JST, 2017 WL 635278 (N.D. Cal. Feb. 15, 2017) ................................................................................................................... 13

*Watson v. Ford Motor Co.*, No. 18-cv-00928-SI, 2018 WL 3869563 (N.D. Cal. Aug. 15, 2018) ........................................................................................................................... 11

**Federal Statutes**

Copyright Act ........................................................................................................................ 7, 13

**Rules**

Fed. R. Civ. P. § 15 ................................................................................................................. 2, 12

Fed. R. Civ. P. § 15(a) .................................................................................................................. 2

Fed. R. Civ. P. § 15(a)(2) .............................................................................................................. 2

Fed. R. Civ. P. § 16 ................................................................................................................. 2, 4

Fed. R. Civ. P. § 16(b) ......................................................................................................... 2, 4, 11

Fed. R. Civ. P. § 16(b)(4) .............................................................................................................. 2

Fed. R. Civ. P. § 30(b)(6) ......................................................................................................... 3, 4

**NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED CONSOLIDATED COMPLAINT**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on January 16, 2026, upon the accompanying Memorandum of Law, the undersigned hereby moves this Court on behalf of Plaintiffs Stewart O'Nan, Abdi Nazemian, Brian Keene, Rebecca Makkai, and Jason Reynolds ("Plaintiffs"), before the Honorable Charles R. Breyer in Courtroom 6 of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, for an order pursuant to Federal Rules of Civil Procedure 15 and 16, to modify the scheduling order and grant Plaintiffs leave to file their Second Amended Consolidated Complaint ("SACC").

Plaintiffs seek an order granting their Motion for Leave to File a Second Amended Consolidated Complaint and to modify the scheduling order based on evidence recently disclosed. The proposed SACC would (1) add a direct infringement claim against Defendant Databricks based on its use of Plaintiffs' works to develop its LLMs; (2) add a contributory infringement claim against Defendants Databricks and MosaicML based on their ████████████████████████████████████████████████████████████████████████████████; (3) add an inducement of infringement claim against Defendants Databricks and MosaicML for ███████████████████████████████████████████████████████████████████████████████████████; and (4) update the proposed class definition to reflect Defendants' newly discovered conduct.

Plaintiffs' Motion is based on this Notice of Motion and Motion, an accompanying Memorandum of Points and Authorities, all pleadings and papers in this action, and any oral argument of counsel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs seek leave to amend their First Amended Consolidated Complaint to align the pleadings with recently discovered facts that provide the bases to add Defendant Databricks, Inc. ("Databricks") to the direct infringement claim, and to add contributory infringement and inducement claims against both Defendants. Plaintiffs move to amend the Complaint with good cause based on recent discovery, and their proposed amendment is timely, in good faith, not futile, and causes no prejudice as the amendments do not meaningfully expand the existing scope of the case. The Court should grant Plaintiffs' Motion because each of the *Foman* factors weighs strongly in favor of leave to amend.

## I.     LEGAL STANDARD

"Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings that rule's standards control[ ]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16(b) requires a showing of "good cause" to modify the scheduling order. Fed. R. Civ. P. 16(b)(4). And when a party moves to amend the pleadings after the scheduling order has been issued, it must show good cause for amendment. *Johnson*, 975 F.2d at 608–09. The good cause inquiry under Rule 16(b) "primarily considers the diligence of the party seeking the amendment" and "the moving party's reasons for seeking modification." *Id*. at 609. Only after a court is satisfied that there is good cause under Rule 16(b) does it assess whether amendment is proper under Rule 15. *See id.* at 608; *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-cv-02436-BLF, 2023 WL 7308385, at *1 (N.D. Cal. Nov. 6, 2023).

Under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave" to amend pleadings "when justice so requires." This standard is "applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). "[T]he party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). In considering motions for leave to amend, courts consider five factors: (1) undue delay, (2) bad faith or dilatory motive by the movant, (3) "repeated failure to cure deficiencies by amendments previously," (4) "undue prejudice to the opposing party," and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316

1  F.3d at 1052. The party opposing amendment bears the burden of showing why leave to amend should
2  not be granted. *See id*.

