JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
RYAN KWOCK (CSB No. 336414)
rkwock@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 650.938.5200

DAVID HAYES (CSB No. 122894)
dhayes@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly MOSAIC ML, INC.

*Additional counsel listed on signature page*

FENWICK & WEST LLP

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

*In Re Mosaic LLM Litigation*

Case No.: 3:24-cv-01451-CRB

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE SCHEDULING ORDER**

Judge: Hon. Charles R. Breyer

In the final days of fact discovery, Plaintiffs have engaged in a mad scramble to launch new claims and pursue sweeping new discovery, all based on issues they could have raised months ago. Thus, weeks after assuring the Court that the agreed-upon schedule would not need to change, Plaintiffs ask for exactly that. Plaintiffs blame Defendants' conduct but the real culprit is Plaintiffs' own failure to pursue their claims diligently. Because Plaintiffs cannot show good cause for the extension they seek, their motion should be denied.

The bulk of the discovery issues Plaintiffs have belatedly raised relate to a new "contributory" infringement claim in their proposed Second Amended Consolidated Complaint ("SACC"), which requires proof of third-party infringement. Dkt. 196-3, Ex. A. But Plaintiffs knew of the facts giving rise to that claim in *July*, and even told the Court in *August* that they planned to seek leave to amend based on those facts. Dkt. 170 at 1, 6-7. Plaintiffs have no justification or excuse for waiting to pursue these claims.

Plaintiffs also complain that a handful of discovery issues are "unresolved" (Dkt. 191 at 1), but that is only because Plaintiffs waited until the close of discovery to raise them. Courts routinely hold that such "unresolved" issues do not constitute good cause to extend a discovery cutoff. And in all events, the length of the proposed extension underscores that Plaintiffs' real goal is not to resolve a handful of "unresolved" issues, but to seek discovery in support of new claims that Plaintiffs failed to pursue, despite multiple earlier extensions.

The Court should deny Plaintiffs' request outright. At a minimum, if the Court is inclined to grant an extension, the Court should not allow Plaintiffs to issue any new discovery requests.

1. **Plaintiffs have not diligently pursued discovery.** A scheduling order may be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). To demonstrate good cause, "a party must demonstrate its diligence in taking discovery, its diligence in propounding or noticing the particular outstanding discovery, and explain why the parties could not exchange the particular discovery before the discovery cut off date." *Brantley v. Borg-Warner Morse Tec, Inc.*, No. 12-cv-540-GPC (JMA), 2013 WL 5204524, at *2 (S.D. Cal. Sept. 13, 2013). Here, Plaintiffs have failed to pursue discovery diligently. Instead, they waited until the eleventh hour to raise issues that they could have addressed months earlier. Plaintiffs thus cannot show good cause for an extension. *See,*

FENWICK & WEST LLP

*e.g.*, *id.* at *2-4 (denying extension because of plaintiff's "lack of diligence"); *SanDisk 3D IP Holdings Ltd. v. Viasat, Inc.*, No. 22-cv-04376-HSG, 2025 WL 1073876, at *2 (N.D. Cal. Mar. 10, 2025) (similar). The Court should deny their request.

2. **Defendants timely completed their document productions.** Plaintiffs chose to add two new document custodians late in fact discovery, and Defendants timely completed their production of those custodians' documents well in advance of those custodians' depositions. Declaration of Deena J.G. Feit ("Feit Decl.") ¶¶ 2-3. On September 23 and October 8—more than a month after the substantial completion of production and less than two months before the close of fact discovery—Plaintiffs requested that Defendants add two custodians (Abhinav Venigalla and Scott Sovine) on top of the dozen that had already been searched, based on documents produced in August or earlier. Dkt. 191-3; Feit Decl. ¶ 2. Although Defendants had no obligation under the ESI Order to add *two* custodians, and despite Plaintiffs' delay in requesting to add them, Defendants agreed on October 13, 2025 to add both custodians. Dkt. 191-4 at 4. Plaintiffs demanded their documents by November 20, 2025, to give Plaintiffs two weeks with the documents before Mr. Sovine's scheduled deposition. *Id.* at 3. Defendants completed their production of these documents by that date. Feit Decl. ¶ 3. Accordingly, the production of these late-added custodians' documents does not justify any extension, much less the *45 days* that Plaintiffs seek.

