UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re Mosaic LLM Litigation*

Case No. 24-cv-01451-CRB (LJC)

**ORDER ADDRESSING DEPOSITION CONDUCT**

Re: Dkt. No. 194

Before the Court is the parties' joint discovery letter brief regarding Defendants' counsel's conduct during depositions. ECF Nos. 192-2, 194.[1] The Court assumes the parties' familiarity with the procedural and factual background of the case, as well as the details of the deposition conduct at issue.

Plaintiffs allege that Defendants' counsel has engaged in "consistent" misconduct during depositions by coaching witnesses during breaks and by improperly instructing witnesses not to answer. ECF No. 192-2 at 2. Plaintiffs request a court order "(1) prohibiting counsel from discussing the substance of testimony during deposition breaks except to address issues of privilege; (2) requiring Defendants to make Hanlin Tang and Jonathan Frankle available for additional depositions to respond to questions they were instructed not to answer; and (3) requiring Defendants to cease directing witnesses not to answer for reasons other than privilege, legitimate harassment, or in connection with a prior court order." *Id.* The Court

---

[1] The redacted letter brief is filed at ECF No. 194. The unredacted brief and exhibits are filed under seal at ECF No. 192-2–192-9. In this Order, the Court cites to the versions under seal.

addresses these requests in turn.[2]

### A.   Conduct During Breaks in Depositions

"It is improper for a witness and her attorney to discuss the substance of her testimony during breaks in a deposition, except where necessary to address matters of privilege." *Barajas v. Abbott Lab'ys, Inc.*, No. 18-cv-00839, 2018 WL 6248550, at *4 (N.D. Cal. Nov. 29, 2018); *see In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 14-cv-2058, 2015 WL 12942210, at *3 (N.D. Cal. May 29, 2015) ("[O]nce a deposition begins, counsel should not confer with the witness except to determine whether a privilege should be asserted."). The undersigned's Standing Order provides that "[p]rivate conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted."

Consistent with the undersigned's Standing Order and Northern District caselaw, counsel may not discuss the substance of a witness's testimony with the witness during breaks in a deposition, except for the purpose of determining whether a privilege should be asserted. If counsel believes that a witness's testimony requires clarification or needs to refresh the witness's recollection, the proper procedure is for them to question the witness "on the record at the conclusion of the deposition" rather than confer with the witness during breaks. *Barajas*, 2018 WL 6248550, at *4. Counsel shall comply with these procedures at any future depositions.[3]

This raises the related question of whether witnesses must answer questions regarding communications with counsel during breaks. To permit the deposing counsel to confirm that the deponent and their counsel comply with the Court's prohibition above, the deposing counsel may ask the deponent if they discussed the substance of their testimony (aside from where necessary to address privilege issues) with their counsel during breaks in the deposition. The witness must confirm or deny this but is not required to otherwise describe the content of their communications

---

[2] The parties' joint administrative motion to exceed the page limit for exhibits to discovery briefs is granted. ECF No. 193.
[3] Although the close of fact discovery was on November 21, 2025, the undersigned has provided the parties until December 5, 2025, to complete five outstanding depositions. ECF No. 187. Moreover, Plaintiffs have requested that the close of fact discovery be extended to January 5, 2026. *See* ECF No. 191.

with counsel. The witness's confirmation or denial will not constitute a waiver of attorney-client privilege.

Turning to Plaintiffs' request that the depositions of Hanlin Tang and Jonathan Frankle be continued to "respond to questions they were instructed not to answer" regarding communications with their counsel during breaks in their depositions, the undersigned finds that continuing the depositions on these grounds is not warranted. The transcript of Tang's deposition indicates that, after a break, he clarified what he meant when he had described certain datasets as being "public," which, as Defendants note, was consistent with his earlier testimony that the datasets were accessible to those who had a link to the dataset. *See* ECF No. 192-3 at 2, 9. The Frankle transcript indicates that Frankle was initially unable to respond to questions about the use of a particular dataset, reviewed a document during a break, and then, when his attorney cross-examined him at the end of the deposition, responded to the question regarding the dataset. *See* ECF No. 192-7 at 6-7, 11.

