JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
RYAN KWOCK (CSB No. 336414)
rkwock@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 650.938.5200

DAVID HAYES (CSB No. 122894)
dhayes@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly MOSAIC ML, INC.

*Additional counsel listed on signature page*

FENWICK & WEST LLP

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In Re Mosaic LLM Litigation* | Case No.: 3:24-cv-01451-CRB<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL RE: PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED CONSOLIDATED COMPLAINT**<br><br>Judge: Hon. Charles R. Breyer<br>Date: January 16, 2026<br>Time: 10:00 a.m.<br>Location: Video Conference (Zoom) |

Pursuant to Civil Local Rule 79-5(f) and the Court's Standing Order, Defendants Databricks, Inc. ("Databricks") and Mosaic ML, LLC (collectively, "Defendants") respectfully submit that Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal Re: Plaintiffs' Motion to Modify Scheduling Order and For Leave to File Second Amended Consolidated Complaint should be granted. Defendants agree that certain portions of the Motion and Exhibits A and B and the entirety of Exhibits D-U should be filed under seal. Pursuant to Civil L.R. 79-5(c), the proposed redactions and the exhibits that are sought to be sealed are narrowly tailored and limited to sealable information.

## I. LEGAL STANDARD

While "courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents[,] … [a]ccess [to judicial records] is not absolute." *Perry v. Brown*, 667 F.3d 1078, 1084 (9th Cir. 2012) (citation modified). Here, the sealing request for the proposed Second Amended Consolidated Complaint is subject to the compelling reasons standard. *See Skillz Platform Inc. v. AviaGames Inc.*, No. 21-cv-02436-BLF, 2023 WL 7678649, at *1-2 (N.D. Cal. Nov. 13, 2023) (applying compelling reasons standard when considering whether to seal a complaint attached to motion for leave to amend). But the sealing request for Plaintiffs' Motion to Modify Scheduling Order and For Leave to File Second Amended Consolidated Complaint (the "Motion") and its exhibits (i.e., Exhibits D-U) are subject to the "lower" good cause standard as the Motion is a non-dispositive motion. *See Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-cv-06593-HSG, 2021 WL 1312748, at *5 (N.D. Cal. Apr. 8, 2021) (applying good cause standard to motion for leave to amend). Good cause requires a "particularized showing that specific prejudice or harm will result if the information is disclosed." *Id.* (citation modified).

## II. DISCUSSION

Defendants submit that they satisfy both the "good cause" and "compelling reason" standards and respectfully request that portions of the Motion and Exhibits A and B and the entirety of Exhibits D-U be sealed. These materials consist of Defendants' internal, nonpublic and highly sensitive business information and interactions with third parties pertaining to model training and

development.

| Document | Sealing Request |
|---|---|
| Plaintiffs' Motion to Modify Scheduling Order and For Leave to File Second Amended Consolidated Complaint | Defendants seek to seal the highlighted portions of the Motion. |
| Exhibit A (Plaintiffs' Proposed Second Amended Consolidated Complaint) | Defendants seek to seal the highlighted portions of Plaintiffs' Proposed Second Amended Consolidated Complaint. |
| Exhibit B (Redline Version of Plaintiffs' Proposed Second Amended Consolidated Complaint) | Defendants seek to seal the highlighted portions of the Redline Version of Plaintiffs' Proposed Second Amended Consolidated Complaint. |
| Exhibit D | Defendants seek to seal this exhibit in its entirety. |
| Exhibit E | Defendants seek to seal this exhibit in its entirety. |
| Exhibit F | Defendants seek to seal this exhibit in its entirety. |
| Exhibit G | Defendants seek to seal this exhibit in its entirety. |
| Exhibit H | Defendants seek to seal this exhibit in its entirety. |
| Exhibit I | Defendants seek to seal this exhibit in its entirety. |
| Exhibit J | Defendants seek to seal this exhibit in its entirety. |
| Exhibit K | Defendants seek to seal this exhibit in its entirety. |
| Exhibit L | Defendants seek to seal this exhibit in its entirety. |
| Exhibit M | Defendants seek to seal this exhibit in its entirety. |

| Document | Sealing Request |
|---|---|
| Exhibit N | Defendants seek to seal this exhibit in its entirety. |
| Exhibit O | Defendants seek to seal this exhibit in its entirety. |
| Exhibit P | Defendants seek to seal this exhibit in its entirety. |
| Exhibit Q | Defendants seek to seal this exhibit in its entirety. |
| Exhibit R | Defendants seek to seal this exhibit in its entirety. |
| Exhibit S | Defendants seek to seal this exhibit in its entirety. |
| Exhibit T | Defendants seek to seal this exhibit in its entirety. |
| Exhibit U | Defendants seek to seal this exhibit in its entirety. |

