JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
RYAN KWOCK (CSB No. 336414)
rkwock@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

DAVID HAYES (CSB No. 122894)
dhayes@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly MOSAIC ML, INC.

FENWICK & WEST LLP

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

*In Re Mosaic LLM Litigation*

Master File Case No. 3:24-cv-01451-CRB

**DECLARATION OF RYAN KWOCK IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED CONSOLIDATED COMPLAINT**

Date: January 16, 2026
Time: 10:00 a.m.
Location: Video Conference (Zoom)
Judge: Hon. Charles R. Breyer

I, Ryan Kwock, declare as follows:

1. I am an attorney admitted to practice in California and before this Court. I am an associate at the law firm of Fenwick & West LLP, counsel for Defendants Databricks, Inc. and Mosaic ML, LLC, formerly Mosaic ML, Inc. I submit this declaration in support of Defendants' Opposition to Plaintiffs' Motion to Modify Scheduling Order and for Leave to File Second Amended Consolidated Complaint (the "Motion"). I am familiar with the facts set forth in this declaration and, if called upon to do so, I could competently testify to those facts.

**A. Documents Cited in Plaintiffs' Motion**

2. During fact discovery in this case, Defendants have produced documents on a rolling basis, and document production was substantially complete by August 22, 2025. By that time, Defendants had produced the majority of the documents on which Plaintiffs rely in their Motion.

3. Most of the produced documents that Plaintiffs cite in their Motion were produced between June 25, 2025 and August 22, 2025. Plaintiffs' Exhibit D was produced on July 15, 2025; Exhibit E was produced on August 13, 2025; Exhibit I was produced on August 22, 2025; Exhibit J was produced on August 22, 2025; Exhibit K was produced on August 22, 2025; Exhibit L was produced on July 14, 2025; Exhibit O was produced on August 22, 2025; and Exhibit Q was produced on June 25, 2025.

4. Through August 2025, Defendants had produced more than 100 documents relating to instances where customers received links to cloud-based repositories containing datasets that Plaintiffs contend contain copies of their books. Those documents include Slack communications and emails (both internal and external communications) showing how and when Defendants provided those links, and documents identifying specific customers who requested and/or received the links—including customers that Plaintiffs now seek to depose. Those documents also included more than 40 email notifications regarding internal engineering tickets about making the datasets available.

FENWICK & WEST LLP

FENWICK & WEST LLP

**i. The Engineering "Tickets" Cited in Plaintiffs' Motion**

5. While Defendants produced three of the documents relied on by Plaintiffs (Exhibits M, N, and P) on November 12, 2025, those documents are engineering "tickets" that correspond substantively to email notifications. Defendants produced the full tickets on November 12, 2025, after Plaintiffs requested them on November 11, 2025, but, as discussed below, the relevant content of the tickets was included in email notifications that Defendants produced in July and August 2025.

6. Plaintiffs cite Ex. M as containing a "[redacted]." Mot. at 8. Defendants produced email notifications from this ticket in July and August showing the links and providing the same information about [redacted]. **Exhibits 1-3** are true and correct copies of these produced email notifications pertaining to the same ticket as Plaintiffs' Ex. M.

7. Plaintiffs cite Ex. N to show that "[redacted]." Mot. at 8. Defendants produced email notifications in July 2025 [redacted]. **Exhibits 4-5** are true and correct copies of these produced email notifications pertaining to the same ticket as Plaintiffs' Ex. N.

8. Plaintiffs cite Ex. P to show that "[redacted]." Mot. at 9. Defendants produced an email notification from that ticket in August 2025, concerning [redacted]. **Exhibit 6** is a true and correct copy of that produced email notification pertaining to the same ticket as Plaintiffs' Ex. P.

**ii. Deposition Testimony Cited in Plaintiffs' Motion**

9. The deposition testimony cited in Plaintiffs' Motion discusses the same information shown in the documents that Defendants had produced to Plaintiffs months earlier. These include documents Plaintiffs cite in their motion, **Exhibits 1-6** discussed above, and **Exhibits 7 and 8**. **Exhibit 7** is a true and correct copy of MOSAIC_ONAN_00012421, which was produced on July

15, 2025. **Exhibit 8** is a true and correct copy of MOSAIC_ONAN_00033546, which was produced on August 22, 2025.

