UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re Mosaic LLM Litigation*

Case No. 24-cv-01451-CRB (LJC)

**ORDER RESOLVING DISCOVERY DISPUTE REGARDING THIRD-PARTY DEPOSITIONS**

Re: ECF No. 201

Before the Court is the parties' discovery letter brief, filed on November 25, 2025, disputing whether Plaintiffs may take five third-party depositions. ECF Nos. 199-2, 201.[1] Plaintiffs wish to depose Amazon Web Services, former MosaicML employee Nicholas Sapp, and three of Defendants' customers. The Court held a hearing on the matter on December 4, 2025. Having considered the relevant legal authorities and arguments presented, Plaintiffs' request to depose five third parties is DENIED without prejudice. However, the Court orders that the 30(b)(6) deposition of Hanlin Tang[2] be reopened for an additional two hours for further questioning regarding Topics 37 and 40. The parties' joint administrative motion for leave to file excess pages as exhibits to their letter brief is granted. ECF No. 200.

I.  **BACKGROUND**

The Court assumes the parties' familiarity with the overall procedural and factual background of the case and provides a limited summary of the procedural history only to

---

[1] A redacted copy of the letter brief was filed at ECF No. 201. An unredacted copy was filed under seal at ECF No. 199-2. Throughout this Order, the undersigned cites to the version of the letter brief filed under seal.
[2] Or, if the parties so stipulate, a different 30(b)(6) witness.

contextualize its ruling. Plaintiffs' First Amended Consolidated Complaint asserts a claim against Defendant MosaicML for direct copyright infringement and a claim against Defendant Databricks for vicarious copyright infringement. *See* ECF Nos. 131, 162. Plaintiffs have filed a motion for leave to file a second amended consolidated complaint to, among other things, revive their direct infringement claim against Databricks and add in claims for contributory infringement and inducement of infringement against both Defendants. *See* ECF No. 196-3 at ¶¶ 66-100. Defendants oppose. ECF No. 213. The matter is set for a hearing in front of Judge Breyer in January 2026. *See* ECF No. 196.

The close of fact discovery was on November 21, 2025. The Court previously granted Plaintiffs' request to take five extra party depositions (in addition to the ten allowed under Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure) and provided the parties "a brief extension" of the discovery deadline—until December 5, 2025—to complete these depositions. ECF No. 187. Plaintiffs now seek to depose five additional nonparties. ECF No. 201. Plaintiffs filed an administrative motion to amend the case schedule and continue the discovery cutoff to January 5, 2026, which Defendants opposed. ECF Nos. 191, 198. Judge Breyer has yet to rule on that administrative motion.

## II.    LEGAL STANDARD

A party may generally "depose any person" without leave of the court. Fed. R. Civ. P. 30(a)(1). A nonparty "deponent's attendance may be compelled by subpoena under Rule 45." *Id.* However, absent stipulation, a party must obtain leave of the court to take more than ten depositions. Fed. R. Civ. P. 30(a)(2). "[T]he court must grant leave" to take more than ten depositions "to the extent consistent with Rule 26(b)(1) and (2)." *Id.* Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering," among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(2)(A) authorizes courts to "alter the limits in these rules on the number of depositions … or on the length of depositions under Rule 30." Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
>> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>>
>> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>>
>> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Accordingly, in evaluating whether to grant Plaintiffs leave to take the additional five depositions, the Court considers the factors enumerated in Rule 26(b). "[T]he burden inquiry includes considering whether the proposed discovery can feasibly be completed" within the existing case schedule. *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417-VC (TSH), 2024 WL 4502099, at *1 (N.D. Cal. Oct. 15, 2024).

