[Counsel on signature pages]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

*In Re Mosaic LLM Litigation*

Case No. 3:24-cv-01451-CRB
Consolidated with Case No. 3:24-cv-02653-CRB

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED CONSOLIDATED COMPLAINT**

Judge: Hon. Charles R. Breyer

Date: January 16, 2026
Time: 10:00 a.m.
Location: Video Conference (Zoom)

# TABLE OF CONTENTS

Page(s)


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. Plaintiffs Satisfy the Good Cause Standard Under Rule 16 .......... 2

1. Plaintiffs have been Diligent in Seeking Discovery and Promptly Moved to Amend after Establishing a Basis for Amendment .......... 2

2. Plaintiffs' Amendment Does Not Prejudice Defendants .......... 6

B. Plaintiffs Satisfy the Remaining *Foman* Factors Under Rule 15 .......... 9

1. Plaintiffs Seek to Amend in Good Faith .......... 9

2. Plaintiffs' Amendment is not Futile .......... 10

3. Plaintiffs have not Failed to Cure Deficiencies in Prior Amendments .......... 11

III. CONCLUSION .......... 11

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Akey v. Placer Cnty.*,
No. 2:14–cv–2402 KJM DB, 2017 WL 1831944 (E.D. Cal. May 8, 2017) .............................5

*Andersen v. Stability AI Ltd.*,
744 F. Supp. 3d 956 (N.D. Cal. 2024) .........................................................................11

*Callan v. Amdahl Corp.*,
No. 3:94-cv-00295-VRW, 1995 WL 261420 (N.D. Cal. Apr. 24, 1995) ..............................5, 6

*Cervantes v. Zimmerman*,
No. 3:17-cv-01230-BAS-AHG, 2019 WL 1129154 (S.D. Cal. Mar. 12, 2019)....................5, 9

*Chan v. ArcSoft, Inc.*,
No. 19-cv-05836-JSW, 2022 WL 22863221 (N.D. Cal. Nov. 23, 2022) ................................2

*Chodos v. W. Publ'g Co.*,
292 F.3d 992 (9th Cir. 2002) .........................................................................................11

*Cress v. Nexo Cap. Inc.*,
No. 3:23-cv-00882-TSH, 2025 WL 3034067 (N.D. Cal. Oct. 30, 2025) ................................8

*dpiX LLC v. Yieldboost Tech, Inc.*,
*No. 4:14-cv-05382-JST*, 2015 WL 5158534...............................................................5, 6, 9, 10

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ..........................................................................................9

*Entangled Media, LLC v. Dropbox Inc.*,
348 F.R.D. 649 (N.D. Cal. 2025)...................................................................................1, 3

*Foman v. Davis*,
371 U.S. 178 (1962)....................................................................................................1, 2, 9

*Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*,
No. 2:05-cv-00583-LKK-GGH, 2006 WL 3733815 (E.D. Cal. Dec. 15, 2006) .......................4

*Herrera v. Cnty. of San Benito*,
No. 5:24-cv-01133-NC, 2025 WL 2323350 (N.D. Cal. Aug. 11, 2025) ..................................8

*In re Intuitive Surgical Sec. Litig.*,
No. 5:13-cv-01920-EJD, 2017 WL 363269 (N.D. Cal. Jan. 25, 2017) ....................................4

*Kadrey v. Meta Platforms, Inc.*,
No. 3:2023cv03417, 2025 WL 82205 (N.D. Cal. Jan. 13, 2025) ............................................7

*Muench Photography, Inc. v. Pearson Educ., Inc.*,
No. 3:12-cv-01927-WHO, 2013 WL 4426493 (N.D. Cal. Aug. 15, 2013)................................6

*Padilla v. Sears, Roebuck & Co.*,
No. 5:12-cv-00653-EJD, 2012 WL 5505071 (N.D. Cal. Nov. 13, 2012).................................9

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
460 F.3d 1217 (9th Cir. 2006) .........................................................................................9

*Pizana v. SanMedica Int'l LLC*,
345 F.R.D. 469 (E.D. Cal. 2022) ...................................................................................4, 5

