[Counsel on signature pages]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In Re Mosaic LLM Litigation* | Case No. 3:24-cv-01451-CRB<br>Consolidated with Case No. 3:24-cv-02653-CRB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED CONSOLIDATED COMPLAINT**<br><br>Judge: Hon. Charles R. Breyer |

Pursuant to Civil Local Rule 7-11(b), Plaintiffs respectfully submit this opposition to Defendants' Administrative Motion for Leave to File a Surreply in opposition to Plaintiffs' Motion to Modify Scheduling Order and for Leave to File Second Amended Consolidated Complaint ("Opposition").

Defendants' threadbare Motion is premised on alleged factual inaccuracies and new arguments in Plaintiffs' Reply (Dkt. 227). *See* Dkt. 228 ("Mot.") at 1. To the contrary, Plaintiffs' Reply does not raise new arguments, present new evidence, or mischaracterize the record. Defendants' motion is without merit and should be denied.

Litigants do not have a right to file surreplies, and courts typically disfavor them. *See Chang v. Citibank*, No. 25-CV-04162-JST, 2025 WL 3162341, at *1 (N.D. Cal. Nov. 12, 2025). When, however, "a party raises a new argument or presents new evidence in a reply brief, a court may consider these matters only if the adverse party is given an opportunity to respond." *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014). But "[a] surreply is improper—and a court should not grant leave to file one—when a reply neither presents new arguments nor new evidence." *Afifeh v. Ahmadabadi*, No. 2:22-CV-00928-SB-AFM, 2022 WL 3016147, at *1 (C.D. Cal. July 5, 2022).

Defendants claim in a conclusory fashion that "Plaintiffs' Reply introduces new, incorrect claims." Dkt. 228-2 at 1 ("Surreply"). None of the claims in Plaintiffs' Reply are "new." Courts in this District consistently explain that "[e]vidence submitted with a reply brief is *not new evidence* when it is submitted to rebut arguments raised in the opposition brief." *Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) (emphasis added). That is the situation here.

In their opening motion, Plaintiffs presented evidence that "the MPT Storywriter model was finetuned on a subset of Books3 originating from The Pile, filtered to fiction books." Surreply at 1 (quoting Plaintiffs' Motion for Leave (Dkt. 196 at 8)). In their Opposition, Defendants did not address The Pile *even once*. *See* Dkt. 213 at 9 (arguing that the use of the Books3 subset to train the Storywriter model was information that had been "publicly available on a blogpost since May 5, 2023," but omitting any mention of The Pile). Defendants now cry foul because Plaintiffs' Reply emphasizes key points made in the initial motion. Plaintiffs' Reply explains (correctly) that the blog post did not contain "any reference to The Pile." *See* Surreply at 1 (quoting Reply (Dkt. 227 at 5, n.2)). Defendants had an

opportunity to discuss their use of The Pile in their opposition and chose not to do so. *See Wissot v. Great-W. Life & Annuity Ins. Co.*, No. 2:11-cv-10040-RSWL-JCG, 2012 WL 13059733, at *2 (C.D. Cal. Dec. 12, 2012) (denying leave to file surreply where arguments raised in reply were responding to discrete issues in opposition); *Brinker v. Axos Bank*, No. 3:22-cv-00386-BJC-DDL2025 WL 1507154, at *2 (S.D. Cal. May 27, 2025) ("Ninth Circuit courts have made it clear that reply briefs may address points raised in opposition."). Defendants' argument is waived and not a basis for a surreply. *See Van Hees v. BAM Trading Serv., Inc.*, No. 4:25-cv-05685-JST, 2025 WL 3026497, at *1 (N.D. Cal. Oct. 29, 2025) (denying leave to file surreply where reply brief included responsive arguments to opposition or "iterations of the positions in [][the] opening brief").

