UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Mosaic LLM Litigation* | Case No. 24-cv-01451-CRB   (LJC)<br><br>**ORDER RESOLVING DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 207 |

Before the Court is the parties' joint letter brief at ECF No. 207. Plaintiffs seek an order compelling Defendants (1) to more fully respond to Plaintiffs' third set of requests for production, (2) to produce the MosaicML/Databricks acquisition agreement, and (3) to produce Defendants' document retention policies. The close of fact discovery had previously been set for November 21, 2025, and was recently extended to January 5, 2026. ECF No. 238 at 2. The Court assumes the parties' familiarity with the procedural and factual background of this case. For the foregoing reasons, Plaintiffs' requests are GRANTED in part and DENIED in part.

I.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) provides, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Federal Rule of Civil Procedure 34(a) authorizes parties to serve requests "within the scope of Rule 26(b) … to produce and permit the requesting party or its representative to inspect, copy, test, or sample" designated documents or electronically stored information "in the responding party's possession, custody, or control." The responding party must respond within thirty days,

1  and, for each "item or category" requested, "must either state that inspection and related activities
2  will be permitted as requested or state with specificity the grounds for objecting to the request,
3  including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "The responding party may state that it will
4  produce copies of documents or of electronically stored information instead of permitting
5  inspection." *Id.* "The requesting party 'is entitled to individualized, complete responses to each of
6  the [Requests for Production] …, accompanied by production of each of the documents responsive
7  to the request, regardless of whether the documents have already been produced.'" *Belden v.
8  Cnty. of San Bernardino*, No. EDCV 19-900, 2020 WL 3129208, at *4 (C.D. Cal. June 12, 2020)
9  (quoting *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006)).

Rule 37 authorizes "[a] party seeking discovery" to "move for an order compelling …
production" if the producing party "fails to produce documents … as requested under Rule 34."
Fed. R. Civ. P. 37(a)(3)(B). "[I]n general the party seeking to compel discovery bears the burden
of showing that his request satisfies the relevance requirement of Rule 26." *Soto v. City of
Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). In turn, "[t]he party who resists discovery has
the burden to show discovery should not be allowed, and has the burden of clarifying, explaining,
and supporting its objections." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009).
The court must "limit the frequency or extent of discovery" if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

## II. ANALYSIS

### A. "Sufficient to Show" Responses

Plaintiffs first argue that Defendants have improperly produced only documents "sufficient
to show" certain issues in response to Plaintiffs' RFPs when the RFPs at issue request "All"

2

1   documents.  ECF No. 206-3 at 2.[1]  Plaintiffs have agreed to accept Defendants' "sufficient to

2   show" for RFP Nos. 112-114 and 117 directed to MosaicML and 129-131 and 134 directed to

3   Databricks, but demand that Defendants "produce *all* documents and communications responsive

4   to RFP Nos. 105 to 111 and 118 to 120 directed to MosaicML" and RFP Nos. 122 to 128 and 135

5   to 137 directed to Databricks.  *Id.* at 3.

6        Defendants object that Plaintiffs' RFPs demanding *all* documents are overbroad and not

7   proportional to the needs of the case, particularly given that the RFPs were served after the

8   substantial completion deadline and Plaintiffs delayed raising this issue until shortly before the

9   close of fact discovery.  *Id.* at 5.  They further argue that narrowing their responses to documents

10  "sufficient to show" certain issues was appropriate given the overbreadth and burden of the

11  requests, and that producing documents "sufficient to show" certain information "is a frequently

12  used and entirely reasonable way to meet Rule 26's proportionality requirement."  *Id.* (citing

13  *Champion v. Fel. Ent., Inc.*, No. 20-cv-2400, 2022 WL 1813608, at *5 (S.D. Cal. June 2, 2022).

14  While the Court agrees with Defendants' general contention that "sufficient to show" responses

15  "are not inherently improper" and may be appropriate in certain circumstances, such as when a

16  request seeks to establish whether or not an event occurred or identify a finite list of witnesses, the

17  appropriateness of such responses must be evaluated on a case-by-case basis.  ECF No. 206-3 at

18  4.  Where further production is ordered below, Defendants shall supplement their responses no

19  later than January 30, 2026.

