IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Mosaic LLM Litigation. | Master Case No. 24-cv-01451-CRB<br><br>**ORDER GRANTING LEAVE TO AMEND** |

Plaintiffs are authors that are suing Defendants Databricks and MosaicML for copyright infringement stemming from Defendants' large language models, or LLMs, which are used to train artificial intelligence. The Court had initially dismissed a newly added direct infringement claim against Databricks but noted that Plaintiffs could move to amend when discovery revealed information that would support factual allegations for the direct infringement claim. Order (dkt. 162) at 5. Plaintiffs now seek to do so to file their Second Amended Consolidated Complaint and include claims for direct infringement, contributory infringement, inducement of infringement, and to update the proposed class definition. Mot. (dkt. 196). Defendants oppose, citing undue delay and prejudice. The Court **GRANTS** Plaintiffs' motion to modify the scheduling order and for leave to amend.[1]  For this order, the Court presumes familiarity with the facts and background law.

I.    **LEGAL STANDARD**

Once a district court files a pretrial scheduling order, Rule 16 governs the timetable for amending pleadings. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08

---

[1] The Court finds this matter suitable for resolution without oral argument. Civ. L.R. 7-1(b).

1  (9th Cir. 1992). A "party seeking to amend pleading after [the] date specified in
2  scheduling order must first show 'good cause' for amendment under Rule 16(b)" before
3  demonstrating that amendment was proper under Rule 15. Id. at 608. Good cause is a
4  heightened standard that "primarily considers the diligence of the party seeking the
5  amendment." Id. at 609. "If the party seeking the modification 'was not diligent, the
6  inquiry should end' and the motion to modify should not be granted." Zivkovic v. S.
7  California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at
8  609).

Under Rule 15, courts "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that the policy favoring amendment "should be applied with 'extreme liberality.'" United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (quoting Rosenberg Brothers & Co. v. Arnold, 283 F.2d 406, 406 (9th Cir. 1960) (per curiam)). Factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [and] futility of amendment" justify denial of leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962). Of these factors, "the resulting prejudice to the opposing party" is the "crucial factor." Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). On the other hand, "delay alone does not provide sufficient grounds for denying leave to amend." United States v. Pend Oreille Pub. Util. Dist. No. 1, 926 F.2d 1502, 1511 (9th Cir. 1991) (cleaned up).

**II.    DISCUSSION**

Defendants' key arguments opposing Plaintiffs' motion center on delay, diligence, and prejudice. See Opp'n (dkt. 213). Plaintiffs respond that they have diligently proceeded with discovery before seeking amendment and that Defendants have not demonstrated actual prejudice. Reply (dkt. 227) at 2–9. While good cause is a close call, the Court grants Plaintiffs' motion due to the strong policy favoring amendment.

**A.    Rule 16: Good Cause**

On balance, it appears that Plaintiffs were diligent in seeking amendment.

2

"Diligence is 'the critical issue' in the good cause determination." Google LLC v. Sonos, Inc., No. 20CV03845EMCTSH, 2021 WL 4061718, at *5 (N.D. Cal. Sept. 7, 2021) (citing Sunpower Corp. Sys. v. Sunlink Corp., 2009 WL 1657987, at *1 (N.D. Cal., June 12, 2009)).

Defendants contend that Plaintiffs had received relevant productions in July and August 2025—some even earlier. Opp'n at 9. Plaintiffs concede this point but counter that further discovery and deposition testimony was necessary to "contextualize" their eventual allegations and identify "the technical details of Defendants' infringement." Reply at 2–3. The Court agrees with Plaintiffs. "Waiting to file [a] motion until after obtaining corroborating deposition testimony is [] sufficient to meet the good cause requirement of Federal Rule of Civil Procedure 16(b)." The Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc., No. C 05-04158 MHP, 2008 WL 624771, at *7 n.7 (N.D. Cal. Mar. 4, 2008). "Indeed, waiting to amend a complaint or answer until a strong evidentiary basis for the amended claims has been developed is preferable to prematurely asserting those claims on the basis of a limited record that may or may not support them." Entangled Media, LLC v. Dropbox Inc., 348 F.R.D. 649, 655 (N.D. Cal. 2025). While Defendants are correct that Plaintiffs perhaps could have moved sooner, instead of waiting the week before fact discovery closed, (Opp'n at 6), Plaintiffs conduct is still sufficient to demonstrate diligence, especially given the Court's prior admonishment to have a stronger factual basis for Plaintiffs' allegations of direct infringement, (Order at 5).

Defendants' strongest point is the fact that Plaintiffs had cited a blog post in their original complaint that contained a hyperlink indicating that Defendants' dataset came from the Pile. Surreply (dkt. 243) at 1–2. Plaintiffs' only answer is that the post lacks "any reference to The Pile." Reply at 5 n.2. But as Defendants note, that is not true. While the post does not refer to the Pile on its face, the link does reveal the dataset's origin. Accordingly, this issue makes good cause a close call. Nevertheless, this detail would still require the corroborative documents and deposition testimony Plaintiffs later

3

sought in order to flesh out factual allegations for amendment. The Court exercises its discretion to determine that there is good cause to modify the scheduling order. See Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (noting that district courts have a broad discretion to control the course of litigation under Rule 16).

### B.     Rule 15

#### 1.     Undue Delay

Defendants make the same delay argument for Rule 15 as they did for Rule 16. And it is rejected for the same reasons. Even if the Court were to accept it, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." Webb, 655 F.2d at 980.

#### 2.     Prejudice

Defendants contend that they would be significantly prejudiced because fact discovery has closed, and the proposed claims would "radically alter the contours of the case and require extensive additional discovery." Opp'n at 11. That is inaccurate. Plaintiffs' new claims do not come as a total surprise to Defendants; Defendants had successfully dismissed the direct infringement claim when it was added before. See Reply at 7. And as Plaintiffs assert, the operative complaint already asserts similar claims and allegations against MosaicML. Id. at 8. Plaintiffs' proposed claims do not inject novel and unrelated legal theories into this case.

Moreover, while the Court is cognizant of Defendants' concern with the close of fact discovery, the "need for further discovery alone does not constitute prejudice sufficient to deny leave to amend." Rodriguez v. Barrita, Inc., No. C 09-4057 RS, 2013 WL 12175047, at *3 (N.D. Cal. Jan. 14, 2013). Plaintiffs also represent that "the proposed new claims of infringement are directly tied to documents and facts that are within the scope of Defendants' pre-existing collection." Reply at 7. And, to the extent that further discovery is required, it will be limited. Id. at 7 n.4. The Court will hold Plaintiffs to their representations and this order is not to be interpreted as permitting expansive discovery after amendment. In exercising its discretion, the Court is "guided by the underlying

purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." Webb, 655 F.2d at 979–80.  Accordingly, the Court finds that Defendants would not be prejudiced by the addition of the proposed claims.

### 3. Bad Faith

Defendants point to all their above arguments as demonstrating Plaintiffs' bad faith.  Opp'n at 13–15.  As explained, the Court disagrees with Defendants on the prior Foman factors and that Plaintiffs' conduct rises to the level of bad faith.  See Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (requiring "a strong showing" of any Foman factors to deny leave to amend).  While the Court will scrutinize any future delays on Plaintiffs' part, the current posture is not one of bad faith and tactical delays.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to modify the scheduling order and for leave to file their amended complaint.

**IT IS SO ORDERED.**

Dated: January 20, 2025

CHARLES R. BREYER
United States District Judge