IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Mosaic LLM Litigation. | Master Case No.  24-cv-01451-CRB |
| | **ORDER DENYING MOTIONS TO DISMISS AND STRIKE** |

Plaintiffs are authors that are suing Defendants Databricks and MosaicML for copyright infringement stemming from Defendants' large language models, or LLMs, which are used to train artificial intelligence.  The Court had initially dismissed a newly added direct infringement claim against Databricks based on their DBRX series of LLMs but noted that Plaintiffs could move to amend when discovery revealed information that would support factual allegations for that claim.  Order (dkt. 162) at 5.  Plaintiffs subsequently filed their Second Amended Consolidated Complaint to reassert their DBRX direct infringement claim.  SACC (dkt. 254).  Defendants now move to dismiss that claim and to strike all allegations relating to DBRX.  Mot. (dkt. 264).  Because Plaintiffs sufficiently state a claim, the Court **DENIES** Defendants' motion.[1]  For this order, the Court presumes familiarity with the facts and background law.

## I.    LEGAL STANDARD

### A.    Motion to Dismiss

Pursuant to Rule 12(b)(6), courts may dismiss a complaint for failure to state a

---

[1] The Court finds this matter suitable for resolution without oral argument.  Civ. L.R. 7-1(b).

claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Courts may base dismissal on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019) (citation omitted).  A complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

### B.    Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike from a pleading any redundant or immaterial matter.  Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money[, which] arise from litigating spurious issues by dispensing with those issues prior to trial."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  "Generally, Rule 12(f) motions are 'disfavored' because they are 'often used as delaying tactics, and because of the limited importance of pleadings in federal practice.'"  Equine Solutions, Inc. v. Buntrock, No. 07-04976 (CRB), 2008 WL 111237, at *2 (N.D. Cal. Jan. 9, 2008) (citing Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (quotations and citations omitted)).

## II.    DISCUSSION

Defendants contend that Plaintiffs' allegations about infringement are not linked to DBRX specifically.  See Mot. at 1.  Essentially, because Plaintiffs only allege that Databricks copied their books during early development of DBRX and not its actual training, Plaintiffs fail to state a claim as to DBRX.  Id. at 1–2.  Plaintiffs refute Defendants' characterization.  They argue their allegations are directly tied to DBRX and that copying is copying—no matter at what stage in LLM training.  Opp'n (dkt. 272) at 5–

2

6. The Court agrees with Plaintiffs and **DENIES** Defendants' motion to dismiss.[2]

As part of a direct copyright infringement claim, a plaintiff must plead that a defendant "violated at least one exclusive right granted to copyright holders." Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657, 666 (9th Cir. 2017) (citation modified). And "[a]s is relevant here, direct infringement requires copying of a protected work by the defendant." Oracle Am., Inc. v. Hewlett Packard Enter. Co., 971 F.3d 1042, 1052 (9th Cir. 2020).

Plaintiffs' complaint sufficiently meets this requirement. Plaintiffs allege that Databricks ███████████████████████████████████████████████ ██████████████████████████████████████████████ ████████████. SACC ¶ 52. Plaintiffs describe ███████████████████ ████████████████████████████████████. Id. Purportedly, that ████████ ████████████████████. Id. Databricks employees have also described or plausibly implied that Databricks ████████████████████████████████████████. Id. ¶¶ 53–56 (Databricks executive statement that Databricks ████████████████████████████ ██████████████.[3] The complaint also includes additional allegations of copying linked to DBRX. Id. ¶¶ 57, 76 (alleging that Defendants used Plaintiffs' works to develop DBRX).

Because Plaintiffs do not allege copying in DBRX's final training dataset, Defendants argue that the infringement allegations are too attenuated from DBRX as a product. See Reply at 2–3. They contend that copying in development alone fails to state a claim for direct infringement as to the model itself. See id. at 4 ("[T]he fact that Databricks ██████████████████████████████████████████ does not mean

---

[2] Because the Court concludes that Plaintiffs' sufficiently state a claim, the Court also **DENIES** Defendants' motion to strike. See Butler v. Adoption Media, LLC, No. C 04-0135 PJH, 2006 WL 648718, at *2 (N.D. Cal. Mar. 13, 2006) (denying motion to strike because the relevant "allegations implicate[d] the merits of plaintiffs' claims").

[3] Defendants argue that some of the employee statements were previously deemed insufficient to state a claim and should again fail. Reply (dkt. 275) at 6; see Order at 3–5. But Plaintiffs have cured their prior deficiencies in the operative complaint. They directly tie their infringed works to DBRX, and the employee statements provide supporting inferences when read in context, particularly when viewed alongside other more direct statements. See SACC ¶¶ 53–56.

that Databricks ███████████████ .").  But the complaint, as discussed above, <u>does</u> tie the copying to DBRX itself.  Properly determining the degree of attenuation would require evidentiary considerations outside of the pleadings.  And "it is not appropriate to litigate factual disputes on a motion to dismiss."  <u>See</u> <u>Olsen v. Hortica Ins. Co.</u>, No. 5:21-CV-03891-EJD, 2023 WL 2277007, at *2 (N.D. Cal. Feb. 27, 2023).  Defendants may ultimately prevail on this issue, but for now, Plaintiffs' allegations are sufficient.

## III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss and motion to strike allegations relating to DBRX.

**IT IS SO ORDERED.**

Dated: April 21, 2026

_____
CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

4