JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
RYAN KWOCK (CSB No. 336414)
rkwock@fenwick.com
FENWICK & WEST LLP
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone:     415.875.2300
Facsimile:     650.938.5200

DAVID HAYES (CSB No. 122894)
dhayes@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly MOSAIC ML, INC.

*Additional counsel listed on signature page*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

*In Re Mosaic LLM Litigation*

Case No.: 3:24-cv-01451-CRB

**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL DEFENDANTS' ANSWER TO SECOND AMENDED CONSOLIDATED COMPLAINT**

Judge:     Hon. Charles R. Breyer

DEFS.' ADMIN. MOTION TO SEAL                    Master File Case No.: 3:24-cv-01451-CRB

Pursuant to Civil Local Rule 79-5 and the Court's Standing Order, Defendants Databricks, Inc. ("Databricks") and Mosaic ML, LLC (collectively, "Defendants") move this Court for an Order allowing Defendants to file under seal an unredacted version of Defendants' Answer to Plaintiffs' Second Amended Consolidated Complaint ("Answer"). Defendants respectfully submit that compelling reasons exist for the filing of these materials under seal. Pursuant to Civil L.R. 79-5(c), the proposed redactions that are sought to be sealed are narrowly tailored and limited to sealable information.

## I.    LEGAL STANDARD

While "courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents[,] … [a]ccess [to judicial records] is not absolute." *Perry v. Brown*, 667 F.3d 1078, 1084 (9th Cir. 2012) (citation modified). Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006))

## II.    DISCUSSION

Compelling reasons exist to seal the highlighted portions of the Answer, because it includes Defendants' internal, nonpublic, and highly sensitive business information pertaining to model training and development.

Defendants maintain that the identified portions of the Answer should remain under seal. These materials and communications contain confidential technical and internal business information about model training and development. Decl. of Eric Berger filed in Support of Defs.' Admin. Mot. to Seal Mot. to Dismiss SACC (Dkt. 263-1) ("Berger Decl.") ¶ 5. Courts have repeatedly found that this type of material warrants sealing. *See, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing "discussions of business strategy[] and competitive analyses"); *Transperfect Global, Inc. v. MotionPoint Corp.*, No. C 10-2590 CW, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) (sealing portions of brief and exhibits containing "proprietary information concerning Defendant's

FENWICK & WEST LLP

technology"); *X One, Inc. v. Uber Techs., Inc.,* No. 16-cv-06050-LHK, 2020 WL 718310, at *3 (N.D. Cal. Feb. 12, 2020) (sealing "information relating to … business strategies").

Disclosure of these materials would cause Defendants competitive harm. *See* Berger Decl. ¶ 6. Defendants operate in a competitive industry. Disclosure of internal, confidential information about model development and training would threaten business interests. This information, if disclosed, would provide competitors with insight into proprietary, nonpublic details about Defendants' internal processes that competitors could exploit. *Id.* Courts have found that a compelling reason to seal documents exists when the information to be sealed "could allow competitors to learn the operation and functionality of [a party's] technical capabilities." *X One*, 2020 WL 718310, at *2 (citation modified); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (explaining that despite the presumption of public access to judicial records, courts have not let documents become "sources of business information that might harm a litigant's competitive standing").

Finally, a less restrictive alternative would not suffice here. Defendants seek to maintain only certain portions of the Answer under seal.

## III.    CONCLUSION

For these reasons, there are compelling reasons to keep the identified portions of the Answer under seal.

Dated:   May 11, 2026                    FENWICK & WEST LLP

By:  /s/ Jedediah Wakefield
Jedediah Wakefield (CSB No. 178058)
jwakefield@fenwick.com

Ryan Kwock (CSB No. 336414)
rkwock@fenwick.com
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone:        415.875.2300
Facsimile: 650.938.5200

David Hayes (CSB No. 122894)
dhayes@fenwick.com

FENWICK & WEST LLP

Diana C. Buck (CSB No. 339314)
dbuck@fenwick.com
801 California Street
Mountain View, CA 94041
Telephone:        650.988.8500
Facsimile:        650.938.5200

Deena Feit (admitted *pro hac vice*)
dfeit@fenwick.com
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone:        206.389.4510
Facsimile:        650.938.5200

Charles Moulins (admitted *pro hac vice*)
cmoulins@fenwick.com
Justine Vandermel (admitted *pro hac vice*)
justine.vandermel@fenwick.com
902 Broadway, 18th Floor
New York, NY 10010
Telephone:        212.430.2600
Facsimile:        650.938.5200

Zachary Harned (CSB No. 335898)
zharned@fenwick.com
730 Arizona Avenue, 1st Floor
Santa Monica, CA 90401
Telephone:        310.434.5400
Facsimile:        650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly
MOSAIC ML, INC.

FENWICK & WEST LLP

DEFS.' ADMIN. MOTION TO SEAL                3                Master File Case No.: 3:24-cv-01451-CRB