JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
RYAN KWOCK (CSB No. 336414)
rkwock@fenwick.com
FENWICK & WEST LLP
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: 415.875.2300
Facsimile: 650.938.5200

DAVID HAYES (CSB No. 122894)
dhayes@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly MOSAIC ML, INC.

*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In Re Mosaic LLM Litigation* | Master File Case No. 3:24-cv-01451-CRB<br>Consolidated with Case No. 3:24-cv-02653-CRB<br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED CONSOLIDATED COMPLAINT** |

FENWICK & WEST LLP
ATTORNEYS AT LAW

DEFENDANTS' ANSWER TO SECOND AMENDED
CONSOLIDATED COMPLAINT

Case No. 3:24-cv-01451-CRB

Defendants Databricks, Inc. ("Databricks") and Mosaic ML, LLC, formerly Mosaic ML, Inc. ("MosaicML") (together "Defendants") submit this Answer to Plaintiffs' Second Amended Class Action Complaint ("Complaint") filed by Plaintiffs Stewart O'Nan, Abdi Nazemian, Brian Keene, Rebecca Makkai, and Jason Reynolds on behalf of themselves and others similarly situated (collectively "Plaintiffs"). Unless specifically admitted, Defendants deny each of the allegations in the Complaint.[1]

1.     Defendants deny the allegations in Paragraph 1.

2.     Defendants admit that Databricks acquired MosaicML in 2023. Defendants otherwise deny the allegations in Paragraph 2.

3.     Defendants admit that they have not sought permission from or compensated Plaintiffs for their use of the RedPajama and The Pile datasets, but Defendants deny that such permission or compensation would be required because their use of such materials constitutes fair use under U.S. copyright law. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and on that basis deny them.

4.     Defendants admit that they did not compensate Plaintiffs for the use of materials in ███████████████████, but Defendants deny that they needed Plaintiffs' authorization or that compensation would be required because the use of such materials for ████████████ constitutes fair use under U.S. copyright law. Defendants deny the remaining allegations in Paragraph 4.

5.     Defendants admit that ██████████████████████████ ████████████████████████████████████████, which is fair use under U.S. copyright law. Defendants deny the remaining allegations in Paragraph 5.

6.     Defendants admit that Databricks is the corporate parent of MosaicML and also released DBRX models and certain MPT models. Defendants deny the remaining allegations in Paragraph 6.

7.     Defendants deny the allegations in Paragraph 7.

FENWICK & WEST LLP
ATTORNEYS AT LAW

8.     The allegations in this Paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis deny them.

9.     The allegations in this Paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants admit that the Court has personal jurisdiction over it with respect to this litigation and that venue is proper in the Northern District of California.  Defendants deny the remaining allegations in Paragraph 9.

10.     The allegations in this Paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants admit that assignment of this case to the San Francisco Division is proper, and that this action purports to arise under intellectual property laws.

11.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis deny them.

12.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis deny them.

13.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13, and on that basis deny them.

14.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14, and on that basis deny them.

15.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15, and on that basis deny them.

16.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16 or as to the content of Exhibit A, and on that basis deny the allegations.

17.     Defendants admit the allegations in Paragraph 17.

18.     Defendants admit that MosaicML is a Delaware limited liability company, is located at this address, and is a subsidiary of Databricks.

19.   Defendants deny the allegations in Paragraph 19.

20.   Defendants deny the allegations in Paragraph 20.

21.   To the extent the allegations set forth in this Paragraph purport to summarize or characterize the contents of the document located at https://arxiv.org/pdf/2101.00027.pdf, the document speaks for itself. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and on that basis deny them.

22.   The allegations in this Paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and on that basis deny them.

23.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis deny them.

24.   To the extent the allegations set forth in this Paragraph purport to summarize or characterize the contents of the document located at https://huggingface.co/datasets/the_pile_books3, the document speaks for itself. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and on that basis deny them.

25.   To the extent the allegations set forth in this Paragraph purport to summarize or characterize the contents of the documents located at https://web.archive.org/web/20230420075601/, https://huggingface.co/datasets/togethercomputer/RedPajama-Data-1T, https://web.archive.org/web/20240510231649/, or https://huggingface.co/datasets/togethercomputer/RedPajama-Data-IT, the documents speak for themselves. Defendants admit that a company called Together AI released a dataset in April 2023 called RedPajama with a subset called "Books." Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25, and on that basis deny them.

