JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
FENWICK & WEST LLP
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: 415.875.2300
Facsimile: 650.938.5200

DAVID HAYES (CSB No. 122894)
dhayes@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly MOSAIC ML, INC.

*Additional counsel listed on signature page*

FENWICK & WEST LLP

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

*In Re Mosaic LLM Litigation*

Master File Case No. 3:24-cv-01451-CRB
Consolidated with Case No. 3:24-cv-02653-CRB

**DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL RE PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF MARK L. SEELEY**

Judge: Honorable Charles R. Breyer

Pursuant to Civil Local Rules 7-11 and 79-5(f) and the Court's Standing Order, Defendants Databricks, Inc. and Mosaic ML, LLC respectfully submit that Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal in connection with Plaintiffs' Opposition to Defendants' Motion to Exclude Testimony of Mark L. Seeley should be granted with respect to Exhibit 1, as there are compelling reasons to maintain portions of that exhibit under seal. Consistent with Civil Local Rule 79-5(c), the redactions to this exhibit are narrowly tailored and limited to sealable information.

## I. LEGAL STANDARD

Although "courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents … access [to judicial records] is not absolute." *Perry v. Brown*, 667 F.3d 1078, 1084 (9th Cir. 2012) (citation modified). When motions and their supporting materials are "more than tangentially related to the merits of the case," the moving party must demonstrate "compelling reasons" for sealing. *Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 345 F. Supp. 3d 1111, 1120 (N.D. Cal. 2018); *see also VLSI Tech. LLC v. Intel Corp.*, No. 17-cv-05671-BLF, 2023 WL 6558651, at *1 (N.D. Cal. Sept. 5, 2023) (applying "compelling reasons" to motions to seal associated with *Daubert* motions). A compelling reason to seal documents exists where the business information to be sealed could harm a litigant's competitive standing or be used to the litigant's competitive disadvantage. *Lawson v. Grubhub, Inc.*, No. 15-CV-05128-JSC, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (explaining that, despite the presumption of public access to judicial records, courts have declined to permit their files to serve as "sources of business information that might harm a litigant's competitive standing").

## II. ARGUMENT

Compelling reasons exist to maintain under seal the redacted portions of Exhibit 1 to Plaintiffs' Opposition to Defendants' Motion to Exclude Testimony of Mark L. Seeley. These portions contain Defendants' nonpublic, confidential, and commercially sensitive information, the disclosure of which would cause Defendants unfair commercial harm. The proposed redactions do not prevent the public from understanding the substance of the issues in dispute or the parties'

arguments, and there is no less restrictive alternative to the relief Defendants seek. The Court should therefore grant Plaintiffs' Administrative Motion with respect to Exhibit 1.

| **Document Sought to be Sealed** | **Portion to be Filed Under Seal** |
|---|---|
| Plaintiffs' Opposition to Defendants' Motion to Exclude Testimony of Mark L. Seeley | Defendants do not seek to seal the identified portion of Plaintiffs' Opposition. |
| Exhibit 1 (Opening Expert Report of Mark Seeley) | Defendants seek to maintain under seal the redacted portions of this exhibit, which are identical to the portions Defendants sought to seal in connection with their Motion to Exclude Testimony of Mark L. Seeley. *See* Dkts. 309, 309-1, 309-2.[1] |
| Exhibit 2 (Excerpts from the transcript of the deposition of Mark L. Seeley) | Defendants do not seek to seal this exhibit. |

Defendants' redactions to Exhibit 1 are narrowly tailored to references to specific identities of Defendants' customers, the specifics of Defendants' internal experimentation and research, and quotations or characterizations from Defendants' internal documents, communications, or confidential deposition testimony pertaining to non-public business information, including AI training practices and internal strategies. Decl. of Eric Berger ("Berger Decl.") ¶ 3.

