JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
FENWICK & WEST LLP
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: 415.875.2300
Facsimile: 650.938.5200

DAVID HAYES (CSB No. 122894)
dhayes@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly MOSAIC ML, INC.

*Additional counsel listed on signature page*

FENWICK & WEST LLP

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

*In Re Mosaic LLM Litigation*

Master File Case No. 3:24-cv-01451-CRB
Consolidated with Case No. 3:24-cv-02653-CRB

**DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL RE THE EXHIBITS TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Judge: Honorable Charles R. Breyer

## TABLE OF CONTENTS


| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | LEGAL STANDARD | 7 |
| III. | DISCUSSION | 8 |
| IV. | CONCLUSION | 14 |


FENWICK & WEST LLP

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bunsow De Mory LLP v. N. Forty Consulting LLC*,
No. 20-cv-04997-JSC, 2020 WL 7872199 (N.D. Cal. Sept. 21, 2020) .................................. 13

*Day v. GEICO Casualty Co.*,
No. 21-cv-02103-BLF, 2023 WL 8438582 (N.D. Cal. Dec. 5, 2023) .................................. 13

*Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*,
345 F. Supp. 3d 1111 (N.D. Cal. 2018) .................................................................................. 7

*In re Google Generative AI Copyright Litig.*,
No. 23-cv-03440-EKL, 2026 WL 686314 (N.D. Cal. Mar. 11, 2026) .................................. 14

*In re Qualcomm Litig.*,
No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922 (S.D. Cal. Nov. 8, 2017) ........................ 12

*Lawson v. Grubhub, Inc.*,
No. 15-cv-05128-JSC, 2017 WL 2951608 (N.D. Cal. July 10, 2017) ...................................... 7

*Nixon v. Warner Commc'ns, Inc.*,
435 U.S. 589 (1978) .................................................................................................................. 7

*Perry v. Brown*,
667 F.3d 1078 (9th Cir. 2012) .................................................................................................. 7

*Simpson Strong-Tie Co. v. MiTek Inc.*,
No. 20-cv-06957-VKD, 2023 WL 350401 (N.D. Cal. Jan. 20, 2023) .................................. 13

*Skillz Platform Inc. v. AviaGames Inc.*,
No. 21-cv-02436-BLF, 2023 WL 6131611 (N.D. Cal. Sept. 18, 2023) .................................. 7

*Space Data Corp. v. Alphabet Inc.*,
No. 16-cv-03260-BLF, 2019 WL 8012582 (N.D. Cal. July 17, 2019) .................................. 12

*Transperfect Global, Inc. v. MotionPoint Corp.*,
No. C 10-2590 CW, 2013 WL 706975 (N.D. Cal. Feb. 26, 2013) .................................. 12, 14

*True Health Chiropractic Inc. v. McKesson Corp.*,
No. 13-cv-02219-HSG, 2019 WL 11743580 (N.D. Cal. Aug. 13, 2019) .............................. 12

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
Nos. C 10–3724, C 10–5254 CW, 2014 WL 6664621
(N.D. Cal. Nov. 24, 2014) ...................................................................................................... 14

*X One, Inc. v. Uber Techs., Inc.*,
No. 16-cv-06050-LHK, 2020 WL 718310 (N.D. Cal. Feb. 12, 2020) .................................... 12

*Zogenix, Inc. v. Fed. Ins. Co.*,
No. 4:20-cv-06578-YGR, 2022 WL 3908529 (N.D. Cal. May 26, 2022) .............................. 13

FENWICK & WEST LLP

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(f) and the Court's Standing Order, Defendants Databricks, Inc. and Mosaic ML, LLC respectfully submit that Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal in connection with Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (Dkt. 388) should be granted. As discussed below, compelling reasons exist to file the following documents fully or partially under seal because they contain Defendants' confidential information:

| **Document Sought to be Sealed** | **Portion to be Filed Under Seal** |
|---|---|
| Exhibit 1 – Expert Report of Shawn Shan, Ph.D. | Defendants seek to seal the following portions of this report:<br>- Paragraph 15, line 3, the number that is the third word after "(a)";<br>- The references to the dataset paths in Paragraph 21, lines 5 and 6;<br>- The number that is three words from the right in Paragraph 21, line 7;<br>- Table 1 (on page 8);<br>- The number that is the first word from the right in Paragraph 25, line 2;<br>- Table 2 (on pages 9-10);<br>- The bulleted list in Paragraph 27;<br>- Paragraph 45(i), line 5, starting with the fourth word from the left and ending with the eighth word from the left;<br>- Paragraph 48(i), the numbers before: (1) "distinct models" in the first line on page 25; (2) "models" in the second line on page 25; (3) "of" in the second line on page 25; and (4) "models" in the third line of page 25; |



