**SCHAERR JAFFE LLP**
Donald M. Falk (SBN150256)
dfalk@schaerr-jaffe.com
One Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 562-4942

*Counsel for Amici Curiae Copyright Law Professors*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE MOSAIC LLM LITIGATION. | Case No. 3:24-cv-01451-CRB<br>Consolidated with Case No. 3:24-cv-02653-CRB<br><br>**NOTICE OF MOTION AND MOTION BY COPYRIGHT LAW PROFESSORS FOR LEAVE TO FILE BRIEF AS AMICI CURIAE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: October 30, 2026<br>Time: 10:00 a.m.<br>Dept.: Courtroom 6, 17th floor<br>Judge: Hon. Charles R. Breyer |

**ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that on October 30, 2026, at 10:00 a.m., before United States District Judge Charles R. Breyer, in Courtroom 6 on the 17th Floor of the United States District Court for the Northern District of California, located at 460 Golden Gate Ave., San Francisco, CA, 94102, Amici Curiae Copyright Law Professors shall and hereby do move, pursuant to Fed. R. Civ. P. 7(b) and Local Rules 7-1 and 7-2, for leave to file the proposed brief amici curiae in support of Defendants Databricks, Inc. and Mosaic ML, LLC's motion for summary judgment filed in this Court on June 29, 2026 (ECF No. 321). The Brief is annexed to this motion (the "Motion") as Exhibit A and, should this Motion be granted, Amici request that the Brief be deemed to have been filed as of the date of this Motion (Aug. 27, 2026). Counsel for Amici conferred with counsel for the parties regarding this Motion. Counsel for Plaintiffs and counsel for Defendants consented to the Motion.

Amici Edward Lee and Rebecca Tushnet are law professors with expertise in copyright law, the Copyright Clause, and the First Amendment. Amici have no personal interest in the outcome of this case. They share a professional interest in seeing copyright law applied in ways that serve the broader public interest in the United States, consistent with the Copyright Clause's goal of promoting the progress of science. Amici have written, taught, and lectured extensively on topics in copyright, the Copyright Clause, and the First Amendment. Because of their experience with the issues raised by this case, Amici are uniquely positioned to provide the Court with a perspective that reflects the broader public interest in copyright's fair use doctrine.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and all documents on file in this action.

Dated: August 27, 2026

Respectfully submitted,

**SCHAERR JAFFE LLP**

*/s/ Donald M. Falk*
Donald M. Falk (SBN150256)
dfalk@schaerr-jaffe.com
One Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 562-4942

*Counsel for Amici Curiae*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Fed. R. Civ. P. 7(b) and Local Rules 7-1 and 7-2, Amici respectfully submit this memorandum of points and authorities in support of their Motion.[1]

**INTERESTS OF AMICI CURIAE**

Amici Edward Lee and Rebecca Tushnet are law professors with expertise in copyright law, the Copyright Clause, and the First Amendment. Amici have no personal interest in the outcome of this case. They share a professional interest in seeing copyright law applied in ways that serve the broader public interest in the United States, consistent with the Copyright Clause's goal of promoting the progress of science. Amici have written, taught, and lectured extensively on topics in copyright, the Copyright Clause, and the First Amendment. Because of their expertise and experience with the issues raised by this case, Amici are uniquely positioned to provide the Court with a perspective that reflects the broader public interest in copyright's fair use doctrine.

Edward Lee is a professor of law at Santa Clara University School of Law. Throughout his legal career, both at the Stanford Center for Internet and Society and then in academia, he has dedicated his work to ensuring copyright laws are developed in ways that advance progress and the public interest. Lee's current research focuses on how copyright law should apply to important issues raised by artificial intelligence. *See, e.g.*, Edward Lee, *Fair Use and the Origin of AI Training*, 63 HOU. L. REV. 105 (2025), https://tinyurl.com/5azjbrrm; Edward Lee, *Copyright Dilution Under Constitutional Scrutiny*, 25 CHI.-KENT J. INTELL. PROP. 1 (2026), https://tinyurl.com/yfdkp6pv.

