CORYNNE MCSHERRY (CA Bar 221504)
corynne@eff.org
VICTORIA NOBLE (CA Bar 337290)
tori@eff.org
**ELECTRONIC FRONTIER FOUNDATION**
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

*Attorneys for Amici Curiae*
ELECTRONIC FRONTIER FOUNDATION and
CHAMBER OF PROGRESS

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

*In Re Mosaic LLM Litigation*

Master File Case No. 3:24-cv-01451-CRB
Consolidated with Case No. 3:24-cv-02653-CRB

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Hearing Date: October 30, 2026
Time: 10:00 a.m.
Judge: Hon. Charles R. Breyer
Location: Courtroom 6, 17th Floor

PLEASE TAKE NOTICE that on October 30, 2026, at 10:00 a.m., before United States District Judge Charles Breyer, in Courtroom 6 on the 17th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Electronic Frontier Foundation and Chamber of Progress ("Amici") shall and hereby do move, pursuant to Fed. R. Civ. P. 7(b) and Local Rules 7-1 and 7-2, for leave to file the proposed amicus curiae brief in support of Defendants' Motion for Summary Judgment filed in this Court on June 29, 2026 (ECF No. 321). The Brief is annexed to this Motion as Exhibit A and, should this

Motion be granted, Amici Curiae request that the Brief be deemed to have been filed as of the date of this Motion (August 27, 2026).

Defendants and Plaintiffs consent to the filing of this motion. No person—other than the Amici Curiae, their members, or their counsel—contributed money that was intended to fund the preparation or submission of the proposed brief.

For the reasons that follow, the Motion should be granted.

## I. Identity and Interests of Amici

EFF is a member-supported, nonprofit civil liberties organization that has worked for more than 30 years to protect free expression, access to knowledge, and innovation. EFF, its more than 30,000 members, and the community of technology users they represent have a strong interest in a copyright system that promotes the progress of science by balancing copyright incentives with countervailing constitutional interests. Consistent with this mission, EFF frequently participates in novel copyright litigation, provides free legal counseling on copyright issues, and advocates for balanced copyright policy in legislative and regulatory arenas. EFF brings a critical and underrepresented perspective to its advocacy work by keeping the public interest at the forefront.

Chamber of Progress is a tech-industry coalition devoted to a progressive society and economy. Chamber of Progress backs public policies that will build a fairer, more inclusive country in which the tech industry operates responsibly and fairly, and in which all people benefit from technological leaps. Chamber of Progress seeks to protect Internet freedom and free speech, to promote innovation and economic growth, and to empower consumers. Many of Chamber of Progress' partners currently use, develop, and provide generative AI products and services.

## II. Amici's Brief Will Assist This Court's Understanding of the Implications of its Ruling for Future Fair Uses

As the Court is doubtless aware, the emergence of generative AI has been met with an extraordinary degree of anxiety, some of which is entirely speculative. Rulings in the multiple copyright cases now working their way through the courts, including this one, could reshape the future of technological innovation and possibly copyright law overall.

Amici's brief explains the potential implications of the Court's pending summary judgment ruling for the multiple communities that rely on fair use, and others that use generative AI tools, including creators, academic researchers, vision-impaired people, and open-source developers. The brief focuses specifically on the impact of two novel legal theories proposed by Plaintiffs in this case: a new "lawful acquisition" or "data provenance" requirement; and a new "market dilution" theory of copyright harm. Accepting either proposal would call into question settled fair use principles and practices, contrary to the purposes of copyright, and impede innovation by giving a veto right to the few companies that are well-placed to make sweeping licensing deals.

Amici's analysis will aid the Court's understanding of the full stakes of this highly consequential dispute. Therefore, Amici respectfully request that the Court grant their motion for leave to file the attached brief.

DATED: August 27, 2026

Respectfully submitted,

By <u>*/s/ Corynne McSherry*</u>

Corynne McSherry
Victoria Noble
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
corynne@eff.org

*Attorneys for Amici Curiae*
*Electronic Frontier Foundation and Chamber of Progress*