Steven G. Mintz (Admitted *Pro Hac Vice*)
mintz@mintzandgold.com
Timothy J. Quill, Jr. (Admitted *Pro Hac Vice*)
quill@mintzandgold.com
MINTZ & GOLD LLP
600 Third Avenue, 25th Floor
New York, New York 10016
Tel: (212) 696-4848
Fax: (212) 696-1231

Nicholas P. Roxborough (State Bar No. 113540)
npr@rpnalaw.com
Joseph C. Gjonola (State Bar No. 241955)
jcg@rpnalaw.com
ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP
5900 Canoga Avenue, Suite 450
Woodland Hills, California 91367
Tel: (818) 992-9999
Fax: (818) 992-9991

Attorneys for Non-Party HarperCollins Publishers LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In Re Mosaic LLM Litigation* | Master File Case No. 3:24-cv-01451-CRB<br>Consolidated with Case No. 3:24-cv-02653-CRB<br><br>Hon. Charles R. Breyer |

**DECLARATION OF TRINA HUNN**

Trina Hunn declares as follows under 28 U.S.C. § 1746:

1. I am Vice President/Associate General Counsel of Non-Party HarperCollins Publishers LLC ("HarperCollins").

2. HarperCollins has been informed that certain exhibits filed in connection with Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment ("Plaintiffs' Opposition") (ECF Nos. 390, 403) reference materials produced by HarperCollins in response to subpoenas served by Defendants, dated February 28, 2025, and June 13, 2025, and a subpoena served by Plaintiffs, dated

April 14, 2025 (the "HarperCollins Production").

3. HarperCollins designated certain documents and information in the HarperCollins Production, including exhibits to which the Plaintiffs now cite (among other documents and information), as "Highly Confidential – Attorneys' Eyes Only" under the Amended Protective Order (ECF No. 168) (the "Protective Order"), with the expectation that those designated documents and information (the "HarperCollins Highly Confidential Information") would remain confidential and protected from disclosure.

4. Plaintiffs' Opposition cites, quotes, or discusses the HarperCollins Highly Confidential Information, and Plaintiffs therefore filed their response partially under seal. *See* ECF Nos. 388, 390, 403.

5. Because of the designation applied to the HarperCollins Highly Confidential Information, Plaintiffs filed Plaintiffs' Second Corrected Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal re: Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, pursuant to Civil Local Rules 7-11 and 79-5(f) (ECF No. 456) (the "Administrative Motion").[1]

6. Plaintiffs have identified the following documents, filed in support of Plaintiffs' Opposition, as including, relying on, discussing, referencing, and/or citing the HarperCollins Highly Confidential Information, and therefore Plaintiffs filed these documents provisionally under seal, as reflected in the chart of documents in the Administrative Motion (ECF No. 456 at 2):

a. Exhibit 49 - The Expert Report of Professor Daniel Spulber (the "Spulber Report") (ECF No. 390-46): Paragraphs 62, 96, 103, Section Header F, 147-148, 179-180, footnotes 150, 200-204, 234, 237, Table 2, Table 3, and Appendix H;

b. Exhibit 28 – The Rebuttal Expert Report of Michael Sinkinson, Ph.D. (the "Sinkinson Rebuttal Report") (ECF No. 390-26): Paragraphs 40, 49, 52-54, 62, 89, 91, 130-131, footnotes 62, 73, 76-81, 158, 248-249, and 254;

[1] Plaintiffs previously filed similar administrative motions, which were withdrawn or corrected. *See* ECF Nos. 392, 408, 453, 455.

c. Exhibit 46 – The Expert Report of Catherine Tucker (the "Tucker Report") (ECF No. 390-43): Paragraphs 98-100, footnotes 211-215.

7. I write now, under Civil L. R. 79-5(f)(3), to offer this declaration in support of the request, as referenced in the Administrative Motion, that any description of or reference to the HarperCollins Highly Confidential Information in Plaintiffs' Opposition and supporting documents remain either partially or completely under seal, as filed by Plaintiffs, because of the highly confidential nature of the documents and information therein and the harm that disclosure of those materials would have.

8. The Spulber Report, filed as an exhibit in support of Plaintiffs' Opposition, discusses an agreement between HarperCollins and an undisclosed technology company (the "Agreement") which [redacted]. The Agreement is part of the HarperCollins Highly Confidential Information that was produced in response to the subpoenas issued to HarperCollins by Defendants and Plaintiffs.

9. The Sinkinson Rebuttal Report, filed as an exhibit in support of Plaintiffs' Opposition, also discusses the terms of the Agreement. The Sinkinson Rebuttal Report also references the Declaration of Trina R. Hunn Certifying Records Pursuant to Federal Rules of Evidence 803 and 902, dated November 25, 2025 (ECF Nos. 312-11 and 321-58) (the "November 2025 Declaration").