## II.  BACKGROUND

Plaintiffs filed their First Amended Consolidated Complaint on June 27, 2025, adding a direct infringement claim against Databricks based "on information and belief" that Databricks had used training data including Plaintiffs' Asserted Works in the training and development of its DBRX models. Dkt. 131 at 8-9. On August 19, 2025, the Court granted Databricks' motion to dismiss this direct infringement claim on the grounds that Plaintiffs' allegations regarding the DBRX models' datasets were too generalized to state a claim for copyright infringement. Dkt. 162 at 3. The Court concluded: "If discovery into the surviving claims reveals information that would permit [Plaintiffs] to allege facts—not conclusions—as to Databricks' liability for direct infringement, Plaintiffs may move for leave to further amend their complaint." *Id*. at 5.

Plaintiffs have been diligently pursuing discovery to develop the factual record. Specifically, Plaintiffs sought information on Defendants' MPT and DBRX series of large language models ("LLMs") and their use of pirated datasets containing Plaintiffs' copyrighted works. Defendants have been producing documents on a rolling basis, including substantial productions in July, August, September, and October 2025 and ongoing smaller productions in November. Plaintiffs began taking depositions as soon as Defendants could certify that all of the witnesses' respective custodial documents had been produced, with the first deposition on October 10 and eight depositions completed thus far, including two deponents designated as corporate witnesses under Rule 30(b)(6).

Recent deposition testimony and documents produced after Plaintiffs filed their First Amended Consolidated Complaint reveal that Databricks directly infringed Plaintiffs' works by ███████████ ███████████████████████████████████████████████. Further, recently produced documents and testimony evidence that MosaicML and Databricks ██████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████ ███. Accordingly, Plaintiffs seek leave to amend and expand their claims to address this information.

Plaintiffs seek leave to amend the Complaint in four areas: (1) adding a direct infringement claim against Databricks and alleging additional instances of infringement by MosaicML; (2) adding a claim against both Defendants for contributory infringement based on their ████████████████████ ████████████████████████████████████████████ (3) adding an inducement of infringement claim against both Defendants for ████████████████████████████████ ████████████████████████████████████████████████; and (4) updating the proposed class definition to reflect Defendants' newly identified conduct.

On November 12, 2025, Plaintiffs sought and Defendants refused to consent to filing the SACC.

### III.    ARGUMENT

The Court should grant leave to amend because (1) Plaintiffs have good cause to extend the deadline to amend under Rule 16 based on their diligence in pursuing discovery and their diligence in seeking leave to amend the Complaint and (2) each of the *Foman* factors weigh in favor of leave to amend.

### A.    Plaintiffs Have Good Cause Under Rule 16 Based on Recent Discovery.

"In evaluating diligence for the purposes of Rule 16(b), . . . courts generally consider both when the relevant facts were learned *and* whether the moving party was diligent in seeking discovery of those facts." *Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 654 (N.D. Cal. 2025). "Waiting to file the motion until after obtaining corroborating deposition testimony is [ ] sufficient to meet the good cause requirement of Federal Rule of Civil Procedure 16(b)." *Id.* at 655 (citation omitted)*; see also Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 480–81 (E.D. Cal. 2022) ("it was not dilatory or unreasonable for plaintiff to wait to seek leave for such an amendment until after completing the remaining Rule 30(b)(6) depositions.") (collecting cases). Plaintiffs satisfy these standards. They have been diligent in seeking discovery of the relevant facts, and are moving to amend promptly based on recently produced documents and deposition testimony corroborating what those documents show about Defendants' infringing conduct.

### 1.    Databricks Directly Infringed Plaintiffs' Copyrighted Works

Defendants' documents directly support a renewed direct copyright infringement claim against Databricks. Specifically, evidence supporting Plaintiffs' proposed amendments include documents that

show (1) Databricks ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ after its acquisition of MosaicML, and (2) Databricks ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

As to (1), the documentary evidence is substantial. For instance:

- After the removal of the Books3 dataset from Hugging Face around October 2023 (three months after Databricks' acquisition of MosaicML),[1] Databricks employees ▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Declaration of William W. Castillo Guardado ("Castillo Guardado Decl.") at Ex. D (MOSAIC_ONAN_00012256) (produced July 15, 2025).