Plaintiffs also complain about the production of witnesses' personal messages. But Defendants produced responsive personal messages before the custodians' depositions, and Plaintiffs have asked about those messages during their depositions. Feit Decl. ¶ 4. Thus, Plaintiffs have failed to justify extending the schedule based on the timing of Defendants' document productions.

3. **Plaintiffs' late-raised discovery disputes do not justify an extension.** The alleged need to address "unresolved discovery disputes" (Dkt. 191 at 1) does not constitute good cause to modify a case schedule. *See Fay Ave. Props., LLC v. Travelers Prop. Cas. Co. of Am.*, No. CIV. 11-2389-GPC (WVG), 2014 WL 3014733, at *4 (S.D. Cal. July 3, 2014) (denying continuance of case management dates); *see also Bailey v. Gatan, Inc.*, 783 F. App'x 692, 694 (9th Cir. 2019)



FENWICK & WEST LLP

(affirming denial of motion to extend scheduling order when "Appellants' motion to compel discovery, filed just three weeks before the discovery cut-off date, sought to compel responses to discovery requests that Appellees said they would not provide nearly nine months before"); *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273 (LJO), 2013 WL 1164941, at *5 (E.D. Cal. Mar. 20, 2013) (denying motion for reconsideration when the moving party "waited until three weeks before the close of discovery to conduct depositions" and raise discovery disputes, and explaining that the fact "this case became plagued with discovery disputes at the eleventh hour … in no way excuses Plaintiff from its failure to conduct discovery diligently from the outset" (citation modified)).

Here, in the final weeks of fact discovery, Plaintiffs raised various issues that they could have raised months earlier. For example, on October 21, 2025 (a month before fact discovery ended), Plaintiffs sent a letter addressing supplemental responses to Requests for Admission that Defendants served nearly *three months earlier*. Feit Decl. ¶ 5; Ex. 1. Notwithstanding Plaintiffs' significant delay, Defendants responded and served amended responses. *Id.* ¶ 5. Similarly, on November 7, 2025—*two weeks before the close of fact discovery*—Plaintiffs sent a letter about responses to Plaintiffs' third set of Requests for Production, which Defendants had served more than a month earlier on October 6, 2025. *Id.* ¶ 6; Ex. 3. The parties met about that letter within two weeks, and Defendants served amended responses addressing some of the points raised while addressing others in correspondence. *Id.* ¶ 6. And in an even more egregious example of delay, Plaintiffs are now raising a dispute over document requests to which Defendants responded more than a year ago in *July 2024*. *Id.* ¶¶ 7-8; Exs. 4-5. The Court should not give Plaintiffs any more time to survey the past year and a half of fact discovery and gin up more belated discovery disputes.

4. **No extra time is required for extra depositions the Court has already permitted.** On November 7—two weeks before the end of fact discovery—Plaintiffs moved to expand their limit on depositions from 10 to 15, requesting five additional depositions of Defendants' current and former employees, while assuring the Court that no modification of the schedule would be required. Dkt. 184 at 4. Magistrate Judge Cisneros granted Plaintiffs' request, giving Plaintiffs



FENWICK & WEST LLP

until December 5 to complete the depositions (beyond the fact discovery cutoff) without "disturb[ing] the overall case schedule." *See* Dkt. 187. All of those depositions are being scheduled, and no extension is needed to accommodate them. Feit Decl. ¶ 9.

Likewise, no extension is needed to address 30(b)(6) topics. Plaintiffs inexplicably waited to serve their 30(b)(6) topics until October 16, 2025—about a month before the close of fact discovery. Feit Decl. ¶ 10; Ex. 6. Defendants served objections and responses (and then amended responses after the parties conferred) and designated 30(b)(6) witnesses. Feit Decl. ¶ 10. As to the "outstanding" 30(b)(6) topics (source code), Defendants designated a 30(b)(6) witness on those topics who was deposed on November 24, 2025. *Id.* And again, Plaintiffs' claim that "unresolved" disputes remain does not justify extending fact discovery.