To the extent Defendants' counsel spoke with the witnesses about the substance of their testimony during breaks, this conduct was improper, and the far better course would have been for counsel to (in the case of Tang) cross-examine him about his use of the word "public" and (in the case of Frankle) show him the document to refresh his recollection and question him *on the record during the deposition*. But Tang did not retract his prior testimony or reverse course after a break. *Cf. Medicinova, Inc. v. Genzyme Corp.*, No. 14-CV-2513, 2021 WL 3054874, at *7 (S.D. Cal. July 20, 2021) ("[A] sharp contrast between responses before and after a break in testimony can support an inference that the witness was improperly coached"). Plaintiffs questioned Frankle about the document he reviewed during the break to refresh his recollection, and Frankle responded to their questioning. ECF No. 192-7 at 15. In these circumstances, requiring the witnesses to testify about their communications with counsel, which, as Defendants note, are privileged, is not warranted. *See Barajas*, 2018 WL 6248550, at *4 (finding the deponent's counsel conduct improper but denying request for a further deposition where the deponent "did not change her answer after communicating with counsel" and the deposing attorney had opportunity to question the witness). Plaintiffs' request that Tang and Frankle be made available for additional depositions to respond to questions they were instructed not to answer regarding communications

3

with their counsel during breaks is accordingly denied.

### B.     Instructions Not to Answer

Plaintiffs separately argue that Defendants' counsel improperly instructed witnesses not to answer and request an order requiring Defendants to cease directing witnesses not to answer for reasons other than privilege, legitimate harassment, or in connection with a prior court order.

Rule 30(c)(2) provides that a person defending a deposition "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." In turn, Rule 30(d)(3) permits deponents and parties to move to terminate or limit a deposition on "the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." "As a rule, instructions not to answer questions at a deposition are improper," except as provided by Rule 30(c)(2). *Detoy v. City & Cnty. of San Francisco*, 196 F.R.D. 362, 365 (N.D. Cal. 2000). The undersigned fully expects the parties to comply with Federal Rules and instruct witnesses not to answer only in the narrow circumstances permitted under Rule 30(c)(2).

Plaintiffs take issue with Defendants' counsel's instructions to their witnesses not to answer questions regarding (1) DBRX training data, (2) witnesses' personal experience using media-sharing websites such as Napster, and (3) witnesses' finances. The undersigned has ruled that discovery regarding DBRX training data is not warranted at this stage in the case, and Judge Breyer previously denied Plaintiffs' request to further amend their complaint so that they could "proceed with discovery as to the DBRX models." ECF Nos. 163, 162 at 5. In light of these prior orders limiting Plaintiffs' discovery regarding the DBRX models, Defendants' counsel's instruction to Frankle not to answer questions regarding DBRX training data was appropriate under Rule 30(c)(2). *See* ECF Nos. 162, 163, 192-7 at 9.

Plaintiffs' questions regarding witnesses' experience torrenting media and using websites such as Napster, while perhaps seeking information only marginally relevant to this case, did not "unreasonably annoy[], embarrass[], or oppress[] the deponent[s]." Fed. R. Civ. P. 30(d)(3). Counsel's instruction to Naveen Rao not to answer—based on his objection that it was not "appropriate to ask a witness personal questions" rather than based on an applicable privilege or other grounds authorized under Rule 30(c)(2)—was accordingly improper. ECF No. 192-5 at 3-4;

4

*see Toman v. Glomboske*, No. 20-cv-00046, 2021 WL 3503062, at *4 (C.D. Cal. Mar. 25, 2021) ("Thus, to prevail, Plaintiff must establish more than that the disputed questions seek irrelevant information … Plaintiff must establish that the disputed deposition questions concern subjects so sensitive that answering them would unreasonably annoy, embarrass, or oppresses her.") (quotation marks omitted).

Plaintiffs' questions regarding witnesses' personal finances implicate the witnesses' privacy concerns, but, as Plaintiffs argue, testimony regarding witnesses' financial benefit from Databricks' acquisition of MosaicML may be relevant to their claims. Moreover, as the deposition transcripts appear to be designated as Attorney-Eyes' Only, Defendants' privacy concerns are somewhat overblown. The Court accordingly finds that Defendants' instructions to Tang not to answer questions regarding his stake in MosaicML at the time of the acquisition and how much he made as a result of the acquisition were improper. *See* ECF No. 192-3 at 25-29. The Court notes that this does not give Plaintiffs carte blanche to question witnesses regarding their personal finances *unrelated* to the acquisition or the financial benefit from Defendants' alleged infringement, and instructions not to answer may be appropriate in such situations.

The parties are accordingly ordered to comply with Rule 30(c)(2). Instructing a witness not to answer a question posed during a deposition is only appropriate "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

**IT IS SO ORDERED.**

Dated: November 25, 2025

LISA J. CISNEROS
United States Magistrate Judge