Defendants maintain that the identified portions of the Motion and Exhibits A and B should remain under seal. Additionally, Defendants maintain that Exhibits D-U should be sealed in their entirety. These materials, communications, and deposition transcripts contain confidential technical and internal business information about model training and development. Decl. of Eric Berger ("Berger Decl.") ¶¶ 3-5. In addition, Exhibits H, I, J, K, M, O, P, S, T, and U contain information regarding Defendants' customers and other third parties. *Id.* ¶¶ 3-4. Courts have repeatedly found that materials including this type of confidential business information meet the "compelling reasons" standard and warrant sealing. *See, e.g.*, *Skillz Platform*, 2023 WL 7678649, at *2 (collecting cases); *Transperfect Global, Inc. v. MotionPoint Corp.*, No. C 10-2590 CW, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) (sealing portions of brief and exhibits containing "proprietary information concerning Defendant's technology"); *X One, Inc. v. Uber Techs., Inc.*, No. 16-cv-06050-LHK, 2020 WL 718310, at *3 (N.D. Cal. Feb. 12, 2020) (sealing "information relating to … business strategies").

Disclosure of these materials would cause Defendants competitive harm. Berger Decl. ¶ 6. Defendants operate in a competitive industry. Disclosure of internal, confidential information about model development and training would threaten business interests. This information if disclosed, would provide competitors with insight into proprietary, nonpublic details about Defendants' internal processes that competitors could exploit. *Id.* Courts have found that a compelling reason to seal documents exists when the information to be sealed "could allow competitors to learn the operation and functionality of [a party's] technical capabilities." *X One*, 2020 WL 718310, at *2 (citation modified); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (explaining that despite the presumption of public access to judicial records, courts have not let documents become "sources of business information that might harm a litigant's competitive standing").

Finally, a less restrictive alternative would not suffice here. Defendants seek to maintain only certain portions of the Motion and Exhibits A and B under seal. And because Exhibits D-U contain detailed, technical, and proprietary information and information regarding customers and third parties, limited redactions would not suffice to protect this proprietary, confidential, internal information. *See Contour IP Holding, LLC v. GoPro, Inc.*, No. 3:17-cv-04738-WHO, 2020 WL 10147135, at *4 (N.D. Cal. Oct. 26, 2020) (granting request to seal where "the document itself might be produced in a confidential context that would necessarily create competitive harm if made public").

## III. CONCLUSION

For these reasons, there are compelling reasons to keep the identified portions of the Motion and Exhibits A and B, as well as Exhibits D-U in their entirety, under seal.

Dated: November 28, 2025

FENWICK & WEST LLP

By: */s / Jedediah Wakefield*
Jedediah Wakefield (CSB No. 178058)
jwakefield@fenwick.com

Ryan Kwock (CSB No. 336414)
rkwock@fenwick.com
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 650.938.5200

David Hayes (CSB No. 122894)
dhayes@fenwick.com
Diana C. Buck (CSB No. 339314)
dbuck@fenwick.com
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Deena J.G. Feit (admitted *pro hac vice*)
dfeit@fenwick.com
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 650.938.5200

Charles Moulins (admitted *pro hac vice*)
cmoulins@fenwick.com
Justine Vandermel (admitted *pro hac vice*)
justine.vandermel@fenwick.com
902 Broadway, 18th Floor
New York, NY 10010
Telephone: 212.430.2600
Facsimile: 650.938.5200

Zachary Harned (CSB No. 335898)
zharned@fenwick.com
730 Arizona Avenue, 1st Floor
Santa Monica, CA 90401
Telephone: 310.434.5400
Facsimile: 650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly
MOSAIC ML, INC.