10. For example, Plaintiffs' Exhibit R cites testimony about [redacted], and third parties' ability to access certain datasets made available online. This information was available in documents Defendants produced in June, July, and August 2025. *See, e.g.*, Pls.' Ex. E (MOSAIC_ONAN_00022529) (produced August 13, 2025); Pls.' Ex. Q (MOSAIC_ONAN_00001072) (produced June 25, 2025); **Exhibit 4** (MOSAIC_ONAN_00012412) (produced July 15, 2025); **Exhibit 7** (MOSAIC_ONAN_00012421) (produced July 15, 2025).

11. Similarly, Plaintiffs' Exhibit S cites testimony about [redacted] and customers' access to certain AWS buckets. That information was reflected in documents produced to Plaintiffs in July and August 2025. *See, e.g.*, Pls.' Ex. E (MOSAIC_ONAN_00022529) (produced August 13, 2025); **Exhibit 4** (MOSAIC_ONAN_00012412) (produced July 15, 2025).

12. Plaintiffs' Exhibit T cites testimony about MosaicML allegedly [redacted] with other customers. That information was reflected in documents produced to Plaintiffs in August 2025. *See, e.g.*, **Exhibit 1** (MOSAIC_ONAN_00035336) (produced August 22, 2025); **Exhibit 4** (MOSAIC_ONAN_00012412) (produced July 15, 2025); **Exhibit 6** (MOSAIC_ONAN_00035335) (produced August 22, 2025).

13. Plaintiffs' Exhibit U cites testimony about [redacted], potential research surrounding [redacted], and Defendants allegedly sharing the MPT data with certain customers. That information was reflected in documents produced to Plaintiffs in June, July, and August 2025. *See, e.g.*, Pls.' Ex. Q (MOSAIC_ONAN_00001072) (produced June 25, 2025); Pls.' Ex. E (MOSAIC_ONAN_00022529) (produced August 13, 2025); **Exhibit 8** (MOSAIC_ONAN_00033546) (produced August 22, 2025).

14. Plaintiffs also cite Exhibit U to show that "the MPT StoryWriter model was finetuned on a subset of Books3 originated from The Pile, filtered to fiction books." Mot. 8. This information has been publicly available on the blogpost describing the release of the StoryWriter model since May 5, 2023 (*see* https://www.databricks.com/blog/mpt-7b), which Plaintiffs cited in their original complaint. *See* Dkt. 1 ¶ 39. A copy of this webpage was also produced to Plaintiffs on February 18, 2025.

**iii. Plaintiffs' Delay in Moving to Amend**

15. After telling the Court that they intended to seek leave to amend in August 2025, throughout September and October, Plaintiffs did not confer with Defendants about their proposed amended complaint or let Defendants know what claims they intended to add.

16. Plaintiffs started to take depositions in October 2025, with Plaintiffs taking their first deposition on October 10, 2025.

17. On November 12, 2025, the week before fact discovery closed, Plaintiffs for the first time sent Defendants a draft of their proposed SACC.

**B. Prejudice to Defendants**

18. Defendants have expended substantial time and resources collecting, searching, reviewing, and producing documents. Defendants have similarly invested significant time and resources preparing for and defending depositions.

19. Plaintiffs have sought extensive discovery pertaining to DBRX. Plaintiffs have served more than 80 requests for production and 20 interrogatories that they have claimed implicate DBRX. Given the Court's orders on DBRX (Dkts. 162, 163), Defendants refused to respond to many of these requests.

20. Plaintiffs also served 30(b)(6) deposition topics that included more than 20 topics seeking information that Plaintiffs claim implicate DBRX. Consistent with the Court's earlier orders, Defendants did not produce a witness on DBRX.

I declare under penalty of perjury under the laws of United States that the foregoing is true and correct.

FENWICK & WEST LLP

Executed on this the 4th day of December, 2025.

By: */s/ Ryan Kwock*
Ryan Kwock