### III.  ANALYSIS

Defendants argue that the discovery Plaintiffs seek through their third-party depositions is not relevant to the current claims and defenses, and that Plaintiffs are improperly fishing for evidence to support their unpled contributory infringement claim. ECF No. 199-2 at 4-5. The Court sees where Defendants are coming from—the discovery Plaintiffs seek is more obviously relevant to Plaintiffs' unpled claims—but agrees with Plaintiffs that the third-party depositions seek discovery relevant to their existing claims and Defendants' fair use defense. ECF No. 199-2 at 4. Plaintiffs' existing direct infringement claim asserts that MosaicML distributed Plaintiffs' works without permission, and how Defendants' used Plaintiffs' works—including, arguably, if they distributed the works for commercial purposes—will likely bear on the fair use defense. *See* ECF No. 131 at ¶¶ 38, 50; 17 U.S.C. § 107(1). Plaintiffs seek to depose one of the platforms Defendants used to allegedly host and share the datasets, three of the customers to whom Defendants allegedly distributed the datasets, and a former employee familiar with the alleged distribution and technological procedures for making datasets available to customers. It is likely that such depositions would yield testimony relevant to Defendants' alleged distribution of the

3

1   datasets. Although the Court does not view the alleged distribution as a central part of Plaintiffs'
2   claims or the fair use defense, discovery into this topic is relevant.
3         But the analysis does not end with relevance. *See* Fed. R. Civ. P. 26(b). Although some of
4   the Rule 26(b)(1) factors weigh in favor of permitting the extra depositions—namely, the amount
5   in controversy and the importance of the issues at stake in this action—the Court finds that
6   allowing the five depositions is not proportional to the needs of the case. First, Plaintiffs' request
7   is untimely. Plaintiffs explain that they "notified Defendants of their intent to seek third-party
8   depositions on November 14." ECF No. 199-2 at 4. That was seven days before the close of fact
9   discovery. Although Plaintiffs argue that the belatedness of their request was "a problem of
10  Defendants' own making" because Defendants' 30(b)(6) witnesses were unprepared to testify
11  about the distribution of datasets, this does not excuse Plaintiffs' delay in raising this issue.[3] *Id.*
12  As Plaintiffs acknowledged during the hearing, Defendants substantially completed document
13  production in August. Plaintiffs were aware of the dataset distribution issue well before the
14  discovery cut-off and should have diligently sought third-party depositions within the discovery
15  timeframe. Permitting the third-party depositions at this late stage would derail the case schedule.
16        Second, the depositions appear somewhat duplicative of discovery Plaintiffs have obtained
17  from Defendants. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (permitting the court to limit discovery if "the
18  discovery sought is unreasonably cumulative or duplicative"). As Defendants explain, "Plaintiffs
19  have already deposed multiple witnesses at length" about "Defendants' alleged sharing of datasets
20  with a limited number of enterprise customers" and Plaintiffs have obtained "significant
21  documentary discovery into alleged dataset sharing." *Id.* at 5-6; *see, e.g.*, ECF Nos. 199-10 at 10-
22  11, 199-11 at 5-12. Information from third parties would likely supplement what Plaintiffs have
23  already obtained from Defendants or allow Plaintiffs to corroborate Defendants' witnesses'
24  testimony about the alleged distribution, but this is not a situation where Plaintiffs' only source for
25  relevant material is from third parties. As discussed below, to the extent Plaintiffs were unable to
26  obtain discovery from Defendants because Defendants' 30(b)(6) witness was not prepared to

---

[3] As discussed below, the Court views the appropriate remedy for an unprepared 30(b)(6) witness as re-opening the 30(b)(6) deposition, not jumping straight to third-party depositions.

testify about the noticed topics, such deficiencies may be cured by reopening the 30(b)(6) deposition. *See Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 540 (D. Nev. 2008) ("[I]f an organization designates a witness it believes in good faith would be able to provide knowledgeable responsive testimony and it becomes apparent during the deposition that the designee produced is unable to respond to relevant areas of inquiry, the responding party has a duty to designate an additional knowledgeable deponent.").