*Rodarte v. Alameda Cnty.*,
No. 4:14-cv-00468-KAW, 2015 WL 5440788 (N.D. Cal. Sept. 15, 2015)...............................9

*Snapkeys, Ltd. v. Google LLC*,
539 F. Supp. 3d 1040 (N.D. Cal. 2021) ..........................................................................10

*Spin Master Ltd v. Your Store Online*,
No. 2:09-cv-02121-CAS-JC, 2010 WL 4883884 (C.D. Cal. Nov. 22, 2010)...........................8

*The Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
No. 05-cv-04158-MHP, 2008 WL 624771 (N.D. Cal. Mar. 4, 2008) ..................................3, 6

*TrustLabs, Inc. v. Jaiyong*,
No. 3:21-cv-02606-CRB, 2024 WL 1354486 (N.D. Cal. Mar. 30, 2024) ................................8

**Federal Statutes**

Copyright Act.................................................................................................................1

**Rules**

Fed. R. Civ. P. 15(a)(2).....................................................................................................9

Fed. R. Civ. P. § 15 ...................................................................................................1, 2, 6, 9

Fed. R. Civ. P. § 16 ...................................................................................................... *passim*

Fed. R. Civ. P. § 16(b) ......................................................................................................1

Fed. R. Civ. P. § 30(b)(6).............................................................................................3, 10

## I. INTRODUCTION

The proposed Second Amended Consolidated Complaint ("SACC") expands on and bolsters Plaintiffs' core theory: Defendants violated Plaintiffs' and Class members' exclusive rights under the Copyright Act on a massive scale through the unauthorized use of pirated works included in the Books3 and RedPajama-Books datasets. It does not, as Defendants claim, present "fundamentally new and different claims" or "radically expand this case." Defendants' Opposition to Plaintiffs' Motion to Modify Scheduling Order and for Leave to File Second Amended Consolidated Complaint ("Opp."), Dkt. 213 at 1. Plaintiffs satisfy the good cause standard under Rule 16 and the liberal amendment standard under Rule 15. The proposed SACC conforms to proof gathered through careful and diligent discovery evidencing that: 1) MosaicML extensively used [redacted] during the development of the MPT models; 2) Databricks [redacted] following its acquisition of MosaicML to develop its own models; and 3) MosaicML and Databricks distributed [redacted] datasets. Plaintiffs' Motion to Modify Scheduling Order and for Leave to File Second Amended Consolidated Complaint ("Mot."), Dkt. 196 at 4-10 (describing recent discovery supporting Plaintiffs' proposed new claims). Based on this discovery, the SACC expands the pre-existing direct infringement claim to add a claim against Databricks, bolsters the allegation that both MosaicML and Databricks violated Plaintiffs' and Class members' right to reproduction and distribution, and adds new claims for contributory infringement and inducement of copyright infringement stemming from [redacted]. Plaintiffs' incorporation of these facts diligently collected through document discovery and depositions into the SACC is far from a transformation of this litigation—it falls well within the Rule 15 and 16 standards.

## II. ARGUMENT

Plaintiffs satisfy the good cause standard under Rule 16 and the *Foman* factors under Rule 15 for amendment. "In evaluating diligence for the purposes of Rule 16(b) . . . courts generally consider both when the relevant facts were learned *and* whether the moving party was diligent in seeking discovery of those facts." *Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 654 (N.D. Cal. 2025). Plaintiffs promptly sought to amend after ascertaining new facts during the weeks preceding their motion, and

while simultaneously reviewing Databricks' final document productions and taking multiple depositions per week. Plaintiffs, furthermore, were diligent in pursuing the discovery that underlies their amendment. "Allowing parties to amend based on information obtained through discovery is common and well established." *Chan v. ArcSoft, Inc.*, No. 19-cv-05836-JSW, 2022 WL 22863221, at *3 (N.D. Cal. Nov. 23, 2022). Plaintiffs also easily satisfy Rule 15's liberal standard for amendment. There has been no undue delay, bad faith, or prejudice to Defendants, and amendment would not be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendants' attempts to argue otherwise fail. Plaintiffs' motion should be granted.