And Plaintiffs' Reply does not misstate the factual record. *Cf.* Surreply at 1-2. First, Defendants assert that their public blog post containing a hyperlink to a website describing The Pile counters Plaintiffs' claim that the blog post did not contain "any reference to The Pile." *Id.* at 1 (citing to Reply (Dkt. 227 at 5, n.2). This is highly misleading. The blog post—which includes a description of the training data used—does not state that The Pile was used to train the Storywriter model, nor that the Books3 dataset used to train Storywriter was sourced from The Pile. *See* Introducing MPT-7B: A New Standard for Open-Source, Commercially Usable LLMs, (May 5, 2023), https://www.databricks.com/blog/mpt-7b (on file with the Joseph Saveri Law Firm, LLP). In fact, it says the *opposite*. The blog post includes a separate section titled "Data," where it lists a "RedPajama" dataset used for training—a different AI training dataset that also included Books3. *Id.* The blog post also includes an appendix that provides further detail on the training dataset used for the models, and that appendix again only identifies a "books" subset of the RedPajama dataset, with no mention of The Pile. *Id.* Defendants' argument is apparently that Plaintiffs should have known that they also used The Pile's version of Books3 as a source for training data because—even though The Pile is not listed in the "Data" section, and even though The Pile is not listed in the appendix—if you hover a cursor over one of the links in the blog post, it directs you to a huggingface webpage for The Pile. But aside from this buried hyperlink, Defendants can point to nothing in the blog post that identifies The Pile—and, in particular, the Books3 subset of The Pile—as a source of training data for the Storywriter model.

Next, Defendants argue that Plaintiffs' Reply somehow indicates that Defendants did not produce

documents evidencing Defendants' use of The Pile. Surreply at 2. But Plaintiffs make no such claim. Rather, Plaintiffs stated that "Defendants point to no documents produced in discovery that show this information," in reference to Defendants' failure to identify any documents in their opposition brief. *Compare* Reply at 5, n.2 *with* Surreply at 2 ¶ 2. That Defendants *now* attempt to point to documents that indicate Defendants' use of The Pile is simply an admission that they failed to properly raise it in their opposition. Mot. at 1; Dkt. 228-1 (Diana Buck Decl.) at ¶¶ 6-12. This further demonstrates why their motion to file a surreply is improper. Defendants' request should accordingly be denied as a surreply is not meant to provide a second bite of the apple. *See Hammler v. Hudson*, No. 2:16-cv-01153-JAM-EFB, 2018 WL 6199056, at *1 (E.D. Cal. Nov. 28, 2018) (denying leave to file surreply where party seeking leave had opportunity to address arguments in opposition but failed to).

Finally, Defendants' proposed Surreply attempts to conflate Plaintiffs' initial allegations regarding Books3 and The Pile with the new evidence supporting their proposed Second Amended Consolidated Complaint. Again, this is without merit as it ignores that Plaintiffs' previous Complaints *never* alleged that Defendants used The Pile to train their models, but rather that Defendants used the Books3 dataset, which Defendants acknowledge is included within the separate RedPajama dataset. Surreply at 2. Defendants are simply attempting to "get the last word. This is not a valid reason to allow for a surreply." *Afifeh*, 2022 WL 3016147, at *1.

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' motion for leave to file a surreply.

Dated: December 18, 2025

Respectfully submitted,

By: */s/ Joseph R. Saveri*
Joseph R. Saveri

Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
Evan Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
William Castillo Guardado (SBN 294159)
Holden Benon (SBN 325847)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
wcastillo@saverilawfirm.com
hbenon@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
mb@buttericklaw.com

Bryan L. Clobes (admitted *pro hac vice*)
Mohammed A. Rathur (admitted *pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
bclobes@caffertyclobes.com
mrathur@caffertyclobes.com

Justin A. Nelson (admitted *pro hac vice*)
Alejandra C. Salinas (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Elisha Barron (admitted *pro hac vice*)
Craig Smyser (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor
New York, NY 10019
Telephone: (212) 336-8330
ebarron@susmangodfrey.com
csmyser@susmangodfrey.com

Jordan W. Connors (admitted *pro hac vice*)
Trevor D. Nystrom (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com
tnystrom@susmangodfrey.com

Rachel J. Geman (admitted *pro hac vice*)
Danna Z. Elmasry (admitted *pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
rgeman@lchb.com
delmasry@lchb.com

Anne B. Shaver
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
ashaver@lchb.com

Betsy A. Sugar (admitted *pro hac vice*)
Kenneth S. Byrd (admitted *pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue S. Suite 1640
Nashville, TN 37201
Telephone: (615) 313-9000
bsugar@lchb.com
kbyrd@lchb.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*