20          **1.**    **RFP No. 105 to MosaicML/RFP No. 122 to Databricks**

21       These RFPs requests that Defendants produce "All Documents and Communications

22  Concerning Your acquisition, use, storage, retention, distribution, and deletion of Pirated data,

23  Including any data security measures You implemented with respect to Your acquisition, use,

24  storage, retention, distribution, and deletion of Pirated data."  ECF Nos. 207-2 at 9-10, 207-3 at 9-

25  10.  Defendants objected but agreed to "produce nonprivileged, responsive documents sufficient to

26  show how, if at all, the RedPajama – Books Dataset and Books3 Dataset were acquired, used, and

---

[1] The redacted letter brief is filed publicly on the docket at ECF No. 207.  The unredacted letter brief is filed under seal at ECF No. 206-3.  The undersigned cites to the version under seal.

made available." ECF No. 207-2 at 9-10.  The parties have agreed that "used" encompasses "storage, retention, distribution, or deletion."  ECF No. 206-3 at 2 n.3.

Plaintiffs argue that because "how Defendants acquired and stored copyrighted data" is a core issue of the case, *all* documents and communications regarding Defendants' "acquisition, use, storage, retention, distribution, and deletion" of the datasets at issue are potentially relevant and must be produced.  The Court agrees.  *See Bartz v. Anthropic PBC*, 787 F. Supp. 3d 1007, 1032-33 (N.D. Cal. 2025) (discussing defendants' use and storage of copyrighted works in fair use analysis).  Plaintiffs are entitled to review and evaluate all documents regarding Defendants' "acquisition, use, storage, retention, distribution, and deletion" of the datasets at issue, rather than those merely sufficient to show—by Defendants' estimation—how Defendants acquired, used, and made available the datasets.  While further production may entail considerable expense and time, given the importance of the issues at stake in the action, the amount in controversy,[2] the parties' relative access to relevant information, and the parties' resources, Defendants are ORDERED to produce "All Documents and Communications Concerning Your acquisition, use, storage, retention, distribution, and deletion" of the RedPajama – Books and Books3 datasets.  *See* Fed. R. Civ. P. 26(b).

### 2.  RFP No. 106 to MosaicML/RFP No. 123 to Databricks

These RFPs demand "All internal training materials or manuals or other Communications You provided to Your employees and/or personnel regarding proper methods for the acquisition, use, storage, retention, distribution, and deletion of Pirated data."  ECF Nos. 207-2 at 10-11, 207-3 at 10-11.  Defendants objected but agreed to produce "nonprivileged, responsive documents sufficient to show any guidelines or policies that applied to the acquisition and use of Training Data when MosaicML trained the MPT Models."  *Id*.  Given that Plaintiffs' direct infringement claims currently pertain to the MPT models only, Defendants' limitation is appropriate.  For

---

[2] The civil coversheet filed with the original class complaint filed in *O'Nan, et al. v. Databricks Inc., et al.*, Case No. 3:24-cv-01451-CRB, reflects a $1,000,000,000 demand by the named plaintiffs, prior to the consolidation of that case with another putative class action, *Makkai, et al. v. Databricks, Inc., et al*, Case No. 3:24-cv-02653-CRB.  ECF No. 1-2.  The First Amended Consolidated Complaint (FACC) alleges that the Books3 dataset contains approximately 196,640 books.  *See* ECF No. 131 (FACC) ¶ 32.

4

avoidance of doubt, the undersigned views Defendants' response as agreeing to produce "nonprivileged, responsive documents sufficient to show" *all* "guidelines or policies that applied to the acquisition and use of Training Data when MosaicML trained the MPT Models." If Defendants' production complies with this understanding, then no further production in response to these RFPs is warranted. If Defendants have not produced documents sufficient to show all "guidelines or policies that applied to the acquisition and use of Training Data when MosaicML trained the MPT Models," they shall supplement their production accordingly.