26.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis deny them.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

27.     Defendants deny that they infringed Plaintiffs' alleged copyrights.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27, and on that basis deny them.

28.     Defendants admit that LLMs may generate text outputs in response to user prompts. Defendants deny the remaining allegations in Paragraph 28.

29.     Defendants admit that the corpus of material used to train an LLM may be referred to as a "training dataset."  As Paragraph 29 pertains generally to LLMs and not any particular LLM of Defendants, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29, and on that basis deny them.

30.     Defendants admit that training an LLM may consist of multiple steps and involves identifying patterns and relationships in training data.  As Paragraph 30 pertains generally to LLMs and not any particular LLM of Defendants, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and on that basis deny them.

31.     Defendants admit that training a model can involve acquiring data.  As Paragraph 31 pertains generally to LLMs and not any particular LLM of Defendants, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31, and on that basis deny them.  Defendants admit that, depending on the intended function of an LLM, books published in the last 100 years may be high-quality data for training LLMs.

32.     As Paragraph 32 pertains generally to LLMs and not any particular LLM of Defendants, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32, and on that basis deny them.  Defendants deny any suggestion that the LLMs at issue in this litigation progressively adjusted their output to more closely approximate any protected expression contained in the training dataset.

33.     Defendants admit that "ablation studies" may be run during model research and development.  As Paragraph 33 pertains generally to LLM development and not any particular

LLM of Defendants, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and on that basis deny them.

34. As Paragraph 34 pertains generally to LLMs and not any particular LLM of Defendants, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34, and on that basis deny them. Defendants deny any suggestion that the LLMs at issue in this litigation have the goal of imitating any protected expression ingested from the training dataset.

35. As Paragraph 35 pertains generally to LLMs and not any particular LLM of Defendants, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35, and on that basis deny them. Defendants deny any suggestion that "if a dataset contains unlawfully-obtained copyrighted material, each step of the training pipeline may result in an unauthorized use (i.e., infringement) of that copyrighted work."

36. Defendants admit that MosaicML was incorporated in 2020, and one of its goals was to provide tools to facilitate the efficient training of AI models.

37. Defendants admit that MosaicML provided what was known as the MosaicML Platform, which enabled customers to train AI models on their own data. Defendants admit that they have provided streaming of certain training data from cloud storage and ███████████████ ██████████████████████████████████████████████████████████, which is fair use under U.S. copyright law. Defendants deny the remaining allegations in Paragraph 37.

38. Defendants admit that they obtained a copy of ██████ dataset for ████████████ ███████████████ which is fair use under U.S. copyright law. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38, and on that basis deny them.

39. Defendants admit that they obtained a copy of the RedPajama dataset in April 2023 for ██████████████████████████,

40.    Defendants admit that MosaicML ██████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████ , which is fair use under U.S. copyright law.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40, and on that basis deny them.

41.    Defendants admit that MosaicML ████████████████████████ ████████████████████████████████████████████████████████████████, which is fair use under U.S. copyright law.  To the extent that Paragraph 41 purports to summarize or quote documents produced by Defendants, those documents speak for themselves.  Defendants deny that it used a "trove of pirated books for its own benefits."  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41, and on that basis deny them.

42.    To the extent that Paragraph 42 purports to summarize or quote documents produced by Defendants, those documents speak for themselves.  Defendants deny the remaining allegations in Paragraph 42.

43.    Defendants admit that MosaicML released the MPT-7B LLM in May 2023.

44.    Defendants admit that MosaicML published a blog post titled "Introducing MPT-7B: A New Standard for Open-Source, Commercially Usable LLMs" available at https://www.databricks.com/blog/mpt-7b.  To the extent the allegations set forth in this Paragraph purport to summarize or characterize the contents of the blog post located at https://www.databricks.com/blog/mpt-7b, the document speaks for itself.

45.    To the extent the allegations set forth in this Paragraph purport to summarize or characterize the contents of the blog post located at https://www.databricks.com/blog/mpt-7b, the document speaks for itself.