Courts in this Circuit routinely seal nonpublic, sensitive, and internal information where disclosure would cause unfair commercial or financial harm, recognizing that the compelling reasons for sealing outweigh the public's interest in access. *See, e.g.*, *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) ("Courts applying the compelling reasons standard have upheld the sealing of … detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing."); *In re Google Generative AI Copyright Litig.*, No. 23-cv-03440-EKL, 2026 WL 686314, at *2 (N.D. Cal. Mar. 11, 2026) (sealing sensitive technical and engineering information relating to generative AI models and "technical analysis of model performance"); *Transperfect Glob., Inc. v. MotionPoint Corp.*, No. C 10-2590 CW, 2013 WL

[1] Defendants are prepared to provide the Court with a highlighted copy of Exhibit 1 indicating the proposed redactions should the Court find it helpful in its review and sealing determinations.



FENWICK & WEST LLP

FENWICK & WEST LLP

706975, at *1 (N.D. Cal. Feb. 26, 2013) (sealing portions of brief and exhibits containing "proprietary information concerning Defendant's technology"); *X One, Inc. v. Uber Techs., Inc.*, No. 16-cv-06050-LHK, 2020 WL 718310, at *3 (N.D. Cal. Feb. 12, 2020) (sealing "information relating to … business strategies").

Defendants' sensitive information warrants the same protection here. These redactions seek to protect from disclosure nonpublic, competitively sensitive commercial information, the disclosure of which would cause concrete harm to Defendants' business relationships and competitive position. Berger Decl. ¶¶ 3-4. Defendants operate in a highly competitive industry, and the redacted material—internal information about model development and training, and the identities of and relationships with specific customers—would give competitors insight into Defendants' development processes, customer relationships, and strategic decisions that they could exploit. *Id.* There is no countervailing public benefit to disclosure of this information. Defendants' narrowly tailored redactions do not prevent the public from reading and understanding the substance of Defendants' arguments and of the issues in dispute. *See Bungie, Inc. v. Bansal*, No. 2:21-cv-01111-TL, 2023 WL 3292510, at *1 (W.D. Wash. May 5, 2023) (sealing materials after finding "compelling interests that outweigh[ed] the public's right of access," where "the public ha[d] broad access to the majority of the filings, which allow[ed] for an understanding of the merits of the issues presented" in the at-issue motion).

Finally, there is no less restrictive alternative to the relief Defendants seek. Pursuant to Civil Local Rule 79-5(c)(1), Defendants' sealing requests are narrowly tailored to cover only non-public, commercially sensitive, and confidential information.

## III. CONCLUSION

For these reasons, Defendants respectfully request that the Court maintain under seal the identified portions of Exhibit 1 to Plaintiffs' Opposition to Defendants' Motion to Exclude Testimony of Mark L. Seeley.

Dated: August 20, 2026

FENWICK & WEST LLP

By: /s/ Jedediah Wakefield
Jedediah Wakefield (CSB No. 178058)

jwakefield@fenwick.com
Ryan Kwock (CSB No. 336414)
rkwock@fenwick.com
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: 415.875.2300
Facsimile: 650.938.5200

David Hayes (CSB No. 122894)
dhayes@fenwick.com
Diana C. Buck (CSB No. 339314)
dbuck@fenwick.com
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Jonathan T. McMichael (CSB No. 304737)
jmcmichael@fenwick.com
Deena Feit (admitted *pro hac vice*)
dfeit@fenwick.com
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 650.938.5200

Charles Moulins (admitted *pro hac vice*)
cmoulins@fenwick.com
Justine Vandermel (admitted *pro hac vice*)
justine.vandermel@fenwick.com
902 Broadway, 18th Floor
New York, NY 10010
Telephone: 212.430.2600
Facsimile: 650.938.5200

Zachary Harned (CSB No. 335898)
zharned@fenwick.com
730 Arizona Avenue, 1st Floor
Santa Monica, CA 90401
Telephone: 310.434.5400
Facsimile: 650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly
MOSAIC ML, INC.