FENWICK & WEST LLP

| **Document Sought to be Sealed** | **Portion to be Filed Under Seal** |
|---|---|
| | - Paragraph 48(i), the model name in the seventh line on page 25;<br>- Paragraph 48(ii), the model name in lines 7-8;<br>- Paragraph 48(iii), the numbers before: (1) "distinct training" in line three; and (2) "final" in line five;<br>- The references to a third party in Paragraph 54(i) in the second line;<br>- The reference to a third party in Paragraph 59, line 2, second word from the left;<br>- The reference to the dataset path in Paragraph 63;<br>- Paragraph 72;<br>- Figure 1 under Paragraph 72, including the Figure name (on page 34);<br>- Paragraphs 74-79, including Table 5 and Table 5's name;<br>- Paragraph 82; and<br>- Paragraphs 84-86, including Table 6 and Table 6's name. |
| Exhibit 2 – Databricks' Responses to Plaintiffs' Third Set of Interrogatories | Defendants do not seek to seal this exhibit. |
| Exhibit 3 – Transcript of Cody Blakeney Deposition (excerpted) | Defendants seek to seal this exhibit in its entirety. |
| Exhibit 4 – Opening Expert Report of Mark Seeley | Defendants seek to seal the same portions of this report identified in their Administrative Motion to File Under Seal in connection with Defendants' Motion to Exclude Testimony of Mark L. Seeley ("Defendants' Motion to Exclude Sealing Motion"). Dkt. 309. |

| Document Sought to be Sealed | Portion to be Filed Under Seal |
|---|---|
| Exhibit 7 – MOSAIC_ONAN_00060029 | Defendants seek to seal this exhibit in its entirety. |
| Exhibit 8 – MOSAIC_ONAN_00035315 | Defendants seek to seal this exhibit in its entirety, as they did in their Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal in connection with Plaintiffs' Motion for Partial Summary Judgment ("Response to Plaintiffs' MSJ Sealing Motion"). Dkt. 364. |
| Exhibit 9 – MOSAIC_ONAN_00000519 | Defendants do not seek to seal this exhibit. |
| Exhibit 10 – MOSAIC_ONAN_00046630 | Defendants seek to seal this exhibit in its entirety. |
| Exhibit 11 – Transcript of Jonathan Frankle Deposition (excerpted) | Defendants do not seek to seal this exhibit. |
| Exhibit 12 – Databricks' Supplemental/Amended Responses to Plaintiffs' First Set of Interrogatories | Defendants seek to seal the tenth word from the left to the twelfth word from the left on page 29, line 4 (in the response to Interrogatory No. 21). |
| Exhibit 13 – Declaration of Jonathan Frankle | Defendants seek to seal the highlighted portions on page 9. |
| Exhibit 14 – MOSAIC_ONAN_00022529 | Defendants seek to seal the links to internal documents and webpages on page -22529. |
| Exhibit 15 – MOSAIC_ONAN_00040630 | Defendants seek to seal this exhibit in its entirety. |
| Exhibit 16 – Defendant Databricks' Responses to Plaintiffs' Fourth Set of Interrogatories | Defendants seek to seal the following portions of these discovery requests, objections, and responses:<br><br>- The references to third parties in Interrogatory Nos. 46-48 on page 12, lines 25-28; page 13, lines 2-5; page 14, line 7; and page 15, lines 14-20; and |