Rebecca Tushnet is the Frank Stanton Professor of the First Amendment and Faculty Co-Director, Berkman Klein Center for Internet and Society at Harvard Law School. She helped found the Organization for Transformative Works, a nonprofit dedicated to supporting and promoting fanworks. Tushnet has published extensively about a broad range of intellectual property topics, including the intersection of IP with the First Amendment. *See, e.g.*, Rebecca Tushnet, *History and*

[1] No party or party's counsel authored this brief in whole or in part, or contributed money that was intended to fund preparing or submitting this brief. No person other than amici or their counsel contributed money that was intended to fund preparing or submitting this brief.

*Tradition in First Amendment Intellectual Property Cases: A Critique*, 30 MARQ. INTELL. PROP. & INNOVATION L. REV. 187 (2026), https://tinyurl.com/y26vyrza; Mark A. Lemley & Rebecca Tushnet, *First Amendment Neglect in Supreme Court Intellectual Property Cases*, 2023 SUP. CT. REV. 85 (2024), https://tinyurl.com/39y839ya.

**ARGUMENT**

The Court and the parties recognized that amicus participation in this case may be appropriate given the novelty and importance of the issues. Order granting 301 Joint Stipulation Re Amici Briefs (ECF 302).

The Court enjoys great discretion to grant leave for the filing of an amicus brief. *NetChoice, LLC v. Bonta*, 2023 WL 6131619, at *1 (N.D. Cal. Sept. 18, 2023). "The 'classic role' of amici curiae encompasses 'assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration.'" *Id.* at *1 (citing *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982)); *see also NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) ("District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'") (internal citation omitted). The ultimate factor is whether the amicus brief is "useful to the Court." *Netchoice*, 2023 WL 6131619, at *1.

Amici Copyright Law Professors respectfully submit their proposed Brief amply satisfies this standard. They are disinterested legal scholars, whose research and scholarship focus on the legal issues raised in this case. Amici's brief analyzes important constitutional issues raised by the new theory of "dilution" advanced by Plaintiffs' opposition to Defendants' fair use. ECF 403. This new theory of market harm—based on non-infringing works people create using Defendant's AI in the genre of novels—raises serious constitutional problems. It conflicts with the Copyright Clause's limit on authors' copyrights to "their respective writings" and the First Amendment's protection for non-infringing expression that does not copy any copyrightable element. No one can own a genre.

In a short explanation, the U.S. Copyright Office endorsed dilution in its pre-publication report. U.S. COPYRIGHT OFF., COPYRIGHT & A.I. PART 3: GENERATIVE AI TRAINING 65-66 (prepublication version May 2025) ["Pre-Publication Report"], https://tinyurl.com/bdcwd6nc. The court in *Kadrey v. Meta*, 788 F. Supp. 3d 1026, 1055 (N.D. Cal. 2025) later endorsed the theory, but only in dicta and without briefing by the parties on the new theory. The court found the plaintiffs' lack of evidence of dilution was too speculative. *Id.* at 1060 ("But the plaintiffs presented no meaningful evidence on market dilution at all.").

Both the Copyright Office and the *Kadrey* court recognized that "dilution" was a new theory—or, as the Office conceded, "uncharted territory." Pre-Publication Report at 65; *Kadrey*, 788 F. Supp. at 1055. Because this new theory was never subject to a formal notice-and-comment process or full briefing by the parties in *Kadrey,* neither the Copyright Office nor the *Kadrey* court had the benefit of any constitutional analysis of this new theory of dilution.

The parties' briefs on summary judgment in this case have not analyzed these important constitutional issues. Therefore, Amici's brief offers an important unique perspective, "drawing the court's attention to law that escaped consideration." *Netchoice*, 2023 WL 6131619, at *1.

**CONCLUSION**

For the foregoing reasons, amici request that the Court grant leave to file the proposed amici curiae brief, attached as Exhibit A.

Dated: August 27, 2026

Respectfully submitted,

**SCHAERR JAFFE LLP**
*/s/ Donald M. Falk*
Donald M. Falk (SBN150256)
dfalk@schaerr-jaffe.com
One Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 562-4942

*Counsel for Amici Curiae Copyright Law Professors*