10. The Tucker Report, filed as an exhibit in support of Plaintiffs' Opposition, discusses the Agreement as well. The Tucker Report also references the November 2025 Declaration.

11. Given the sensitive nature of the Agreement, HarperCollins only disclosed the existence of and produced this Agreement based on Defendants' and Plaintiffs' representation and agreement that the document would be designated as "Highly Confidential – Attorneys' Eyes Only," and that the HarperCollins Highly Confidential Information would be subject to the Protective Order. Further, Defendants and Plaintiffs represented to HarperCollins that if any documents produced by HarperCollins were to be filed, they would be filed under seal, and that there would be no public reference to the content of HarperCollins' documents in any filings. This representation was based on Defendants' and Plaintiffs' legitimate expectation that documents such as the Agreement and documents describing the

contents of the Agreement contained confidential business information and trade secrets and rightfully deserved protection.

12. In my position as VP/Associate General Counsel, I have direct personal knowledge that the Agreement has received highly confidential treatment throughout its creation and implementation and contains information which HarperCollins was and is contractually required to keep confidential. Specifically, I am aware that HarperCollins has an express and legitimate interest in keeping the Agreement and the contents of the Agreement confidential, and [redacted]

13. The November 2025 Declaration provides highly confidential details regarding the negotiations that resulted in the Agreement. Like the Agreement itself, the information contained in the November 2025 Declaration has received highly confidential treatment and HarperCollins is contractually required to keep it confidential.

14. In the United States Court of Appeals for the Ninth Circuit, courts must apply one of two legal standards to determine whether documents should be filed under seal, either the "good cause" standard or the "compelling reason" standard. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). The former standard is applied in non-dispositive motions and the latter is applied in dispositive motions. *Kamakana*, 447 F.3d at 1179-1180. The "compelling reason" standard considers whether there are any "'compelling reasons' sufficient to outweigh the public's interest in disclosure," *id.* at 1179, which this Court found includes "confidential business and proprietary information." *DSS Tech. Mgmt. v. Apple,* No. 14-cv-05330-HSG, 2020 WL 210318, at *7-8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021). Another "compelling reason" justifying filing documents under seal is to protect trade secrets. *Kamakana*, 447 F.3d at 1179.

15. Given that Plaintiffs intend to make reference to the content of HarperCollins' highly confidential Agreement and my November 2025 Declaration in connection with their Response in Opposition to Defendants' Motion for Summary Judgment (a dispositive motion), the "compelling reason" standard applies for purposes of filing those documents under seal in this case. *Id.*

16. Any reference to HarperCollins' Agreement or reference to the contents of the Agreement should be sealed for two "compelling reasons." *Id.* First, the Agreement contains confidential business information, [redacted] The disclosure of the confidential business information in the Agreement would cause harm to HarperCollins that outweighs the public's interest in the disclosure, [redacted] Specifically, HarperCollins [redacted] Further, confidential internal business information contained in this Agreement [redacted] Next, the specific and final terms of the Agreement also reveal HarperCollins' trade secrets. Disclosure of the Agreement [redacted]

17. Further, per Civil L.R. 79-5(c)(1)(iii), there are no practicable less restrictive alternatives to redacting references to HarperCollins' Agreement and my November 2025 Declaration in the exhibits to Plaintiffs' Opposition that will adequately protect HarperCollins. HarperCollins' involvement in the Agreement, the entirety of the Agreement itself, and my November 2025 Declaration describing the negotiations that resulted in the Agreement, are sensitive and revealing. HarperCollins will experience harm if any specific provisions and even basic details of the Agreement are disclosed. [redacted]

[redacted]

18. Accordingly, the Agreement and the November 2025 Declaration deserve protection pursuant to Civil L.R. 79-5 and the Protective Order. As such, HarperCollins hereby respectfully requests that any reference to the existence of and the contents of the Agreement in Plaintiffs' Opposition and its exhibits be sealed and that the documents listed in Paragraph 6 herein continue to be filed partially under seal, as filed by Plaintiffs, to prevent the disclosure of the Agreement and November 2025 Declaration, and to prevent harm to HarperCollins.

19. For the same reasons that the Agreement and November 2025 Declaration deserve to be filed under seal, this Declaration also deserves protection pursuant to Civil L.R. 79-5, to the extent it describes any of the contents of the Agreement. Indeed, as set forth above, paragraphs 8-12, 16, and 17 of this Declaration describe the contents of the Agreement containing highly confidential business information and trade secrets, the disclosure of which would cause harm to HarperCollins that outweighs the public interest in the disclosure.

20. Further, because HarperCollins seeks to file under seal only those portions of this Declaration that specifically reference the contents of the Agreement, the proposed targeted sealing of the specified portions of this Declaration is the least restrictive means of maintaining confidentiality of the Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 8, 2026
New York, New York

Trina Hunn