- In August 2023, the month after Databricks acquired MosaicML, Databricks employees discussed that they "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" *Id.* at Ex. Q (MOSAIC_ONAN_00001072). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓. *Id.* at Ex. U (Frankle 30(b)(6) Rough Dep. Tr. at 137:5-8) ("▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓"). Databricks' Chief AI Scientist Jonathan Frankle explained in his November 13, 2025 30(b)(6) deposition: "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." *Id.* at Ex. U (Frankle 30(b)(6) Rough Dep. Tr. at 185:14-186:7).

- In December 2023, a Databricks employee ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ *Id*. at Ex. E (MOSAIC_ONAN_00022529) (produced August 13, 2025).

- Frankle wrote on March 10, 2024—only days after the filing of this lawsuit—that ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at Ex. G (MOSAIC_ONAN_00048989) (produced October 8, 2025).

---

[1] *See The Pile: "Books3" Subset Dataset*, Hugging Face (archived Nov. 27, 2023), https://web.archive.org/web/20231127101818/https://huggingface.co/datasets/the_pile_books3.

- In his November 13 deposition, Frankle confirmed that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *Id.* at Ex. U (Frankle 30(b)(6) Rough Dep. Tr. at 191:16-21); *see also* Frankle at 253:11-15 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓).

- During the October 29, 2025 deposition of former CEO of MosaicML and VP of AI at Databricks, Naveen Rao testified that Databricks ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at Ex. R (Rao Dep. Tr. 142:24-144:13). This evidence directly supports the allegations of direct copyright infringement the Court found wanting in its Order dismissing the direct infringement claim alleged against Databricks, Dkt. 162, namely, that Databricks ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See id.* at Ex. S (Cody Blakeney Dep. Tr. at 451:13–452:4) (Databricks ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓).

Databricks did not just ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. It also exploited these datasets to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Specifically, Databricks ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ MosaicML Platform, a service that allows anyone to train LLMs.[2] The MosaicML Platform is marketed as enabling users to train LLMs without requiring a deep understanding of artificial intelligence, including by providing them with the training data.[3] In conversations between Databricks and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See id.* at Ex. H (MOSAIC_ONAN_00047263). In his November

---

[2] *Databricks Completes Acquisition of MosaicML*, (July 19, 2023), https://www.databricks.com/company/newsroom/press-releases/databricks-completes-acquisition-mosaicml (on file with the Joseph Saveri Law Firm, LLP).

[3] MosaicML (organization page), https://huggingface.co/mosaicml (on file with the Joseph Saveri Law Firm, LLP) (last visited Nov. 18, 2025).

1  5, 2025 deposition, Mr. Blakeney testified that ████████████████████████

2  ████████████████████████████████████████████████████████████████

3  ████. *Id.* at Ex. S (Blakeney Dep. Tr. 420:12–425:7). Databricks employees █████

4  ████████████████████████████████████████████████████████████████

5  ██████████████. *Id.* at Ex. I (MOSAIC_ONAN_00033977) (Databricks ███████

6  ████████████████████████████); *Id.* at Ex. J (MOSAIC_ONAN_00035926)

7  (Databricks █████████████████████████████████████████████████████

8  ██████████████████████████); *Id.* at Ex. K (MOSAIC_ONAN_00035902)

9  (Databricks ████████████████████████████████████████████████████

10  ██████████████████████████████████). As Naveen Rao recently

11  testified, ██████████████████████████████████████████████████

12  ████████████████████████████. *Id.* at Ex. R (Rao Dep. Tr. 65:17-66:10).

13      This discovery shows that Databricks ████████████████████████████

14  █████████, thereby infringing Plaintiffs and Class Members' exclusive rights under the

15  Copyright Act. This newly discovered information directly supports a direct copyright infringement

16  claim against Databricks.

    **2.    MosaicML Infringed Plaintiffs' Copyrighted Works in Multiple Ways**

18      Recent discovery has also revealed information further supporting Plaintiffs' direct infringement

19  claim against MosaicML for additional use of Plaintiffs and Class Members' copyrighted works. The

20  current complaint alleges that MosaicML downloaded and used the RedPajama dataset, because publicly

21  available information indicated that the MPT models were trained on RedPajama. However, Plaintiffs

22  have now uncovered evidence that MosaicML employees (1) ██████████████████████

23  ████████████████████████████████████████████████████████████████

24  ████████████████ and (2) ██████████████████████████████████████

25  █████████. Below is some of the new evidence supporting this amendment:

26   • ████████████████████████████████████████████

27  ████████████████████████████████████████████████████████████████

28

▮▮▮ *Id.* at Ex. L (MOSAIC_ONAN_00007809) (produced on July 15, 2025).