5. **Plaintiffs' request for third-party discovery does not justify an extension.** The obvious reason Plaintiffs seek an extension is to take more depositions and pursue additional written discovery to support the new claims in their proposed Second Amended Consolidated Complaint ("SACC"). In their motion for leave to amend, Plaintiffs blithely assure the Court they "seek to amend their Complaint as a result of recent discovery, *not to obtain it*." Dkt. 196 at 12 (emphasis in original). But the third-party depositions are plainly relevant to the new contributory infringement claim that Plaintiffs seek to add. Dkt. 196-3, Ex. A (Proposed SACC) ¶¶ 88-94. That claim centers on MosaicML allegedly "distribut[ing] copies of the Books3 dataset to third parties," Dkt. 170 at 1—the same alleged conduct that Plaintiffs want to explore through third-party discovery, Dkt. 191 at 4. Plaintiffs also concede that they seek to pursue discovery about DBRX models "that the Court previously held was outside the scope of the operative complaint." Dkt. 196 at 12 (citing Dkt. 162). The Court should not let Plaintiffs pursue discovery for unpled claims while assuring the Court otherwise.

Nor were Plaintiffs diligent in pursuing this discovery. While Plaintiffs pretextually claim that the need for these depositions was spawned by "recent depositions," Dkt. 191 at 4, Plaintiffs already knew back in *August* that they intended to amend their complaint based on the alleged conduct underlying their new claims. *See* Dkt. 170 at 1, 6-7. They waited to serve subpoenas for



FENWICK & WEST LLP

those third parties until November 21 (the *last day* of fact discovery), and the dispute will not go to Magistrate Judge Cisneros until *after* the close of fact discovery. Feit Decl. ¶ 11; Ex. 7. Nothing stopped Plaintiffs from pursuing discovery from those third parties over the past three months.

6. **Plaintiffs' document productions do not justify an extension.** On November 21, 2025, Plaintiffs produced more than 700 documents, and given that fact discovery has closed, Defendants assume that Plaintiffs do not intend to produce more. Feit Decl. ¶ 12. Defendants do not seek to extend the case schedule because of Plaintiffs' document production.

7. **Defendants will be prejudiced if an extension is granted**. The record is clear that Plaintiffs belatedly seek to pursue new claims rather than diligently completing discovery as to the current claims under the Court-ordered deadline. Extending fact discovery would significantly prejudice Defendants, who have expended substantial time and resources meeting their discovery obligations. Discovery has been under way for more than a year, and Defendants have already agreed to three extensions. Rewarding Plaintiffs' dilatory conduct at Defendants' expense imposes unfair prejudice and an unnecessary burden on Defendants.

Further, if the Court grants any extension, Plaintiffs should not be allowed to serve any *new* discovery requests or pursue DBRX discovery, which the Court shut down in August, and would be extremely costly to re-open. Plaintiffs have represented to the Court that "[i]f Plaintiffs' motion is granted, Plaintiffs do not anticipate the need to serve additional, new discovery requests." Dkt. 196 at 12. The Court should hold Plaintiffs to their representations. *See Mophie, Inc. v. Shah*, No. CV 13-cv-01321 DMG (JEMx), 2014 WL 12967531, at *2 (C.D. Cal. June 27, 2014) (extending "the non-expert discovery cut-off" but ordering that the "parties may not propound new discovery requests during the extended discovery period").

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' request to extend the case schedule. If any extension is granted based on Plaintiffs' belated "unresolved" discovery issues, then they should not be allowed to serve any new discovery requests.

FENWICK & WEST LLP

Dated: November 24, 2025

FENWICK & WEST LLP

By: */s / Jedediah Wakefield*

Jedediah Wakefield (CSB No. 178058)
jwakefield@fenwick.com
Ryan Kwock (CSB No. 336414)
rkwock@fenwick.com
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 650.938.5200

David Hayes (CSB No. 122894)
dhayes@fenwick.com
Diana C. Buck (CSB No. 339314)
dbuck@fenwick.com
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Brian D. Buckley (admitted *pro have vice*)
bbuckley@fenwick.com
Deena J.G. Feit (admitted *pro hac vice*)
dfeit@fenwick.com
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 650.938.5200

Charles Moulins (admitted *pro hac vice*)
cmoulins@fenwick.com
Justine Vandermel (admitted *pro hac vice*)
justine.vandermel@fenwick.com
902 Broadway, 18th Floor
New York, NY 10010
Telephone: 212.430.2600
Facsimile: 650.938.5200

Zachary Harned (CSB No. 335898)
zharned@fenwick.com
730 Arizona Avenue, 1st Floor
Santa Monica, CA 90401
Telephone: 310.434.5400
Facsimile: 650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly
MOSAIC ML, INC.