Third, it is not apparent that the discovery Plaintiffs seek could not "be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiffs argue that they must be permitted to depose Amazon Web Services (AWS) to learn who downloaded the datasets hosted on AWS. ECF No. 199-2 at 2-3. But, as Plaintiffs acknowledged, they have subpoenaed the access logs from AWS and are in talks with AWS regarding their production. Without prejudice to any arguments the parties or AWS may raise regarding production of the access logs, that Plaintiffs are in the process of obtaining information they need through less burdensome means undercuts their need to depose AWS.

Plaintiffs' request to depose AWS, Nicholas Sapp, and three of Defendants' customers identified in the letter brief is accordingly DENIED without prejudice to Plaintiffs' renewing their request if Judge Breyer modifies the case schedule or permits Plaintiffs to amend their complaint, or if ongoing discovery reveals information that would significantly alter the relevance and proportionality analysis above.

As noted, Plaintiffs argue that one of the reasons the third-party depositions are justified is that Defendants' 30(b)(6) designee, Hanlin Tang, was not prepared to testify fully about deposition Topics 37 ("The instances in which You provide or have provided access to your Training data to third parties, including customers and the public, and any policies regarding the same.") and 40 ("The technological support You provide to third parties, including customers and the public, to download and use Pirated books datasets to train LLMs."). ECF No. 199-2 at 2. They cite to testimony where Tang was unable to answer specific questions regarding customers' access of the datasets and where Tang explained that former MosaicML employee Nicholas Sapp would likely know the answer to Plaintiffs' questions but that Tang did not know if Sapp had been

5

1    contracted in preparation for the 30(b)(6) deposition. *Id.* at 2-3. Defendants dispute that Hanlin
2    Tang was unprepared and argued at the hearing that they had no obligation to contact a former
3    employee as part Tang's 30(b)(6) preparation.
4          Although a "Rule 30(b)(6) designee is not required to have personal knowledge on the
5    designated subject matter," a corporate party "has a duty to make a conscientious, good-faith effort
6    to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and
7    unevasively answer questions about the designated subject matter." *Great American*, 251 F.R.D.
8    at 539 (quotation marks omitted). "The fact that an organization no longer has a person with
9    knowledge on the designated topics does not relieve the organization of the duty to prepare a Rule
10   30(b)(6) designee." *Id.* Although "it is not uncommon to find that a corporation no longer
11   employs individuals" knowledgeable about past events, this does "not relieve a corporation from
12   preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from
13   documents, past employees, or other sources." *Id.* (quotation marks omitted); *see Flodin v. Cent.
14   Garden & Pet Co.*, No. 21-cv-01631-JST (DMR), 2024 WL 3387620, at *2 (N.D. Cal. July 11,
15   2024) (explaining that a responding organization has a duty to educate its 30(b)(6) designee with
16   information "reasonably available to the corporation, which includes … information from past
17   employees"). Tang testified that former MosaicML employee Nicholas Sapp was knowledgeable
18   about the specifics of providing customers access to the datasets. *See, e.g.*, ECF No. 199-5 at 12
19   ("We'd probably have to ask the IT team … Probably ask Nicholas Sapp."). Mr. Tang testified,
20   and Defendants' counsel confirmed, that Mr. Sapp was not contacted in preparation for the
21   30(b)(6) deposition. This supports Plaintiffs' argument that Defendants did not prepare Mr. Tang
22   "to fully and unevasively answer questions about" Topics 37 and 40, and warrants the reopening
23   of Mr. Tang's 30(b)(6) deposition for the limited purpose of questioning him about these topics.
24   *Great American*, 251 F.R.D. at 539 (quotation marks omitted). Defendants must comply with
25   their obligations under Rule 30(b)(6) and prepare their "Rule 30(b)(6) designee to the extent
26   matters are reasonably available, whether from documents, past employees, or other sources" to
27   testify on Topics 37 and 40. *Id.* The Court is cognizant of the burden on Defendants, particularly
28   given that fact discovery has now closed, and limits the reopened 30(b)(6) deposition to two hours

1  on the record.
2  **IT IS SO ORDERED.**
3  Dated: December 8, 2025

_____
LISA J. CISNEROS
United States Magistrate Judge