### A. Plaintiffs Satisfy the Good Cause Standard Under Rule 16

#### 1. Plaintiffs have been Diligent in Seeking Discovery and Promptly Moved to Amend after Establishing a Basis for Amendment

The gravamen of Defendants' opposition is that Plaintiffs failed to diligently pursue amendment under Rule 16. In support, Defendants cherry pick documents produced in July and August 2025 that they claim Plaintiffs could have used to file their amended complaint earlier. Opp. at 8-10. Not so.

First, while Defendants did produce certain documents in July and August 2025 showing that they shared datasets containing Plaintiffs' works with third parties, Defendants continued producing *key documents* involving the use and distribution of datasets through September, October, and November—all the way up until the close of fact discovery on November 21. Mot. at 5-10 (citing Castillo Guardado Decl., Dkt. 196-1 at Ex. G (produced October 8, 2025); Ex. F (produced October 29, 2025); Ex. M (produced November 12, 2025); Ex. N (produced November 12, 2025)). For example, Defendants produced documents in September 2025 showing that [redacted]. Mot. at 6 (Castillo Guardado Decl. at Ex. H).

Defendants' contention that Plaintiffs "have had the email notifications containing the relevant substance" of engineering tickets relating to the distribution of datasets since July and August 2025 is misleading. Opp. at 9. Those "engineering tickets" were not produced in full until November 2025. Up until then, Defendants had produced only incomplete fragments of the tickets which omitted *key* information, such as critical back-and-forth discussions between employees about what type of information to distribute to customers. For example, an engineering ticket produced November 12, 2025

revealed that MosaicML employee Cody Blakeney had created the ticket [redacted]—email notifications produced prior to that date did not contain this crucial information. Castillo Guardado Decl. at Ex. P.

Second, Plaintiffs add numerous new allegations in the SACC. No single document is sufficient to support *every allegation* in the SACC. Because of this, after receiving new documents in September, October, and November, Plaintiffs sought to contextualize and obtain corroborating deposition testimony regarding Defendants' production before moving to amend. Indeed, to say that Plaintiffs sat idly by is simply false. Beginning on October 10 and through November 20 (the date Plaintiffs filed their motion), Plaintiffs completed eight depositions, including two Rule 30(b)(6) corporate designees. Among other topics, the 30(b)(6) witnesses were specifically designated to testify as to how Defendants distributed datasets to customers and the public and which datasets were included. Plaintiffs sought to verify, corroborate, and investigate Defendants' document productions through deposition testimony prior to moving for leave to amend. This shows Plaintiffs' diligent pursuit of evidence detailing the massive scale of Defendants' copyright infringement.

The SACC reflects Plaintiffs' diligent discovery efforts. Discovery has revealed that Defendants effectively operated their own pirate library, giving their customers and the public access to [redacted]. And beyond simply trying to understand the universe of pirated books used by Defendants, Plaintiffs—before moving to amend—also conducted discovery into the technical details of Defendants' infringement. For instance, Plaintiffs explored Defendants' widespread distribution of the books, including by seeking and securing corroborating testimony from senior Databricks executives and corporate designees. This degree of thorough discovery is precisely the type of diligence contemplated by the good cause standard. *See The Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, No. 05-cv-04158-MHP, 2008 WL 624771, at *7 (N.D. Cal. Mar. 4, 2008) (finding good cause under Rule 16 because "[d]espite the availability of [] documentary evidence, it was reasonable—indeed, perhaps necessary—for [Defendant] to wait until after obtaining corroborating deposition testimony before attempting to amend its answer."); *Entangled Media,* 348 F.R.D. at 655 (same). Courts routinely find diligence under these circumstances in complex litigation "in which the discovery process has been a

massive undertaking for both parties." *Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. 2:05-cv-00583-LKK-GGH, 2006 WL 3733815, at *4 (E.D. Cal. Dec. 15, 2006) (finding "reasonable diligence" where depositions took over seven months to complete and motion to amend was filed approximately two months thereafter); *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 481 (E.D. Cal. 2022) ("[D]ue to the number of depositions and manner in which the factual information supporting the proposed amendments unfolded over several depositions taken in September and November 2020, plaintiff acted with sufficient diligence in seeking amendment by filing its pending motion on December 23, 2020."); *In re Intuitive Surgical Sec. Litig.*, No. 5:13-cv-01920-EJD, 2017 WL 363269, at *2 (N.D. Cal. Jan. 25, 2017) (holding plaintiffs were diligent where they moved to amend "within weeks of the final document production and final deposition").