### 3. RFP No. 107 to MosaicML/RFP No. 124 to Databricks

Plaintiffs request "All Documents and Communications Concerning Your actual, intended, or contemplated use of Pirated data to run experiments on, develop, or train Your LLMs (including pretraining, post-training, fine-tuning, benchmarking, validating, and ablations)." ECF Nos. 207-2 at 12-13, 207-3 at 12-14. Defendants objected but agreed to produce "nonprivileged, responsive documents sufficient to show the use of the RedPajama – Books Dataset and Books3 Dataset as training data for the MPT models." *Id.* Plaintiffs do not explain how information regarding training LLMs other than the MPT models is relevant this lawsuit, and limiting production to the "actual, intended, or contemplated use of the RedPajama – Books Dataset and Books3 Dataset as training data for the MPT models" is thus warranted under Rule 26(b). However, the "sufficient to show" limitation Defendants have unilaterally adopted is improper here, as it would allow Defendants to cherry-pick select uses of the datasets at issue while omitting others. Defendants are accordingly ordered to produce documents showing *all* actual, intended, or contemplated uses of the RedPajama – Books Dataset and Books3 Dataset as training data for the MPT models. Production of documents "intended" or "contemplated" shall be limited to circumstances where Defendants' intent or contemplation is reflected in writing that shows express strategizing, planning or brainstorming by Defendants' executives, managers, or high-level engineers.

### 4. RFP No. 108 to MosaicML/RFP No. 125 to Databricks

Plaintiffs demand "All Documents and Communications concerning uploading or hosting Pirated data in any online repository, including but not limited to AWS S3." ECF Nos. 207-2 at

5

13-14, 207-3 at 14-15. Defendants objected but agreed to produce "nonprivileged, responsive documents sufficient to show how, if at all, the RedPajama – Books Dataset and Books3 Dataset were made available in cloud-based storage repositories for the purpose of training the MPT Models." *Id.* In a prior order, the undersigned explained that while she did not view Defendants' alleged hosting and sharing of the datasets on online repositories as "a central part of Plaintiffs'" existing claims or the fair use analysis, these topics have some bearing on the existing claims and defenses and thus limited discovery was warranted under Rule 26(b). ECF No. 218 at 3-4. Consistent with this ruling, production of documents concerning uploading or hosting the datasets at issue in online repositories is warranted. To address Defendants' concern of undue burden, the undersigned modifies this request and orders Defendants to produce, if they have not already done so, documents sufficient to show all instances where MosaicML and Databricks uploaded or hosted the RedPajama – Books Dataset and Books3 Dataset in any online repository, including but not limited to AWS S3.

### 5.     RFP No. 109 to MosaicML/RFP No. 126 to Databricks

These RFPs request that Defendants produce "All Documents and Communications Concerning Your distribution of Pirated data to third parties, including but not limited to through 'MosaicML Streaming' and AWS S3." ECF Nos. 207-2 at 15-16, 207-3 at 15-16. Defendants objected and asserted that they were "not aware of any 'distribution' of the Books3 or RedPajama Books dataset," but agreed to "produce nonprivileged, responsive documents sufficient to show how, if at all, the RedPajama – Books Dataset and Books3 Dataset were made available to third parties for the purpose of training the MPT Models." *Id.* For the reasons explained above in the context of RFP Nos. 108 and 125, Defendants are ordered to produce documents sufficient to show all instances where MosaicML and Databricks made available the RedPajama – Books Dataset and Books3 Dataset to third parties, including but not limited through "MosaicML Streaming" and AWS S3.

### 6.     RFP No. 110 to MosaicML/RFP No. 127 to Databricks

Plaintiffs demand that Defendants produce "All Documents and Communications Concerning Your strategies, plans, or initiatives to generate revenue and/or customers from the

distribution of Pirated data to third parties, including but not limited to through 'MosaicML Streaming' and AWS S3." ECF Nos. 207-2 at 16-17, 207-3 at 16-18. Defendants objected but agreed to "produce nonprivileged, responsive documents sufficient to show plans to generate revenue or acquire customers from the use of the RedPajama – Books Dataset and Books3 Dataset to train the MPT Models." ECF No. 207-2 at 16-17. Plaintiffs have not established why such expansive discovery regarding Defendants' "strategies, plans, or initiatives" to generate revenue and customers from distributing the datasets at issue is relevant to the existing case. Defendants' limitation is reasonable under Rule 26(b) and no further production is warranted.