FENWICK & WEST LLP
ATTORNEYS AT LAW

To the extent that the allegations set forth in this Paragraph purport to summarize or quote documents produced by Defendants, those documents speak for themselves. Defendants deny the remaining allegations in Paragraph 46.

47. Defendants admit that MosaicML released the MPT-30B LLM in June 2023, that portions of the RedPajama – Books dataset were used as training data for the MPT-30B LLM, and that the MPT-30B LLM contains approximately 30 billion parameters. To the extent the allegations set forth in this Paragraph purport to summarize or characterize the contents of a blog post, the document speaks for itself.

48. Defendants admit that Databricks █████████████████████████████ ████████████████████, and that any such use would constitute fair use under U.S. copyright law. Defendants deny the remaining allegations in Paragraph 48.

49. Defendants admit that Databricks ████████████████████████ ██████████████████████████████████████████████████████████████ ██████████ Defendants deny the remaining allegations in Paragraph 49.

50. Defendants admit that Databricks ████████████████████████ ██████████████████████████████████, which is fair use under U.S. copyright law. Defendants deny the remaining allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. To the extent that the allegations set forth in this Paragraph purport to summarize or quote documents produced by Defendants, those documents speak for themselves. Defendants deny the remaining allegations in Paragraph 52.

53. To the extent that the allegations set forth in this Paragraph purport to summarize or quote documents produced by Defendants, those documents speak for themselves. Defendants deny the remaining allegations in Paragraph 53.

FENWICK & WEST LLP
ATTORNEYS AT LAW

55.    Defendants admit that Databricks has not publicly identified the specific training data used to train the DBRX models.  To the extent the allegations in Paragraph 55 purport to summarize or characterize the contents of the "Databricks spent $10M on new DBRX generative AI model" article on techcrunch.com, the article speaks for itself.

56.    To the extent the allegations in Paragraph 56 refer to the "Introducing DBRX: A New State-of-the-Art Open LLM" blog post on Databricks' website, the blog post speaks for itself.

57.    Defendants deny the allegations in Paragraph 57.

58.    The allegations in Paragraph 58 state legal conclusions or arguments to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 58.

59.    The allegations in Paragraph 59 state legal conclusions or arguments to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 59.

60.    The allegations in Paragraph 60 state legal conclusions or arguments to which no response is required.

61.    The allegations in Paragraph 61 state legal conclusions or arguments to which no response is required.  To the extent a response is deemed required, Defendants deny that they possess information concerning the exact number of members of Plaintiffs' putative class.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61, and on that basis deny them.

62.    The allegations in Paragraph 62 state legal conclusions or arguments to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 62.

63.    The allegations in Paragraph 63 state legal conclusions or arguments to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 63.

FENWICK & WEST LLP
ATTORNEYS AT LAW

64.    The allegations in Paragraph 64 state legal conclusions or arguments to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 64.

65.    The allegations in Paragraph 65 state legal conclusions or arguments to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 65.

66.    Defendants incorporate by reference their responses to Paragraphs 1 through 65 above as though fully set forth herein.

67.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and on that basis deny them.

68.    Defendants admit that MosaicML downloaded copies of RedPajama – Books and Books3. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68, and on that basis deny them.

69.    Defendants admit that MosaicML made copies of RedPajama – Books and the Books3 datasets in cloud-based object storage buckets including through AWS and OCI.

70.    Defendants deny the allegations in Paragraph 70.

71.    Defendants deny that MosaicML distributed datasets ███████████ to its customers. Defendants admit that MosaicML ██████████████████████ █████████████████████████████████████████ and that such use constitutes fair use under U.S. copyright law. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71, and on that basis deny them.

FENWICK & WEST LLP
ATTORNEYS AT LAW

73.     Defendants admit that after Databricks acquired MosaicML, it took its assets and liabilities and that MosaicML was integrated into Databricks. Defendants deny the remaining allegations in Paragraph 73.

74.     Defendants deny the allegations in Paragraph 74.

75.     Defendants admit that Databricks ████████████████████████████████████ ████████████████████████████████████████████████, which is fair use under U.S. copyright law. Defendants deny the remaining allegations in Paragraph 75.

76.     Defendants admit that ██████████████████████████████████████████ ██████████████████████████, but deny that such activities were part of DBRX development. Defendants deny the remaining allegations in Paragraph 76.