Fenwick & West LLP

| Document Sought to be Sealed | Portion to be Filed Under Seal |
|---|---|
| | - The references to third parties and dataset paths included in the response to Interrogatory No. 50 at page 18 lines 16-17, 20; and at page 19, lines 4 and 8. |
| Exhibit 18 – Jira Thread (MOSAIC_ONAN_00049571) | Defendants seek to seal this exhibit in its entirety. |
| Exhibit 19 – Transcript of Naveen Rao Deposition (excerpted) | Defendants do not seek to seal this exhibit. |
| Exhibit 20 – Transcript of the Hanlin Tang Deposition (Vol. I) (excerpted) | Defendants seek to seal the following portions of this transcript:<br>- 95:2-6; and<br>- 258:4. |
| Exhibit 21 – Rebuttal Expert Report of Shawn Shan | Defendants seek to seal the following portions of this report:<br>- The bulleted list in Paragraph 3;<br>- Paragraph 7, line 2, from the first word from the left to the period;<br>- Paragraph 9;<br>- Paragraph 20, lines 1-2, starting with the word after “claims that” to the period;<br>- Paragraphs 24 and 25;<br>- Paragraph 26, line 12, starting with the second word from the left to the third word from the left; and<br>- Paragraphs 27-30, including subheading C before Paragraph 27. |
| Exhibit 22 – Transcript of Catherine Tucker Deposition (excerpted) | Defendants seek to seal the references to a third party at 106:15 and 106:21. |
| Exhibit 23 – Transcript of Michael Johnson Deposition (excerpted) | Defendants seek to seal the references to a third party at 71:14-23, 72:22-23; and 73:5. |

| Document Sought to be Sealed | Portion to be Filed Under Seal |
| --- | --- |
| Exhibit 24 – MOSAIC_ONAN_00047263 | Defendants seek to seal this exhibit in its entirety. |
| Exhibit 27 – Sur-Reply Expert Report of David Evans | Defendants seek to seal the same portions of this report identified in their Administrative Motion to File Under Seal re Defendants' Motion for Summary Judgment ("Defendants' MSJ Sealing Motion"). Dkt. 319. |
| Exhibit 28 – Rebuttal Expert Report of Michael Sinkinson | Defendants seek to seal the same portions of this report identified in Defendants' MSJ Sealing Motion. Dkt. 319. |
| Exhibit 29 – MOSAIC_ONAN_00000093 | Defendants do not seek to seal this exhibit. |
| Exhibit 30 – MOSAIC_ONAN_00041793 | Defendants do not seek to seal this exhibit. |
| Exhibit 31 – MOSAIC_ONAN_00020558 | Defendants seek to seal this exhibit in its entirety. |
| Exhibit 33 – Transcript of the Mark L. Seeley Deposition | Defendants seek to seal pages 185-187 of the deposition transcript. |
| Exhibit 39 – MOSAIC_ONAN_00056797 | Defendants seek to seal this exhibit in its entirety. |
| Exhibit 40 – MOSAIC_ONAN_00017722 | Defendants seek to seal this exhibit in its entirety. |
| Exhibit 41 – MOSAIC_ONAN_00034571 | Defendants seek to seal this exhibit in its entirety. |
| Exhibit 42 – MOSAIC_ONAN_00019959 | Defendants seek to seal (1) the references to third parties on pages -19969 and -19970 and (2) the phone number on page -19973. |
| Exhibit 43 – MOSAIC_ONAN_00020916 | Defendants seek to redact the third-party email address on page -20916. |
| Exhibit 44 – MOSAIC_ONAN_00052851 | Defendants do not seek to seal this exhibit. |
| Exhibit 45 – Transcript of the Vitaliy Chiley Deposition (excerpted) | Defendants do not seek to seal this exhibit. |
| Exhibit 46 – Expert Report of Catherine Tucker | Defendants seek to seal the same portions of this report identified in Defendants' MSJ Sealing Motion. Dkt. 319. |

| Document Sought to be Sealed | Portion to be Filed Under Seal |
|---|---|
| Exhibit 47 – MOSAIC_ONAN_00019959 | Defendants seek to seal (1) the references to third parties on pages -19969 and -19970 and (2) the phone number on page -19973. |
| Exhibit 48 – MOSAIC_ONAN_00050107 | Defendants do not seek to seal this exhibit. |
| Exhibit 49 – Expert Report of Daniel Spulber | Defendants seek to seal the following portions of this report:<br>- Paragraph 12, the last three words of line 3 and all of line 4;<br>- Footnote 103, starting from after the ellipsis in line 3 to the period in line 4 (on page 29);<br>- Paragraphs 92-93;<br>- Footnote 139 (on page 37);<br>- Lines 6-7 of Paragraph 105, starting with the word after "field" (on page 42);<br>- The first two lines of Paragraph 105 on page 43;<br>- The last three rows of Table 3 (on page 55);<br>- Lines 5-6 of paragraph 130 (on page 55); and<br>- The last three rows of Appendix H on page 129. |
| Exhibit 50 – Transcript of the Michael Sinkinson Deposition (excerpted) | Defendants do not seek to seal this exhibit. |
| Exhibit 51 – Expert Report of Michael Johnson | Defendants seek to seal the same portions of this report identified in Defendants' MSJ Sealing Motion. Dkt. 319. |
| Exhibit 52 – Transcript of the Hanlin Tang Deposition (Vol. II) (excerpted) | Defendants seek to seal the following portions of the deposition transcript:<br>- 391:1-17; |