- ▮▮▮ *Id.* ▮▮▮. Shortly after, MosaicML Chief Technology Officer Hanlin Tang ▮▮▮. *See* Castillo Guardado Decl. at Ex. M (MOSAIC_ONAN_00049011) (produced on November 12, 2025) (▮▮▮); *see also id.* at Ex. T (Tang 30(b)(6) Dep. Tr. 95:21-96:6) (Mr. Tang, as the 30(b)(6) designee, confirming that ▮▮▮).

- MosaicML Chief Scientist Jonathan Frankle testified during his deposition that ▮▮▮. *See* Frankle 30(b)(6) Rough Dep. Tr. at 257:5-8 ("▮▮▮ Frankle 30(b)(6) Rough Dep. Tr. at 56:21-57:15 ▮▮▮).

Recent evidence shows that MosaicML and Databricks also ▮▮▮:

- On November 12, 2025, Defendants produced a document showing that MosaicML ▮▮▮. Castillo Guardado Decl. at Ex. N (MOSAIC_ONAN_00049017). MosaicML's then-Chief Scientist Jonathan Frankle wrote that MosaicML ▮▮▮

---

[4] ▮▮▮ (on file with the Joseph Saveri Law Firm, LLP).



*Id.* at Ex. O (MOSAIC_ONAN_00034957) (produced on August 22, 2025). And ▮▮▮ *Id.* at Ex. R (Rao Dep. Tr. 113:4-7).

- MosaicML ▮▮▮. *Id.* at Ex. P (MOSAIC_ONAN_00049034).

- Former MosaicML Head of Data Research Matthew Leavitt ▮▮▮ *Id.* at Ex. F (MOSAIC_ONAN_00048991) (produced October 29, 2025). Mr. Leavitt added: ▮▮▮ *Id.*

- Mr. Blakeney testified that in addition to ▮▮▮ *Id.* at Ex. S (Blakeney Dep. Tr. 346:16–348:7).

- Mr. Frankle confirmed that after he became an employee of Databricks ▮▮▮ *Id.* at Ex. U (Frankle 30(b)(6) Rough Dep. Tr. at 149:16-152:18).

Through this conduct— ▮▮▮ —MosaicML infringed their copyrights.

### 3. Defendants Contributed to and Induced the Infringement of Plaintiffs' Works by Third Parties

As set forth above, Defendants' use of Plaintiffs' copyrighted works went beyond its own infringements. Recent discovery demonstrates Defendants ▮▮▮

1  ████████. *See supra* Sections III.A.1 and III.A.2. MosaicML Chief Technology Officer Hanlin Tang

2  testified that ████████████████████████████████████████████████████████

3  ████████████████████ *See* Castillo Guardado Decl. at Ex. T (Tang 30(b)(6) Dep. Tr. 94:17-95:1).

4  Defendants knew that ████████████████████████████████████████████████████

5  ██████████████████████████████████. *Id.* at Ex. S (Blakeney Dep. Tr. 346:16–348:7). ██

6  ████████████████████████████████████████████████████.[5] Because using

7  Books3 to train LLMs infringes on Plaintiffs and Class members' copyrighted works, by extension

8  Defendants are liable for ████████████████████████████████████████. And

9  Defendants ████████████████████████████████████████████████████

10  ████████████████, thereby contributing to the massive unauthorized infringement of Plaintiff

11  and Class Members' works ██████████████████████████████████.

### B. Plaintiffs' Amendment is Timely.

In assessing diligence, the Court must assess "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). There is no undue delay when a party waits to move for leave to amend "until they had sufficient evidence . . . upon which they could base claims of wrongful conduct." *Kadrey v. Meta Platforms, Inc.*, No. 23- cv-03417-VC, 2025 WL 82205, at *1 (N.D. Cal. Jan. 13, 2025) (citing *DCD Programs*, 833 F.2d at 187).