Defendants contend that Plaintiffs were not diligent because recent deposition testimony "relates to information disclosed in documents produced in August, July, or earlier." Opp. at 9. Defendants' position once again ignores that they produced *critical* related documents in September, October, and November of this year. And Defendants also ignore highly relevant deposition testimony relating to documents produced *after* August 2025. Such evidence not only relates to dataset distribution, but also to Databricks' use (as opposed to Mosaic's use) of [redacted], supporting the addition of a direct infringement claim against Databricks. For example, a text exchange produced on October 8, 2025 contains a message from Databricks' Chief Scientist Jonathan Frankle, in which he said that Databricks [redacted] Castillo Guardado Decl., Ex. G. Plaintiffs corroborated this during the October 29, 2025 deposition of former CEO of MosaicML and current Chief of AI at Databricks Naveen Rao, who confirmed that Databricks had [redacted] [1] Castillo Guardado Decl. at Ex. R (Rao Dep. T. 144:2-144:15). And Mr. Rao added the critical context that after acquiring MosaicML, Databricks [redacted] *Id*. This is precisely the type of "new information" uncovered through discovery that

[1] *See also* Castillo Guardado Decl. at Ex. F ([redacted]) (produced October 29, 2025 and corroborated during November 5, 2025 deposition of Cody Blakeney, Ex. S); Ex. N [redacted]) (produced November 12, 2025 and corroborated at deposition of Mr. Rao, Ex. R.)

courts look for in evaluating good cause under Rule 16. *See, e.g.*, *Pizana*, 345 F.R.D., at 479 (finding good cause where "plaintiff did not learn of the information underlying [] proposed amendments until depositions [were] taken."). "It may be reasonable for a plaintiff to delay seeking an amendment to place newly discovered information into context." *Cervantes v. Zimmerman*, No. 3:17-cv-01230-BAS-AHG, 2019 WL 1129154, at *7 (S.D. Cal. Mar. 12, 2019). That is what Plaintiffs have done here.[2]

Defendants' attempt to fault Plaintiffs for ensuring a robust factual basis to amend ignores that the Court previously dismissed Plaintiffs' direct infringement claim against Databricks for being "far too generalized to state a claim for copyright infringement." Dkt. 162 at 3.[3] Contrary to Defendants' assertions, the proposed SACC does exactly what the Court directed Plaintiffs to do: request leave to amend once discovery permits them to "allege facts—not conclusions—as to Databricks' liability for direct infringement." *Id*. at 5. *See Akey v. Placer Cnty.*, No. 2:14–cv–2402 KJM DB, 2017 WL 1831944, at *8 (E.D. Cal. May 8, 2017) (finding good cause where "plaintiffs rely heavily on information acquired through recent discovery," including depositions, to "address [] shortcomings" in prior complaint); *dpiX LLC v. Yieldboost Tech, Inc.*, *No. 4:14-cv-05382-JST,*, 2015 WL 5158534, at *4 ("Plaintiff's amendments appear to be good faith efforts to respond to Defendants' attacks on the sufficiency of the First Amended Complaint.").