### 7. RFP No. 111 to MosaicML/RFP No. 128 to Databricks

Plaintiffs demand that Defendants produce "All Documents and Communications that list or summarize the third parties who downloaded any Pirated data from any online repository hosted or created by You, including but not limited to the AWS S3 buckets at s3://mosaicml-redpajama/, s3://mosaicmlredpajama/books/mds, and s3://mosaicml-internal-dataset-the-pile/mds/." ECF Nos. 207-2 at 17-19, 207-3 at 18-19. Defendants objected but agreed to produce "documents sufficient to show third parties who downloaded the RedPajama – Books or Books3 datasets from cloud-based object storage made available by MosaicML for the purpose of training the MPT Models." *Id.*

Defendants explain that they have agreed to provide "documents identifying these parties" when each party was provided access to the datasets, "and the surrounding circumstances." ECF No. 206-3 at 5. The Court agrees that, if Defendants have provided documents sufficient to identify all third parties who downloaded RedPajama – Books or Books3 from Defendants' online repositories, no further production is necessary. As Defendants explain, requiring them to produce "all" documents identifying the *same* parties is disproportionate to the needs of the case. *Id.* Plaintiffs want to identify all third parties who downloaded the datasets at issue. Defendants must produce documents sufficient to show all third parties who downloaded the RedPajama – Books or Books3 datasets from cloud-based object storage made available by MosaicML, but, if they have already produced this information, further production is not warranted.

7

### 8. RFP No. 118 to MosaicML/RFP No. 135 to Databricks

These RFPs demand "All Documents and Communications regarding Your public relations strategies related to concerns or criticisms about actual, potential, or perceived copyright infringement in relation to Your LLMs." ECF Nos. 207-2 at 26-27, 207-3 at 27-28. Defendants objected but agreed to produce "documents sufficient to show any policies regarding MosaicML's responses to complaints concerning the use of copyrighted material as Training Data used to train the MPT Models." *Id.* Plaintiffs do not explain why Defendants' "public relation strategies" regarding alleged copyright infringement are relevant, although presumably this information could bear on willfulness. *See Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1186 (9th Cir. 2016) (explaining that the "amount of damages a plaintiff may recover for infringement depends on whether the infringement was 'committed willfully,'" which turns on whether defendant was aware of the infringing activity or recklessly disregarded the copyright holder's rights) (quoting 17 U.S.C. §504(c)(2)). The existence of public relations strategies regarding complaints of copyright infringement could, the Court supposes, support an inference that Defendants were aware of this potential issue and carried on regardless. But given the tangential relevance, and Plaintiff's failure to advance any other argument why production of "All Document and Communications" regarding this topic is warranted, Defendants' compromise of producing "documents sufficient to show any policies regarding MosaicML's responses to complaints concerning the use of copyrighted material as Training Data used to train the MPT Models" is reasonable. No further production is warranted.

### 9. RFP No. 119 to MosaicML/RFP No. 136 to Databricks

These RFPs demand "All Documents and Communications concerning 'dataset lore' as referred to in MOSAIC_ONAN_00014224." ECF Nos. 207-2 at 27-28, 207-3 at 28-29. Defendants objected but agreed to produce "nonprivileged, responsive documents sufficient to show the acquisition and use of the RedPajama – Books Dataset and Books3 Dataset as Training Data for the MPT Models." *Id.*

In the letter brief, Plaintiffs explain that "dataset lore" or "datalore" is a document hosted by MosaicML on Github where MosaicML purportedly made datasets publicly available. ECF

8

1  No. 206-3 at 3. As Defendants argue, this request is overbroad as it is not limited to the datasets

2  currently at issue in this case. *Id.* at 5-6. Their production of documents sufficient to show the

3  acquisition and use of RedPajama – Books and Books3 is thus appropriate under Rule 26(b) and

4  no further production is warranted.

### 10.   RFP No. 120 to MosaicML/RFP No. 137 to Databricks

Plaintiffs demand that Defendants produce "All Documents and Communications that list or summarize the Training Data used for each of Your LLMs." ECF Nos. 207-2 at 29-30, 207-3 at 29-30. Defendants objected but agreed to "produce nonprivileged, responsive documents sufficient to show the Training Data used to train the MPT Models." ECF No. 207-2 at 29-30. Defendants explain that they have already produced the MPT Models' training data and configuring files, as well as "model cards" for the models, "which list and summarize the training data." ECF No. 206-3 at 6. Plaintiffs do not dispute that Defendants have produced this information but nonetheless argue that "all documents … summarizing or indexing the training data" is critical for understanding the data composition and "will streamline Plaintiffs' experts' analysis of voluminous training data." *Id.* at 3.