77.     Defendants deny that MosaicML needed Plaintiffs' authorization to use any portions of the RedPajama – Books dataset to train MosaicML's MPT models. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77, and on that basis deny them.

78.     Defendants deny the allegations in Paragraph 78.

79.     Defendants deny the allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80.

81.     Defendants deny the allegations in Paragraph 81.

82.     Defendants deny the allegations in Paragraph 82.

83.     Defendants incorporate by reference their responses to Paragraphs 1 through 82 above as though fully set forth herein.

84.     Defendants admit that Databricks acquired MosaicML in July 2023. Defendants deny the remaining allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86.

FENWICK & WEST LLP
ATTORNEYS AT LAW

88.     Defendants admit that they ██████████████████████████████ ██████████████████████████████████████████████████████████ ████████ which is fair use under U.S. copyright law.  Defendants deny the remaining allegations in Paragraph 88.

89.     Defendants deny that consent of the Plaintiffs was necessary for ██████████████ ██████ which is fair use under U.S. copyright law.  Defendants deny the remaining allegations in Paragraph 89.

90.     Defendants admit that they ██████████████████████████████ ████████████████████████████████████████████████████, which is fair use under U.S. copyright law.  Defendants deny that permission or consent was needed because such use constitutes fair use under U.S. copyright law.  Defendants deny the remaining allegations in Paragraph 90.

91.     Defendants deny the allegations in Paragraph 91.

92.     Defendants deny the allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants deny the allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95.

96.     Defendants incorporate by reference their responses to Paragraphs 1 through 95 above as though fully set forth herein.

97.     Defendants admit that they ██████████████████████████████ ████████████████████████████████████████████████████, which is fair use under U.S. copyright law.  Defendants deny the remaining allegations in Paragraph 97.

98.     Defendants deny that using Books for ██████████████████████ violates Plaintiffs' rights under 17 U.S.C. § 106, as such use constitutes fair use under U.S. copyright law.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98, and on that basis deny them.

99.     Defendants deny the allegations in Paragraph 99.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Defendants deny that Plaintiffs and the proposed Class are entitled to any relief, including but not limited to the relief sought in the section of the Complaint titled "Demand for Judgment." To the extent that this section contains any allegations, Defendants deny them.

## JURY TRIAL DEMANDED

Defendants hereby demand a trial by jury on all claims, defenses, and issues in this action so triable.

## GENERAL DENIAL

Unless expressly admitted above, Defendants deny each and every allegation set forth in Plaintiffs' Complaint.

## DEFENSES

Defendants further plead the following separate and additional defenses to the Complaint. By pleading these defenses, Defendants do not in any way agree or concede that they have the burden of proof or persuasion on any claims or defenses. Defendants reserve the right to plead any and all defenses that may be evident or revealed after investigation and discovery in this matter.

### FIRST DEFENSE
(Failure to State a Claim)

Plaintiffs' and class members' claims fail, in whole or in part, because the Complaint, and each purported cause of action therein, fails to state a claim upon which relief may be granted and/or to state facts sufficient to constitute a claim for relief against Defendants.

### SECOND DEFENSE
(Fair Use)

To the extent that Defendants made any unauthorized copies, the copying constituted fair use, given, among other factors, the purpose and transformative character of the use and the effect of the use upon the potential market for or value of the allegedly copyrighted works.

### THIRD DEFENSE
(Noninfringing Use)

Plaintiffs' and class members' claims fail in whole or in part because the models created by Defendants that are the subject of this action, and Defendants' products, services, or actions in

FENWICK & WEST LLP
ATTORNEYS AT LAW

connection with those models, have and are capable of substantial noninfringing uses and commercially significant noninfringing uses, and are widely used for legitimate, unobjectionable purposes.

### FOURTH DEFENSE
### (Invalidity or Unenforceability of Copyright)

Plaintiffs' and class members' claims fail in whole or in part to the extent the accused datasets include works in the public domain, unregistered works, works to which copyright protection has been abandoned or expired, works that lack requisite originality, works not subject to copyright protection under 17 U.S.C. § 102(b), or otherwise unprotectable under applicable law.