| Document Sought to be Sealed | Portion to be Filed Under Seal |
|---|---|
| | - 392:3-11; and<br>- 393:1-21. |
| Exhibit 53 – MOSAIC_ONAN_00034974 | Defendants do not seek to seal this exhibit. |
| Exhibit 54 – MOSAIC_ONAN_00034797 | Defendants seek to seal this exhibit in its entirety. |
| Exhibit 55 – MOSAIC_ONAN_00035902 | Defendants seek to seal this exhibit in its entirety. |
| Exhibit 57 – MOSAIC_ONAN_00047291 | Defendants seek to seal this exhibit in its entirety. |
| Exhibit 58 – MOSAIC_ONAN_00047625 | Defendants seek to seal this exhibit in its entirety. |
| Exhibit 59 – MOSAIC_ONAN_00049004 | Defendants seek to seal this exhibit in its entirety. |

FENWICK & WEST LLP

Defendants are prepared to provide the Court with highlighted copies of any of the above exhibits indicating the proposed redactions, should the Court find such copies helpful in its review and sealing determinations.

## II. LEGAL STANDARD

While "courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents … access [to judicial records] is not absolute." *Perry v. Brown*, 667 F.3d 1078, 1084 (9th Cir. 2012) (citation modified). When motions and their supporting materials are "more than tangentially related to the merits of the case," the moving party must demonstrate "compelling reasons" for sealing. *Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 345 F. Supp. 3d 1111, 1120 (N.D. Cal. 2018) (applying "compelling reasons" standard to motion for summary judgment); *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-cv-02436-BLF, 2023 WL 6131611, at *1 (N.D. Cal. Sept. 18, 2023) (same). A compelling reason to seal documents exists where the business information to be sealed could harm a litigant's competitive standing or be used to the litigant's competitive disadvantage. *Lawson v. Grubhub, Inc.*, No. 15-cv-05128-JSC, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017); *see also Nixon v.*

*Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (explaining that despite the presumption of public access to judicial records, courts have not let documents become "sources of business information that might harm a litigant's competitive standing").

**III. DISCUSSION**

Compelling reasons exist to seal the documents and portions of documents identified above because they contain Defendants' nonpublic and highly sensitive information. Decl. of Eric Berger in Support of Defendants' Response ("Berger Decl.") ¶ 3. That information falls into two main types, addressed below.

First, portions of the following documents contain Defendants' confidential, internal business information about model training and development, including nonpublic, sensitive information regarding Defendants' interactions with third parties on the same topic:

- The identified portions of Exhibits 1 and 21 (the Shan Opening and Rebuttal Report, respectively) include confidential, internal business information pertaining to model training and development, including nonpublic, sensitive business information regarding Defendants' interactions with third parties. Berger Decl. ¶ 4. Defendants moved to seal this same information in their Response to Plaintiffs' MSJ Sealing Motion. Dkt. 364.
- Exhibit 3 is excerpts of the transcript from the deposition of former employee Cody Blakeney, Ph.D. and contains extensive discussion of internal information concerning Mosaic's model training and development, including nonpublic, sensitive business information pertaining to Defendants' interactions with third parties. Berger Decl. ¶ 5.
- The identified portions of Exhibit 4 (the Seeley Opening Report) include confidential, internal business information pertaining to model training and development, including nonpublic, sensitive business information regarding Defendants' interactions with third parties. *Id.* ¶ 6. Defendants moved to seal this same information in their Motion to Exclude Sealing Motion. Dkt. 309.

FENWICK & WEST LLP

- Exhibit 7 is a spreadsheet containing confidential internal business information related to the development and training of large language models, including proprietary strategy and research concerning training datasets. Berger Decl. ¶ 7.
- Exhibits 8 and 58 are PowerPoint presentations containing extensive confidential and proprietary business information concerning Defendants' strategy for model development and training. These documents also include nonpublic, commercially sensitive details regarding Defendants' interactions with third parties. *Id.* ¶ 8. Defendants previously sought to seal Exhibit 8 in their Response to Plaintiffs' MSJ Sealing Motion. Dkt. 364.
- Exhibits 10 and 39 are Slack messages that contain confidential, internal business information pertaining to model training and development, including strategies on how to train large language models. Berger Decl. ¶ 9.
- The identified portion of Databricks' supplemental interrogatory responses included in Exhibit 12 contains nonpublic, sensitive business information regarding Defendants' interaction with a third party. *Id.* ¶ 10.
- The identified portions of Exhibit 13 (the Declaration of Jonathan Frankle) include nonpublic, sensitive business information regarding Defendants' interactions with third parties. *Id.* ¶ 11. Defendants previously sought to seal the same portions in their MSJ Sealing Motion. Dkt. 319.
- Exhibit 14 contains internal, confidential links to Defendants' workspaces that are not shared with the general public. Berger Decl. ¶ 12.
- Exhibit 15 is a copy of a confidential business memo containing extensive sensitive and proprietary business information concerning Defendants' business strategy for model training and development. *Id.* ¶ 13. Defendants previously sought to seal the same document in their Response to Plaintiffs' MSJ Sealing Motion. Dkt. 364.
- The identified portions of Databricks' discovery responses included in Exhibit 16 contain confidential, internal business information pertaining to model training and development, including nonpublic, sensitive business information regarding

Defendants' interactions with third parties. Berger Decl. ¶ 14. Defendants previously sought to seal the same portions in their Response to Plaintiffs' MSJ Sealing Motion. Dkt. 364.

- Exhibit 18 is a JIRA ticket containing extensive confidential and proprietary business information regarding Defendants' strategy for model training and development, including nonpublic, sensitive business information pertaining to Defendants' interactions with third parties. Berger Decl. ¶ 15. Defendants previously sought to seal this document in their Response to Plaintiffs' MSJ Sealing Motion. Dkt. 364.
- The identified portions of the deposition transcript excerpts from the deposition of Hanlin Tang included in Exhibit 20 reference confidential and nonpublic financial information pertaining to Defendants' model training and development. Berger Decl. ¶ 16. Defendants previously sought to seal the same portions in their Response to Plaintiffs' MSJ Sealing Motion. Dkt. 364.
- The identified portions of Exhibits 22, 23, and 33 (transcripts for the depositions of Catherine Tucker, Michael Johnson, and Mark L. Seeley, respectively) include nonpublic, sensitive business information regarding Defendants' interactions with third parties. Berger Decl. ¶ 17.
- The identified portions of Exhibits 42 and 47 include nonpublic, sensitive business information regarding Defendants' interactions with third parties. *Id.* ¶ 18.
- Exhibits 24, 54, 55, and 57 consist of an email and several Slack message threads containing nonpublic, commercially sensitive business information, including confidential communications between Defendants and their customers and other third parties concerning model development and training. *Id.* ¶ 19. Defendants previously sought to seal Exhibit 24 in their Response to Plaintiffs' MSJ Sealing Motion. Dkt. 364.
- The identified portions of Exhibit 28 (the Sinkinson Rebuttal Report) include confidential, internal business information pertaining to model training and development, including nonpublic, sensitive business information regarding

FENWICK & WEST LLP

Defendants' interactions with third parties. Berger Decl. ¶ 21. Defendants moved to seal this same information in their MSJ Sealing Motion. Dkt. 319.

- Exhibit 31 includes internal Slack messages that reflect internal, confidential discussions regarding strategy considerations that informed Mosaic's decision-making on the licensing terms that would apply to one of Mosaic's large language models, including potential public and media reactions to those licensing terms. Berger Decl. ¶ 22. This discussion reflects contemporaneous reactions and discussions revealing how Mosaic assessed and weighed different considerations in reaching an ultimate decision on licensing terms. *Id.*
- Exhibit 40 includes internal Slack messages that reflect confidential business strategy regarding Defendants' approach to product and service tiers. *Id.* ¶ 23.
- Exhibit 41 includes internal Slack messages that reflect confidential business strategy discussions regarding how to leverage large language models for internal business purposes. *Id.* ¶ 24.
- The identified portion of Exhibit 43 includes an email address belonging to a third party. *Id.* ¶ 25.
- The identified portions of Exhibit 46 (the Tucker Opening Report) include confidential, internal business information pertaining to model training and development, including nonpublic, sensitive business information regarding Defendants' interactions with third parties. *Id.* ¶ 26. Defendants moved to seal this same information in their MSJ Sealing Motion. Dkt. 319.
- The identified portions of Exhibit 49 (the Spulber Opening Report) include confidential, internal business information pertaining to model training and development and financial information, including nonpublic, sensitive business information regarding Defendants' interactions with third parties, as well as confidential financial information. Berger Decl. ¶ 27. Defendants previously sought to seal the same portions in their Response to Plaintiffs' MSJ Sealing Motion. Dkt. 364.

- Paragraphs 231-235 and Figure 18 on page 125 of Exhibit 51 (the Johnson Opening Report) include confidential, internal business information pertaining to model training and development. Berger Decl. ¶ 28. Paragraphs 238-239 and 259 include nonpublic, sensitive business information regarding Defendants' interactions with third parties. *Id.* Defendants moved to seal this same information in their MSJ Sealing Motion. Dkt. 319.
- The identified portions of Exhibit 52 (the Hanlin Tang deposition transcript (Vol. II)) reflect confidential, internal business information relating to model training and development, including nonpublic details concerning Defendants' internal practices and policies pertaining to their interactions with customers and third parties. Berger Decl. ¶ 29.
- Exhibit 59 is a Signal message thread between current and former Databricks employees that includes confidential, internal business information pertaining to model training and development strategy. *Id.* ¶ 30.

Courts have repeatedly held that these types of materials warrant sealing. *See, e.g.*, *Transperfect Global, Inc. v. MotionPoint Corp.*, No. C 10-2590 CW, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) (sealing portions of brief and exhibits containing "proprietary information concerning Defendant's technology"); *X One, Inc. v. Uber Techs., Inc.*, No. 16-cv-06050-LHK, 2020 WL 718310, at *3 (N.D. Cal. Feb. 12, 2020) (sealing "information relating to … business strategies"); *Space Data Corp. v. Alphabet Inc.*, No. 16-cv-03260-BLF, 2019 WL 8012582, at *1 (N.D. Cal. July 17, 2019) (sealing documents containing "information referencing Defendants' confidential business development practice[]"); *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-cv-02219-HSG, 2019 WL 11743580, at *2 (N.D. Cal. Aug. 13, 2019) (sealing nonpublic lists of a party's customers). Additionally, regarding Exhibit 31, courts routinely find that there are compelling reasons to seal information concerning licensing terms and the selection of such terms. *See, e.g.*, *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding compelling reasons to seal information about "licensing terms, royalties paid or owed under license agreements, financial terms, details of confidential licensing

FENWICK & WEST LLP

negotiations, and business strategies ….”); *Bunsow De Mory LLP v. N. Forty Consulting LLC*, No. 20-cv-04997-JSC, 2020 WL 7872199, at *1 (N.D. Cal. Sept. 21, 2020) (“Confidential business information in the form of … details of confidential licensing negotiations, and business strategies satisfies the compelling reasons standard.”) (citation modified); *Day v. GEICO Casualty Co.*, No. 21-cv-02103-BLF, 2023 WL 8438582, at *2 (N.D. Cal. Dec. 5, 2023) (same). Courts likewise frequently seal internal discussions between corporate employees about strategy and decision-making. *See, e.g.*, *Zogenix, Inc. v. Fed. Ins. Co.*, No. 4:20-cv-06578-YGR, 2022 WL 3908529, at *1 n.1 (N.D. Cal. May 26, 2022) (sealing information concerning “internal conversations” about corporate “decision-making process,” filed in connection with summary judgment motion); *Simpson Strong-Tie Co. v. MiTek Inc.*, No. 20-cv-06957-VKD, 2023 WL 350401, at *2-3 (N.D. Cal. Jan. 20, 2023) (sealing, under compelling reasons standard, “confidential business development and internal business strategy documents”).

Second, the identified portions of the following documents consist of confidential, nonpublic analyses about the capabilities of Defendants’ models:

- The identified portions of Exhibit 27 (Dr. Evans’s “LLM-as-Judge” Testing) contain confidential, technical, and internal business information, including non-public information and testing about Defendants’ models’ capabilities. Berger Decl. ¶ 20. Defendants previously sought to seal the same portions in their MSJ Sealing Motion. Dkt. 319.
- The following identified portions of Exhibit 51 (the Johnson Opening Report) contain confidential, technical, and internal business information, including non-public information and testing about Defendants’ models’ capabilities: (1) pages 101-103 and 105-109 of the report; (2) pages 8-9 and 13-15 in Appendix B; and (3) Appendix D in its entirety. Berger Decl. ¶ 28. Defendants moved to seal this same information in their MSJ Sealing Motion. Dkt. 319.

Courts in this District have recognized compelling reasons to seal this type of sensitive technical information because public disclosure could cause competitive harm by providing competitors with insight into proprietary technology that they could exploit to gain a material

advantage. *See, e.g.*, *In re Google Generative AI Copyright Litig.*, No. 23-cv-03440-EKL, 2026 WL 686314, at *2 (N.D. Cal. Mar. 11, 2026) (sealing sensitive technical and engineering information relating to generative AI models and "technical analysis of model performance"); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, Nos. C 10–3724, C 10–5254 CW, 2014 WL 6664621, at *1 (N.D. Cal. Nov. 24, 2014) (finding compelling reasons to seal "proprietary literature describing the structure, configuration, and operation of the … technology"); *Transperfect*, 2013 WL 706975, at *1 (finding compelling reasons to seal materials containing "proprietary information concerning Defendant's technology").

Disclosure of Defendants' materials identified in the chart above would cause Defendants competitive harm. Berger Decl. ¶ 31. Defendants operate in a competitive industry. Disclosure of internal confidential information about model development and training, customers, licensing terms and related strategy, and the models' capabilities would threaten business interests. *Id.* Such information, if disclosed, would provide competitors with insight into proprietary, nonpublic details about Defendants' development processes, models, customers, and business that competitors could exploit. *Id.* Further, disclosure of the nonpublic information contained in Exhibit 31 would unfairly allow Databricks' competitors insight into its strategy for selecting licensing terms and how its employees assess strategic and business considerations concerning licenses, including potential public and media reactions to such licensing terms. *Id.* ¶ 22.

Finally, a less restrictive alternative would not suffice here. Pursuant to Civil Local Rule 79-5(c)(1), Defendants' sealing requests are narrowly tailored to cover only confidential or highly confidential information.

**IV. CONCLUSION**

For these reasons, Defendants respectfully request that the Court maintain under seal the documents, or portions of documents, as identified above.

Dated: August 20, 2026

FENWICK & WEST LLP

By: /s/ Jedediah Wakefield
Jedediah Wakefield (CSB No. 178058)
jwakefield@fenwick.com

FENWICK & WEST LLP

Ryan Kwock (CSB No. 336414)
rkwock@fenwick.com
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: 415.875.2300
Facsimile: 650.938.5200

David Hayes (CSB No. 122894)
dhayes@fenwick.com
Diana C. Buck (CSB No. 339314)
dbuck@fenwick.com
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Jonathan T. McMichael (CSB No. 304737)
jmcmichael@fenwick.com
Deena Feit (admitted *pro hac vice*)
dfeit@fenwick.com
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 650.938.5200

Charles Moulins (admitted *pro hac vice*)
cmoulins@fenwick.com
Justine Vandermel (admitted *pro hac vice*)
justine.vandermel@fenwick.com
902 Broadway, 18th Floor
New York, NY 10010
Telephone: 212.430.2600
Facsimile: 650.938.5200

Zachary Harned (CSB No. 335898)
zharned@fenwick.com
730 Arizona Avenue, 1st Floor
Santa Monica, CA 90401
Telephone: 310.434.5400
Facsimile: 650.938.5200

*Attorneys for Defendants*
DATABRICKS, INC., and
MOSAIC ML, LLC, formerly
MOSAIC ML, INC.

FENWICK & WEST LLP