Plaintiffs have been diligent in seeking the discovery supporting their motion to amend. The deadline for Plaintiffs to seek leave to amend the Complaint as of right was May 30, 2025. Dkt. 111. Plaintiffs filed a motion for leave to amend the Complaint by that deadline, Dkt. 124. Since then, the Court granted the motion, Dkt. 129, Plaintiffs filed their First Amended Consolidated Complaint, Dkt. 131, and the Court ordered dismissal without prejudice of the direct infringement claim against Databricks, Dkt. 162. Plaintiffs now seek to amend their Complaint based on documents produced since July 2025, and based on key documents and deposition testimony obtained only during the past few

---

[5] *Id.*

weeks. Plaintiffs are not simply reasserting "an old theory of liability based on previously-known facts." *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1017 (9th Cir. 1999). Instead, Plaintiffs are promptly moving to amend based on newly discovered facts. *See Watson v. Ford Motor Co.*, No. 18-cv-00928-SI, 2018 WL 3869563, at *2 (N.D. Cal. Aug. 15, 2018) (six-month delay was not "undue" because, among other factors, the amending party "only recently learned that [a new party] had not been named").[6]

### C. Plaintiffs' Amendment is Made in Good Faith.

Plaintiffs move in good faith to amend their Complaint to reflect the evidence discovered to date and the scope of Defendants' infringement. Defendants cannot claim bad faith and there is no evidence, much less "strong evidence," of bad faith. *See Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *see also In re Intuitive Surgical Sec. Litig.*, No. 5:13-cv-01920-EJD, 2017 WL 363269, at *2 (N.D. Cal. Jan. 25, 2017) (finding no "bad faith when the result of an amendment may actually be beneficial to clarifying the allegations at issue"); *Padilla v. Sears, Roebuck & Co.*, No. 5:12-cv-00653-EJD, 2012 WL 5505071, at *2 (N.D. Cal. Nov. 13, 2012) (finding no bad faith where the amending party was "not seeking to unreasonably prolong the litigation or to destroy diversity by adding new parties"). Instead, Plaintiffs' proposed amendments bolster the existing claims and refine the allegations against Defendants to conform the Complaint to recently produced evidence. In addition, Plaintiffs have done exactly what the Court asked when it dismissed the direct infringement claim against Databricks without prejudice: seek leave to amend once discovery reveals facts supporting Databricks' liability for direct infringement. Dkt. 162.

### D. Plaintiffs' Amendment is not Prejudicial.

Defendants do not face undue prejudice from Plaintiffs' proposed SACC's introduction of their new claims. In assessing prejudice, courts look at "whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. US. Postal*

---

[6] Indeed, courts in this district have even allowed amendments well after the close of discovery. *See Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417-VC, 2025 WL 82205, at *1 (N.D. Cal. Jan. 13, 2025) (finding no undue delay and stating that "[i]n any event, 'delay, by itself, is insufficient to justify denial of leave to amend'" (quoting *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1011 (9th Cir. 2023))); *see also Herrera v. Cnty. of San Benito*, No. 24-cv-01133-NC, 2025 WL 2323350, at *2 (N.D. Cal. Aug. 11, 2025) (finding good cause under Rule 16(b) by Plaintiff who filed motion for leave to amend three weeks after close of fact discovery and one month after first learning of facts to support amended complaint).

*Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). In the specific context of amending a complaint late in fact discovery, courts consider (1) whether the amendments will necessitate reopening discovery; (2) whether new parties will be added; and (3) whether the new allegations add claims based on different legal theories or require proof of different facts. *See In re Fritz Cos. Sec. Litig.*, 282 F. Supp. 2d 1105, 1109 (N.D. Cal. 2003); *Netbula, LLC v. Bindview Dev. Corp.*, No. C06-00711 MJJ, 2007 WL 2221070, at *4 (N.D. Cal. Aug. 2, 2007).

None of these factors are present here. First, Plaintiffs seek to amend their Complaint as a result of recent discovery, *not to obtain it*. Defendants cannot show a "need to reopen discovery and therefore delay the proceedings," that could support denying a motion to amend under Rule 15's liberal standard. *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Here, the proposed amendments are supported by and the direct product of recent, existing discovery. Dkt. 169; *Hansen Beverage Co. v. Nat'l Beverage Corp.*, No. CV 06-5470 ER (CTx), 2007 WL 9747720, at *2 (C.D. Cal. Feb. 12, 2007) (finding at most marginal prejudice in allowing amendment of complaint a few weeks before fact discovery cut-off). If Plaintiffs' motion is granted, Plaintiffs do not anticipate the need to serve additional, new discovery requests, although they will ask Defendants to respond to already served discovery on the DBRX models that the Court previously held was outside the scope of the operative complaint. Dkt. 162. This is a small additional burden and is well justified based on the newly adduced evidence.

Second, the proposed SACC adds no new parties. Third, Plaintiffs' additional claims involving Defendants' inducement of infringement and contributory copyright infringement involve the same universe of facts—Defendants' use of datasets containing the Books3 dataset. Plaintiffs have already completed substantial discovery on these claims. Other than a forthcoming request for leave to depose five third parties[7] regarding █████████████████████████████, Plaintiffs do not anticipate seeking additional discovery for these claims. This infringement is based on Defendants' own documents and facts Defendants already have knowledge of. *See Kadrey*, 2025 WL 82205, at *1 ("To the

---

[7] Plaintiffs will seek leave to take five additional depositions, including Amazon, which █████████████████████████████████████████████████████████; and ████████████████████████.

extent that additional discovery is [] necessary, it can be accommodated without significantly disrupting the case schedule.). That Defendants may "need to defend against the new claims on the merits and may need to take additional discovery to do so does not constitute prejudice." *Id*.

### E. Plaintiffs' Amendment is not Futile.

None of the amendments proposed are futile. "A proposed amendment is futile 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Padilla*, 2012 WL 5505071, at *2 (citation omitted).

The proposed SACC aligns the allegations and claims with the evidence by expanding on the conduct infringing on Plaintiffs' exclusive rights under the Copyright Act. First, it includes new allegations that Databricks ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *E.g.,* Proposed SACC ¶¶ 48-53, 57, 73-76, 88-94. Second, the proposed SACC clarifies the scope of MosaicML's infringing conduct by detailing ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *E.g.,* Proposed SACC ¶¶ 38, 40-42, 68-72, 88-94. Finally, the SACC includes new claims for inducement of infringement and contributory infringement against both Defendants for their ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *E.g.,* Proposed SACC ¶ 40-42, 50-51, 88-94, 97-99. These amendments align the allegations to Defendants' actual conduct, and ensures the Complaint will not contain stale allegations by the time this case reaches class certification and trial. Nothing about these claims is futile. Indeed, "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Walintukan v. SBE Ent. Grp., LLC*, No. 16-cv-01311-JST, 2017 WL 635278, at *2 (N.D. Cal. Feb. 15, 2017). There is no basis to conclude this is the "rare" case of futility. *Id.* (citation omitted).

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant Plaintiffs leave to file the proposed Second Amended Consolidated Complaint.

| | | |
|---|---|---|
| 1 | Dated: November 20, 2025 | Respectfully submitted, |
| 2 | | By: /s/ Joseph R. Saveri |
| 3 | | Joseph R. Saveri |

Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
Evan Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
William Castillo Guardado (SBN 294159)
Holden Benon (SBN 325847)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
wcastillo@saverilawfirm.com
hbenon@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
mb@butedricklaw.com

Bryan L. Clobes (admitted *pro hac vice*)
Mohammed A. Rathur (admitted *pro hac vice*)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
bclobes@caffertyclobes.com
mrathur@caffertyclobes.com

Justin A. Nelson (admitted *pro hac vice*)
Alejandra C. Salinas (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Elisha Barron (admitted *pro hac vice*)
Craig Smyser (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor
New York, NY 10019
Telephone: (212) 336-8330
ebarron@susmangodfrey.com
csmyser@susmangodfrey.com

Jordan W. Connors (admitted *pro hac vice*)
Trevor D. Nystrom (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com
tnystrom@susmangodfrey.com

Rachel J. Geman (admitted *pro hac vice*)
Danna Z. Elmasry (admitted *pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
rgeman@lchb.com
delmasry@lchb.com

Anne B. Shaver
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
ashaver@lchb.com

Betsy A. Sugar (admitted *pro hac vice*)
Kenneth S. Byrd (admitted *pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue S. Suite 1640
Nashville, TN 37201
Telephone: (615) 313-9000
bsugar@lchb.com
kbyrd@lchb.com

Rachel J. Geman (admitted *pro hac vice*)
Danna Z. Elmasry (admitted *pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
rgeman@lchb.com
delmasry@lchb.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Case No. 3:24-cv-01451-CRB

16

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED CONSOLIDATED COMPLAINT