Defendants' cases fail to support their opposition. In *Callan v. Amdahl Corp.*, the plaintiff sought to amend his complaint at the summary judgment stage to convert it from an individual discrimination case to a *class action*. The court denied the request, noting that the plaintiff had possessed the key

---

[2] Defendants further point to the public evidence that MosaicML used a subset of the Books3 dataset to train the MPT Storywriter model. Opp. at 9. This is entirely misdirection. The public blog post announcing the MPT Storywriter model states that the model was trained using Books3, without any reference to [redacted]. This blog post—along with all other public documents—only mentions that Defendants used the RedPajama dataset. Not until the recent depositions did Defendants clarify that the Books3 subset used for the Storywriter model was [redacted], not RedPajama. Castillo Guardado Reply Decl. at Ex. A (Frankle Dep. Tr. 254:8-15). Tellingly, Defendants point to no documents produced in discovery that show this information. The SACC only conforms the allegations to this fact derived from recent deposition testimony.

[3] Defendants implicitly recognize as much. The thrust of Defendants' previous opposition to Plaintiffs' motion to file the First Amended Consolidated Complaint centered near entirely on futility. *See* Dkt. 126 at 14-18. Defendants make no such arguments here (nor could they).

documents underlying his proposed amendment for months—and some since filing the initial complaint. *See* No. 3:94-cv-00295-VRW, 1995 WL 261420, at *5 (N.D. Cal. Apr. 24, 1995) ("In effect, plaintiff seeks to file an entirely new lawsuit on the eve of trial."). Nothing in Plaintiffs' SACC amounts to "an entirely new lawsuit," and the parties are not on the eve of trial—in fact, Plaintiffs moved to amend before the close of fact discovery. Likewise, in *Muench Photography, Inc. v. Pearson Educ., Inc.*, the Court focused not only on the elapsed time between plaintiff learning of new facts and moving for leave to amend, but also on the plaintiff's inexplicable failure to uncover these new facts when they were publicly available through internet searches. *See* No. 3:12-cv-01927-WHO, 2013 WL 4426493, at *2 (N.D. Cal. Aug. 15, 2013). This is not the case here. Further, in *Muench*, the Court did not ultimately deny leave to amend on grounds of undue delay under Rule 15. *See id.* at *3 ("The Court recognizes that 'delay alone no matter how lengthy is an insufficient ground for denial of leave to amend.'"). These cases involved circumstances that were very different from what Plaintiffs seek leave to do in this case: amend their complaint to conform to proof after diligently collecting documents and securing the corroborating deposition testimony necessary to allege facts, not conclusions, to support their additional allegations and claims. Dkt. 162 at 5.

**2. Plaintiffs' Amendment Does Not Prejudice Defendants**

Defendants' claim of prejudice is unavailing. Defendants focus on the *possibility* of having to conduct additional discovery due to Plaintiffs' proposed amendment. But the "specter of additional discovery does not mandate denial of leave where the party seeking amendment has justified its delay." *Bd. of Trs. of Leland Stanford Junior Univ.*, 2008 WL 624771, at *8. That is exactly the case here. As set forth above, Plaintiffs have diligently pursued discovery and sought to amend promptly after confirming the factual basis to do so through deposition testimony and recently produced documents. Plaintiffs have already served interrogatories, requests for production of documents, and requests for admission relating to the new allegations in the proposed SACC (*e.g.*, the distribution of pirated datasets to customers, the use of pirated books by Databricks and Mosaic, and the marketing and commercialization of pirated datasets with customers). Castillo Guardado Reply Decl. at ¶4.

Should the Court grant Plaintiffs' motion, Plaintiffs will request that Defendants supplement any already-served discovery responses with information or documents relating to the new claims (to the

extent Defendants have not already done so). To be clear, Plaintiffs are *not* seeking unbounded discovery into Databricks' DBRX models as Defendants argue. Discovery thus far shows that Databricks [redacted]. *See* Castillo Guardado Decl. at Ex. A (SACC) at ¶52 (describing [redacted]). Plaintiffs will not be renewing their request for DBRX's source code or training data, but will rather simply ask Defendants to finish producing outstanding discovery (if any) into how Databricks [redacted]. Plaintiffs thus in no way propose to dramatically alter the scope of discovery by way of seeking to amend their complaint. Indeed, the proposed new claims of infringement are directly tied to documents and facts that are within the scope of Defendants' pre-existing collection—most if not all of which have already been produced. Permitting Plaintiffs' amendment will not prejudice Defendants through burdensome additional discovery. *See Kadrey v. Meta Platforms, Inc.*, No. 3:2023cv03417, 2025 WL 82205, at *1 (N.D. Cal. Jan. 13, 2025) ("That Meta will need to defend against the new claims on the merits and may need to take additional discovery to do so does not constitute prejudice.").[4]

Defendants further argue that Plaintiffs' proposed amendment "would considerably alter the scope and nature" of the litigation and therefore result in prejudice. Opp. at 10 (citing *TrustLabs, Inc. v. Jaiyong*, No. 3:21-cv-02606-CRB, 2024 WL 1354486, at *7 (N.D. Cal. Mar. 30, 2024)). This is incorrect. Plaintiffs already attempted to assert a direct infringement claim against Databricks in their First Amended Consolidated Complaint ("FACC"). Defendants successfully moved to dismiss the claim—and thereafter produced discovery bolstering that claim. They cannot now argue that reasserting a direct infringement against Databricks—now supported by a detailed factual record—constitutes a considerable alteration of the scope of this litigation. Nor can Defendants claim that Plaintiffs' proposed claims for contributory infringement and inducement of infringement will result in a material transformation of this

[4] Defendants recently argued in opposition to Plaintiffs' request to modify the scheduling order that Plaintiffs "should not be allowed to serve any new discovery requests." Dkt. 198 at 6. While Plaintiffs' motion to amend the scheduling order, Dkt. 191, is unrelated to the motion to file the SACC, Plaintiffs generally agree. As Plaintiffs argued in their opening motion, "Plaintiffs do not anticipate the need to serve additional, new discovery requests." Mot. at 16. Any concerns Defendants have regarding extensive discovery resulting from the SACC can be alleviated by limiting additional discovery requests and limiting discovery into DBRX only to [redacted].

case. These proposed new claims merely seek to conform Plaintiffs' pleading to the now-established universe of facts—facts only recently revealed through discovery, which unambiguously relate to Plaintiffs' core theory of the case. *See Herrera v. Cnty. of San Benito*, No. 5:24-cv-01133-NC, 2025 WL 2323350, at *5 (N.D. Cal. Aug. 11, 2025) (finding no undue prejudice where the "added claims relate to Plaintiff's core theory").

Importantly, the operative complaint *already* alleges that Defendants distributed unauthorized copies of Plaintiffs' books. Magistrate Judge Cisneros directly acknowledged this fact in her Order entered earlier this week. *See* Dkt. 218 at 3 (finding "Plaintiffs' existing direct infringement claim asserts that MosaicML distributed Plaintiffs' works without permission"). Defendants can hardly claim prejudice from Plaintiffs adding additional facts to support these allegations, or the additional claims that these allegations plainly give rise to. "Having to defend new legal theories is a normal consequence of amendment" and does not indicate prejudice. *Cress v. Nexo Cap. Inc.*, No. 3:23-cv-00882-TSH, 2025 WL 3034067, at *7 (N.D. Cal. Oct. 30, 2025). The scope and nature of this action remains the same.

Defendants' reliance on *Spin Master Ltd v. Your Store Online* is misplaced. *See* Opp. at 10-11 (citing *Spin Master Ltd v. Your Store Online*, No. 2:09-cv-02121-CAS-JC, 2010 WL 4883884, at *5-6 (C.D. Cal. Nov. 22, 2010)). There, the court found prejudice where a plaintiff, in a proposed third amended complaint, sought to add "a whole new, tangentially related copyright claim," a new plaintiff, and two additional "long known" defendants. In other words, the *Spin Master* defendants would have had to defend a claim of an entirely new asserted work, on top of the addition of three new parties to the lawsuit. This is a far cry from the facts and circumstances here. Additionally, Defendants point to no new discovery they might need from Plaintiffs that could somehow prejudice their ability to defend against the allegations and claims in the SACC. This highlights the propriety of leave to amend here.

Furthermore, Defendants cite *TrustLabs* in support of their argument that the SACC would transform the scope of this litigation, but it does not support their argument. In *TrustLabs*, the court found that the defendant's proposed *counterclaims*, which he attempted to assert *two years* after the filing of the complaint, "would require proof of entirely different facts." *TrustLabs, Inc.*, 2024 WL 1354486 at *5-8 (finding prejudice where defendant sought to assert counterclaims for, *inter alia*, wrongful termination and IIED where the initial complaint concerned allegations regarding his unauthorized deletion of

company Slack account). By contrast, the new allegations in the SACC here *flow directly* from and are a continuation of the conduct identified in the current complaint.

Finally, the animating purpose of Rule 16 is "to get cases decided on the merits of issues that are truly meritorious and in dispute." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Indeed, courts in this Circuit have a strong preference for evaluating claims on their substance rather than dismissing them on procedural grounds. *See Cervantes*, 2019 WL 1129154, at *7 (collecting cases); *dpiX LLC*, 2015 WL 5158534, at *4. Plaintiffs' motion to amend serves this purpose.

**B. Plaintiffs Satisfy the Remaining *Foman* Factors Under Rule 15**

If the party seeking amendment demonstrates good cause under Rule 16, the Court must then evaluate their application for amendment under Rule 15. *See Rodarte v. Alameda Cnty.*, No. 4:14-cv-00468-KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015). Courts are to weigh five factors: 1) undue delay; 2) bad faith or dilatory motive; 3) "repeated failure to cure deficiencies by amendments previously;" 4) "undue prejudice to the opposing party;" and 5) futility of amendment. *Foman*, 371 U.S. at 182. Leave to amend under Rule 15 should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is 'to be applied with extreme liberality.'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Here, Plaintiffs have already addressed undue delay and prejudice in connection with the Rule 16 good cause inquiry. For the same reasons, there is no undue delay or prejudice under Rule 15. Accordingly, the following discussion focuses on the remaining factors: 1) bad faith, 2) futility of amendment, and 3) "repeated failure to cure deficiencies by amendments previously." Plaintiffs' motion easily meets these requirements.

**1. Plaintiffs Seek to Amend in Good Faith**

Plaintiffs seek leave to amend their complaint in good faith to conform to proof. They do so with no intent to "unreasonably prolong the litigation" as Defendants claim. *Padilla v. Sears, Roebuck & Co.*, No. 5:12-cv-00653-EJD, 2012 WL 5505071, at *2 (N.D. Cal. Nov. 13, 2012).

Defendants imply without basis that the timing of this motion may "be indicative of bad faith and an intent to delay a case." Opp. at 14. As explained above, Plaintiffs have been diligently pursuing discovery and have not delayed seeking leave to amend. Defendants offer no real factual support to bolster their unfounded speculation that Plaintiffs are purposely delaying the resolution of this action by

seeking to amend. Moreover, Plaintiffs' proposed additional claims are not "baseless legal theories" that could support an inference of bad faith. *dpiX LLC*, 2015 WL 5158534, at *4 (finding no bad faith where plaintiff reasonably deferred filing second amended complaint to include "good faith efforts" to respond to attacks on prior complaint). Indeed, Defendants do not even attempt to argue futility.

Defendants further assert that "Plaintiffs chose to conceal their new secondary liability claims while taking depositions of Defendants' witnesses." Opp. at 14. This is false. In fact, Defendants note in their opposition brief that "[Plaintiffs] told the Court in August 2025, that 'discovery indicated that MosaicML distributed copies of the Books3 dataset to third parties' and that Plaintiffs planned to amend their complaint." *Id*. at 8. It is not bad faith for Plaintiffs to seek to add additional allegations based upon recently sought and newly obtained discovery. Nor is it bad faith for some of the evidence supporting the proposed indirect infringement claim to overlap with evidence that supports Plaintiffs' existing distribution allegations.

Defendants attempt to manufacture bad faith by attempting to portray Plaintiffs' motion to amend the scheduling order, Dkt. 191, as evincing bad faith. Opp. at 14. This is baseless. As Plaintiffs stated in that motion, Plaintiffs filed for a discovery extension because "there are numerous unresolved discovery disputes and substantial discovery remaining due." These unresolved discovery issues are not the product of the motion to file the SACC, but rather relate to Plaintiffs' existing claims. Dkt. 191 at 2 & 6 n.3. The record has borne this out. Plaintiffs have repeatedly filed motions related to Defendants' inadequate discovery responses, and Magistrate Judge Cisneros has agreed. *See* Dkt. 218 at 6 ("Defendants must comply with their obligations under Rule 30(b)(6) and prepare their 'Rule 30(b)(6) designee'" properly; ordering an additional 30(b)(6) deposition of two hours); Dkt. 202 at 3, 5 (finding Defendants' conduct during deposition breaks was improper and agreeing that "Defendants' instructions to [witness] not to answer questions . . . were improper"). There remain additional discovery issues, unrelated to the present motion, that remain unresolved. Plaintiffs' motion to extend the discovery schedule relates to these outstanding discovery disputes, not to this proposed amendment.

**2. Plaintiffs' Amendment is not Futile**

Defendants do not argue futility and have waived that argument. *See Snapkeys, Ltd. v. Google LLC*, 539 F. Supp. 3d 1040, 1050 (N.D. Cal. 2021) (finding a party has waved an argument if the

"opposition does not address this argument"). There is good reason for this omission. Plaintiffs' contributory and inducement of infringement claims are far from futile because discovery now shows that Defendants encouraged piracy on a mass scale by [redacted] available for download to the public and to their customers. *See Andersen v. Stability AI Ltd.*, 744 F. Supp. 3d 956, 969 (N.D. Cal. 2024) (holding that inducement of infringement claim survives motion to dismiss where "[t]he plausible inferences. . . are that [the product at issue] by operation by end users creates copyright infringement and was created to facilitate that infringement by design"). Indeed, it was Defendants' *business model* to gain customers by promoting the unauthorized download of pirated works.

### 3. Plaintiffs have not Failed to Cure Deficiencies in Prior Amendments

Defendants do not identify any failure to cure deficiencies in prior amendments. There are none. Rather, Plaintiffs are seeking to amend *in order to cure* a claim previously dismissed by the Court. Dkt. 162 at 3. It is undisputed that the facts underlying the proposed amendments have only come to light after the filing of the FACC in June 2025. *Cf. Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (affirming denial of leave to amend where the plaintiff was aware of the facts he sought to incorporate prior to an earlier amendment).

## III. CONCLUSION

Plaintiffs respectfully request the Court grant Plaintiffs' motion to modify the scheduling order and for leave to file the proposed Second Amended Consolidated Complaint.

Dated: December 11, 2025

Respectfully submitted,

By: */s/ Joseph R. Saveri*
Joseph R. Saveri

Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
Evan Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
William Castillo Guardado (SBN 294159)
Holden Benon (SBN 325847)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
wcastillo@saverilawfirm.com
hbenon@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
mb@buttericklaw.com

Bryan L. Clobes (admitted *pro hac vice*)
Mohammed A. Rathur (admitted *pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
bclobes@caffertyclobes.com
mrathur@caffertyclobes.com

Justin A. Nelson (admitted *pro hac vice*)
Alejandra C. Salinas (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Elisha Barron (admitted *pro hac vice*)
Craig Smyser (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor
New York, NY 10019
Telephone: (212) 336-8330
ebarron@susmangodfrey.com
csmyser@susmangodfrey.com

Jordan W. Connors (admitted *pro hac vice*)
Trevor D. Nystrom (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com
tnystrom@susmangodfrey.com

Rachel J. Geman (admitted *pro hac vice*)
Danna Z. Elmasry (admitted *pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
rgeman@lchb.com
delmasry@lchb.com

Anne B. Shaver
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
ashaver@lchb.com

Betsy A. Sugar (admitted *pro hac vice*)
Kenneth S. Byrd (admitted *pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue S. Suite 1640
Nashville, TN 37201
Telephone: (615) 313-9000
bsugar@lchb.com
kbyrd@lchb.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*