The Court agrees with Defendants. They have already produced the "training data *itself*" and documents listing and summarizing the training data. *Id.* at 6. Ordering further production would be unduly burdensome and disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b). No further production in response to this RFP is warranted.

### B.   Acquisition Agreement

The parties next dispute whether Defendants must produce the acquisition agreement between Databricks and MosaicML. ECF No. 206-3 at 3. Defendants argue that the Court does not need to reach relevancy or other Rule 26 concerns to resolve this dispute, as Plaintiffs "never served a request for the MosaicML acquisition agreement," and Plaintiffs "may not use a motion to compel to obtain a document that [they] did not request in the request for production." *Id.* at 6 (quoting *Carter v. Dawson*, No. 07-cv-01325, 2011 WL 1806497, at *4 (E.D. Cal. May 10, 2011)).

Plaintiffs argue that they *have* served RFPs for the acquisition agreement. They point to

RFP No. 3 to Databricks, which requests "[a]ll agreements, licenses, partnerships, or collaborations, and any Documents or Communications regarding potential agreements, licenses, partnerships, or collaborations related to the acquisition and/or use of the Training Data," and RFP No. 11 to Databricks, which requests "[a]ll Documents and Communications evidencing any income generated from or related to Your LLMs."  ECF No. 207-1 at 10, 20.  Plaintiffs argue that because "Databricks acquired MosaicML's assets including training data containing Plaintiffs' works," RFP No. 3's demand for "all agreements" related to the acquisition and/or use of training data encompasses the acquisition agreement.  ECF No. 206-3 at 3.  They similarly argue that RFP No. 11 encompasses the acquisition agreement because "MosaicML's development of the MPT LLM models was a significant factor" in Databricks' acquisition of MosaicML.  *Id.*

Plaintiffs' post-hoc interpretation of RFP Nos. 3 and 11 are not persuasive.  Per Defendants, Plaintiffs did not claim that RFP Nos. 3 and 11 encompassed the acquisition agreement until November 2025, shortly before the close of discovery.  As Defendants argue, RFP No. 3 asks for documents "related to the acquisition and/or use *of the Training Data*"—not related to the acquisition of MosaicML—and, consistent with this interpretation of the RFP, in July 2024 Databricks agreed to produce "documents sufficient to show any agreements by which Mosaic acquired and/or used data from the RedPajama – Books Dataset and Books3 Dataset to train the models identified in the Complaint."  ECF No. 207-1 at 11.  Similarly, in July 2024, Databricks agreed to produce "documents sufficient to show revenue Defendants generated from fees *to access and use the models identified in the Complaint*" in response to RFP No. 11.  Plaintiffs did not challenge Defendants' responses or otherwise contend that the requests covered the acquisition agreement until the meet and confer leading to this discovery dispute.  Plaintiffs' new argument that RFP Nos. 3 and 11 require production of the acquisition agreement both expands the scope of these requests and is inconsistent with the parties' prior understanding of what production was required.  *See Silicon Storage Tech., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.,* No. 5:13-cv-05658, 2015 WL 5542446, at *2 (N.D. Cal. Sept. 17, 2015) (declining to order further document production where the requesting party "was not diligent in clarifying the scope of [its] requests" after the responding party objected).  The Court accordingly denies Plaintiffs' request

10

1    that Defendants produce the MosaicML/Databricks acquisition agreement.

2    **III.    DEFENDANTS' DOCUMENT RETENTION POLICIES**

3    The parties' final dispute is over whether Defendants must produce their document

4    retention policies.  Plaintiffs demanded that Defendants produce:

> [D]ocuments that reflect or describe your document retention policies; …
> documents that reflect or describe your policies, procedures, and guidelines for your use or retention of e-mail, instant messages, or other forms of electronic communications; …
> (e) all documents reflecting or describing polices or practices regarding employee or contractor use of personal devices not owned or controlled by the company to create, receive, store, or send work-related documents or communications and any technical controls to limit such use; [and]
> (g) all documents referring to the concealment, destruction, or spoliation of any documents or ESI that is potentially relevant to Plaintiffs' claims in this litigation.

12   ECF Nos. 207-2 at 7-8, 207-3 at 8-9.  Plaintiffs argue that Defendants must be compelled to

13   produce responsive documents so that they may evaluate whether there are any gaps in

14   Defendants' production.  ECF No. 206-3 at 4.  Defendants counter that these requests are not

15   proportional to the needs of the case, and that the only guidance Defendants have located is "in the

16   form of legal advice" and thus privileged.  *Id.* at 6.

17   Tailored requests for document retention policies may be appropriate, as they can allow the

18   requesting party to "determine the universe of responsive documents and evaluate any gaps in

19   document production."  *Sharma v. BMW of N. Am. LLC*, No. 13-cv-02274, 2016 WL 1019668, at

20   *4 (N.D. Cal. Mar. 15, 2016).  As the Western District of Washington explained, district courts

21   take a range of approaches "in determining when it is appropriate to order production of"

22   document retention policies, with some permitting discovery of "document retention policies

23   without any preliminary showing by the moving party of spoliation or discovery misconduct" and

24   others refusing such discovery unless "the movant first establishes that spoliation is a legitimate

25   issue in the case."  *Medal v. Amazon.com Servs., LLC*, No. 23-cv-01975, 2025 WL 1656117, at *4

26   (W.D. Wash. June 11, 2025) (internal quotations omitted).  Others "permit discovery

27   of document retention policies … only in circumstances where the non-moving party has claimed

28   that requested discovery documents are unavailable, or when there are indicia that the discovery

11

1  process was not thorough, reliable, or transparent." *Id.* (internal quotations omitted). Courts in
2  this Circuit have taken the third approach, ordering discovery where the requesting party has
3  identified gaps in production or there are indicia that discovery has not been thorough. *Bakhtiari*
4  *Corp. v. Reg. Tapes Unlimited Inc*., No. 12-5183, 2013 WL 2253182, at *3 (N.D. Cal. May 22,
5  2013) (compelling production of document retention policies due to the producing party's "alleged
6  failure to locate several sets of documents"); *McMorrow v. Mondelez Int'l, Inc.*, No. 17-cv-02327,
7  2019 WL 3852498, at *2 (S.D. Cal. Apr. 19, 2019) (compelling production of document retention
8  policies where requesting party "specifically identif[ied] two gaps" in the defendant's document
9  production).
10  At the late stage of discovery in this litigation, Plaintiffs make a generalized argument that
11  "Defendants' former employees have admitted to using Signal," citing limited testimony from a
12  single former employee. ECF Nos. 206-3 at 4, 206-5 at 4. None of his testimony in the record
13  reflects the frequency with which he used Signal for work purposes, the number employees with
14  whom he communicated via Signal, or their identities. This information would bear on whether
15  his use of Signal could have meaningfully impacted discovery in this case. Furthermore, Plaintiffs
16  do not contend that certain responsive documents are missing or identified specific gaps in
17  Defendants' production. While the discovery process at times has been contested, Plaintiffs do
18  not argue that the process "has not been thorough, reliable, or transparent." *Medal v*, 2025 WL
19  1656117, at *4. Moreover, absent a claim of spoliation or inadequate production, ordering
20  Defendants to produce their document retention policies now, shortly before the modified fact
21  discovery cutoff, would be of little utility. *See PersonalWeb Techs., LLC v. Google Inc.*, No. C13-
22  01317, 2014 WL 4088201, at *4 (N.D. Cal. Aug. 19, 2014) ("[A]fter the fact discovery cutoff, the
23  relevance of PersonalWeb's requests for documents related to Google's retention policies and
24  litigation holds is dubious. PersonalWeb does not suggest that the information is relevant to the
25  merits of the case …."). Similarly, though the "basic details" concerning litigation holds may be
26  discoverable, in the present circumstances Plaintiffs have not provided sufficient justification to
27  pursue this discovery at this point in the case. Accordingly, Plaintiffs' request for Defendants'
28  document retention policies is denied.

## IV. CONCLUSION

Plaintiffs' request to compel further responses to their third set of RFPs is accordingly GRANTED in part and DENIED in part. Defendants' supplemental responses are due by January 30, 2026. Plaintiffs' requests to compel production of the MosaicML/Databricks acquisition agreement and Defendants' document retention policies are DENIED.

**IT IS SO ORDERED.**

Dated: January 5, 2026

LISA J. CISNEROS
United States Magistrate Judge