### FIFTH DEFENSE
### (Misuse, Unclean Hands, Laches, Estoppel)

Plaintiffs' and class members' claims fail in whole or in part by the doctrines of misuse, unclean hands, laches, estoppel, and/or other equitable defenses.

### SIXTH DEFENSE
### (Waiver, Abandonment, Forfeiture)

Plaintiffs' and class members' claims are barred in whole or in part by the doctrines of waiver, abandonment, and/or forfeiture.

### SEVENTH DEFENSE
### (License)

Plaintiffs' and class members' claims are barred or limited to the extent that the works over which they assert copyright and copyright infringement were subject to an express or implied license or permission given to Defendants or their agents.

### EIGHTH DEFENSE
### (Lack of Standing)

Plaintiffs' and class members' claims are barred to the extent they do not own a valid copyright for some or all of the works, do not hold a valid copyright registration for some or all of the works, and/or otherwise lack standing or fail to meet statutory requirements to assert their claims.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**NINTH DEFENSE**
**(Unavailability of Injunctive Relief)**

Plaintiffs' and class members' claims fail, in whole or in part, because Plaintiffs are not entitled to injunctive relief (temporarily, preliminarily, or permanently), including because any injury to them is not immediate or irreparable, Plaintiffs would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

**TENTH DEFENSE**
**(Lack of Willfulness and Innocent Conduct)**

Plaintiffs' and class members' claims for statutory damages must be reduced because Defendants' conduct was innocent, not willful.

**ELEVENTH DEFENSE**
**(Lack of Injury)**

Plaintiffs' and class members' claims fail in whole or in part because they have not suffered injury as a result of the conduct alleged in the Complaint.

**TWELFTH DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiffs and class members are barred from recovery of damages because of and to the extent of their failure to mitigate their alleged damages (to which, in any event, they are not entitled).

**THIRTEENTH DEFENSE**
**(Attorneys' Fees Improper)**

The Complaint fails to state a cause of action or allege sufficient facts to support a claim for attorneys' fees.

**FOURTEENTH DEFENSE**
**(Class Cannot be Certified)**

The purported class cannot be certified under Federal Rule of Civil Procedure 23 because, inter alia, the purported class, class representatives and/or class counsel fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendants do not presently know all facts concerning Plaintiffs' claims and the putative class sufficient to state all affirmative defenses at this time. Defendants will seek leave to amend this Answer should they later discover facts demonstrating the existence of additional affirmative defenses. Defendants reserve any and all additional affirmative defenses available to them.

**DEFENDANTS' DEMAND FOR JUDGMENT**

WHEREFORE, Defendants pray for judgment with respect to Plaintiffs' Complaint and Defendants' defenses as follows:

a)   A judgment in Defendants' favor denying Plaintiffs all relief requested in the Complaint and dismissing the Complaint with prejudice;

b)   For an award to Defendants of their attorneys' fees, costs, and expenses of litigation; and

c)   Such other relief as the Court shall deem just and proper.

Dated:   May 11, 2026                    FENWICK & WEST LLP


By:   */s/ Jedediah Wakefield*
Jedediah Wakefield (CSB No. 178058)
jwakefield@fenwick.com
Ryan Kwock (CSB No. 336414)
rkwock@fenwick.com
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: 415.875.2300
Facsimile: 650.938.5200

David Hayes (CSB No. 122894)
dhayes@fenwick.com
Diana C. Buck (CSB No. 339314)
dbuck@fenwick.com
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Deena Feit (admitted *pro hac vice*)
dfeit@fenwick.com
401 Union Street, 5th Floor
Seattle, WA 98101

FENWICK & WEST LLP
ATTORNEYS AT LAW

Telephone: 206.389.4510
Facsimile: 650.938.5200

Charles Moulins (admitted *pro hac vice*)
cmoulins@fenwick.com
Justine Vandermel (admitted *pro hac vice*)
justine.vandermel@fenwick.com
902 Broadway, 18th Floor
New York, NY 10010
Telephone: 212.430.2600
Facsimile: 650.938.5200

Zachary Harned (CSB No. 335898)
zharned@fenwick.com
730 Arizona Avenue, 1st Floor
Santa Monica, CA 90401
Telephone: 310.434.5400
Facsimile: 650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly
MOSAIC ML, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW